1   Chad L. Belville
    AZ Bar 020771
2   4742 N. 24th Street Suite 315
    Phoenix, AZ 85016
3   602-904-5485
    Fax: 602-291-6953
4   Email: cbelville@azbar.org
    Attorney for Plaintiff
5

6                   IN THE UNITED STATES DISTRICT COURT
                           DISTRICT OF ARIZONA
7

8
    Cybernet Entertainment LLC,              )
9   a New York Company,                      )        No. 2:12-cv-01101-SRB
                                             )
10           Plaintiff,                      )
                                             )
11      v.                                   )        RESPONSE TO
                                             )        INTERNATIONAL MEDIA,
12                                           )        INC.'S MOTION TO DISMISS
                                             )
13  IG Media Inc. and International Media Ltd. )
    dba YouJizz.com JizzHut.com              )
14  and JizzOnline.com  and OnlyJizz.com     )
    and MoviesGuy.com and JizzBo.com         )
15  and HotFunHouse.com                      )
    and Igor Gens                            )
16  and DOES 1-10 inclusive and              )
    DOE COMPANIES 1-100 inclusive,           )
17                                           )
             Defendants.                     )
18  _____ )

19          Plaintiff Cybernet Entertainment LLC, (hereinafter referred to as "Plaintiff" or

20  "Cybernet") by and through its counsel, files this Response to International Media, Inc.'s

21  Motion to Dismiss.  Because this Court may and should exercise personal jurisdiction

22  over the Defendant, the Court should deny the Motion to Dismiss.

23

24

25                                          1

## STATEMENT OF FACTS

Piracy of copyrighted and trademarked works is a multi-billion dollar, global industry of theft.  Registration of companies in far-off tax havens, multiple corporations to hide ownership, shifting billing solutions and other tricks are elements of the evasive game they play.

Plaintiff is a Limited Liability Company organized under the laws of the State of New York, registered in California, with its principal place of business in San Francisco, California.  Plaintiff is the rightful trademark, copyright, and intellectual property owner of the United States trademarks, copyrights, and intellectual property that are the basis for this action.  It is a global leader in the production of legal, high quality, authentic adult fetish motion pictures, and its trademarks and service marks are well known.

The defendant International Media, Inc. ("International Media" or "Defendant") owns and operates websites devoted to the provision of stolen pornographic films to third parties in exchange for membership fees and/or advertising revenue.  International Media, Ltd. has a business address of 303 Shirley Street, PO Box N-492, Nassau, Bahamas.  It, along with the other Defendants, owns and operates the websites at issue here:  YouJizz.com, JizzHut.com, JizzOnline.com, OnlyJizz.com, JizzBo.com, HotFunHouse.com, MoviesGuy.com, and YouJizzPremium.com.[1]

Defendant's websites target U.S. residents.  According to Alexa.com, of the visitors to these websites, U.S. residents are 46.9% of the traffic of OnlyJizz.com (and the

---

[1] International Media admits to owning and operating these websites, but disavows ownership of Youjizzpremium.com.  International Media does admit profiting from the site, however.

U.S. is the only country listed); 36.8% of the traffic of JizzOnline.com; 27.4% of the traffic of YouJizz.com; 31.7% -JizzHut.com; and 20.7% of the traffic of YouJizzPremium.com.  Exhibit 1, Alexa Report.

The sites are interactive, permitting visitors to log in to view the videos and to upload their own videos to the websites.  Exhibit 2, showing in the upper left hand corner at Youjizz.com "Sign up free!" and "Login" and "Upload!" tabs. Visitors can also download videos. *Id.*, showing download tab below Youjizz.com image.

The websites also have targeted marketing.  The marketing targets visitors with ads tailored to their location.  Thus, when an Arizona resident goes to the website, it targets that resident with specific marketing geared to him.  Exhibit 3, Arizona Targeted Advertising.

While Defendant asserts that it does not own or operate the YouJizzPremium.com website, it admits that it has an agreement with a third-party content provider that hosted and ran the "premium membership" site and handled the billing and received the revenue.  Motion to Dismiss, page 4.  Such sites work by then sharing that revenue with those using it as a third-party content provider.  Thus, Defendant benefits financially from sales at Youjizzpremium.com.  Affidavit of Jason Tucker.

Youjizzpremium.com provided for memberships for customers.  The memberships were sold in U.S. dollars.  Complaint, Attachment 6.  Further, the payment processor, SegPay, is a Florida-based company.  Complaint, Attachment 7.  The website is entirely in English.  While Defendant claims the site is no longer operational, it appears to only have stopped selling new memberships.  Persons who previously joined, and who are

presumably still being billed monthly or annually, still have a log in page to access the website.  Exhibit 4, Log in page YouJizzPremium.  Further, at the time of the infringement alleged in the Complaint, the site was fully accessible.  Affidavit of Jason Tucker.

Youjizz.com, Jizzonline.com, Jizzbo.com and Onlyjizz.com all show that their registrar is Domains by Proxy, a subsidiary of GoDaddy located in Scottsdale, Arizona.  Exhibit 6, Registrations.  By using Domains by Proxy, these sites and their owners and operators agreed that "any action relating to or arising out of this Agreement, shall be brought exclusively in the courts of Maricopa County, Arizona."  As to domain name registration disputes, the websites and their owners and operators agreed to the exclusive jurisdiction and venue of the U.S. District Court for the District of Arizona.  Exhibit 7, Domain Name Proxy Agreement.  Plaintiff, upon filing this lawsuit, notified Domains by Proxy of this litigation and requested that Defendants' website be placed on registrar lock.

Movieguys.com, Jizzhut.com, Jizzonline.com, Onlyjizz.com and Hotfunhouse.com all list their IP addresses as located in the United States and hosted by Reflected Networks, Inc. a company with data centers in Chicago, IL; New York, NY; and Waltham, MA.  Exhibit 5.

Jizzonline.com lists a registrar of .U.S. Registrar, LLC, a Delaware based company using the website Networksolutions.com, and whose terms of use require compliance with U.S. laws.  The JizzHut, HotFunhouse and MoviesGuy domain names are held by defendants using a registrar and privacy protection service located at P.O. Box 6592, Metairie, LA 70009.  Exhibit12.

4

The other sites also show U.S. contacts and compliance with U.S. laws.  The Movieguys.com privacy page and terms of use page indicate that it complies with U.S. law – the Electronic Communications Privacy Act, the section 230 safety notice of 47 U.S.C. § 23(d) and the Communications Decency Act, 47 U.S.C. § 230(c)(1).  Complaint, Attachments 4, 5.

All of these websites and Defendants have a common registered DMCA agent, Larry G. Walters, Esq., Walters Law Group, located in Altamonte Springs, Florida. Exhibit 13.

## LEGAL ARGUMENT

### I.  STANDARD FOR DECIDING A MOTION TO DISMISS

A plaintiff opposing a defendant's motion to dismiss for lack of personal jurisdiction bears the burden of establishing that jurisdiction is proper. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008).  If the Court decides the motion based on written materials rather than an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Brayton Purcell LLP v. Recordon & Recordon,* 606 F.3d 1124, 1127 (9th Cir. 2010) (internal quotation marks omitted).  Uncontroverted allegations in the complaint must be taken as true. *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 800 (9th Cir.2004).  The Court may not assume the truth of allegations in a pleading which are contradicted by affidavit. *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.,* 557 F.2d 1280, 1284 (9th Cir. 1977). However, it must resolve factual disputes in the plaintiff's favor. *Pebble Beach Co. v.*

*Caddy,* 453 F.3d 1151, 1154 (9th Cir. 2006); *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011).

## II.    DEFENDANT HAS AGREED TO SUBMIT TO PERSONAL JURISDICTION IN ARIZONA

When Defendant contracted with Domains by Proxy to register various of its websites, Defendant agreed to a forum selection clause.  That clause states that any dispute arising out of or related to the agreement "shall be brought exclusively in the courts of Maricopa County, Arizona."  The agreement goes on to say that as to "the adjudication of domain name registration disputes, you agree to submit to the exclusive jurisdiction and venue of the U.S. District Court for the District of Arizona located in Phoenix, Arizona."

The Ninth Circuit has found that a contract's forum selection clause alone is sufficient to confer personal jurisdiction and venue.  *Chan v. Soc'y Expeditions, Inc.,* 39 F.3d 1398, 1406–07 (9th Cir.1994); *Productive People, LLC v. Ives Design*, 2009 WL 1749751 (D. Ariz. 2009).

In *Productive People, LLC v. Ives Design,* a trademark infringement case arising from the use of a website name, the court found that by entering into an agreement containing a forum selection clause with GoDaddy.com, the defendants were bound by the agreement, and "cannot escape the forum selection clause."  In addition, the fact that the plaintiff was not a party to the contract didn't save defendants, because non-parties may enforce forum selection clauses. *Id*.

In a case nearly identical to this one, *Liberty Media Holdings, LLC v. Vinigay.com*, 2011 WL 7430062 (D. Ariz. 2011) *report and recommendation adopted,* 2012 WL

641579 (D. Ariz. 2012), the court also held that the defendant agreed to jurisdiction.  The court there noted that the plaintiff had established that copyright infringements that were the basis of its claims had taken place on defendant's website.  That website was registered through "Wild West Domains," an Arizona company.  The agreement with Wild West Domains contained a forum selection clause which conferred personal jurisdiction over defendant in the District Court of Arizona.  This, the court held was sufficient to bind him to litigate the copyright infringement claim of a third party in the District Court of Arizona. *Id.*

Here, too, Plaintiff has established copyright infringement occurring on Defendant's websites. Plaintiff's claims arise out of Defendant's use of the websites, and registration is a necessary part of use of a website.  Further, Plaintiff has reported the litigation to Domains by Proxy and obtained a registrar lock of the site, thus putting the domain registration at issue as well.

Defendant has conceded its ownership of the websites (other than Youjizzpremium.com).  Thus, Defendant has admitted it is a party who agreed to the forum selection clause found in the Domains by Proxy agreement, and has waived the right to contest personal jurisdiction over it in this court.  The forum selection clause confers jurisdiction over the Defendant.  This Court should so hold, and should deny the Motion to Dismiss.

## III. THE COURT SHOULD EXERCISE PERSONAL JURISDICTION UNDER THE FEDERAL LONG-ARM STATUTE

A district court may exercise personal jurisdiction over an alien-defendant if the

requirements of Rule 4(k)(2), sometimes referred to as the Federal Long-Arm Statute, are satisfied. *Holland Am. Line Inc. v. Wärtsilä N. Am., Inc.,* 485 F.3d 450, 461 (9th Cir. 2007); *Pebble Beach Co. v. Caddy,* 453 F.3d 1151, 1159 (9th Cir. 2006).

Rule 4(k)(2), Fed.R.Civ.P. provides for jurisdiction if three elements are met: (1) the claim arises under federal law, (2) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (3) exercising jurisdiction is consistent with the United States Constitution and laws. *Holland*, 485 F.3d at 461. Rule 4(k)(2), F.R.Civ.P. closes the loophole in personal jurisdiction that formerly allowed a non-resident defendant with insufficient "minimum contacts" in any individual state but sufficient contacts with the United States as a whole, to escape jurisdiction in all fifty states. *Touchcom, Inc. v. Bereskin & Parr*, 574 F.3d 1403, 1414 (Fed. Cir. 2009).

Here, Defendant has conceded the first two elements of jurisdiction under Rule 4(k)(2). Defendant's Motion, p. 15 ("In the present case, it is only the third element which is in dispute"). As to the third element, whether the exercise of jurisdiction comports with U.S. law, the "due process analysis under Rule 4(k)(2) is nearly identical to traditional personal jurisdiction analysis with one significant difference: rather than considering contacts between [Defendant] and the forum state, [the court] consider[s] contacts with the nation as a whole." *Holland,* 485 F.3d at 462. Thus, the Court must analyze whether it has specific jurisdiction over Defendant using the following three-prong analysis set forth by the Ninth Circuit: (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the

privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011).

### A. Purposeful Availment

"A non-resident defendant purposefully avails itself of the forum if its contacts with the forum are attributable to (1) intentional acts; (2) expressly aimed at the forum; (3) causing harm, the brunt of which is suffered—and which the defendant knows is likely to be suffered—in the forum." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019-20 (9th Cir. 2002); *Core Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1485–86 (9th Cir.1993).

Here, Defendant has acted intentionally in permitting uploads, downloads, and then displaying videos that belong to Plaintiff and thus infringe Plaintiff's copyright. That it is aimed at the U.S. is clear.  The primary visitors to Defendant's websites are U.S. residents, with nearly half of the traffic to Onlyjizz.com being from the U.S., 36% from JizzOnline.com and over 27 % from YouJizz.com.  Defendant admitted to having an agreement with YouJizzPremium.com website, which has paid members, offers its membership in U.S. dollars and is entirely in the English language.

The harm is suffered by Plaintiff in the United States.  Plaintiff is a U.S. Company that produces its videos in the United States, and thus Defendant knew that the infringement would harm Plaintiff here in the U.S.

The Ninth Circuit has said that where a passive website is involved, there must be "something more" to indicate that the defendant purposefully directed its activity in a substantial way to the forum state.  *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 420 (9th Cir.1997); *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1020 (9th Cir. 2002).

Here, the websites are not passive, but interactive, in that they permit visitors to upload their own videos, download videos and join the website as a free member for further viewing.  In addition, however, the Defendant's websites specifically target Arizona and other United States residents with ads designed for the visitor and which take into consideration just where the visitor is located.  As the court in *Quokka Sports, Inc. v. Cup Int'l Ltd.*, 99 F. Supp. 2d 1105 (N.D. Cal. 1999) noted, Defendant's website contains the "now familiar 'banner ads' that encourage a consumer to 'click through' and visit the advertiser's website." *Id*. at 1112.  There, the court found it significant that when the consumer clicked through to other websites, they were clearly only for U.S. consumers.  While the court acknowledged that it is the advertiser who chooses the page the consumer retrieves, the advertiser clearly believed it would reach a U.S. market through the Defendant's website.  See Exhibit 3, Arizona Targeted Advertising.

The use of these targeted ads and pop up conversations shows a clear "marketing campaign directed toward" the U.S.; this constitutes the "something more" required to satisfy the effects test.  *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d at 1007 (finding advertisements in Nevada satisfied the effects test of otherwise passive website).  As a result, the purposeful availment prong is met in this case.

**B. Arises Out of Defendant's Forum-Related Activities**

The second prong, that the claim must be one which arises out of or relates to the defendant's forum-related activities, is also satisfied.  All of Defendant's activities in the U.S. concern the operation of its websites, and the websites are the source of the copyright infringement.

**C. The Exercise of Jurisdiction Comports with Due Process and is Reasonable**

Last, the exercise of jurisdiction here comports with fair play and substantial justice, i.e., it is reasonable.  The factors to be balanced when considering reasonableness are 1) the extent of defendant's purposeful interjection; 2) the burden on the defendant in defending in the forum; 3) the extent of conflict with the sovereignty of the defendant's state; 4) the forum state's interest in adjudicating the dispute; 5) the most efficient judicial resolution of the controversy; 6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and 7) the existence of an alternative forum.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-77, 105 S.Ct. 2174, (1985); *Quokka Sports, Inc. v. Cup Int'l Ltd.*, 99 F. Supp. 2d 1105, 1113 (N.D. Cal. 1999).

**(1) Purposeful Interjection**

Defendant has purposefully interjected itself in the U.S. market. It has contracted with a company offering paid memberships in U.S. dollars. The payment processor for the site is a Florida-based company.  The Defendant has contracted with host computers for the websites in San Antonio, Texas and Waltham, Massachusetts.  Defendant has contracted with registrars in Delaware and Louisiana.  Defendant contracted with a registrar located in Scottsdale, Arizona, and in that contract, Defendant consented to this

Court exercising personal jurisdiction over it.  Defendant has a common registered DMCA agent located in Altamonte Springs, Florida.  The sites also show U.S. contacts and refer to U.S. laws.  Defendant has advertisements on its websites which target U.S. consumers.  Defendant is doing business with several entities throughout the U.S.  Defendant has purposefully interjected itself into this market.

### (2) Burden on the Defendant in Defending in the Forum

Here, the burden on the Defendant is the same regardless of where in the U.S. the Plaintiff sues.  However, weighing in favor of Plaintiff on this factor is that Defendant agreed to this jurisdiction in its agreement with Domains by Proxy, and thus obviously did not feel that appearing in this jurisdiction was too burdensome.

Unless the "inconvenience [of litigating in the foreign forum] is so great as to constitute a deprivation of due process, it will not overcome clear justifications for the exercise of jurisdiction."  *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1323 (9th Cir. 1998).  Here, the burden may be significant, but given that this is the "era of fax machines and discount air travel" as well as Internet and e-mail, requiring Defendant to litigate here is not constitutionally unreasonable. *Id.*

### ( 3) Extent of Conflict with the Sovereignty of the Defendant's State

Sovereignty concerns weigh more heavily when the defendants have no United States-based relationships.  *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1489 (9th Cir. 1993).  Here, of course, Defendant has contracted with several U.S. companies for services here, related to Defendant's websites.  In addition, the court looks at the foreign state's interest in adjudicating the suit. *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104,

1115 (9th Cir. 2002).  This suit is for violation of U.S. copyright and trademark laws.

Therefore, Defendant's home country, the Bahamas, has no interest in adjudicating this

action.

### (4) Forum State's Interest in Adjudicating the Dispute

Here, the Defendant has harmed a U.S. company by infringing on its copyrights

and trademarks, thus violating U.S. copyright and trademark laws.  The U.S. has a strong

interest in adjudicating the action.  Arizona has a strong interest, as Defendant agreed to

this jurisdiction in a contract with an Arizona company.

### (5) Most Efficient Judicial Resolution of the Controversy

The focus of this factor is the location of the evidence and witnesses.  *Panavision*

*Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1323-24 (9th Cir. 1998).  "It is no longer weighed

heavily given the modern advances in communication and transportation."  *Id*. Here, the

amount of evidence and number of witnesses should be few, and thus this factor weighs

neutral in the evaluation.

### (6) Importance of the Forum to the Plaintiff's Interest in Convenient and Effective Relief

Here, the Court should find in favor of Plaintiff.  As the court in *Quokka Sports,*

*Inc. v. Cup Int'l Ltd.*, 99 F. Supp. 2d 1105, 1114 (N.D. Cal. 1999) so aptly said, "This

factor tips in favor of plaintiff.  Plaintiff is seeking an application of U.S. trademark law

to correct alleged offenses to U.S. trademarks.  To force plaintiff to litigate in a non-

federal forum, for instance in New Zealand, would put a considerable burden on plaintiff,

not to mention the New Zealand judiciary."  Here, too, litigating in the Bahamas would

be a great burden to parties and judiciary.

1

### (7) Existence of an Alternative Forum

2

Defendants have stated that no other forum in the U.S. has jurisdiction, and has

3

not indicated that the Bahamas courts would be available to hear a U.S. copyright and

4

trademark case.  However, "[t]he United States has a strong interest in adjudicating its

5

own laws as they affect its own citizens."  *Quokka Sports, Inc. v. Cup Int'l Ltd*., 99 F.

6

Supp. 2d at 1114.  Defendant does not appear to be subject to general jurisdiction in any

7

state in the United States, so their United States contacts are aggregated under Rule

8

4(k)(2).  Defendant has a significant tie to Arizona – this is where Defendant agreed to be

9

subject to jurisdiction.  It is logical for this Court to accept jurisdiction.

10

As the foregoing discussion demonstrates, Defendant is subject to jurisdiction in

11

the U.S. under the Federal Long Arm Statute.  This Court should find that it has personal

12

jurisdiction over Defendant.

13

### IV.    THE COURT SHOULD PERMIT JURISDICTIONAL DISCOVERY

14

The court, in its discretion, may permit limited discovery as an aid to determining

15

whether it has personal jurisdiction over a defendant. *Wells Fargo & Co. v. Wells Fargo*

16

*Exp. Co.*, 556 F.2d 406, 430 n. 24 (9th Cir. 1977).  "Discovery may appropriately be

17

granted where pertinent facts bearing on the question of jurisdiction are controverted or

18

where a more satisfactory showing of the facts is necessary." *Data Disc, Inc. v. Sys.*

19

*Tech. Assoc., Inc.,* 557 F.2d 1280, 1285 n. 1 (9th Cir.1977).

20

In this case, little if any information is publicly available or otherwise open to

21

Plaintiff regarding the extent of Defendant's contacts with the U.S.  This case is similar

22

to *Principal Fin. Services, Inc. v. Big Fin. & Ins. Services, Inc.*, 426 F. Supp. 2d 976,

23

24

25

981-82 (S.D. Iowa 2006).  That case involved trademark infringement. Plaintiff presented affidavits and screen shots from the website showing contacts with the State of Iowa. The court noted that Plaintiff's (and Defendant's) statements were largely limited to the format and content of the website, with little information provided about the quality or quantity of contacts of the website with Iowa.  As the Court said, "[p]resumably this information is available to [Plaintiff] only through discovery." *See also*, *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 455 (3d Cir.2003) (noting that "any information regarding Step Two's intent vis-a-vis its Internet business and regarding other related contacts is known by Step Two, and can be learned by Toys only through discovery"); *Fraserside IP L.L.C. v. Letyagin*, 2012 WL 3241760 (N.D. Iowa 2012)(" Presumably conclusive information regarding Letyagin's relationship to SunPorno and SunPorno's contacts with the United States are available to Fraserside only through discovery).

Here, discovery should be permitted to determine the quality and quantity of contacts of U.S. residents with the websites, including uploads and downloads, the extent of sales to U.S. and Arizona consumers through the premium website, and the extent of advertisements and ad revenues coming from companies targeting U.S. and Arizona consumers.  In *CSR Tech., Inc. v. Bandspeed, Inc.*, 2012 WL 1150863 (D. Ariz. 2012), a patent infringement case, the court noted that the where the product at issue was sold directly to an Arizona consumer through the Defendant's interactive website, the transaction provided the minimum contacts necessary to satisfy the first two prongs of the test for specific jurisdiction.  Thus, a showing by Plaintiff of sales to Arizona consumers

or advertising revenue from targeting U.S. and Arizona residents would support personal jurisdiction over the Defendant.

Plaintiff has come forward with evidence that Defendant does sell to U.S. residents through the premium website.  Plaintiff has shown advertisements and pop-ups on Defendant's websites which target U.S. citizens.  Plaintiff has demonstrated that Defendant's websites are interactive and permit uploading and downloading of videos by consumers.  Defendant controverts Plaintiff's assertions regarding the targeting of U.S. residents.  Plaintiff has made a sufficient showing to permit jurisdictional discovery, as this is a case "where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary."  *Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d at 430.  The Court should thus grant jurisdictional discovery.

## CONCLUSION

Defendant here agreed to submit to the jurisdiction of this Court in a contract with the registrar of several of its websites.  These very websites and their infringement of Plaintiff's copyrights and trademarks are at issue in this case. The Court should rule that the Defendant has waived the right to challenge personal jurisdiction.

In addition, the Court has personal jurisdiction over Defendant pursuant to the Federal Long Arm Statute.  Defendant has purposefully availed itself of the U.S. and this case arises out of or relates to those contacts it has with the U.S.  Further, the exercise of jurisdiction in this case is reasonable.

Last, if the Court determines the evidence is not sufficient to warrant immediate exercise of personal jurisdiction, the Court should permit jurisdictional discovery. Plaintiff has come forward with evidence that Defendant has controverted, and the discovery would make for a more satisfactory showing of the facts.


DATED:  August 21, 2012          Respectfully submitted,

By:     /s/ Chad L. Belville

Chad Belville, Attorney at Law
*Arizona Bar 020771*
4742 North 24th Street, Suite 315
Phoenix, AZ 85016


MAILING ADDRESS:          P.O. Box 17879
Phoenix, AZ 85011

Telephone:  602-904-5485
FAX:  602-297-6953
E-mail cbelville@azbar.org

ATTORNEY FOR PLAINTIFF


CERTIFICATE OF SERVICE

I, Chad Belville, do hereby certify that on August 21st, 2012, a copy of this document was served upon the Attorneys for Defendants through the Court's Electronic Case Filing System.


/s/ Chad Belville

TABLE OF ATTACHMENTS

1       Alexa Rank Report

2       YouJizz Home Page

3       Arizona Targeted Advertising

4       YouJizzPremium Login Page

5       Server Stats

6       Registration

7       GoDaddy and Domains by Proxy Terms of Use

8       Google Terms of Service

9       YouJizz and Related Sites Terms of Use

10      ARIN Data

11      Statsie Data

12      Registrations in Louisiana

13      Registered DMCA Agent

14      Affidavit of Jason Tucker