John P. Flynn (# 015065)
Peter J. Moolenaar (# 024487)
DIOGUARDI FLYNN LLP
7001 N. Scottsdale Road, Suite 2060
Scottsdale, AZ 85253
Telephone: (480) 951-8800
Facsimile:   (480) 951-8824
jflynn@dioguardiflynn.com
pmoolenaar@dioguardiflynn.com

*Attorneys for International Media, Inc., incorrectly named herein as International Media, Ltd. and Igor Gens*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Cybernet Entertainment LLC,<br>A New York Company,<br><br>                    Plaintiff,<br><br>v.<br><br>IG Media Inc. and International Media Ltd. dba YouJizz.com JizzHut.com and JizzOnline.com and OnlyJizz.com and MoviesGuy.com and JizzBo.com and HotFunHouse.com and Igor Gens and DOES 1-10 inclusive and DOES COMPANIES 1-100 inclusive,<br><br>                    Defendants | Case No. 2:12-cv-01101-SRB<br><br>**IGOR GENS' MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS** |

Plaintiff, Cybernet Entertainment, LLC ("Plaintiff") has filed a false Proof of Service representing to the Court its California process server personally served Igor Gens ("Gens") in Canada by handing the requisite papers to a non-existent co-tenant. Notwithstanding repeated requests for withdrawal wherein the patent procedural defects and fallacious nature of the filing were confirmed to Plaintiff and counsel, withdrawal has been refused—thus requiring the filing of this Motion.

## I. FACTS

Gens has dual citizenship in both Canada and Poland. *See* Declaration of Igor Gens, attached hereto as ("Exhibit 1"). He does not live in Arizona or anywhere else in the United States. *See* Exhibit 1 ¶ 1.

On November 9, 2012, Plaintiff filed a Proof of Service (Document 29) ("Proof of Service") claiming that Gens was served in this matter on October 31, 2012. The Proof of Service falsely states that Gens was served with a "Summons in a Civil Action, Complaint and Jury Demand, with Exhibits 1-8, and Civil Case Cover Sheet" by leaving these documents at Gens' residence or usual place of abode with Bruno Vogel, a purported "co-tenant," and by mailing a copy of the documents to Gens' last known address. The foreign address of service listed was 9200 Auburn Dr., Richmond, British Columbia, V7A 5A8, Canada ("False Residence"). (*Id.*).

The Proof of Service is procedurally deficient and factually false. Plaintiff's method of service was neither authorized by the Hague Convention of the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention") nor by this Court and it is therefore invalid under Rule 4(f), Fed.R.Civ.P. Furthermore, not only does Gens not reside at the False Residence, he has never met and does not know Mr. Bruno Vogel—his alleged co-tenant. *See* Exhibit 1 ¶ 7. Even worse, Bruno Vogel is not and has never been a resident of the False Residence. *See* Declaration from Ricky Leung, attached as "Exhibit 2;" Declaration from Hsueh Mei Leong, attached as "Exhibit 3;" Exhibit 1 ¶ 10. The current owners of the False Residence are Ricky Leung and Hsueh Mei Leong, and they have never met Igor Gens, Bruno Vogel, or the California process server Don Miles. Exhibit 2 ¶¶ 4-8; Exhibit 3 ¶¶ 4-8. Nor were they served with any papers related to this matter by Plaintiff through his unauthorized California process server, counsel or otherwise. Exhibit 2 ¶ 8; Exhibit 3 ¶ 8. These facts are exceedingly troubling given the Proof of Service was filed by Plaintiff in this action after being executed under penalty of perjury. (Document 29).

Gens' counsel repeatedly advised Plaintiff's counsel—Chad Belville—of the deficiencies and inaccurate representations in the Proof of Service. Not only did Plaintiff refuse to withdraw the Proof of Service, it attempted to use it to extort Gens' foreign address or an acceptance of service from his counsel. Such conduct is patently improper and should not be rewarded. Plaintiff's Proof of Service should be quashed and its Complaint dismissed for insufficient service of process as to Gens pursuant to Rule 12(b)(5), Fed.R.Civ.P.[1] Further, given Plaintiff's willful failure to withdraw the Proof of Service and the improper attempts by its counsel to use the improper Proof of Service as leverage, Gens should be rewarded his fees and costs incurred herein.

## II. LEGAL ANALYSIS
### A. The Manner of Service Used by Plaintiff is not Authorized by the Hague Convention.

When a defendant challenges the sufficiency of service, the burden is on plaintiff to establish that service was valid under Rule 4, Fed.R.Civ.P. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

Rule 4(f)(1), Fed.R.Civ.P., sets forth the relevant manner for serving an individual in a foreign country:

> …by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention of the Service Abroad of Judicial and Extrajudicial Documents.

The United States and Canada are both signatories to the Hague Convention. The purpose of the Hague Convention is to provide a simpler way to serve process abroad and to assure that defendants sued in foreign jurisdictions receive proper and timely notice of suit. *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S.

---

[1] In the unlikely event the Court deems the Proof of Service somehow valid, Gens reserves the right to challenge personal jurisdiction over Gens—a resident of Canada and Poland. However, as conceded by Plaintiff's counsel, the issues of service and jurisdiction are separate and distinct. *See* email from Chad Belville to John Flynn dated November 14, 2012, attached as "Exhibit 7."

1  694, 698 (1988). The United States Supreme Court has expressly found that
2  compliance with the Hague Convention is mandatory in all cases to which it applies.
3  *Id*. at 705.

4  The Hague Convention provides two methods in which service may be
5  effectuated: (1) formal method through a "Central Authority" designated by the
6  country or through diplomatic or consular agents, or (2) through alternative informal
7  methods.

8  Article 2 of the Hague Convention provides that each signatory country shall
9  designate a Central Authority to receive and process requests for service. Canada has
10 designated the Attorney General for Canada and the Ministry of the Attorney General
11 for each province or territory, among other officials, as the Central Authority. *See In
12 re Mark Petroleum, Inc. v. The Light Korean Presbyterian Church*, 424 B.R. 912,
13 917 (Bankr. M.D.FL. 2010). The Central Authority for British Columbia is the
14 Ministry of the Attorney General for British Columbia.

15 Here, there is absolutely no evidence in the record that Plaintiff attempted
16 service through the Central Authority. Indeed, the Proof of Service filed by Plaintiff
17 was signed by Don Miles, a process server from Simi Valley, California, whom has
18 evidenced no Canadian authority permitting him to serve process in that foreign
19 country. (Docket No. 29). As such, Plaintiff's service would only be effective if it
20 complied with the informal method under the Hague Convention—which it did not.

21 The relevant informal method in the Hague Convention is set forth in Article
22 10 as follows:

> Provided the State of destination does not object, the present Convention shall not interfere with—
>
> (a)  the freedom to send judicial documents, by postal channels, directly to persons abroad,
>
> (b)  the freedom of judicial officers, official or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination,

> (c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

The Proof of Service is facially deficient. As a starting point, there is no evidence in the record that the California process server used by Plaintiff is a judicial officer, official or other competent person authorized to serve process in Canada. However, even assuming the California process server is an authorized person to serve process in British Columbia, Plaintiff's manner of service is still defective.

"To determine whether a destination country "objects" to a particular form of service, the courts have looked to the service laws of that country to determine whether the method of service utilized would be valid in that country." *In re Hunt's Pier Associates v. Conklin* 27 Fed.R.Serv. 3d 165, 156 B.R. 464 (1993) (citing *Gallagher v. Mazda Motor of American, Inc.*, 781 F.Supp. 1079 (E.D.Pa. 1992)). "[O]nly if service is valid under the service rules of the destination country can it be found that the destination country does not "object" to the form of service utilized." *Id.* Clearly, Canada "objects" to the patently defective Proof of Service.

The applicable British Columbia rule of service is Rule 4-3(2) Personal Service.

> Unless the court otherwise orders, personal service of a document is to be effected as follows:
>
> **(1) <u>On an individual, by leaving a copy of the document with him or her;</u>**

Rule 4-3, Supreme Court Civil Rules (Emphasis Added). As such, and absent court order, the only applicable manner of service on an individual in British Columbia is personal, in-hand service on the individual to be served, Igor Gens.

The defective Proof of Service improperly filed in this instance asserts, <u>under penalty of perjury,</u> that service was made by leaving "the summons at the individual's residence or usual place of abode with Bruno Vogel (co-tenant), a person of suitable age and discretion who resides there, and by mailing a copy to the

1 individual's last known address." (Document 29).  Clearly, serving Bruno Vogel, a
2 stranger to this litigation, is hardly the same as personal service on Gens.  As Ricky
3 Leung's and Hsueh Mei Leong's Declarations make abundantly clear, Plaintiff could
4 not have even purported to serve the owner and resident of the False Residence if the
5 papers were given to the fictional Bruno Vogel.

6 Plaintiff's attempted service by mail is similarly deficient.  Service by mail is
7 not expressly authorized by British Columbia, even if Gens lived at the False
8 Residence, which he does not.  *See* Rule 4-3.  Nor did Plaintiff comply with any
9 provision of the Federal Rules of Civil Procedure authorizing service by mail.
10 Therefore, Plaintiff was not served by mail.  *See Brockmeyer v. May*, 383 F.3d 798,
11 809 (9th Cir. 2004) (finding that simply dropping a complaint and summons in a
12 mailbox to be delivered by international mail is not effective service under the Hague
13 Convention or Federal Rules of Civil Procedure).

14 Simply put, Gens was not personally served as required under British
15 Columbia law.  British Columbia must therefore be deemed to legally "object" to the
16 method of service utilized by Plaintiff.  See *In re Hunt's Pier Associates v. Conklin*
17 27 Fed.R.Serv. 3d 165, 156 B.R. 464, 471 (1993) (citing *Gallagher v. Mazda Motor*
18 *of American, Inc.*, 781 F.Supp. 1079 (E.D.Pa. 1992)).  As such, the requirements of
19 Article 10 of the Hague Convention have not been satisfied and the purported service
20 is ineffective.

21 **B. Plaintiff's Proof of Service is Factually False.**

22 Even if the manner of service was somehow effective, it is factually false.
23 Mr. Gens neither resides in nor is the False Residence his usual place of abode.  *See*
24 Exhibit 1 ¶ 6.  Mr. Gens has never met and does not know any individual named
25 Bruno Vogel.  *See* Exhibit 1 ¶ 7.  Gens is not and has never been in any co-tenancy
26 relationship with Bruno Vogel.  *See* Exhibit 1 ¶ 8.  Nor is Gens in a co-tenancy
27 relationship with any individual.  *See* Exhibit 1 ¶ 9.

28

Furthermore, Bruno Vogel is not and has never been a resident of the False Residence. *See* Exhibit 2 ¶ 4; Exhibit 3 ¶ 4; Exhibit 1 ¶ 10. The current owners (and residents) have never met Igor Gens, Bruno Vogel, or the California process server Don Miles. Exhibit 2 ¶¶ 4-8; Exhibit 3 ¶¶ 4-8. Nor have they received any papers related to this action by Plaintiff. Exhibit 2 ¶ 8; Exhibit 3 ¶ 8. Thus, the filing of and reliance upon a specious Proof of Service (not to mention, refusal to withdraw), <u>executed under penalty of perjury</u>, is independently actionable and an affront to this Court.

The False Residence was previously owned by Gens' parents from on or about October 10, 1996 to May 15, 2006. *See* Exhibit 1 ¶ 10. However, Gens' parents sold the False Residence on or about May 15, 2006. *See* Exhibit 1 at Exhibit A. Gens has not resided in the False Residence and it has not been his usual place of abode for more than a decade. *See* Exhibit 1 ¶ 11. Thus, Gens could not have been served at the location, even if this Court was willing to undertake the analytic gymnastics required to ignore the pervasive procedural and Treaty violations which render the Proof of Service ineffective.

### C. Plaintiff's Counsel Refused to Withdraw the Proof of Service and Attempted to Use It to Extort an Acceptance of Service.

Plaintiff's counsel was placed on express notice that the Proof of Service was factually and procedurally defective. Indeed, upon receipt of the Proof of Service, Gens' counsel contacted Plaintiff's counsel, Chad Belville, informed him that the Proof of Service was factually and procedurally deficient and requested (repeatedly) Attorney Belville withdraw the false Proof of Service. *See* email from John Flynn to Chad Belville dated November 12, 2012, attached as "Exhibit 4." In response, Attorney Belville tacitly admitted that the Proof of Service was deficient by threatening to file a motion for alternative service if Gens challenged the false Proof of Service. *See* Emails from Mr. Belville to Mr. Flynn dated November 14, 2012,

attached as "Exhibit 5;" Exhibit 7. Attorney Belville further attempted to use the deficient Proof of Service to extort Gens' address. *See* Exhibit 5.

Even more troubling, the process service company used by Plaintiff expressly admits on its website that the manner of service selected by Plaintiff may not be sufficient. Indeed, under the "Process Server in Canada" page in the "Informal Service" section, Process Service Network lists as a "disadvantage" that any "Judgment 'may' not be enforceable in Canada." *See* printout from www.processnet1.com/canada.htm, attached as "Exhibit 6." As such, Plaintiff's own process server placed Attorney Belville and his client on notice that the manner of service might not be effective. In this case, it certainly was not.

### D. Conclusion

The defense recognizes that awarding reimbursement of fees and costs relating to a "service of process" dispute is most assuredly not the "norm". However, this situation is light-years away from a typical service of process dispute. In this instance, Plaintiff willfully refused to withdraw the false Proof of Service after being repeatedly informed in writing that it was procedurally defective, and premised upon false facts. Further, the Proof of Service was executed under penalty of perjury, even though nothing contained therein is factually accurate or could have been believed to be accurate when executed and/or filed. Finally, fees and costs should be awarded since, when faced with insurmountable evidence/analysis conclusively demonstrating the defective nature of the Proof of Service, Plaintiff's counsel improperly attempted to use the defective Proof of Service as leverage to obtain an acceptance of service or available foreign address.

This situation is hardly the "norm" and the disagreements are far from standard. For these reasons, Gens respectfully requests he be awarded reimbursement of all his fees and costs wastefully incurred herein. Plaintiff's Proof of Service is procedurally improper and factually false. It should be quashed and

1  Plaintiff's Complaint dismissed for insufficient service of process as to Gens
2  pursuant to Rule 12(b)(5), Fed.R.Civ.P.

3    RESPECTFULLY SUBMITTED this 21st day of November, 2012.

4
5                                    DIOGUARDI FLYNN LLP

6
7                          By:   /s/ John Flynn
                                 John P. Flynn
                                 Peter Moolenaar
8                                7001 N. Scottsdale Road, Suite 2060
                                 Scottsdale, AZ 85253
9                                *Attorneys for IG Media Inc.;
                                 International Media Ltd.; and Igor*
10                               *Gens*

11
12                          **CERTIFICATE OF SERVICE**

13    I hereby certify that on November 21st, 2012, I electronically transmitted the
   attached document to the Clerk of the United States District Court, District of Arizona,
   using the Online e-filing system.
14

15

16 By    /s/ Megan Barber