Chad L. Belville
AZ Bar 020771
4742 N. 24th Street Suite 315
Phoenix, AZ 85016
602-904-5485
Fax: 602-291-6953
Email: cbelville@azbar.org
Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Cybernet Entertainment LLC,<br>a New York Company,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>IG Media Inc. and International Media Ltd.<br>dba YouJizz.com JizzHut.com<br>and JizzOnline.com and OnlyJizz.com<br>and MoviesGuy.com and JizzBo.com<br>and HotFunHouse.com<br>and Igor Gens<br>and DOES 1-10 inclusive and<br>DOE COMPANIES 1-100 inclusive<br>_____<br>_____ | No. CV 12-01101-PHX-SRB<br><br>**RESPONSE TO<br>IGOR GENS<br>MOTION TO DISMISS**<br><br>**AND**<br><br>*ALTERNATIVELY,*<br><br>**MOTION FOR ORDER<br>PERMITTING ALTERNATIVE<br>SERVICE OF THE SUMMONS<br>AND COMPLAINT ON<br>DEFENDANT IGOR GENS** |

　　Plaintiff Cybernet Entertainment LLC (hereinafter referred to as "Plaintiff" or "Cybernet") by and through its counsel, files this Response to Igor Gens' Motion to Dismiss for Insufficient Service of Process.

　　Because this Court should find that the service accomplished on Igor Gens was proper, the Court should deny the Motion to Dismiss.

1

Alternatively, Plaintiff seeks an Order permitting alternative service on the hiding foreign Defendant Igor Gens pursuant to Fed. R. Civ. P. 4(f)(3) and 4(h)(2), by means of email to the defendants last known valid email address without requirement of return receipt and by service upon Defendant Igor Gens' retained counsel in this matter, namely John D. Flynn who has filed a motion on Defendant Igor Gens' behalf.

## STATEMENT OF FACTS

Plaintiff brought this action for piracy of its copyrighted and trademarked works against among others, Defendant Igor Gens ("Gens") and IG Media, Inc. ("IG Media"). Gens is the President and a Director of IG Media. Exhibit A, Affidavit of Nelson Tucker.

The Defendants in this case are international intellectual property scofflaws. The Defendants own and operate websites devoted to the provision of stolen pornographic films to third parties in exchange for membership fees and/or advertising revenue. Doc. 1, Complaint.

Upon filing this lawsuit, Plaintiff hired Process Server Network, LLC to serve Defendant Gens. Nelson Tucker, CEO and supervisor of all process servers who work for his company has been a process server since 1978. He has authored 3 books on service of process and related matters and has conducted training seminars in process service for 27 years. He, on his own or through other process servers, serves process throughout the world. . Exhibit A, Affidavit of Nelson Tucker.

In this case, Tucker retained a Vancouver, Canada process server, Don Miles, to serve Igor Gens. Process was served on a resident of 9200 Auburn Drive, Richmond, BC, Canada ("9200 Auburn"). This address was used because the most recent filing for IG

Media, the "BC Company Summary for IG Media Inc." in the BC Registry Services for corporate filings, lists Gens as a Director of IG Media with both a mailing and delivery address of 9200 Auburn Dr., Richmond, BC, Canada. The filing lists the last annual report as being filed on August 5, 2010. Exhibit A, Affidavit of Nelson Tucker.

The process server, Don Miles, served a man at 9200 Auburn. The man stated his name was Bruno Vogel. Based on the behavior of this individual, however, Miles believed that Vogel might actually be Igor Gens. Exhibit A, Affidavit of Nelson Tucker.

Miles prepared and Plaintiff filed a return of service stating exactly the foregoing: that he served a man who said he was Bruno Vogel and claimed to be a co-tenant at the 9200 Auburn address. He made no further claims about this service. Doc. 29, Return of Service.

Gens contends that he could not be served at 9200 Auburn. However, his contentions about whether 9200 Auburn is a residence or address he uses are contradictory. While he asserts that this is not his residence and he has not lived there in years, his corporate filings with the BC Registry Services indicate that in 2010 he considered this his mailing and delivery address. Gens asserts that his parents sold the home in May 2006. He claims not to know the current owners, the Leungs, and provides evidence that they bought the home in March 2007. Nevertheless, he avers of his own knowledge that Bruno Vogel has never lived in the home, even though he supposedly didn't know anything about the home after his parents sold it in 2006.

Gens asserts that the service on him is deficient. He also claims that Plaintiff's counsel "tacitly" admitted that Proof of Service was deficient in an e-mail. Nothing in the

3

e-mails he presents indicates any admission. Plaintiff's counsel suggested that Gens' counsel accept service. He only further stated that, if for some reason the service was not sufficient, there were other means to achieve service. Rather than showing an admission of any kind, this e-mail shows an effort to resolve the issue of service without resort to the time-wasting motions that Gens has chosen to pursue.

Gens also asserts that the process server in this case has submitted a factually false proof of service. This is a scurrilous, defamatory and obviously untrue assertion. Nothing Gens has submitted supports his claim. The process server here honestly and accurately reported the service he achieved in this case. He states who he served – Bruno Vogel; why he served him – because of a representation by him that he was a co-tenant; and where he served him – at 9200 Auburn. The affidavit is truthful and the Court should accept it as filed.

Gens has submitted his own affidavits and affidavits from the purported current owners. These contradictory and unverifiable affidavits should not sway the Court. As the following argument demonstrates, the Court should uphold the service in this case.

## LEGAL ARGUMENT

### I.     THE MANNER OF SERVICE WAS PROPER

Gens first asserts that the manner of service is deficient because service in Canada must comply with the Hague Convention, which is not true.  The Hague Convention,which requires service on a Central Authority, allows for alternate service. Canada has designated its Attorney General and the Ministry of the Attorney General for each province or territory.

Gens has ignored the part of the Hague Convention which states that service may be effected in accordance with the laws of the jurisdiction where service is being made. Hague Convention, Article 19. Likewise, the U.S. Federal Rules of Civil Procedure provide for service on foreign defendants "as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction." Rule 4(f)(2)(a), F.R.Civ.P.

British Columbia's Supreme Court Rules permit direct personal service on an individual. Rule 4.3(2), B.C. Supreme Court Civil Rules. As the process server in this case stated, he believes that the person he served was in fact Gens, hiding behind a false name. Thus, service was proper on Gens.

Further, Rule 4-4(1) of the B.C. Supreme Court Civil Rules provides for alternative service. The rule states that:

> If it is impracticable to serve a document by personal service or if the person to be served by personal service,
>   (a) cannot be found after a diligent search, or
>   (b) is evading service of the documents,
> the court may, on application without notice, make an order for substituted service granting permission to use an alternative method of service.

The U.S. Rules, in Rule 4(f)(3), F.R.Civ.P., also permit service on a foreign defendant "by other means not prohibited by international agreement, as the court orders."

Here, Plaintiff served a person at 9200 Auburn. This is the address Gens himself listed as both the mailing and delivery address for himself and the corporation of which he is both President and a Director. This service comports with U.S. law concerning

proper service and comports with due process.[1] This substituted service is not in violation of any international agreement, and is in accordance with the type of substituted that British Columbia courts will approve. For these reasons, service was proper on Gens and the Court should approve service.

## II. GENS' AFFIDAVIT AND OTHER OFFERS OF "EVIDENCE" CONFLICT WITH NEUTRAL EVIDENCE PROVIDED BY PLAINTIFF, DEMONSTRATING THAT IT IS GENS, NOT PLAINTIFF, WHO HAS COME FORWARD WITH FALSE EVIDENCE

In his statement of facts, Gens asserts that 9200 Auburn was his parents' home where he has not lived for more than a decade. He asserts that his parents sold the residence in May of 2006. He offers the affidavits of the Leungs that they bought the property in March of 2007. Yet he also asserts as a fact that he does not know Bruno Vogel, who was served at the residence, but he does know that Vogel has never been a resident at 9200 Auburn. If Gens' parents moved in May 2006, and the Leungs bought the home in March of 2007, how does he know Bruno Vogel never lived there? He is either asserting "facts" of which he has no personal knowledge or he is asserting falsehoods.

Gens also presents affidavits from the Leungs which assert that they do not know and haven't met Gens. But if Gens doesn't know the Leungs, doesn't own or reside at 9200 Auburn, and his parents haven't owned it since 2006, why in 2010 did he take the

---

[1] The service accomplished here was intended to apprise defendant of the pendency of the action and afford him an opportunity to present his objections (See *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)). Clearly, it succeeded, as Defendant has hired counsel and appeared to contest service.

affirmative step of filing an annual corporate report stating this home was the mailing and delivery address for IG Media? Further, British Columbia requires that "A company must, within 15 days after the date of change … in the address of any of its directors, file a Notice of Change." Exhibit B, Maintaining Your B.C. Company. Gens never did so, since he continues to represent to the BC Registry that this is his proper address. Either Gens has provided false information to the BC Registry – possibly to avoid service of process in cases such as this – or he has provided false information to this court. In either event, the Court should find service is proper.

Gens' assertions that he long ago stopped living at 9200 Auburn, that he knows nothing of Bruno Vogel and hasn't been to 9200 Auburn in years, even though he continues to list it as his corporate address, simply do not add up. These contradictions demonstrate that he is not telling this Court the truth. The Court should see through Gens' charade and find that he has been properly served.

### III.   PLAINTIFF REFUSED TO WITHDRAW THE PROOF OF SERVICE BECAUSE IT BELIEVED SERVICE WAS PROPER

Gens seeks sanctions in this case. This request is simply not supportable. The BC Registry sheet shows that Gens himself listed 9200 Auburn as his mailing and delivery address as recently as 2010, and had not updated that since. Plaintiff's counsel further had a process server – someone not an interested party to the case – stating that he had served a man named Bruno Vogel who said he was a cotenant at 9200 Auburn – the address Gens provided to the BC Registry as his mailing and delivery address. There is no basis in these facts for an award of sanctions.

    Gens misrepresents what Plaintiff's process server's website states as well. Gens misstates the website, indicating that regarding service of Canadian residents, the process server "admits on its website that the manner of service selected by Plaintiff may not be sufficient."  Instead, the website notes, correctly, that the service is normally handled in a manner similar to how the U.S. handles service. Doc 31, Ex. 6 to Motion to Dismiss. Gens also attempts to make much of the statement on the website that the judgment might not be enforceable in Canada. This fact does not make the substituted service here any less valid as service in a U.S. District Court case. In fact, the U.S. Bureau of Consular Affairs advises more specifically that "service of American legal documents in Canada does not *per se* require the recognition or enforcement in Canada of any ensuing judgment." http://travel.state.gov/law/judicial/judicial_682.html. Plaintiff's process server has just reiterated this advice.

    Gens has twisted the facts in his Motion to Dismiss, with regard to what was said in the return of service by the process server, with regard to Plaintiff's counsel's e-mails, and with regard to the process server's website. What is most important is that Gens has manipulated the facts and attempted to hide from this court that 9200 Auburn is more than just his parents' old home, from which he has long since departed. He gave the Court only half-truths, and hoped to hide the fact that this address is one he has used as recently as 2010 for his mailing and delivery address and that of his corporation, IG Media. The Court must see through these half-truths and falsehoods and should deny the Motion to Dismiss and deny the request for sanctions.

### IV. ALTERNATIVELY, THE COURT SHOULD ENTER AN ORDER PERMITTING ALTERNATIVE SERVICE ON GENS BY E-MAIL AND ON HIS COUNSEL

The Due Process Clause of the Fourteenth Amendment requires only that the method of service be reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.  See *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950).

In acknowledgement of this, the Federal Rules of Civil Procedure, Rule 4(f)(3) permits a court to order service on a foreign defendant by any "means not prohibited by international agreement." "[S]ervice of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international defendant." *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1013-1017, (9th Cir. 2002)(permitting service by e-mail); See also *Nuance Communications, Inc. v. Abbyy Software House*, 626 F.3d 1222 (Fed. Cir. 2010) *cert. denied,* 131 S. Ct. 3091, 180 L. Ed. 2d 912 (U.S. 2011).  In other words, Plaintiff need not attempt every permissible means of service before requesting an order for alternative service. *Rio Properties, Inc.*, 284 F.3d at 1016.

As long as the alternative service of process is court-directed and not prohibited by an international agreement, service ordered under Rule 4(f)(3) may even be accomplished in contravention of the laws of the foreign country. *Rio Properties, Inc.*, 284 F.3d at 1014. A court has discretion to determine what alternative means of service is appropriate in a particular case. *Rio Props., Inc.,* 284 F.3d at 1016; *U.S. Commodity Futures Trading*

*Comm'n v. Aliaga*, 272 F.R.D. 617, 619 (S.D. Fla. 2011). Courts have permitted alternative service of process through various means, including by e-mail and/or service on local counsel. *Id*. Methods such as service by email, international mail, Federal Express, and service on the defendant's known counsel have all been approved by the courts as acceptable means of service under Rule 4(f)(3). *TracFone Wireless, Inc. v. Distelec Distribuciones Electronicas, S.A. de DV*, 268 F.R.D. 687, 691 (S.D. Fla. 2010); citing *Mainstream Media, EC v. v. Riven,* 2009 WL 2157641, 3 (N.D.Cal. July 17, 2009) (noting that the court had, in an earlier order, directed service via email, international mail, and Federal Express); *Marlabs, Inc. v. Jakher,* 2010 WL 1644041, 4 (D.N.J. Apr.22, 2010) (authorizing service under Rule 4(f)(3) through defendant's attorney); and *Chanel, Inc. v. Zhixian,* 2010 WL 1740695, 3 (S.D.Fla. Apr.29, 2010) (authorizing service via email).

The Ninth Circuit in *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1013-1017, (9th Cir. 2002) specifically permitted service by e-mail. There, the defendant claimed an address in Florida, but it only housed the defendant's international courier, which refused to accept service. Further, defendant's attorney who was consulted in the matter, also declined to accept service of process. Plaintiff sought an order for alternative service and the district court ordered service on defendant's attorney by e-mail. *Id.*, 284 F.3d at 1016. The Arizona District Court, following *Rio Properties,* has permitted e-mail service on defendants who conduct business through the internet and were sued for trademark and copyright infringement, where it found that such service would give Defendants sufficient notice and opportunity to respond. *Liberty Media Holdings, LLC v.*

*Vinigay.com*, CV-11-0280-PHX-LOA, 2011 WL 810250 (D. Ariz. Mar. 3, 2011)(service on Brazilian defendant). Further, "[s]ervice by email in circumstances where the defendant is evading service of process and it is the only method reasonably calculated to appraise defendant of the pendency of the action is permissible." *Xcentric Ventures, LLC v. Karsen, Ltd.*, CV 11-1055-PHX-FJM, 2011 WL 3156966 (D. Ariz. July 26, 2011)(service on Russian defendant).

As the Ninth Circuit stated, "when faced with an international e-business scofflaw, playing hide-and-seek with the federal court, email may be the only means of effecting service of process." *Rio Props.,* 284 F.3d at 1018. Here, Plaintiff requests that the Court permit service by e-mail on Igor Gens and by e-mail on Gens' retained counsel in this matter, namely John D. Flynn who has filed a motion on Defendant Igor Gens behalf.

In addition, some courts have retroactively approved service where a plaintiff has attempted alternative service upon a defendant without prior court approval. When the manner of service is such that the court finds it otherwise appropriate under Rule 4(f) (3), the court may retroactively approve the service with an order nunc pro tunc. *Marks v. Alfa Group*, 615 F. Supp. 2d 375 (E.D. Pa. 2009). Retroactively affirming service that would have been approved if requested in advance avoids "the entirely redundant act of re-serving [defendant] in the same manner already undertaken. That result would be contrary to the mandate of Rule 1 of the Federal Rules of Civil Procedure, namely, that the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."" *Marks v. Alfa Group*, 615 F. Supp. 2d at 380. See also, other courts approving service with an order nunc pro tunc:

*Valz v. Sheepshead Bay Bungalow Corp.*, 249 N.Y. 122, 136, 163 N.E. 124 (1928), cert. denied, 278 U.S. 647, 49 S.Ct. 82, 73 L.Ed. 560 (1928) (*nunc pro tunc* order proper where court could have made same order earlier and no prejudice resulted); *Meek v. Martin*, 19 Misc.2d 649, 196 N.Y.S.2d 744 (Sup.Ct.1959) (leave of court to serve process on incompetent and his committee granted *nunc pro tunc*); *Dolgow v. Anderson*, 43 F.R.D. 21, 23 (E.D.N.Y. 1967); *Igloo Prods. Corp. v. Thai Welltex Intern. Co., Ltd.,* 379 F.Supp.2d 18, 20 (D.Mass.2005); *Export-Import Bank of U.S. v. Asia Pulp & Paper Co., Ltd.,* Civ. A. No. 03-8554, 2005 WL 1123755, at 4 (S.D.N.Y. May 11, 2005); Dobkin v. Chapman, 25 A.D.2d 745, 269 N.Y.S.2d 49 (2d Dep't 1966); Van Dunk v. Lazrovitch, 50 Misc.2d 649, 270 N.Y.S.2d 803 (Civ.Ct.N.Y.C.1966).

Plaintiff therefore requests that this court approve the service on a person at the 9200 Auburn address listed by Gens as his mailing and delivery address. This method of service comports with due process as it was reasonably calculated to give Defendant notice of the proceeding. Further, given Defendant's efforts to otherwise avoid service of process, these efforts at service of process should be approved under Rule 4(f)(3), F.R.Civ.P.

**CONCLUSION**

The service of process in this case comports with The Hague Convention, British Columbia law and the U.S. Federal Rules of Civil Procedure by serving a person residing at the address that Gens himself lists as his address for mailing and delivery. The Court should uphold the service and deny the Motion to Dismiss.

Alternatively, the Court should enter an order permitting service of Defendant at his last known e-mail address, and by e-mail on his counsel, John D. Flynn. In addition, or as another alternative, the Court should approve the service already accomplished in this action.

DATED:  17 December 2012

Respectfully submitted by:

/s/ Chad L. Belville

Chad Belville, Attorney at Law
*Arizona Bar 020771*
4742 North 24th Street, Suite 315
Phoenix, AZ 85016

MAILING ADDRESS:

P.O. Box 17879
Phoenix, AZ 85011

Telephone:  602-904-5485
FAX:  602-297-6953
E-mail cbelville@azbar.org

ATTORNEY FOR PLAINTIFF

CERTIFICATE OF SERVICE

I, Chad Belville, do hereby certify that on December 17, 2012 a copy of Plaintiff's Response was served upon the Attorneys for Defendants through the Court's Electronic Case Filing System.

/s/ Chad Belville

## LIST OF EXHIBITS

A. Affidavit of Nelson Tucker

B. BC Registry Services "Maintaining Your BC Company"