John P. Flynn (# 015065)
Peter J. Moolenaar (# 024487)
DIOGUARDI FLYNN LLP
7001 N. Scottsdale Road, Suite 2060
Scottsdale, AZ 85253
Telephone: (480) 951-8800
Facsimile: (480) 951-8824
jflynn@dioguardiflynn.com
pmoolenaar@dioguardiflynn.com

Evan Fray-Witzer (*pro hac vice*)
CIAMPA FRAY-WITZER LLP
20 Park Plz., Ste. 804
Boston, MA 02116
Telephone: 617-426-0000
Facsimile: 617-423-4855
evan@CFWlegal.com

Valentin David Gurvits (*pro hac vice*)
BOSTON LAW GROUP, PC
825 Beacon St., Ste. 20
Newton Center, MA 02459
Telephone: 617-928-1804
Facsimile: 617-928-1802
vgurvits@bostonlawgroup.com

*Attorneys for International Media, Inc.,
incorrectly named herein as International Media, Ltd.*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Cybernet Entertainment LLC,<br><br>                    Plaintiff,<br><br>v.<br><br>IG Media Inc. and International Media Ltd. dba YouJixx.com JizzHut.com and JizzOnline.com and OnlyJizz.com and MoviesGuy.com and JizzBo.com and HotFunHouse.com and Igor Gens and DOES 1-10 inclusive and DOES COMPANIES 1-100 inclusive,<br><br>                    Defendants, | Case No. CV 12-01101-PHX-SRB<br><br>**INTERNATIONAL MEDIA, INC.'S[1] MOTION FOR STAY OF PROCEEDINGS PENDING APPEAL** |

---

[1] The present motion is brought only by International Media because International Media is the only Defendant to have been properly served in this case. *See* Igor Gens' Motion to Dismiss for Insufficient Service of Process, Document No. 31. Clearly, though, the rationale for allowing this Motion would apply with equal force to the other named Defendants.

1

## I. INTRODUCTION

On November 30, 2012, this Court issued an Order (Doc. 32) denying International Media, Inc.'s ("International Media") Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 14).  International Media intends to appeal this Court's Order to the United States Court of Appeals for the Ninth Circuit.  International Media respectfully requests a stay of further proceedings in this litigation pending appeal.

A stay pending appeal is warranted where the stay applicant demonstrates that the appeal raises "serious legal questions" and that "the balance of hardships tips sharply" in favor of a stay.  *Artukovic v. Rison*, 784 F.2d 1354, 1355 (9th Cir. 1986) (*citing Lopez v. Hackler*, 713 F.2d 1432, 1435 (9th Cir.), *rev'd on other grounds*, 463 U.S. 1328 (1983)).

The question of whether this Court may exercise personal jurisdiction over International Media (and, as an extension, Igor Gens, collectively the "Defendants") pursuant to Federal Rule of Civil Procedure 4(k)(2) is a "serious legal question" given that the Ninth Circuit has yet to find a single case wherein a foreign defendant was subject to jurisdiction under it.  *See Holland America Line, Inc. v. Wartsila North America, Inc.,* 485 F.3d 450, 462 (9th Cir. 2007) ("[I]n the fourteen years since Rule 4(k)(2) was enacted, none of our cases has countenanced jurisdiction under the rule."[2]).

Also, the balance of hardships tips sharply in favor of the Defendants as it would be prohibitively difficult for the foreign Defendants to engage in litigation in the District Court where it argues it should not be engaged in any litigation in the United States whatsoever.  Much of the benefit of the appeal would be rendered

---

[2] Five years later (for a total of 19 years), the Ninth Circuit is still waiting for a case in which it finds jurisdiction to be proper under Rule 4(k)(2).

1
2
3
4

moot if the Defendants were forced to continue engaging in litigation while the appeal is pending. *See SG Cowen Secur. Corp. v. United States Dist. Court*, 189 F.3d 909, 914 (9th Cir. 1999) ("[A] petitioner is damaged or prejudiced if his claim will be moot on appeal.").

5
6

**II.    BACKGROUND**

7
8
9
10
11
12
13
14

The present action is brought by Cybernet Entertainment LLC ("Cybernet"), a New York Company with principal place of business in California, against International Media, a Bahamian Company, and its President, Igor Gens ("Mr. Gens"), a citizen of Canada and Poland. Cybernet is a producer of adult video content. International Media owns and operates a number of websites on the Internet which are free of charge to anyone over the age of 18 with access to the Internet. Declaration of Igor Gens, Doc. 14-1, ¶ 14. In its Complaint, Cybernet alleged that the Defendants infringed Cybernet's copyrights in the United States.

15
16
17
18
19
20
21
22
23

However, International Media is not registered or licensed to do business anywhere in the United States, does not pay taxes in the United States, does not maintain bank accounts of officers in the United States, does not have any employees in the United States, does not have any real estate or property in the United States, and does not target print, television or radio advertising in or towards the United States. *Id.* at ¶¶ 5-8. International Media's contacts with the United States are minimal, consisting of relationships with a domain registrar in Arizona, a DMCA agent in Florida, an advertising broker and two direct customer relationships. *Id.* at ¶¶ 11, 13.

24
25
26
27

Because Cybernet's Complaint did not allege sufficient facts to support a finding of minimum contacts between the Defendants and the United States as a whole that would be required by the Due Process Claus of the Constitution in order to properly assert personal jurisdiction pursuant to Rule 4(k)(2), International Media

28

brought its Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 14). However, this Court found that Cybernet had satisfied its burden of establishing a prima facie case of specific jurisdiction over International Media pursuant to Rule 4(k)(2) and denied International Media's Motion to Dismiss (Doc. 32).

For the reasons detailed in International Media's Motion to Dismiss and for the reasons to be detailed in International Media's filings with the Ninth Circuit, International Media will be requesting an appeal of this Court's denial of the Motion to Dismiss.  In order to avoid unnecessary litigation in the event that its appeal is granted, International Media requests that this court order a stay of the proceedings against the Defendants pending the aforementioned appeal to be filed.

## III.   ARGUMENT

"The standard for evaluating stays pending appeal is similar to that employed by district courts in deciding whether to grant a preliminary injunction." *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983) (citing *Nevada Airlines, Inc. v. Bond*, 662 F.2d 1017, 1018 n. 3 (9th Cir. 1980)).  There are two interrelated legal tests on a single continuum for the determination of whether to grant the stay, and the "critical element" in deciding which test to apply is the "relative hardship to the parties." *Id.* (citing *Benda v. Grand Lodge of International Association of Machinists, etc.*, 584 F.2d 308, 315 (9th Cir. 1978), *cert. dismissed*, 441 U.S. 937 (1979)).  Where the balance of hardships tips sharply in the favor of the movant, the movant must only show that "serious legal questions are raised." *Id.* (citing *Los Angeles Memorial Coliseum Com. v. National Football League*, 634 F.3d 1197, 1201 (9th Cir. 1980)). Where there is the possibility of irreparable injury, the movant must show a probability of success on the merits. *Id.* (citing *Los Angeles Memorial Coliseum*, 634 F.3d at 1201)).

As shown below, the balance of harms tips sharply in favor of International Media and a serious legal question is raised. Therefore, a stay of the proceedings is warranted and should be granted.

### A.  **The balance of harms favors a stay proceedings pending appeal.**

The balance of harms tips sharply in favor of a stay proceedings pending appeal. International Media's argument at appeal will be whether it should be subject to continuing litigation in this Court. If it is forced to continue with litigation in this Court, including going through costly discovery, while an appeal is pending, much of the benefit of International Media's appeal will be moot. Therefore, if the proceedings are not stayed, International Media will suffer significant damages. *See SG Cowen Secur. Corp. v. United States Dist. Court*, 189 F.3d 909, 914 (9th Cir. 1999) ("[A] petitioner is damaged or prejudiced if his claim will be moot on appeal."); *see also In re Pacific Gas & Elec. Co.*, 2002 U.S. Dist. LEXIS 27549, at *8 (N.D. Cal. Nov. 14, 2002) ("If it is 'apparent that absent a stay pending appeal . . . the appeal will be rendered moot,' that circumstance is, as movants note, 'the quintessential form of prejudice' justifying a stay." (quoting *In re Country Squire Associates of Carle Place, LP*, 203 B.R. 182, 183 (2nd Cir. BAP 1996))).

Moreover, Cybernet stands to suffer no cognizable harm should this Court stay proceedings. Cybernet will only be delayed from proceeding with discovery in a case where it has already shown that it is in no hurry. Cybernet filed the Complaint in this action on May 24, 2012. Other than submitting summonses to this Court in the week following the filing, Cybernet made little substantive attempt to move the case forward except to respond to International Media's Motion to Dismiss in August. Cybernet could not even be bothered to file its Affidavit of Service for Summons and Complaint served on International Media until September

21, the last day it was eligible to do so pursuant to the Court's order of August 24, 2012 threatening to dismiss the case (Doc. 20). This is despite the fact that Cybernet served International Media over a month previous on July 16th (Doc. 25).

Cybernet even asked this court for an extension of time to serve Mr. Gens and another named defendant, IG Media, Inc. (Doc. 24). Although Mr. Gens was **not** actually served (Doc. 31), Cybernet claimed that it served Mr. Gens on October 31, 2012 (Doc. 29), more than five months after it filed the Complaint. Cybernet has still not served IG Media, Inc.

In further proof that Cybernet is not concerned about the speed at which this litigation proceeds, Cybernet asked this Court for an extension of time to file its response to Mr. Gens's Motion to Dismiss (Doc. 33). Based on all the foregoing, it could not be said that Cybernet would suffer any harm whatsoever were these proceedings stayed pending the appeal.

To the contrary, Cybernet would stand to benefit were these proceedings stayed as it would not expend wasteful attorneys' fees and other costs in the face of a possibility of having the case dismissed anyway on the basis of a lack of personal jurisdiction.

### B.     The appeal raises a serious legal question.

The question of whether the Defendants have enough contacts with the United States to make them subject to the personal jurisdiction of this Court pursuant to Rule 4(k)(2) is a serious legal question. The resolution of this issue will determine whether this case should move forward at all and is therefore a serious question in regards to this case. However, the question is a serious one in the context of Ninth Circuit jurisprudence considering the fact that the Ninth Circuit has yet to find a single case in which a finding of personal jurisdiction has been satisfied pursuant to Rule 4(k)(2). *See Holland America Line, Inc. v. Wartsila North America, Inc.,* 485

F.3d 450, 462 (9th Cir. 2007) ("[I]n the fourteen years since Rule 4(k)(2) was enacted, none of our cases has countenanced jurisdiction under the rule.").

### III. Conclusion

International Media "is not required to convince the court that its own order was incorrect, otherwise no district court would ever grant a stay," *United States Surgical Corp. v. Origin Medsystems, Inc.*, 1996 U.S. Dist. LEXIS 2793, at *9 (N.D. Cal. Feb. 3, 1996).  However, International Media has shown that the appeal raises a serious legal question and that the balance of hardships tips sharply in favor of International Media.

Therefore, for the reasons stated above, International Media moves that the Court should enter a stay of all aspects of this litigation until the earlier of (a) the rejection of the request for the appeal or (b) the resolution of the appeal should it be granted.  In the alternative, if the Court should be unwilling or unable to grant an open-ended stay as such, International Media moves that the Court should enter a stay of all aspects of this litigation for 90 days or for such period of time which it finds reasonable.

RESPECTFULLY SUBMITTED this 17th day of December, 2012.

BOSTON LAW GROUP, PC

By: /s/ Valentin Gurvits
    Valentin Gurvits
    825 Beacon Street, Suite 20
    Newton Centre, MA 02459
    *Attorneys for*
    *International Media, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 17th, 2012, I electronically transmitted the attached document to the Attorneys for Cybernet through the Court's Electronic Case Filing System.

By: /s/ Megan Barber