# APPELLATE COURT CASES REJECTING 4(K)(2) JURISDICTION

*Henriquez v. El Pais Q'Hubocali.com*, 2012 U.S. App. LEXIS 25107 (11th Cir. 2012)(rejecting jurisdiction under 4(k)(2) because claims arose under state, not federal, law)

*Tech. Patents LLC v. T-Mobile UK, Ltd.*, 700 F.3d 482 (Fed. Cir. 2012)(court did not need to reach district court's finding of lack of personal jurisdiction over defendants under 4(k)(2) inasmuch as court would have allowed a dismissal of the claims on the merits)

*Erno Kalman Abelesz v. OTP Bank*, 692 F.3d 638 (7th Cir. 2012)(district court's failure to dismiss claims for lack of personal jurisdiction under 4(k)(2) so egregious as to warrant the "rare" relief of mandamus even though defendants failed to properly seek interlocutory review via 28 U.S.C. §1292(b))

*ESAB Group, Inc. v. Zurich Ins. PLC*, 685 F.3d 376 (4th Cir.2012)(court declined to reach question of 4(k)(2) jurisdiction where jurisdiction over the defendant was permissible under state's long arm statute)

*ITL Int'l, Inc. v. Constenla, S.A.*, 669 F.3d 493 (5th Cir. 2012)(court declined to reach question of 4(k)(2) jurisdiction where jurisdiction over the defendant was permissible under state's long arm statute)

*Human Res. Certification Inst. v. Human Res. P.A.*, 453 Fed. Appx. 349 (4th Cir. 2011)(finding, without elaboration, that defendants did not have sufficient contacts with the United States to support jurisdiction under 4(k)(2)

*Getz v. Boeing Co.*, 654 F.3d 852 (9th Cir. 2011) (rejecting jurisdiction under 4(k)(2) because claims arose under state, not federal, law)

*Haines v. Selendang Ayu M/V*, 403 Fed. Appx. 194 (9th Cir. 2010)(jurisdiction could not be based on 4(k)(2) where defendant conceded jurisdiction in another state)

*Nabulsi v. H.H. Sheikh Issa Bin Zayed Al Nahyan,* 383 Fed. Appx. 380 (5th Cir. 2010)(summarily affirming district court's finding of no personal jurisdiction under 4(k)(2))

*Fraser v. Smith,* 594 F.3d 842 (11th Cir. 2010)(rejecting personal jurisdiction under 4(k)(2) despite claims that injury in the United States was foreseeable because "foreseeability alone has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause.")

*Bluewater Trading LLC v. Fountaine Pajot, S.A.*, 335 Fed. Appx. 905 (11th Cir. 2009)(rejecting 4(k)(2) jurisdiction despite defendants' contacts with both Florida and the United States);

*Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210 (11th Cir. 2009)(rejecting jurisdiction under 4(k)(2) where Florida resident discovered defendant's resort on the internet, booked his trip online, paid online, and was ultimately injured while visiting the resort in Costa Rica)

*CFA Inst. v. Inst. of Chartered Fin. Analysts of India*, 551 F.3d 285 (4th Cir. 2009) (court declined to reach question of 4(k)(2) jurisdiction where jurisdiction over the defendant was permissible under state's long arm statute)

*Porina v. Marward Shipping Co.,* 521 F.3d 122 (2d Cir. 2008)(foreign ship owner could not be subject to jurisdiction in the United States under 4(k)(2) even though ship repeatedly travelled to the United States because such trips were always made at the direction of the chartering company, not the owner)

*Holland Am. Line, Inc. v. Wartsila N. Am., Inc.,* 485 F.3d 450, 462 (9th Cir. 2007)("in the fourteen years since Rule 4(k)(2) was enacted, none of our cases has countenanced jurisdiction under the rule.")

*Pebble Beach Co. v. Caddy*, 453 F.3d 1151 (9th Cir. 2006)(flatly rejecting 4(k)(2) jurisdiction despite existence of ".com" web address, fact that defendant catered primarily to American clients, and selection of famous U.S. trademarked name)

*See, Inc. v. Imago Eyewear Pty, Ltd*., 167 Fed. Appx. 518 (6th Cir. 2006)(maintenance of website and visiting trade show in the United States insufficient basis for 4(k)(2) jurisdiction)

*Saudi v. Northrop Grumman Corp*., 427 F.3d 271 (4th Cir. 2005)(defendant's contacts with New Jersey and Texas insufficient basis for assertion of 4(k)(2) jurisdiction where the Plaintiff could not demonstrate that defendants had engaged in any tortious conduct in those states)

*Saudi v. Acomarit Maritimes Servs., S.A.,* 114 Fed. Appx. 449 (3d Cir. 2004)(claims insufficient to meet 4(k)(2) due process requirements)

*R&B Falcon Drilling (Int'l & Deepwater), Inc. v. Noble Denton Group*, 2004 U.S. App. LEXIS 22 (5th Cir. 2004)(no personal jurisdiction despite allegations that defendant marketed to U.S. through its website, was affiliated with a Texas based related company, and routinely received revenue from the United States)

*Quick Techs. v. Sage Group Plc*, 313 F.3d 338 (5th Cir. 2002)(opposing U.S. Company's trademark application; filing its own U.S. Trademark application, use of mark in U.S. publications, and maintenance of website all insufficient to support personal jurisdiction under 4(k)(2))

*Base Metal Trading Ltd. v. OJSC "Novokuznetsky Aluminum Factory",* 2002 U.S. App. LEXIS 18408 (3d Cir. 2002)(court rejected jurisdiction under 4(k)(2) despite the fact that defendant had negotiated U.S. business unconsummated deal with U.S. company, travelled to U.S. for negotiations, attended a trade shows in the U.S., solicited business in the U.S., and despite fact that defendant's products were shipped to the U.S.)

*Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114 (9th Cir. 2002)(23 shipments of rice to the U.S. and use of a U.S. based sales agent insufficient basis for jurisdiction under 4(k)(2)

*Base Metal Trading v. Ojsc Novokuznetsky Aluminum Factory,* 283 F.3d 208 (4th Cir. 2002)(alleged U.S. contacts insufficient basis for jurisdiction under 4(k)(2))

*United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 617 (1st Cir. 2001)(extensive contacts with the U.S. did not justify jurisdiction under 4(k)(2))

*Submersible Sys. v. Perforadora Central, S.A. de C.V.,* 249 F.3d 413 (5th Cir. 2001)(because alleged wrongs all took place outside of the U.S. jurisdiction could only be based on continuous and systematic contacts, which did not exist in this case)

*Doe v. Unocal Corp.*, 248 F.3d 915 (9th Cir. 2001)(no jurisdiction under 4(k)(2) despite fact that defendant listed its stock on U.S. stock exchanges and promoted the sales of its stock in the U.S.)

*Central States, Southeast & Southwest Areas Pension Fund v. Reimer Express World Corp.,* 230 F.3d 934 (7th Cir. 2000)(rejecting 4(k)(2) jurisdiction against parent corporation based on actions of the subsidiary, even if parent corporation provided subsidiary with administrative services)

*BP Chems. Ltd. v. Formosa Chem. & Fibre Corp.*, 229 F.3d 254 (3d Cir. 2000)(finding no 4(k)(2) jurisdiction despite defendant's contacts with United States which included contracts for the purchase of equipment with eight U.S. vendors, ownership interest in U.S. affiliate, parent corporation's ownership of a U.S. company that produced revenue of $2.5 billion, agreements to arbitrate in New York, contracts with four U.S. companies for the purchase of technology, agreements to train personnel in the U.S., the receipt of daily communications from the U.S., and the export of more than $4 million in products to the U.S.)

*Consolidated Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286 (11th Cir. 2000)(issuance of bonds and debentures in the U.S., appointing an agent for service of process in the U.S., and marketing products in the U.S. through a subsidiary insufficient to establish jurisdiction under 4(k)(2)

*Associated Transp. Line, Inc. v. Productos Fitosanitarios Proficol El Carmen, S.A.,* 197 F.3d 1070 (11th Cir. 1999)(purchases and sales to the United States insufficient to support general jurisdiction under 4(k)(2)

*AT&T v. Compagnie Bruxelles Lambert,* 94 F.3d 586 (9th Cir. 1996)(foreign parent corporation not subject to 4(k)(2) jurisdiction based on actions of subsidiary)

## APPELLATE COURT CASES ALLOWING 4(K)(2) JURISDICTION

*Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283 (Fed. Cir. 2012)(divided court allows default judgment to stand where district court found jurisdiction under 4(k)(2)

*Touchcom, Inc. v. Bereskin & Parr*, 574 F.3d 1403 (Fed. Cir. 2009)(finding jurisdiction under 4(k)(2) proper where plaintiff hired defendant, a Canadian law firm, to file and prosecute its U.S. Patent application and subsequent malpractice suit was based on improper prosecution of said patent application)

*Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com. De Equip. Medico*, 563 F.3d 1285 (Fed. Cir. 2009)(jurisdiction under 4(k)(2) permissible where defendants travelled to the United States to display products which infringed on plaintiff's patents at trade show and claims arose directly out of those activities)

*Fortis Corporate Ins. v. Viken Ship Management*, 2006 U.S. App. LEXIS 14057 (6th Cir. 2006)(court could exercise jurisdiction over shipping company that regularly rigged ships for travel to Ohio and which represented that it adhered to Great Lakes security requirements)

*Odilla Mutaka Mwani v. Osama Bin Laden*, 417 F.3d 1 (D.C. Cir. 2005)(jurisdiction over Osama Bin Laden and al Qaeda permissible where evidence demonstrated that they directed their activities at the United States)

*Adams v. Unione Mediterranea di Sicurta,* 364 F.3d 646, 651 (5th Cir. 2004)(jurisdiction permissible where defendant insurer: employed claims adjusters, surveyors, investigators and other representatives in the United States; had paid 155 claims to U.S. companies, and had insured numerous other U.S. companies)

*ISI Int'l, Inc. v. Borden Ladner Gervais LLP,* 256 F.3d 548 (7th Cir. 2001)(jurisdiction permissible under 4(k)(2) where defendant engaged a U.S. law firm and sent letters to the plaintiff's U.S. business contacts intentionally interfering with plaintiff's business relationships with those contacts)

*United States SEC v. Carrillo*, 115 F.3d 1540 (11th Cir. 1997)(direct mailings into the U.S. coupled with frequent advertisements aimed at the U.S. sufficient basis for jurisdiction under 4(k)(2)

*SEC v. Knowles,* 87 F.3d 413 (10th Cir. 1996)(jurisdiction proper where defendant visited the United States on a number of occasions to meet with investment clients, signed checks and letters while in the U.S., and opened a brokerage trading account in the U.S.)