John P. Flynn (# 015065)
Peter J. Moolenaar (# 024487)
DIOGUARDI FLYNN LLP
7001 N. Scottsdale Road, Suite 2060
Scottsdale, AZ 85253
Telephone: (480) 951-8800
Facsimile: (480) 951-8824
jflynn@dioguardiflynn.com
pmoolenaar@dioguardiflynn.com

Valentin D. Gurvits (# 643572)
Boston Law Group, LLP
825 Beacon Street, Suite 20
Newton Centre, MA  02459
Telephone: (617) 928-1804
Facsimile: (617) 928-1802
vgurvits@bostonlawgroup.com
*Pro Hac Vice*

Evan Fray-Witzer (#564349)
Ciampa Fray-Witzer, LLP
20 Park Plaza, Suite 804
Boston, MA 02116
Telephone: (617) 426-0000
Facsimile: (617) 423-4855
evan@CFWlegal.com
*Pro Hac Vice*

*Attorneys for International Media, Inc.*

## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF ARIZONA

| | |
|---|---|
| Cybernet Entertainment LLC, A New York Company, | |
| Plaintiff, | Case No. 2:12-cv-01101-SRB |
| v. | **INTERNATIONAL MEDIA INC.'S MOTION TO ALTER OR AMEND COURT'S ORDER DATED NOVEMBER 30, 2012** |
| IG Media Inc. and International Media Ltd. dba YouJizz.com JizzHut.com and JizzOnline.com and OnlyJizz.com and MoviesGuy.com and JizzBo.com and HotFunHouse.com and Igor Gens and DOES 1-10 inclusive and DOES COMPANIES 1-100 inclusive | |
| Defendants, | |

1    Pursuant to 28 U.S.C. §1292(b), Defendant International Media, Inc.
2   respectfully moves for the Court to alter or amend its Order of November 30,
3   2012 to reflect the addition of the following language at the end: "The Court
4   further finds that such order involves a controlling question of law as to which
5   there is substantial ground for difference of opinion and that an immediate
6   appeal from the order may materially advance the ultimate termination of the
7   litigation."  International Media also respectfully requests that the Court order
8   that the present litigation be stayed until such time as the Ninth Circuit Court
9   of Appeals either (a) denies International Media's petition for interlocutory
10  review, or (b) issues a decision on International Media's interlocutory appeal.
11  In support of this Motion, International Media states as follows.

12                          **ARGUMENT**

13   Pursuant to 28 U.S.C. § 1292(b), this Court may certify its order for a
14  discretionary appeal where the Court finds that the order (a) involves a
15  controlling question of law, (b) as to which there is a substantial ground for a
16  difference of opinion, and (c) that an immediate appeal from the order may
17  materially advance the ultimate determination of the litigation.  In the present
18  case, because each of these factors is present, the Court should alter or amend
19  its Order to permit an immediate interlocutory review.   In addition, the
20  existence of significant questions of public policy and the need for controlling
21  Ninth Circuit precedent further counsel in favor of an interlocutory appeal.

22
23   **I.     The Question of Personal Jurisdiction Involves A Controlling
24          Question of Law.**

25   The Ninth Circuit has defined a "controlling question of law" as one
26  "in which allowing an interlocutory appeal would avoid protracted and
27
28                              2

expensive litigation." *Shurance v. Planning Control International, Inc.*, 839 F.2d 1347, 1347 (9th Cir. 1988), *quoting In re Cement Antitrust Litigation*, 673 F.2d 1020, 1027 (9th Cir. 1982).  The Ninth Circuit, among others, has previously found questions of personal jurisdiction to be "controlling issues of law" which may serve the basis for a discretionary appeal. *Go-Video, Inc. v. Akai Electric Co. Ltd.*, 885 F.2d 1406, 1408 (9th Cir. 1989)(granting certification of interlocutory appeal under 28 U.S.C. § 1292(b) on court ruling that venue and personal jurisdiction were proper over foreign corporations). *See also Hernandez v. Maricopa County*, 2009 U.S. Dist. LEXIS 4123, *8, n.3 (D. Ariz. 2009)(citing cases for proposition that the proper avenue to appeal a denial of motion to dismiss for lack of personal jurisdiction is through 28 U.S.C. §1292(b)); *Grimes v. Cirrus Indus., Inc.,* 2010 U.S. Dist. LEXIS 60889 (W.D. Okla. 2010)(discussing cases in which courts have found the question of personal jurisdiction to be a "controlling issue of law," reasoning that "if a final judgment is appealed and the appellate court concludes this Court lacks jurisdiction over TCM, reversal of the final judgment would occur. Applying that rationale, the question of exercising jurisdiction over TCM could be viewed as a controlling question"); *Army Times Pub. Co. v. Watts*, 730 F.2d 1398 (11th Cir. 1984)(exercising discretion to hear interlocutory appeal of dismissal for lack of personal jurisdiction, after district court certified order for appeal); *ESAB Group v. Centricut, Inc.,* 126 F.3d 617 (4th Cir. 1997).

Because (as this Court has noted), "personal jurisdiction is an essential element of the jurisdiction of a district court, without which the court is powerless to proceed to an adjudication" (*see* Court's Order, p. 5, *quoting Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999)) and because any judgment entered by this Court without personal jurisdiction would be void (*see, e.g., Rubicon Global Ventures, Inc. v. Chongquing Zongshen Group Import/Export Corp.*, 2012 U.S. App. LEXIS 18437 (9th Cir. 2012); *Mason v. Genisco Technology Corp.*, 960 F.2d 849 (9th Cir. 1992)), the Court's determination of personal jurisdiction constitutes a controlling question of law.

**II.     The Court's Order Involves A Number of Dispositive Issues Concerning Which There is a Substantial Ground For a Difference of Opinion**

To determine if a "substantial ground for difference of opinion" exists under §1292(b), the Court considers whether the interlocutory appeal would address a "novel legal issue" on which "fair-minded jurists might reach contradictory conclusions."  *Reese v. BP Exploration (Alaska) Inc.,* 643 F.3d 681, 688 (9th Cir. 2011)("A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed. Stated another way, when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without

4

first awaiting development of contradictory precedent.")  Although, as *Reese* makes clear, a split amongst the circuits is not required for there to be a substantial ground for difference of opinion, such a split is one reason for the Court to find a substantial ground for difference of opinion.  *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).  *See also Stuart v. RadioShack Corp.*, No. C-07-4499 EMC, 2009 U.S. Dist. LEXIS 57963, at *8 (N.D. Cal. June 25, 2009) (noting that, "in many cases, courts have found a substantial ground for a difference of opinion based on conflicting case law.")

In the present case, a number of the holdings of this Court are in areas of the law for which there is a substantial ground for difference of opinion.

A.      The Scope of Rule 4(k)(2)

To date, the United States Supreme Court has not decided any case which substantively addresses the scope of personal jurisdiction under Rule 4(k)(2).[1]  As Defendants noted in their motion to dismiss, however, the Ninth

---

[1] Indeed, the Supreme Court has only once faced a case which even tangentially involved Rule 4(k)(2).  *Sinochem International Co., Ltd. v. Malaysia International Shipping Corporation*, 549 U.S. 422 (2007).  There, the District Court had determined that it did not have personal jurisdiction over the defendants under Pennsylvania law, but that jurisdictional discovery *might* reveal that the Court had jurisdiction under Rule 4(k)(2).  Nevertheless, the district court denied jurisdictional discovery and dismissed the case for *forum non conveniens* grounds, finding that the case could be adequately tried in Chinese courts.  The Third Circuit reversed, holding that the district court had to decide the jurisdictional issue before reaching the question of *forum non conveniens*.  The Supreme Court ultimately reversed, holding that the Court had discretion to

5

Circuit Court of Appeals has made a point of noting that "in the fourteen years since Rule 4(k)(2) was enacted, none of our cases has countenanced jurisdiction under the rule."[2]  *Holland America Line, Inc. v. Windstar Sail Cruises, Ltd.,* 485 F.3d 450, 462 (9th Cir. 2007).  Five years later (for a total of 19), the Ninth Circuit is still waiting for a case in which it finds jurisdiction to be proper under Rule 4(k)(2).

The Ninth Circuit's reticence is understandable given its oft-repeated warning that:

The foreign-acts-with-forum-effects jurisdictional principle must be applied with caution, particularly in an international context  ...Great care and reserve should be exercised when extending our notions of personal jurisdiction into the international field.  ...Litigation against an alien defendant creates a higher jurisdictional barrier than litigation against a citizen from a sister state because important sovereignty concerns exist.

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 379 F.3d 1120, 1136-1137 (9th Cir. 2004)(internal citations and quotation marks omitted).

Although this Court identified in its Order certain district court cases which found jurisdiction permissible under Rule 4(k)(2), it did not identify

---

decide the *forum non conveniens* argument before reaching the question of jurisdiction.

[2] A case involving the scope of 4(k)(2) jurisdiction is currently pending before the Ninth Circuit.  *Datatech Enterprises, LLC v. FF Magnat, Ltd.,* No. 12-17299.  Given the pendency of that case, allowing the present case to proceed to an immediate appeal would likely allow the Ninth Circuit the opportunity to provide additional insight to the District Courts on this important issue.

any case in which a Federal Circuit Court approved the use of Rule 4(k)(2). In total, there are 77 cases in which a Federal Court of Appeals opinion mentions Rule 4(k)(2) in any respect.  In 32 of those cases – including ones involving far more contacts with the U.S. than are present here – the Court rejected jurisdiction under Rule 4(k)(2) as impermissible under the Due Process Clause of the United States Constitution.  *See, e.g., Base Metal Trading Ltd. v. OJSC "Novokuznetsky Aluminum Factory"*, 2002 U.S. App. LEXIS 18408 (3rd Cir. 2002)(court rejected jurisdiction under 4(k)(2) despite the fact that defendant had negotiated U.S. business unconsummated deal with U.S. company, travelled to U.S. for negotiations, attended a trade shows in the U.S., solicited business in the U.S., and despite fact that defendant's products were shipped to the U.S.); *BP Chems. Ltd. v. Formosa Chem. & Fibre Corp*., 229 F.3d 254 (3d Cir. 2000)(finding no 4(k)(2) jurisdiction despite defendant's contacts with United States which included contracts for the purchase of equipment with eight U.S. vendors, ownership interest in U.S. affiliate, parent corporation's ownership of a U.S. company that produced revenue of $2.5 billion, agreements to arbitrate in New York, contracts with four U.S. companies for the purchase of technology, agreements to train personnel in the U.S., the receipt of daily communications from the U.S., and the export of more than $4 million in products to the U.S.); *See, Inc. v. Imago Eyewear Pty, Ltd.*, 167 Fed. Appx. 518, 522 (6th Cir. 2006)(upholding the district court's decision that jurisdiction could not be maintained under Rule

7

4(k)(2): "In response to Plaintiff's arguments that Defendants 'demonstrated contacts with the United States through its domain address, internet website, website advertising, attendance at trade shows and by filing trademark applications at the United States Patent and Trademark Office,' the Court also noted that hailing Defendants into this Court, based upon [these allegations], would be based on 'random,' 'fortuitous,' or 'attenuated' contacts.'")

In nine cases (each of which involve factual scenarios dissimilar to the one at issue here), Federal Courts of Appeal found jurisdiction proper under Rule 4(k)(2), and in the remaining 36 cases, the rule was not substantively discussed.  A synopsis of Federal Appeals Court cases under Rule 4(k)(2) is attached hereto as Exhibit 1.  All told, 4(k)(2) jurisdiction has been rejected in cases in the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Ninth, Eleventh, and Federal Circuits and allowed in cases in the Fifth, Sixth, Seventh, Tenth, Eleventh, Federal, and D.C. Circuits.

Because the scope of 4(k)(2) jurisdiction is an important and novel issue over which fair-minded jurists can – and have – disagreed, the issue is one in which a "substantial ground for difference of opinion" exists.  As such, immediate interlocutory review is appropriate.

B.    Express Aiming

In finding that International Media "expressly aimed" its actions at the United States, this Court considered a number of factors for which there is a "substantial ground for difference of opinion" in the Courts.

8

### 1.    The Appointment of a DMCA Agent

One of the factors listed by the Court as relevant to its determination that International Media was subject to jurisdiction in the United States was the appointment of a DMCA agent in Florida for the very limited purpose of receiving and forwarding Digital Millenium Copyright Act ("DMCA") takedown notices.  Although no Federal Court has yet decided the question of whether the appointment of a DMCA agent can subject a defendant to jurisdiction in the United States, the United States Supreme Court has long rejected the general notion that appointing an agent – even for the much more substantial role of acceptance of service of process – can be used to establish jurisdiction over a corporate defendant.  *Chipman, Ltd. v. Thomas B. Jeffery Co.,* 251 U.S. 373, 379 (1920)("Unless a foreign corporation is engaged in business within the State, it is not brought within the State by the presence of its agents"); *Perkins v. Benguet Consolidated Mining Co.,* 342 U.S. 437 (1952)("it is the corporate activities of the defendant, not just the mere designation of a statutory agent, that is helpful in determining whether the court has personal jurisdiction over the defendant.")

A divided Ninth Circuit panel, in considering Supreme Court precedent, held that "federal courts must, subject to federal constitutional restraints, look to state statutes and case law in order to determine whether a foreign corporation is subject to personal jurisdiction in a given case because

the corporation has appointed an agent for service of process." *King v. Am. Family Mut. Ins. Co.,* 632 F.3d 570, 576 (9th Cir. 2011).

Other Courts of Appeal have rejected the argument that appointing a registered agent is sufficient to establish general personal jurisdiction over a corporation. *Bankhead Enterprises, Inc. v. Norfolk & Western Railway Co.*, 642 F.2d 802, 805 (5th Cir. 1981); *Wenche Siemer v. Learjet Acquisition Corp.,* 966 F.2d 179, 183 (5th Cir.1992); *Ratliff v. Cooper Laboratories, Inc.* 444 F.2d 745, 748 (4th Cir.1971); *Consolidated Dev. Corp. v. Sherritt, Inc.,* 216 F.3d 1286, 1293 (11th Cir. 2000)(collecting cases). *See also Sofrar, S.A. v. Graham Engineering Corp.*, 35 F. Supp. 2d 919, 921 (S.D. Fla.1999) (finding no general jurisdiction under Florida's long-arm statute, even though defendants appointed an agent for service of process and were registered to do business in the state); *Moore v. McKibbon Brothers, Inc.,* 41 F. Supp. 2d 1350, 1354 (N.D.Ga.1998) (finding general jurisdiction under North Carolina's long-arm statute where, in addition to appointing a registered agent, the corporation owned and leased property and was registered to transact business in the state).

Although the case law surrounding the appointment of an agent for the service of process strongly suggests that this Court's consideration of the appointment of a DMCA agent as grounds for the assertion of jurisdiction over International Media was in error, the specific question is one of first

10

impression and one for which there is "substantial ground for difference of opinion."

## 2.  Third Party Advertising

Although this Court cited *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218 (9th Cir. 2011) and *IO Group, Inc. v. Jordon*, 708 F. Supp. 2d. 989 (N.D. Cal 2010) for the proposition that third party banner advertising can support a finding of jurisdiction over a defendant, it is an issue on which the case law is far from clear – both within this jurisdiction and elsewhere. *See, e.g., Boschetto v. Hansing,* 539 F.3d 1011, 1022 (9th Cir. 2008)(Rymer, J., concurring)("As we have previously held, merely advertising over the Internet is not sufficient to confer jurisdiction throughout the United States, even though the advertisement or website at issue may be viewed nationwide")(citations omitted); *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 418 (9th Cir. 1997)("so far as we are aware, no court has ever held that an Internet advertisement alone is sufficient to subject the advertiser to jurisdiction in the plaintiff's home state); *Gator.com Corp. v. L.L. Bean, Inc.*, 341 F.3d 1072, 1080 (9th Cir. 2003), *vacated as moot by virtue of settlement in Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1143 (9th Cir. 2005)("in the specific jurisdiction context, "something more" than "mere advertisement or solicitation . . . on the Internet . . . to indicate that the defendant purposefully (albeit electronically) directed his activity in a substantial way to the forum state"). *See also Zamora Radio,*

*LLC v. Last.FM Ltd.*, 2011 WL 2580401, *7-8 (S.D. Fla. 2011)("Although Defendant AccuRadio concedes that some of AccuRadio's ad-serving vendors may display different commercial ads to different viewers of AccuRadio's site based on the viewer's location, we agree that these advertisements are not for AccuRadio's service and AccuRadio merely provides banner advertising space on its website for unrelated products and services. ...If it were otherwise, all media outlets that feature advertisements may become subject to personal jurisdiction in any state regardless of whether they have actually directed their own business activities to the forum"); *Family Watchdog, LLC v. Schweiss*, 2009 WL 2151152, *5 (M.D. Fl. 2009) (rejecting plaintiff's argument that personal jurisdiction was proper based on advertisement for and link to website based in forum stating that "[w]hile the Schweiss Defendants may have an agreement regarding the posting of NRA's ad, that arrangement does not render NRA their 'middleman' or amount to 'doing business in Florida' in and of itself."); *Roblor Mktg. Group, Inc. v. Gps Indus., Inc.*, 645 F. Supp. 2d 1130, 1155 (S.D. Fla. 2009)("The presence of active links on Intelligolf's website is not, and should not be, enough. We agree that the fact that the website of a company that sells products in Florida can be reached via a link on Intelligolfs' website is too narrow a thread on which to find a meaningful contact for the purposes of due process"); *Dynetech Corp. v. Leonard Fitness, Inc.*, 523 F. Supp. 2d 1344, 1347 (M.D. Fla. 2007)(advertising link

12

on website "too narrow a thread on which to find a meaningful "contact" for the purposes of due process"); *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1361 (Fed. Cir. 1998) ("In simple terms, doing business with a company that does business in Minnesota is not the same as doing business in Minnesota.").

Historically, the Ninth Circuit and other courts have held that traditional adverting is not necessarily a sufficient basis for the exercise of personal jurisdiction. *Holland Am. Line, Inc. v. Wartsila N. Am., Inc.,* 485 F.3d 450 (9th Cir. 2007)("unspecified advertising in various marine publications hardly constitute significant contacts); *Quick Technologies, Inc. v. The Sage Group, PLC*, 313 F.3d 338, 345 (5th Cir. 2002)("Generally, advertisements are insufficient to establish personal jurisdiction."); *Singletary v. B.R.X., Inc.*, 828 F.2d 1135, 1136-37 (5th Cir. 1987)("advertising in national publications is not in itself sufficient to subject a defendant to personal jurisdiction. ...In this case, [the plaintiff] has presented no evidence that his claim arose out of or was related to these advertisements. Thus, the evidence does not show that [defendant's] actions rose to the level of a 'purposeful availment' of Louisiana law as is necessary to comport with due process.")

Because there is "substantial ground for difference of opinion" as to whether, and to what extent, third party banner advertisements can be

considered a basis for the exercise of personal jurisdiction," the Court should certify its opinion for immediate appeal.

### 3.    Omissions, As Opposed to Acts

Unlike most "express aiming" cases, the present case – in which the Plaintiff primarily alleges secondary infringement – involves not alleged out-of-forum acts having an in-forum effect, but rather out of state *omissions* (i.e. an alleged failure to remove allegedly infringing materials posted to the defendant's websites by others).  There is a "substantial ground for difference of opinion" as to whether omissions can form the basis of jurisdiction at all. *Pettengill v. Curtis*, 584 F. Supp. 2d 348, 358-59 (D. Mass. 2008)("Pettengill attempts to transform a failure to act that was directed nowhere in particular into a purposeful availment of the laws of one specific state, Massachusetts. If the Individual Defendants are subject to personal jurisdiction in Massachusetts, they are subject to personal jurisdiction everywhere. Such a conclusion would eviscerate the minimum contacts test for satisfying the requirements of due process. Therefore, the Individual Defendants cannot be subjected to personal jurisdiction based on their allegedly negligent failures to act"); *Chlebda v. H. E. Fortna & Bro., Inc.,* 609 F.2d 1022, 1023-1024 (1st Cir. 1979)("This somewhat metaphysical contention can best be tested by considering whether an omission, viz., a failure to act, may be thought to furnish the minimum contact with that state that is needed to confer jurisdiction. It seems clear that it could not be. The whole thrust of plaintiff's

14

claim is that there was no contact at all"); *Carty v. Beech Aircraft Corp.,* 679 F.2d 1051, 1061 (3d Cir. 1982)("In holding that jurisdiction can be sustained on the mere allegation that liability is predicated on failure to warn, the District Court improperly and unnecessarily confused the separate issues of personal jurisdiction and liability.")

Because the application of the effects test to omissions, as opposed to acts, raises questions for which there are "substantial ground for difference of opinion," immediate interlocutory review should be allowed.

### 4.   Registration of Website With U.S. Based Registrar

The question of whether a defendant subjects itself to jurisdiction by virtue of registering a website through a U.S.-based registrar would appear to be a question of first impression in any Federal Court.  As is noted below, the use of such registration as a basis for jurisdiction is not only one of first impression, but one which raises serious questions of public policy.  As such, the issue is one for which there is "substantial ground for difference of opinion," meriting immediate review by the Ninth Circuit.

### 5.   Maintenance of Website

As was discussed at length in International Media's briefing to this Court, there is a tremendous amount of conflict in the case law concerning the precise amount of weight to be given to the fact that the defendant maintains a

1   website – even a commercially interactive website – accessible anywhere in

2   the world.[3]

3

4

---

5   [3] *See, e.g., Cybersell, Inc. v. Cybersell, Inc.,* 130 F.3d 414, 418-420 (9th Cir.

6   1997) (noting that maintaining a website was not sufficient to constitute

7   "purposeful availment" without "something more" directly targeting the forum state); *Dakota Indus., Inc. v. Dakota Sportswear, Inc.,* 946 F.2d 1384,

8   1390-91 (8th Cir. 1991) (*quoting Brainerd v. Governors of Univ. of Alberta,* 873 F.2d 1257, 1260 (9th Cir. 1989));   *See also Fraserside IP L.L.C. v.*

9   *Hammy Media, LTD*, 2012 U.S. Dist. LEXIS 5359, 24-25 (N.D. Iowa Jan. 17,

10   2012) ("Although I accept as true Fraserside's allegations that xHamster intentionally infringed Fraserside's registered copyrights and trademarks, these

11   allegations, alone, fail to demonstrate that xHamster 'uniquely or expressly

12   aimed' its tortious acts at Iowa.   ...Although xHamster's website is both commercial and interactive, as an Iowa district court noted in a case

13   presenting similar facts, such a website 'is arguably no more directed at Iowa than at Uzbekistan.'"); *be2 LLC v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011)

14   ("If the defendant merely operates a website, even a 'highly interactive'

15   website, that is accessible from, but does not target, the forum state, then the defendant may not be hauled into court in that state without offending the

16   Constitution"); *Quick Technologies, Inc. v. The Sage Group, PLC*, 313 F.3d

17   338, 345 (5th Cir. 2002)("Sage Group's operation of a website containing company and product information and links to U.S. subsidiaries also does not

18   provide sufficient grounds for the exercise of personal jurisdiction"); *See, Inc. v. Imago Eyewear Pty, Ltd.*, 167 Fed. Appx. 518, 522 (6th Cir.

19   2006)(upholding the district court's decision that jurisdiction could not be

20   maintained under Rule 4(k)(2): "the Defendants' overall contacts with the United States, including the Defendants' website, did not provide sufficient

21   contacts with the United States to satisfy due process.  We agree"); *Toys "R"*

22   *Us, Inc. v. Step Two, S.A.,* 318 F.3d 446, 451-452 (3d Cir. 2003)("The precise question raised by this case is whether the operation of a commercially

23   interactive web site accessible in the forum state is sufficient to support specific personal jurisdiction, or whether there must be additional evidence

24   that the defendant has 'purposefully availed' itself of the privilege of engaging

25   in activity in that state. Prior decisions indicate that such evidence is necessary, and that it should reflect intentional interaction with the forum

26   state"); *Instabook Corp. v. Instapublisher.com*, 469 F. Supp. 2d 1120, 1127

27   (S.D. Fla. 2006) (finding insufficient contacts in a patent infringement case since, among other reasons, "Defendant could not reasonably anticipate being

28

As the diverse case law indicates, there is "substantial ground for difference of opinion," meriting immediate review by the Ninth Circuit.

C.     Application of the "But For" Test

Finally, there is substantial ground for difference of opinion both in the very use of a "but for" test and in the particular application of that test to the present case.

Traditionally, the Ninth Circuit has held that a claim arises out of a defendant's forum-related activities if the plaintiff "would not have been injured 'but for'" the defendant's conduct directed toward the forum. *See Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1322 (9th Cir. 1998).    The test was further discussed in *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 385 (9th Cir. 1990), which was subsequently reversed on other grounds.  Although the Ninth Circuit has said that its "but for" test remains viable  (*see Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267 (9th Cir. Wash. 1995)); it has also acknowledged that "the authority of our decision in Shute is questionable" and that, although the

---

hauled into court in Florida based on its operation of interactive websites accessible in Florida and its sales to two Florida residents" in the absence of "targeting or solicitation of Florida residents"); *ESAB Group, Inc. v. Centricut, L.L.C.*, 34 F. Supp. 2d 323, 331 (D.S.C. 1999) ("While it is true that anyone, anywhere could access Centricut's home page, including someone in South Carolina, it cannot be inferred from this fact alone that Centricut deliberately directed its efforts toward South Carolina residents"); *Johnson v. Arden*, 614 F.3d 785, 797-798 (8th Cir. 2010) ("...the Johnsons have failed to prove that www.BoutiqueKittens.com is uniquely or expressly aimed at Missouri; thus *Calder* provides no support for their Lanham Act claim.")

test continues to be used, questions remained as to whether it "retained its vitality," post-*Shute*. *Doe v. American Nat'l Red Cross*, 112 F.3d 1048, 1052 (9th Cir. 1997). Additionally, in *Ballard v. Savage,* 65 F.3d 1495, 1500 (9th Cir. 1995), the Ninth Circuit again noted both the questions surrounding the viability of its "but for" test, as well as the criticisms of its use. *Id., citing,* Flavio Rose, *Note*, *Related Contacts and Personal Jurisdiction: The "But For" Test*, 82 Cal. L. Rev. 1545 (1994). "The 'but for' test also accepts certain contacts that appear too remote from the cause of action to support an exercise of jurisdiction." *Id.* at 1573-74.

Even assuming the continued viability of the "but for" test, however, there is substantial ground for difference of opinion concerning the manner in which this Court applied the test in this case. Other courts, for example, have explicitly read into a "but for" test the need for proximate cause. *See, e.g., Pizarro v. Hoteles Concorde Int'l, C.A.*, 907 F.2d 1256, 1259 (1st Cir. 1990)("even if the injury would not have occurred 'but for' a certain event, it must still be determined whether that event proximately caused the harm"); *Nowak v. Tak How Invs.*, 94 F.3d 708, 715 (1st Cir. Mass. 1996)("A 'but for' requirement, on the other hand, has in itself no limiting principle; it literally embraces every event that hindsight can logically identify in the causative chain. True, as the Ninth Circuit has noted, courts can use the reasonableness prong to keep Pandora's jar from opening too wide.")

The Court's application of the "but for" test to the present case demonstrates the danger with such a test.  Here, the Court found that the Plaintiff's alleged injuries would not have occurred "but for" International Media's alleged registration of its website with a U.S. based registrar.  And yet, had International Media used a foreign registrar, its website would be just as accessible from anywhere in the world.  Such an application raises substantial grounds for difference of opinion concerning the application of a "but for" test.  As such, the case is appropriate for immediate interlocutory review.

**III.     Immediate Interlocutory Review May Materially Advance the Ultimate Termination of This Litigation.**

The Ninth Circuit has held previously that, where an interlocutory appeal may terminate an action against a defendant – or even terminate certain significant counts – the requirement that an immediate appeal may materially advance the ultimate termination of the litigation has been met. *Reese v. BP Exploration (Alaska) Inc.,* 643 F.3d 681, 688 (9th Cir. 2011)("The district court correctly concluded that our reversal "may" take BPXA, as a defendant, and Reese's control claims against all remaining defendants out of the case. That is sufficient to advance materially the litigation, and therefore certification of the interlocutory appeal was permissible.")  Where, such as here, the risk exists that the parties could

litigate the entire case, only to have the outcome nullified, certification is appropriate. *See, e.g., Helman v. Alcoa Global Fasteners Inc*., 2009 U.S. Dist. LEXIS 64720 (C.D. Cal. 2009)("It would be preferable for the Court of Appeals to address the issue now, rather than to require the parties and to expend significant time and resources, which might ultimately be wasted.")

Because immediate appeal of the Court's order has the potential to terminate the present proceedings entirely, International Media's motion seeking leave to pursue an interlocutory appeal should be allowed.

**IV.    Additional Factors Counsel In Favor of Immediate Interlocutory Review.**

Finally, although not part of the articulated test for 1292(b) certification, Federal Courts have sometimes noted that other factors, such as public policy issues, may be properly figured into a determination to certify a matter for immediate appeal. *See, e.g.,   Mueller v. First Nat'l Bank*, 797 F. Supp. 656, 664 (D. Ill. 1992)("There are also substantial public policy considerations effected by the decision. Therefore, Defendant's request for § 1292(b) certification is granted); *Wood v. Breier*, 54 F.R.D. 7, 13 (D. Wis. 1972)("...in view of the public policy issue involved I  would in this case issue a § 1292(b) certification...")

In the present case, a number of public policy considerations come into play.  First, as the Ninth Circuit has often cautioned:

20

> The foreign-acts-with-forum-effects jurisdictional principle must be applied with caution, particularly in an international context  ...Great care and reserve should be exercised when extending our notions of personal jurisdiction into the international field.   ...Litigation against an alien defendant creates a higher jurisdictional barrier than litigation against a citizen from a sister state because       important       sovereignty       concerns       exist.

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme,* 379 F.3d 1120, 1136-1137 (9th Cir. 2004)(internal citations and quotation marks omitted).

Such concerns would appear to be magnified here where the Defendant is a foreign corporation, alleged to have secondary liability for copyright infringement, for videos posted by its users to its website.   If jurisdiction is proper in this case, it not only means that *every* foreign file sharing and cloud storage website is subject to jurisdiction anywhere in the United States, it also means that every domestic file sharing and cloud storage website is subject to jurisdiction anywhere else in the world.  Such a ruling may well have the effect of inhibiting the growth of the internet as a whole.  If jurisdiction may be premised on factors such as the registration of a domain name with a U.S. based registrar; the obvious course of action for foreign defendants is to register their domains elsewhere – to the detriment of U.S. based businesses.  If the mere availability of a website in the United States exposes the operators to unlimited jurisdiction anywhere in the U.S., then websites will restrict access to U.S. consumers.  And, if the appointment of a DMCA agent implies that a company has submitted itself to U.S.

21

jurisdiction, then foreign websites will have to avoid the appointment of such agents – an act which would *weaken* the protection of copyrights, not strengthen them.  Accordingly, significant public policy concerns also weigh in favor of immediate interlocutory review.

**V.     A Stay Pending Resolution of An Interlocutory Appeal Is Appropriate In This Case.**

"A defendant should not be required to engage in expensive and burdensome discovery in a court that has no jurisdiction over him."  *Liberty Media Holdings, LLC v. Letyagin,* 2012 U.S. Dist. LEXIS 107184 (D. Nev. 2012).  The basis for so holding is that, a motion to dismiss for lack of personal jurisdiction "implicates the issue of whether requiring Defendant to litigate this case in this jurisdiction--including engaging in discovery--would offend 'traditional notions of fair play and substantial justice' and constitutional due process.'"  *E.I. Du Pont De Nemours & Co. v. Teflon Blood, Inc.,* 2010 U.S. Dist. LEXIS 56508, 4-5 (D. Colo. May 13, 2010).  As such, "if the district court were to conclude that this court has no personal jurisdiction over Defendant after this court required the parties to conduct discovery, then Defendant would likely be irreparably prejudiced by having engaged in expensive and burdensome discovery in a court that had no jurisdiction over it."  *Id. See also, United States v. Howard,* 2012 U.S. Dist. LEXIS 84455, *5 (D. Nev. 2012)(holding that the purpose of a Rule 12(b) motion to dismiss it "to enable defendants to challenge the legal sufficiency

of a complaint without subjecting themselves to discovery"); *Money v. Banner Health*, 2012 U.S. Dist. LEXIS 49922, *13-14 (D. Nev. 2012)("Typical situations in which staying discovery pending a ruling on a dispositive motion are appropriate would be where the dispositive motion raises issues of jurisdiction, venue, or immunity.")

Accordingly, if the Court were to allow International Media's motion to alter or amend, it should also stay discovery pending a resolution by the Ninth Circuit so as to avoid the potential of prejudice and unnecessary cost to a defendant not subject to this Court's jurisdiction.

## **CONCLUSION**

For the reasons stated hereinabove, International Media respectfully moves for the Court to alter or amend its Order of November 30, 2012 to reflect the addition of the following language at the end: "The Court further finds that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."   International Media also respectfully requests that the Court order that the present litigation be stayed until such time as the Ninth Circuit

//

//

//

//

1    Court of Appeals either (a) denies International Media's petition for

2    interlocutory review, or (b) issues a decision on International Media's

3    interlocutory appeal.

4                    Respectfully submitted this 27th day of December 2012,

5

6                                        International Media, Inc.,
                                         By its attorneys,
7

8                                        /s/ Evan Fray-Witzer
                                         Evan Fray-Witzer (#564349)
9                                        Ciampa Fray-Witzer, LLP
                                         20 Park Plaza, Suite 804
10                                       Boston, MA 02116
                                         Telephone: (617) 426-0000
11                                       Facsimile: (617) 423-4855
                                         evan@CFWlegal.com
12                                       *Pro Hac Vice*

13                                       Valentin D. Gurvits (# 643572)
                                         Boston Law Group, LLP
14                                       825 Beacon Street, Suite 20
                                         Newton Centre, MA  02459
15                                       Telephone: (617) 928-1804
                                         Facsimile: (617) 928-1802
16                                       vgurvits@bostonlawgroup.com
                                         *Pro Hac Vice*
17

18                                       John P. Flynn (# 015065)
                                         Peter J. Moolenaar (# 024487)
19                                       DIOGUARDI FLYNN LLP
                                         7001 N. Scottsdale Road, Suite 2060
20                                       Scottsdale, AZ 85253
                                         Telephone: (480) 951-8800
21                                       Facsimile: (480) 951-8824
                                         jflynn@dioguardiflynn.com
22                                       pmoolenaar@dioguardiflynn.com

23

24

25

26

27

28                                       24

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on December 27, 2012, I electronically transmitted the attached document to the Clerk of the United States District Court, District of Arizona, using the online e-filing system.


By:          /s/ Evan Fray-Witzer