UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

Cybernet Entertainment,LLC,    )
            Plaintiff,         )
                               )        CV-12-01101-PHX-SRB
        vs.                    )
                               )        ORDER SETTING RULE 16
                               )        SCHEDULING CONFERENCE
                               )
IG Media, Inc., et al.,        )
                               )
            Defendants.        )
_____)


    Pursuant to the local rule governing differentiated
case management, this action, commenced on May 24, 2012, is
designated a **standard track** case.  Accordingly,

    **IT IS HEREBY ORDERED:**

    Pursuant to Rule 16, Federal Rules of Civil Procedure,
a Pretrial Scheduling Conference is set for **June 17, 2013,
at 10:15 a.m.,** Courtroom #502, Fifth Floor,  Federal
Building, 401 W. Washington Street, Phoenix, Arizona.
Counsel are directed to Rule 16 for the objectives of this
conference. **COUNSEL WHO WILL BE RESPONSIBLE FOR TRIAL OF THE
LAWSUIT FOR EACH PARTY SHALL PERSONALLY APPEAR AND**

**PARTICIPATE IN THE PRETRIAL SCHEDULING CONFERENCE.** At least one of the attorneys for each party attending the conference shall have authority to enter into stipulations and make admissions regarding all matters which may be discussed.

**IT IS FURTHER ORDERED** that all parties are directed to meet at least 21 days before the scheduling conference, in accordance with Rule 26 (f), Federal Rules of Civil Procedure, to discuss the following matter:

1.   The possibility of consent to trial before a United States Magistrate Judge pursuant to 28 U.S.C. §636(c)or any other alternative dispute resolution mechanism, or the reference of this matter to a special master;

2.   Any matters relating to jurisdiction, venue or joinder of additional parties;

3.   The nature and bases of their claims and defenses and the possibilities for a prompt settlement or resolution of the case;

4.   A schedule of all pretrial proceedings, including any evidentiary hearings pursuant to Rule 702, Federal Rules of Evidence;

5.   Whether any party desires having a settlement conference before a judicial officer, or participating in any other alternative dispute resolution forum; and

6.   Arrangements for Initial Disclosure in compliance with Rule 26(a)(1) of the Federal Rules of Civil Procedure. Unless otherwise stipulated in writing by the parties or otherwise directed in a written order of this Court, Initial Disclosure shall be made at the initial Rule 26(f) case management meeting or within 14 days after the meeting;

7.   The subjects on which discovery may be needed, when discovery should be completed and whether discovery should be conducted in phases or be limited to or focused upon particular issues;

8.   Any other matters which counsel may feel will help dispose of the matter in an efficient and economical manner.

**IT IS FURTHER ORDERED** that at the Rule 26(f) Case Management Meeting, the parties shall develop a **PROPOSED CASE MANAGEMENT PLAN**. This plan and shall include individually numbered brief statements concerning:

1.   The nature of the case, setting forth in brief statements the factual and legal basis of plaintiff's claims and defendant's defenses;

3

2.   A list of the elements of proof necessary for each count of the Complaint and each affirmative defense. Where the burden of proof shifts, each party shall list the elements of proof that party must prove in order to prevail. The list of the elements of proof must contain citations to relevant legal authority, (i.e., United States statutory and/or administrative law, U.S. Supreme Court case law, Ninth Circuit Court of Appeals case law, Arizona State case and statutory law, or other authority as dictated by conflicts of law rules);

3.   The factual and legal issues genuinely in dispute, and whether they can be narrowed by stipulation or motion;

4.   The jurisdictional basis of the case, citing specific statutes;

5.   Parties, if any, which have not been served, as well as parties which have not filed an answer or other appearance, including fictitious parties.  Unless counsel can otherwise show cause, an order shall accompany the joint report dismissing any party which has not been served, naming fictitious or unnamed parties, or seeking default judgment on any non-appearing party.

6.   The names of parties not subject to the Court's jurisdiction;

7.   Whether there are dispositive or partially dispositive issues to be decided by pretrial motions, and the legal issues about which any pretrial motions are contemplated;

8.   Whether the case is suitable for reference to a master or to a United States Magistrate Judge;

9.   The status of related cases pending before other judges of this Court or before other courts;

10.   Suggested changes, if necessary, in the timing, form, or requirement for disclosures under Rule 26(a), Federal Rules of Civil Procedure, including a statement of when Initial Disclosures were made or will be made;

11.   Proposed deadlines for:[*]

(a) discovery;

(b)  filing dispositive motions;

(c)  disclosure of expert testimony under Rule 26(a)(2)(c) of the Federal Rules of Civil Procedure;

---

[*]specific dates (month, day and year) shall be proposed

(d)   pretrial disclosures under Rule 26(a)(3) of the Federal Rules of Civil Procedure; and

(e)   scheduling of the final pretrial conference (allowing sufficient time for briefing dispositive motions (see LRCiv 56.1) plus 60 days).

12.   The scope of discovery and whether discovery should be conducted in phases or should be limited to or focused upon particular issues.   For example, where dispositive motions will be filed (*e.g.,* motions for summary judgment or a defense relying on the statute of limitations) counsel should consider limiting discovery to the issue at hand until the Court has ruled on the motion;

13.   Suggested changes, if any, in the limitations on discovery imposed by the Federal Rules of Civil Procedure.

14.   Estimated date that the case will be ready for trial, the estimated length of trial, and any suggestions for shortening the trial;

15.   Whether a jury trial has been requested and whether the request for a jury trial is contested.   If the

request for a jury trial is contested, the Proposed Case
Management Plan shall set forth the reasons that a trial by
jury is in dispute;

      16.  The prospects for settlement, including any
request to have a settlement conference before another
United States District Court Judge or Magistrate Judge, or
other request of the court for assistance in settlement
efforts;

      17.  In class actions, the proposed dates for class
certification proceedings and other class management issues.
Such certification will result in the case being reassigned
to the **complex track** for case management purposes;

      18.  Whether any unusual, difficult, or complex
problems or issues exist which would require this case to be
placed on the **complex track** for case management purposes;
and

      19.  Any other matters which counsel feel will aid
the Court in resolving this dispute in a just, speedy, and
inexpensive manner.

      **IT IS FURTHER ORDERED** that counsel shall <u>jointly
file</u> their Proposed Case Management Plan with the Clerk of
the Court (e-file the Plan using the Other Documents

category and use the drop down event Report re: Rule

26(f)Planning Meeting)**not less than SEVEN(7)DAYS** before the

Pretrial Scheduling Conference.  No extensions of time will

be granted.

**IT IS FURTHER ORDERED** that it is the

responsibility of counsel for the Plaintiff(s) to initiate

the communications necessary to prepare the joint Proposed

Case Management Plan.  Once contacted by counsel for

Plaintiff(s), counsel for Defendant(s) shall act in an

expeditious manner to effectuate the preparation of the Case

Management Plan.

**IT IS FURTHER ORDERED** that counsel for all parties

are expected to comply with Rule 26 of the Federal Rules of

Civil Procedure, and to minimize the expense of discovery.

**IT IS FURTHER ORDERED THAT** counsel must be

prepared to discuss what the parties must prove in order to

prevail on their respective claims or defenses at the time

of the Pretrial Scheduling Conference and to discuss

logistical matters.

**IT IS FURTHER ORDERED** that the Court, after

consultation with counsel and the parties, will enter a Rule

16(b) Scheduling Order concerning, inter alia, discovery,

8

the filing of a pretrial order, the holding of a Final
Pretrial Conference, and the setting of a trial date.  To
the extent that the Court's Rule 16 Scheduling Order differs
from the parties' Proposed Case Management Plan, the
provisions of the Court's Order shall supersede the parties'
Proposed Case Management Plan and shall control the course
of this action unless modified by subsequent Order of this
Court.  The parties and their counsel are all cautioned that
the deadlines set in the Rule 16 Scheduling Order shall be
strictly enforced.

　　　　　**IT IS FURTHER ORDERED** that this Court views the
Pretrial Scheduling Conference as critical to its case
management responsibilities and the responsibilities of the
parties under Rule 1 of the Federal Rules of Civil
Procedure. **FAILURE TO COMPLY WITH EVERY PROVISION OF THIS
ORDER MAY LEAD TO SANCTIONS PURSUANT TO FEDERAL RULE OF
CIVIL PROCEDURE 16(F).**

　　　　　　　　　DATED this 29th day of April, 2013.


_____
Susan R. Bolton
United States District Judge


9