John P. Flynn (# 015065)
Peter J. Moolenaar (# 024487)
DIOGUARDI FLYNN LLP
7001 N. Scottsdale Road, Suite 2060
Scottsdale, AZ 85253
Telephone: (480) 951-8800
Facsimile: (480) 951-8824
jflynn@dioguardiflynn.com
pmoolenaar@dioguardiflynn.com

Valentin D. Gurvits (# 643572)
Boston Law Group, LLP
825 Beacon Street, Suite 20
Newton Centre, MA  02459
Telephone: (617) 928-1804
Facsimile: (617) 928-1802
vgurvits@bostonlawgroup.com
*Pro Hac Vice*

Evan Fray-Witzer (#564349)
Ciampa Fray-Witzer, LLP
20 Park Plaza, Suite 804
Boston, MA 02116
Telephone: (617) 426-0000
Facsimile: (617) 423-4855
evan@CFWlegal.com
*Pro Hac Vice*

**Attorneys for International Media, Inc.**

Chad L. Belville
4742 N. 24th Street Suite 315
Phoenix, AZ 85016
602-904-5485
Fax: 602-291-6953
cbelville@azbar.org

**Attorney for Plaintiff**

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Cybernet Entertainment LLC,<br>A New York Company,<br><br>                              Plaintiff,<br><br>v.<br><br>IG Media Inc., et al.<br><br>                              Defendants, | Case No. 2:12-cv-01101-SRB<br><br><br>**PARTIES' JOINT RULE 26(f) REPORT** |

In accordance with this Court's Order of April 29, 2013 (Doc. 58), the Parties hereby report as follows:

1.    **Nature of Claims/Defenses**

    A.    <u>Plaintiff's Statement of Theories of Liability</u>

Defendants operate, conduct business and received financial benefits as YouJizz.com, JizzHut.com, JizzOnline.com, OnlyJizz.com, JizzBo.comHotFunHouse.com, MoviesGuy.com and YouJizzPremium.com in competition with Plaintiff.  Defendants have displayed, and continue to display, unauthorized copies and portions of copies of Plaintiff's copyrighted videos on its websites diverting potential customers from Plaintiff and damaging Plaintiff. Defendant's various websites draw from a common database, so if a third-party user uploads a video to one website, Defendant's other websites pull that video from the database and display it.  Defendants are not qualified for safe harbor under the Digital Millennium Copyright Act although they have taken some steps toward meeting all the requirements for qualification. Each video appearing on Defendant's website is a separate and distinct violation of Plaintiff's Copyright and Trademark rights to which relief can be granted. Defendant's reproduction, distribution, pubic display has been done without Plaintiff's permission and a violation of Plaintiff's rights under 17 U.S.C. § 106. Defendants' conduct was willful within the meaning of 17 U.S.C. § 101, et seq. or at minimum, Defendants acted with willful blindness and reckless disregard of Plaintiff's copyright and trademark rights.

Further, Defendants knowingly induced, caused or materially contributed to the unathorized reproduction, display, and distribution of copies of Plaintiff's copyrighted works, constituting contributory infringement of Plaintiff's copyrighted and trademarked works in violation of 17 U.S.C. §§ 106 and 501. Plaintiff also alleges Vicarious liability

and liability for inducement of infringement by compensating uploaders under § 106 and 501 and False Designation of Origin under the Lanham Act 15 U.S.C. § 1125(a)

B.    Defendants' Statement of Defenses

The Defendants continue to maintain that they are not subject to personal jurisdiction in this Court under Fed. R. Civ. P. 4(k).

Even if the Defendants were subject to personal jurisdiction, the Court would not have subject matter jurisdiction over the case because any alleged infringement took place entirely extraterritorially and the United States Copyright laws do not extend beyond the borders of the United States.

Assuming, however, that the Court has both personal and subject matter jurisdiction, the Plaintiff's claims fail in their entirety because the Defendants are entitled to Safe Harbor protection under the Digital Millennium Copyright Act, 17 U.S.C. § 512(c).

Additionally, the Defendants contend that the Plaintiff will be unable to meet its burden of proof with respect to any of its claims, including claims for direct copyright infringement, contributory infringement, vicarious infringement or – in the case of Igor Gens – individual liability.

2.    **Elements of Claims/Defenses**

A.    Plaintiffs' Elements of Proof

Count 1:  Copyright Infringement A) Ownership of the copyright B) Copying of the copyrighted work.  Evidence proffered will include copyright certificates and recorded video files showing a user navigating Defendant websites, finding Plaintiff's videos on those websites, and those videos playing on Defendant websites.

Count 2: Contributory Copyright Infringement. Plaintiff must prove A) Ownership of the copyright B) Infringement C) Defendant knowledge of or willful blindness to the infringement and D) material contribution to the infringement.

Count 3: Vicarious Copyright Infringement. Plaintiff must prove A) Ownership of the copyright B) Infringement of Plaintiff's copyrighted work C)

Financial benefit to the Defendant and D) Defendant had the ability to control the infringement.

Count 4: Inducement of Copyright Infringment.  Plaintiff must prove A) Ownership of the copyright B) Infringement C) Defendant induced, caused or materially contributed to infringement by other person.

Count 5: False Designation of Origin under the Lanham Act.  Plaintiff must prove A) A false designation of origin B) the false designation of origan has a substantial effect on interstate commerce and C) the false designation of origin created a likelihood of confusion among the consuming public.

B.     Defendants' Elements of Affirmative Defenses

**1. <u>Personal Jurisdiction</u>**

The Ninth Circuit applies a three-part test to determine whether a defendant's contacts with the forum state are sufficient to subject him to the state's specific jurisdiction.  Specific jurisdiction "exists if (1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable."  *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.,* 223 F.3d 1082, 1086 (9th Cir. 2000).  If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law.  *See Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995).

In order to satisfy the first prong of the Ninth Circuit test for specific jurisdiction, Cybernet must establish either that: (1) International Media purposefully availed itself of the privilege of conducting activities in the United States, or (2) International Media purposefully directed its activities toward the United States. *Schwarzenegger*, 374 F.3d at 802.

Under a purposeful direction analysis, personal jurisdiction can be based upon the so-called "effects test" from *Calder v. Jones*.   "Under *Calder*, personal jurisdiction can be based upon: '(1) intentional actions (2) expressly aimed at the forum state (3) causing harm, the brunt of which is suffered – and which the defendant knows is likely to be suffered – in the forum state.'"   *Panavision*, *supra*, at 1321 *quoting Core-Vent*, *supra*, at 1486.   Foreseeable effects on the forum state are not enough; Cybernet must demonstrate that International Media specifically directed its actions at the forum state.   *See Schwarzenegger*, *supra*, 374 F.3d at 807.

To exercise jurisdiction under Fed. R. Civ. P. 4(k)(2), Plaintiff must establish three factors: (1) that the claim arises under federal law; (2) that defendant is not subject to personal jurisdiction in *any* state court of general jurisdiction; and (3) that the court's exercise of jurisdiction comports with due process.   *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.,* 284 F.3d 1114, 1126 (9th Cir. 2002). In this way, Rule 4(k)(2) "provides for what amounts to a federal long-arm statute in a narrow band of cases in which the United States serves as the relevant forum for a minimum contacts analysis."   *Id.*

## 2. Safe harbor under the DMCA

The DMCA safe harbors were intended "to facilitate the robust development and world-wide expansion of electronic commerce, communications, research, development, and education in the digital age."   S. Rep. No. 105-190, at 1-2 (1998) (quoted in *IO Group, Inc. v. Veoh Networks, Inc., 586 F. Supp. 2d 1132 (N.D. Cal. 2008.*).   Recognizing that it "will not serve anyone's interest if the Internet's backbone and infrastructure are sued out of existence for involvement in purportedly aiding copyright infringement" (Nimmer on Copyright § 12B.01[C][1]), Congress enacted the safe harbors to protect internet service providers from, among other things liability "for infringement of copyright by reason of the storage at the direction of a user of material that resides on a system or network."   17 U.S.C. § 512(c).

The elements of DMCA Safe Harbor are:

A.     No knowledge (actual or red-flag) / Expeditious takedown.  The service provider must (i) not have actual or "red-flag" knowledge (based on awareness of "facts and circumstances from which infringing activity is apparent") of the specific files alleged to be infringing, (17 U.S.C. § 512(c)(1)(A)(i) & (ii))); or (ii) if the service provider obtained actual or "red flag" knowledge of the specific files alleged to be infringing, either through a DMCA-compliant takedown notice or independently, it must have expeditiously disabled those files.  (17 U.S.C. § 512(c)(1)(A)(iii) & (c)(1)(C));

B.     No direct financial benefit where right and ability to control infringement.  The service provider must (i) not have received a financial benefit directly attributable to the infringing activity, (ii) where the service provider had the right and practical ability to control the activity. (17 U.S.C. § 512(c)(1)(B));

C.     Designated agent.  The service provider must designate an agent to receive DMCA takedown notices on its website and with the Copyright Office.  (17 U.S.C. § 512(c)(2));

D.     Repeat infringer policy.  The service provider must adopt, reasonably implement and inform subscribers of a policy for terminating repeat infringers that is appropriate under the circumstances.  (17 U.S.C. § 512(i)(1)(A)); **and**

E.     Not interfere with standard technical measures.  The service provider must accommodate and not interfere with standard technical measures.  (17 U.S.C. § 512(i)(1)(B)).

Relevant cases which support the Defendants' safe harbor defense include:

- *UMG Recordings Inc. et al. v. Shelter Capital Partners LLC et al. and Veoh Networks, Inc.*, 2011 WL 6357788 (9th Cir. 2011)(affirmed safe harbor for video hosting site Veoh, and found Veoh not liable for infringements by users of which it was unaware.)  *See, also, Io*, 586 F. Supp. 2d 1132 and *UMG Recordings, Inc v. Veoh Networks Inc.*, 665 F. Supp. 2d 1099 (C.D. Cal. 2009) (trial court's granting summary judgment of safe harbor for Veoh.)

- *Capitol Records, Inc. v. MP3Tunes, LLC*, 2011 WL 5104616 (S.D.N.Y. 2011)(granting safe harbor to cyberlocker that allowed users to upload files from their hard-drive and "side-load" files from all over the Internet for storage and streaming.  The service could be liable only for files that users had side-loaded from

URLs that the Plaintiff had specifically identified to the cyber-locker by URLs in a DMCA compliant takedown notice.)

- *Wolk v. Kodak Imaging Network, Inc.,* 2012 WL 11270 (S.D.N.Y. 2012)(granting safe harbor to photo-sharing website Photobucket.com against claims that users of Photobucket were copying, displaying and modifying copyrighted images, even despite allegations that "Photobucket's search function can, in some categories, cause a user to have search results with more than 70% of the images displayed being protected by copyright.")

- *Perfect 10, Inc. v. Google, Inc.*, No. CV 04-9484(AHM) (C.D. Cal. 2010)(granting partial summary judgment in favor of Google for its web and image search and Blogger services, where notices of infringement by the Plaintiff were inadequate.)

- *Viacom v. YouTube. Viacom,* 718 F. Supp. 2d 514 at 527-28 (S.D.N.Y. 2010)(granting safe harbor to YouTube.  The facts that YouTube inserted for-profit advertising and generated searchable indexes of video to provide a complete video entertainment experience did not nullify the safe harbor.)

- *Corbis Corp. v. Amazon.com, Inc.,* 351 F. Supp. 2d 1090, 1110-11 (W.D. Wash. 2004)(granting safe harbor to a service enabling vendors to upload images onto Amazon's servers, which were then displayed to users.)

3.     **Factual and Legal Issues in Dispute:**  The Parties state that the following issues are in dispute: (1) whether this Court has personal jurisdiction over the defendants; (2) whether the defendants are entitled to safe harbor defense under the DMCA; (3) whether the Plaintiff can prove acts or omissions by the Defendants which constitute direct copyright infringement; (4) whether the Plaintiff can prove acts or omissions by the Defendants which constitute contributory copyright infringement; (5) whether the Plaintiff can prove acts or omissions by the Defendants which constitute vicarious copyright infringement; and (5) whether the Plaintiff can prove acts or omissions by Defendant Igor Gens which constitute individual copyright infringement.

4.     **Jurisdictional Basis of the Case:**  Plaintiff asserts that this Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 17 U.S.C. § et seq., Section 32 of the Lanham Act, 15 U.S.C. §1114(1), 15 U.S.C. § 1121, 15 U.S.C. §1125, 28 U.S.C. §1331 and 28 U.S.C. §1338.  Plaintiff asserts also that this Court has personal jurisdiction pursuant to 28 U.S.C. § 1391(b), (c), and/or (d) and

28 U.S.C. §1400(a).  Defendants contend that the Court does not have personal jurisdiction over the Defendants.

5.      **Unserved Parties.**  The Parties state that there are no parties which have not been served and Defendants will file their answer before the Pretrial Scheduling Conference.

6.      **Parties Not Subject to Court's Jurisdiction.**  The Defendants continue to maintain that this Court lacks personal jurisdiction over them under Fed. R. Civ. P. 4(k)(2).  Although this Court denied the Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, the Defendants intend, at the close of discovery, to move again for dismissal based on a lack of personal jurisdiction.  The Plaintiff believes the Court has personal jurisdiction over the Defendants.

7.      **Dispositive or Partially Dispositive Issues.**  The Defendants believe that, following discovery, the issue of personal jurisdiction will be dispositive of the entire case.  The Defendants believe also that, following discovery, the issue of safe harbor under the Digital Millennium Copyright Act ("DMCA") will be fully dispositive of the Plaintiff's claims.  Further, the Defendants believe that, following discovery, the Plaintiff will be unable to prove the required elements of its claims of direct, contributory, or vicarious copyright infringement by the Defendants and that, accordingly, Plaintiff's claims will be disposed of via summary judgment.

8.      **Reference to a Magistrate Judge or Master.**  The Parties do not agree to reference to a Magistrate Judge or Master.

9.      **Related Cases.**  The parties state that there are no pending related cases.

10.      **Initial Disclosures.**  The parties agree that they shall make their initial disclosures within fourteen (14) days following the Court's scheduled Rule 26(f) hearing.

11.      **Proposed Deadlines.**

a.     <u>Initial Disclosures</u>.  Initial disclosures shall be completed by **July 1, 2013.**

b.     <u>Document Requests</u>.  The parties shall serve their requests for production on or before **December 1, 2013.**

c.     <u>Interrogatories</u>.  The deadline for propounding interrogatories shall be **December 1, 2013.**

d.     <u>Requests for Admissions</u>.  The deadline for serving requests for admissions shall be **December 1, 2013.**

e.     <u>Depositions</u>.  Fact depositions shall conclude on or before **January 31, 2014** and shall be limited to ten depositions per party.

f.     <u>Motions</u>.

   1.     Rule 12, 15, 19 and 20 motions shall be filed on or before **September 1, 2013**.

   2.     Dispositive motions, such as motions for summary judgment or partial summary judgment and motions for judgment on the pleadings, must be filed by March 31, 2014.

g.     <u>Expert Discovery</u>.

   1.     Plaintiff's trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, by **June 1, 2014**

   2.     Plaintiff's trial experts must be deposed by **July 1, 2014.**

   3.     Defendants' trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, by **August 1, 2014.**

   4.     Defendants' trial experts must be deposed by **September 1, 2014.**

12. **Phasing of Discovery.**  The Parties believe that substantive discovery should take place first, followed by dispositive motions and then, if necessary, expert discovery.

13. **Limitations on Discovery.**  The Parties are not, at this time, suggesting any changes to the usual limitations imposed by the Federal Rules.

14. **Trial Scheduling.**  The Parties estimate that the case will be ready for trial in September of 2014.  The parties estimate that trial will take two weeks.

15. **Jury Trial.**  Both parties have demanded a trial by jury.

16. **Settlement.**  There are no current prospects for settlement of the present case and the parties do not currently request a settlement conference.

17. **Class Action.**  Not applicable.

18. **Complex Track.**  Not applicable.

19. **Other Matters.**  None.

Respectfully submitted,
***International Media, Inc.,***
***By its attorneys,***

/s/ Evan Fray-Witzer
Evan Fray-Witzer (#564349)
Ciampa Fray-Witzer, LLP
20 Park Plaza, Suite 804
Boston, MA 02116
Telephone: (617) 426-0000
Facsimile: (617) 423-4855
evan@CFWlegal.com
*Pro Hac Vice*

Valentin D. Gurvits (# 643572)
Boston Law Group, LLP
825 Beacon Street, Suite 20
Newton Centre, MA  02459
Telephone: (617) 928-1804
Facsimile: (617) 928-1802
vgurvits@bostonlawgroup.com
*Pro Hac Vice*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

John P. Flynn (# 015065)
Peter J. Moolenaar (# 024487)
DIOGUARDI FLYNN LLP
7001 N. Scottsdale Road, Suite 2060
Scottsdale, AZ 85253
Telephone: (480) 951-8800
Facsimile: (480) 951-8824
jflynn@dioguardiflynn.com
pmoolenaar@dioguardiflynn.com

***Attorneys for Cybernet Entertainment LLC,***

/s/ Chad Belville
Chad L. Belville (AZ Bar 020771)
4742 N. 24th Street Suite 315
Phoenix, AZ 85016
602-904-5485
Fax: 602-291-6953
cbelville@azbar.org

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2013, I electronically transmitted the attached document to the Clerk of the United States District Court, District of Arizona, using the online e-filing system.

By:      /s/ Evan Fray-Witzer

11