John P. Flynn, (# 015065)
Peter J. Moolenaar  (# 024487)
jflynn@DioguardiFlynn.com
pmoolenaar@DioguardiFlynn.com
**DIOGUARDI FLYNN LLP**
7001 N. Scottsdale Road, Suite 2060
Scottsdale, Arizona 85253
Telephone:(480) 951-8800
Facsimile: (480) 951-8824


Valentin D. Gurvits (# 643572)
Boston Law Group, LLP
825 Beacon Street, Suite 20
Newton Centre, MA  02459
Telephone: (617) 928-1804
Facsimile: (617) 928-1802
vgurvits@bostonlawgroup.com
*Pro Hac Vice*

Evan Fray-Witzer (#564349)
Ciampa Fray-Witzer, LLP
20 Park Plaza, Suite 804
Boston, MA 02116
Telephone: (617) 426-0000
Facsimile: (617) 423-4855
evan@CFWlegal.com
*Pro Hac Vice*

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Cybernet Entertainment LLC, a New York Company;<br><br>Plaintiff,<br>vs.<br>IG Media Inc. and International Media Ltd. dba YouJizz.Com, JizzHut.Com, and JizzOnline.com, and OnlyJizz.com and MoviesGuy.com and Jizzbo.com and HotFunHouse.com and Igor Gens and Does 10 Inclusive and Doe Companies 1-100 Inclusive,<br><br>Defendants. | **NO.: 2:12-CV-01101-PHX-SRB**<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** |

D0086922/10410-001                                    -1-

Defendants IG Media Inc. ("IG Media"), International Media, Inc., incorrectly named herein as International Media, Ltd. ("International Media"), and Igor Gens ("Gens") (collectively "Defendants") for their Answer to Plaintiff's Complaint hereby admits, denies and alleges as follows:

## INTRODUCTION

Instead of offering a "short and plain statement of the claim," as required by Rule 8, Fed.R.Civ.P., Plaintiff's 154 page Complaint is consumed with self congratulatory declarations of its stature in the porn industry and popularity with its neighbors in San Francisco. Rather than setting forth factual allegations, Plaintiff's Complaint flows with speculation, generalizations and hyperbole. Indeed, the introductory statement does not contain any factual allegations requiring a response. To the extent that a response is required, Defendants deny them.

## JURISDICTION AND VENUE

1. International Media does not have sufficient information or knowledge to from a belief as to the truth of the allegations contained in Paragraph 1 and therefore denies them.

2. Defendants admit Igor Gens has an equity interest in International Media. The remainder of Paragraph 2 contains legal conclusions to which Plaintiff bears the burden of proof at trial and to which no response is required. To the extent a response is required, Defendants deny them.

3. Defendants deny the allegations contained in Paragraph 3.

4. Defendants admit International Media has a business address of 303 Shirley Street, PO Box N-492, Nassau, Bahamas.

5. Defendants admit Larry G. Walters, Esq., Walters Law Group, 781 Douglas Avenue, Altamonte Springs, FL 32714 is its DMCA agent.

6. Paragraph 6 contains legal conclusions to which Plaintiff bears the burden of proof at trial and to which no response is required. To the extent a response is required, Defendants do not have sufficient information or knowledge to

from a belief as to the truth of the allegations in Paragraph 6 and therefore deny them.

7. In answering Paragraph 7 Defendants IG Media, Inc/International Media Ltd admit that the referenced sites were, at one time, registered with the indentified vendor for registration services, and affirmatively admit that is no longer the case. Defendant Gens denies the allegations set forth in Paragraph 7. The remaining allegations of this Paragraph are denied in their entirety. Further, Paragraph 7 contains legal conclusion to which Plaintiff bears the burden of proof at trial.

8. In answering Paragraph 8 Defendants IG Media, Inc/International Media Ltd admit that the referenced sites were, at one time, registered with the indentified vendor for registration services, and affirmatively admit that is no longer the case. Defendant Gens denies the allegations set forth in Paragraph 8. The remaining allegations of this Paragraph are denied in their entirety.

9. Paragraph 9 contains legal conclusions to which Plaintiff bears the burden of proof at trial and to which no response is required. To the extent a response is required, Defendants deny them and affirmatively alleges this Court does not have personal jurisdiction over International Media.

10. Paragraph 10 - 13 contain legal conclusions to which Plaintiff bears the burden of proof at trial and to which no response is required. To the extent a response is required, Defendants denies them.

**PARTIES**

11. Defendants do not have sufficient information or knowledge to from a belief as to the truth of the allegations contained in Paragraphs 14 - 43 and therefore deny them.

12. Paragraph 44 contains legal conclusions to which Plaintiff will bear the burden of proof at trial and to which no response is required. To the extent a response is required, Defendants deny them.

D0086922/10410-001                              -3-

13. Defendants deny that they conduct business as YouJizzPremium.com. Defendants admit the remaining allegations in Paragraph 46.

14. Defendants deny the allegations in Paragraphs 46 and 47.

15. Defendants admit the allegations in Paragraph 48.

16. Defendants deny the allegations in Paragraph 49.

17. In answering Paragraph 50, Defendants IG Media, Inc/International Media Ltd admit that Reflected Networks hosting services have been utilized, and deny the remaining allegations based upon information and belief as datacenter usage was located in Amsterdam. Defendant Gens denies the allegation in their entirety.

18. Paragraph 51 contains legal conclusions to which Plaintiff will bear the burden of proof at trial and to which no response is required.  To the extent a response is required, Defendants deny them.

## STATEMENT OF FACTS

19. In answering Paragraph 52, Defendants IG Media, Inc/International Media Ltd deny the allegations as any site user represents he/she is age 18 or older. Defendant Gens denies the allegations.

20. Defendants do not have sufficient information or knowledge to from a belief as to the truth of the allegations contained in Paragraph 53 and therefore deny them.

21. Paragraph 54 contains legal conclusions to which Plaintiff will bear the burden of proof at trial and to which no response is required.  To the extent a response is required, Defendants deny them.

22. Defendants deny the allegations in Paragraphs 55 and 56.

23. Paragraph 57 contains legal conclusions to which Plaintiff will bear the burden of proof at trial and to which no response is required.  To the extent a response is required, Defendants deny them.

24. Defendants deny the allegations in Paragraph 58.

25. Defendants do not have sufficient information or knowledge to from a belief as to the truth of the allegations contained in Paragraphs 59 -62 and therefore deny them.

26. Defendants deny the allegations in Paragraphs 63 - 66.

27. In response to Paragraph 67, Defendants admit International Media operates the websites named in Paragraph 67. Defendants deny the remaining allegations in Paragraph 67.

28. Defendants deny the allegations in Paragraphs 68 - 76.

29. Paragraph 77 contains legal conclusions to which Plaintiff will bear the burden of proof at trial and to which no response is required. To the extent a response is required, Defendants deny them.

30. Paragraphs 78- 80 contain legal conclusions to which Plaintiff will bear the burden of proof at trial and to which no response is required. To the extent a response is required, Defendants deny them.

31. Defendants do not have sufficient information or knowledge to from a belief as to the truth of the allegations contained in Paragraph 81 and therefore denies them.

32. Paragraph 82 contains legal conclusions to which Plaintiff will bear the burden of proof at trial and to which no response is required. To the extent a response is required, Defendants deny them.

## CLAIMS FOR RELIEF

## COUNT 1

### Copyright Infringement

33. Defendants do not have sufficient information or knowledge to from a belief as to the truth of the allegations contained in Paragraph 83 - 502 and therefore deny them.

34. Paragraph 503 contains legal conclusions to which Plaintiff will bear the burden of proof at trial and to which no response is required. To the extent a response is required, Defendants deny them.

35. Paragraphs 504 - 513 contain legal conclusions to which Plaintiff will bear the burden of proof at trial and to which no response is required. To the extent a response is required, Defendants deny them.

## COUNT II

## CONTRIBUTORY COPYRIGHT INFRINGEMENT

36. In answering Paragraph 514, Defendants restate and incorporate their answers to Paragraphs 1 – 513 as if set forth fully herein.

37. Paragraphs 515 - 523 contain legal conclusions to which Plaintiff will bear the burden of proof at trial and to which no response is required. To the extent a response is required, Defendants deny them.

## COUNT III

## VICARIOUS COPYRIGHT INFRINGEMENT

38. In answering Paragraph 524, Defendants restate and incorporate their answers to Paragraphs 1 – 523 as if set forth fully herein.

39. Paragraphs 525 - 531 contain legal conclusions to which Plaintiff will bear the burden of proof at trial and to which no response is required. To the extent a response is required, Defendants deny them.

## COUNT IV

## Inducement of Copyright Infringement

40. In answering Paragraph 532, Defendants restate and incorporate their answers to Paragraphs 1 – 531 as if set forth fully herein.

41. Paragraphs 533 - 540 contain legal conclusions to which Plaintiff will bear the burden of proof at trial and to which no response is required. To the extent a response is required, Defendants deny them.

## COUNT V

### False Designation of Origin under the Lanham Act

42. In answering Paragraph 541, Defendants restate and incorporate their answers to Paragraphs 1 – 540 as if set forth fully herein.

43. Paragraphs 541 - 544 contain legal conclusions to which Plaintiff will bear the burden of proof at trial and to which no response is required. To the extent a response is required, Defendants deny them.

### GENERAL DENIAL

Each and every allegation of the Complaint not expressly admitted is hereby denied.

### JURY DEMAND

Defendants respectfully demand a jury.

### AFFIRMATIVE DEFENSES

1. This Court lacks personal jurisdiction over Defendants.

2. This Court lacks subject matter jurisdiction over Plaintiff's claims.

3. The Complaint fails to state a claim upon which relief may be granted.

4. The Plaintiff has failed to comply with the requirement of the Digital Millennium Copyright Act and, as such, the Complaint must fail in whole or in part.

5. Defendants are entitled to the safe harbor of the Digital Millennium Copyright Act and, as such, the Complaint must fail in whole or in part.

6. The Complaint fails in whole or in part because the alleged infringements were neither the result of the actions of Defendants, nor within their control.

7. The Counts in the Complaint are barred by their respective statutes of limitations.

8. Plaintiff lacks standing on all or some of its claims.

9. The Complaint is barred by Plaintiff's unclean hands, negligence, failure to mitigate damages, lack of privity of contract, absence of contract,

estoppels, set-off, recoupment, release, and such other and further affirmative defenses as set forth in Rule 8(c), Fed.R.Civ.P., as may be deemed applicable to this case by further discovery and disclosure.

**WHEREFORE**, having fully answered the Complaint, Defendants request this Court enter judgment denying the relief requested in the Complaint, dismissing Plaintiff's claims with prejudice, awarding Defendants' their attorneys' fees and costs incurred in defending this action, and for such other and further relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED** this 17th day of June, 2013.

**Counsel for Defendants**

By: /s/ John P. Flynn
John P. Flynn (# 015065)
Peter J. Moolenaar (# 024487)
DIOGUARDI FLYNN LLP
7001 N. Scottsdale Road, Suite 2060
Scottsdale, AZ 85253
Telephone: (480) 951-8800
Facsimile: (480) 951-8824
jflynn@dioguardiflynn.com
pmoolenaar@dioguardiflynn.com

Evan Fray-Witzer (#564349)
Ciampa Fray-Witzer, LLP
20 Park Plaza, Suite 804
Boston, MA 02116
Telephone: (617) 426-0000
Facsimile: (617) 423-4855
evan@CFWlegal.com
*Pro Hac Vice*

Valentin D. Gurvits (# 643572)
Boston Law Group, LLP
825 Beacon Street, Suite 20
Newton Centre, MA  02459
Telephone: (617) 928-1804
Facsimile: (617) 928-1802
vgurvits@bostonlawgroup.com
*Pro Hac Vice*

# CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2013, I electronically transmitted the attached document to the Clerk of the United States District Court, District of Arizona, using the Online e-filing system.

/s/Megan Barber