John P. Flynn (# 015065)
Peter J. Moolenaar (# 024487)
**DIOGUARDI FLYNN LLP**
7001 N. Scottsdale Road, Suite 2060
Scottsdale, Arizona 85253
Telephone:     (480) 951-8800
Facsimile:     (480) 951-8824
jflynn@dioguardiflynn.com
pmoolenaar@dioguardiflynn.com

*Attorneys for Defendants*

### IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF ARIZONA

| | |
|---|---|
| Cybernet Entertainment LLC,<br>a New York Company<br><br>   Plaintiff,<br><br>-v.-<br><br>IG Media Inc. and International Media Ltd.<br>d/b/a YouJizz.com JizzHut.com, and<br>JizzOnline.com and OnlyJizz.com and<br>MoviesGuy.com and JizzBo.com and<br>HotFunHouse.com and Igor Gens<br><br>   Defendants. | Case No. 2:12-cv-01101-SRB<br><br>**DEFENDANTS' MOTION TO<br>COMPEL PRODUCTION** |

Defendants by and through undersigned counsel, pursuant to Rule 45, FRCP, respectfully request an order compelling Jason Tucker ("Tucker") to produce or otherwise make available documents and information requested in a subpoena *duces tecum* dated September 30, 2013. Section I of this Motion will discuss Tucker's involvement in this matter, Defendants' subpoena, Tucker's response, communication between undersigned and Tucker's counsel, and Tucker's ultimate failure to provide documents responsive to the vast majority of the requests in Defendants' subpoena. Section II sets forth the specific requests in Defendants' subpoena and Tucker's improper responses (in bold).

## I.   **BACKGROUND**

On September 3, 2013, Plaintiff provided a twelve (12) page Declaration of Jason Tucker in Support of Plaintiff's Motion for Temporary Restraining Order ("Tucker Declaration") in support of its Complaint and unsuccessfully prosecuted Ex Parte Motion for Temporary Restraining Order. *See* Tucker Declaration, attached hereto as "Exhibit 1." Following its successful defense of the Motion for Temporary Restraining Order, Defendants issued a subpoena *duces tecum* to Tucker requesting the production of documents and information directly related to statements made in his Declaration in support of his role as Plaintiff Cybernet Entertainment, LLC's ("Cybernet") putative expert in this matter and Cybernet's "Enforcement Office."

On October 14, 2013, Tucker provided an Objection and Response to the Subpoena through his attorney. *See* Objection and Response of Jason Tucker to Subpoena to Produce Documents ("Objection"), attached as "Exhibit 2."   No documents were produced at that time, nor did Tucker provide a privilege log or any support for his wholesale claims of privilege, confidential information, trade secrets or confidential research.[1]

Upon receipt of Tucker's Objection, undersigned requested the documents responsive to the requests not objected to and a privilege log so the defense could evaluate the scope and propriety of Tucker's objections and proffered justification for refusing to provide documents responsive to the vast majority of the requests in the subpoena. *See* email from Peter Moolenaar to Libby Banks, dated October 21, 2013, attached as "Exhibit 3."   After not receiving a response from Tucker's counsel for over a week, undersigned again requested the documents and a

---

[1]  Rule 45(d)(2)(A), FRCP, provides that any person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial preparation material must "describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim."

2

privilege log.  *See* email from Peter Moolenaar to Libby Banks, dated October 30, 2013, attached as "Exhibit 4."  Ms. Banks responded that she had asked (non-attorney) Tucker to create a privilege log and that she would follow up "to get the privilege log to you as soon as we can."  *See* email from Libby Banks to Peter Moolenaar, dated October 30, 2013, attached as "Exhibit 5."  Ms. Banks then proceeded to request that Defendants give Tucker until November 8th to gather the documents and provide the privilege log.  *See* email from Libby Banks to John Flynn, dated October 30, 2013, attached as "Exhibit 6."  Ms. Banks further confirmed that Tucker would be retrieving data from Iowa in order to provide a dvd or stick drive with the documents and identified video files comprising over 4 terabytes of space.  *See* email from Libby Banks to John Flynn, dated October 30, 2013, attached as "Exhibit 7."

On November 12, 2013, Tucker delivered a hard drive containing approximately 1.5 terabytes of data.  Despite the transparent "data dump," completely absent from this production were the previously identified dvd or stick drive and privilege log.  *See* email from John Flynn to Libby Banks dated, November 12, 2013, attached as "Exhibit 8."  Despite her prior representations and assurances of production of the documents and privilege log, Ms. Banks ultimately told undersigned that the hard drive "contains all of the documentation we will be providing."  *See* email from Libby Banks to John Flynn, dated November 12, 2013, attached as "Exhibit 9."  Incredibly, Ms. Banks then forwarded an invoice from Battleship Stance seeking payment from Defendants of $3,187.50 allegedly incurred related to the subpoena.  *See* email from Libby Banks to John Flynn, dated November 13, 2013, attached as "Exhibit 10."

On November 14, 2013, undersigned responded to the Battleship Stance invoice and data dump.  *See* email from Peter Moolenaar to Libby Banks, dated November 14, 2013, attached as "Exhibit 11."  Undersigned explained that the documents on the hard drive could not have been produced as kept in the normal

course of business, as asserted by Tucker's counsel, since Ms. Banks' previously identified two separate sources for responsive documents: (1) dvd or stick drive in Arizona, and (2) video files in Iowa. *Id*. Undersigned further requested Ms. Banks identify factual and legal support for Tucker's attempt to recover $3,187.50 from Defendants, including a bulk entry for $1,500 for legal and associated fees and 4 hours of non-privileged conference calls with Cybernet's counsel—Spencer Freeman. *Id*. Finally, undersigned again requested the previously identified documents on the dvd or stick drive and the previously promised and required privilege log. *Id*. To date, Ms. Banks has not responded to undersigned's November 14, 2013 email.

Despite the representations of his counsel to the contrary, undersigned's numerous requests, and his affirmative obligation to do so, Tucker has willfully failed to provide all documents responsive to the requests not objected to (purportedly stored on a dvd or stick drive) or any privilege log, description or justification for Tucker's refusal to produce documents in response to the vast majority of the requests in Defendants' subpoena.

As addressed below, Tucker's wholesale objections on the basis of putative privilege, confidentiality or trade secrets should be deemed waived, or disregarded given his Declaration and central motivating role in this matter. Tucker should be ordered to produce all documents responsive to Defendants' subpoena, and Defendants should be awarded their attorneys' fees and costs incurred related to this discovery dispute. Alternatively, Tucker should be barred from providing further testimony in this matter, as a putative expert or otherwise, while awarding Defendants attorneys' fees and costs unnecessarily incurred herein. Plaintiff's pre-litigation tactics, the alleged "substance" of the present lawsuit and foundation for the fallacious allegations all find at their core the copyright litigation trolling activities of Tucker. Assuming he wishes to continue with his chosen occupation as he strives to compel business owners to pay monies in order for them to avoid

the expense and upset of litigation against Tucker and his "clients", then Tucker must fully participate in discovery in good faith as every "expert" is required to under the Federal Rules of Civil Procedure.  Otherwise, Defendants submit an order barring his further participation in this case in any manner is fully warranted and an appropriate remedial remedy to impose in order to resolve the present discovery dispute.

## II.   DEFENDANTS' SUBPOENA AND TUCKER'S IMPROPER RESPONSES.

### a.  Documents by and between Tucker and Plaintiff.

In Tucker's Declaration, he makes the following representations:

a. He is a Director of Battleship Stance LLC, ("Battleship Stance") a purported leading intellectual property management and anti-piracy enforcement company.  *See* Exhibit 1 at ¶ 2.

b. He has been and currently serves as a consultant and "Enforcement Officer" for major award winning entertainment studios including Cybernet.  *Id*.

c. He has made himself familiar with the corporate structure of Cybernet, including its company methods, procedures, production and ownership of their copyrighted and trademark materials.  *Id*. at ¶ 7.

d. Concerned about infringement of its copyrights and trademarks, Cybernet retained the services of Tucker and Battleship Stance to search out internet infringements.  *Id.* at ¶ 25.

e. He has been on multiple occasions to their headquarters and seen their production facilities and all areas of their production operations first hand.  *Id.* at ¶ 7.

f. He has reviewed and documented and/or supervised the review and documentation of the evidence of the alleged infringement purportedly committed by Defendants outlined in the Complaint,

and alleged infringements not specifically alleged in the Complaint. *Id.* at ¶ 8.

Based on Tucker's Declaration and his admitted pivotal role in investigating and identifying for Cybernet the alleged acts of infringement that serve the basis for its claims against Defendants, Defendants requested production of the following Documents.  Tucker's response is listed below in bold.

1.  From January 1, 2010 to the present, a copy of any and all Documents exchanged by and between You and Cybernet, including, but not limited to:

    a.  All chat logs, including but not limited to Skype, ICQ, AIM, or other internet chat mediums;

    **No such documents exist.**

    b.  Contracts, agreements, or confirmation of services;

    **Objection. Overbroad. In addition, seeks confidential information. Disclosure of these documents would disclose trade secrets and confidential research.  These documents are not relevant to any issues, and disclosure of these documents is not likely to lead to discovery of relevant evidence in this case.**

    c.  Statements and/or invoices for services billed, rendered or proposed;

    **Objection. Overbroad. In addition, seeks confidential information. Disclosure of these documents would disclose trade secrets and confidential research.  These documents are not relevant to any issues, and disclosure of these documents is not likely to lead to discovery of relevant evidence in this case.**

    d.  Evidence of all payments made or received;

    **Objection. Overbroad. In addition, seeks confidential information. Disclosure of these documents would disclose trade**

D0093482/10410-001

**secrets and confidential research. These documents are not relevant to any issues, and disclosure of these documents is not likely to lead to discovery of relevant evidence in this case.**

e.  All emails, letters, or other communications.

**Objection. Overbroad, vague and ambiguous. Any documents exchanged with Cybernet's counsel are protected by the attorney-client privilege and the work product privilege. In addition, this request seeks confidential information. Disclosure of these documents would disclose trade secrets and confidential research. These documents are not relevant to any issues, and disclosure of these documents is not likely to lead to the discovery of relevant evidence in this case.**

**Response: Other than Documents subject to the attorney-client privilege or the work product privilege, Documents regarding the Litigation in the possession of Jason Tucker will be produced.**

To date, Tucker has failed to produce any documents responsive to categories b-d. Nor has he undertaken any effort to identify or describe the alleged "confidential information," "trade secrets," or "confidential research" which he feels justifies his failure to produce responsive documents. Moreover, his obstinate refusal to produce the requested documents cannot be reconciled with the serious (albeit, woefully lacking in merit) allegations he has leveled against Defendants in his Declaration or his role as a putative expert in this matter.

**b. Documents between Tucker and his clients specifically identified in his Declaration.**

In his Declaration, Tucker alleges that he has been and currently serves as a consultant and "**Enforcement Officer**" for major award winning entertainment studios including Private Media Groups' Fraserside IP LLC, Wicked Pictures,

Channel One Communications, Zero Tolerance Entertainment, Third Degree Films, Black Ice Limited and others.  *See* Exhibit 1 at ¶ 2.  Based on Tucker's Declaration, specific reference to these clients, and the purported import of his experiences with these clients, Defendants requested the following incontrovertibly discoverable documents related to these respective entities (Tucker's objections and responses are again noted below in bold).

    2.  From January 1, 2010 to the present, a copy of any and all Documents exchanged by and between You and Private Media Group, Fraserside Holdings, and/or Fraserside IP, LLC, [Wicked Pictures, Channel One Communications, Zero Tolerance Entertainment, Third Degree Films, Black Ice Limited][2] including, but not limited to:

        a.  All chat logs, including but not limited to Skype, ICQ, AIM, or other internet chat mediums;

        b.  Contracts, agreements, or confirmation of services;

        c.  Statements and/or invoices for services billed, rendered or proposed;

        d.  Evidence of all payments made or received;

        e.  All emails, letters, or other communications.

**Objection.  These documents, which regard companies who are not parties to this case, are not relevant to any issues, and disclosure of these documents is not likely to lead to the discovery of relevant evidence in this case.  The request is burdensome and overbroad.  This request is made for purposes of harassment.  This request seeks confidential information.  Disclosure of these documents would disclose trade secrets and confidential research.[3]**

---

[2] Categories Nos. 2-7 are identical in all respects except for identifying the respective Tucker client.

[3] Tucker's Response to Nos. 2-7 was identical.

To date, Tucker has failed to produce any documents responsive to categories Nos. 2-7.  Nor has he undertaken any effort to identify or describe the alleged "confidential information," "trade secrets," or "confidential research" which he feels justifies his failure to produce responsive documents.  Moreover, his obstinate refusal to produce the requested documents cannot be reconciled with his specific mention of his representation of these entities in his Declaration, the serious allegations he has leveled against Defendants in his Declaration, or his role as a putative expert in this matter.

### c. Corporate formation and operative documents for Tucker's adult industry entities.

In his Declaration, Tucker states that he has created, purchased, managed and operated paid membership websites, free sites, affiliate programs, and sold over $1 Million Dollars in top-level adult domain names such as Erotic.com, SexSlaves.com and Wetdreams.com.  *See* Exhibit 1 at ¶ 6.  Based on Tucker's Declaration, Defendants' requested the following discoverable information (Tucker's objections and responses are again noted below in bold):

8.  Copies of all partnership, limited liability, corporate or other legal entity formational documents for any entity related to the adult industry or adult erotic entertainment in which you have held or continue to maintain any direct or indirect ownership interest in or right to profits and/or commissions from January 1, 2010 to the present.

**Objection**. **These documents, which regard companies who are not parties to this case and personal and business information of the non-party who is being subpoenaed, are not relevant to any issues, and disclosure of these documents is not likely to lead to the discovery of relevant evidence in this case.  The request is burdensome and overbroad.  This request is made for purposes of harassment.  This request seeks confidential information.**

**Disclosure of these documents would disclose trade secrets and confidential research.**

To date, Tucker has failed to produce any documents responsive to category Nos. 8. Nor has he undertaken any effort to identify or describe the alleged "confidential information," "trade secrets," or "confidential research" which he feels justifies his failure to produce responsive documents. Moreover, his obstinate refusal to produce the requested documents cannot be reconciled with his Declaration, the serious allegations he has leveled against Defendants in his Declaration, or his role as a putative expert in this matter.

### d. Documents relating to Tucker's employment.

Tucker's Declaration is replete with references to his service as an alleged expert in other matters and overall experience in the adult entertainment industry. Based on Tucker's Declaration, Defendants' requested the following discoverable information (Tucker's objections and responses are again noted below in bold):

9. Copies of all Documents evidencing or in way reflecting the hiring, retention or engagement by You of any entity or individual as an employee, agent, representative or contractor from January 1, 2010 to the present.

**Objection. These documents, which regard companies who are not parties to this case and personal and business information of the non-party who is being subpoenaed, are not relevant to any issues, and disclosure of these documents is not likely to lead to the discovery of relevant evidence in this case. The request is burdensome and overbroad. This request is made for purposes of harassment. This request seeks confidential information. Disclosure of these documents would disclose trade secrets and confidential research.**

1    To date, Tucker has failed to produce any documents responsive to
2  category Nos. 9.  Nor has he undertaken any effort to identify or describe the
3  alleged "confidential information," "trade secrets," or "confidential research"
4  which he feels justifies his failure to produce responsive documents.  Moreover,
5  his obstinate refusal to produce the requested documents cannot be reconciled with
6  his Declaration, the serious allegations he has leveled against Defendants in his
7  Declaration, or his role as a putative expert in this matter.

8                    **e.  Documents related to PAK Group.**

9    Tucker's Declaration is replete with references to his service as an expert in
10  other matters and overall experience in the adult entertainment industry. Based on
11  Tucker's  Declaration,  Defendants'  requested  the  following  discoverable
12  information (Tucker's objections and responses are again noted below in bold):

13    11. All lists of members, directors, sponsors, and contributors to The PAK
14        Group.

15        **Objection. These documents, which regard companies who are not**
16        **parties to this case and personal and business information of the**
17        **non-party who is being subpoenaed, are not relevant to any issues,**
18        **and disclosure of these documents is not likely to lead to the**
19        **discovery of relevant evidence in this case.  The request is**
20        **burdensome and overbroad.  This request is made for purposes of**
21        **harassment.  This request seeks confidential information.**
22        **Disclosure of these documents would disclose trade secrets and**
23        **confidential research.  Further, the PAK Group no longer exists.**

24    To date, Tucker has failed to produce any documents responsive to
25  category No. 11.  Nor has he undertaken any effort to identify or describe the
26  alleged "confidential information," "trade secrets," or "confidential research"
27  which he feels justifies his failure to produce responsive documents.  Moreover,
28  his obstinate refusal to produce the requested documents cannot be reconciled with

his Declaration, the serious allegations he has leveled against Defendants in his Declaration, or his role as a putative expert in this matter.

### f.   Documents between Tucker and Mark Randazza.

Tucker's Declaration is replete with references to his service as an expert in other matters and overall experience in the adult entertainment industry. Upon information and belief, Mr. Randazza has served as counsel in some (but not all) of these other matters.  Based on Tucker's Declaration, Defendants' requested the following discoverable information (Tucker's objections and responses are again noted below in bold):

14. From January 1, 2010 to the present, any and all Documents exchanged by and between You and Mark Randazza concerning or regarding the Litigation, Cybernet, Igor Gens, IG Media, Inc., and/or International Media, Inc.

**Objection.   Overbroad and burdensome.   This request seeks information subject to the attorney-client privilege and the work product privilege, as attorney Mark Randazza represents Cybernet, and also represents Jason Tucker and Battleship Stance.**

To date, Tucker has failed to produce any documents responsive to category No. 14.  Nor has he undertaken any effort to identify or describe the basis for his claimed attorney-client privilege or work product privilege which he feels justifies his failure to produce responsive documents.  As discussed above, no privilege log has been provided despite multiple requests.

### g.   Documents exchanged by Tucker and others regarding this litigation and the Parties.

Based on Tucker's Declaration and his role as Plaintiff's putative expert, Defendants' requested the following discoverable information (Tucker's objections and responses are again noted below in bold):

D0093482/10410-001

15. From January 1, 2010 to the present, any and all Documents exchanged by and between You and any other entity or individual concerning the Litigation, Cybernet, Igor Gens, IG Media, Inc., and/or International Media, Inc.

**Objection. Overbroad and burdensome. These documents from or to companies and individuals who are not parties to this case and personal and business information of the non-party person subpoenaed, are not relevant to any issues, and disclosure of these documents is not likely to lead to the discovery of relevant evidence in this case. This request is made for purposes of harassment. This request seeks confidential information. Disclosure of these documents would disclose trade secrets and confidential research.**

To date, Tucker has failed to produce any documents responsive to category No. 15. Nor has he undertaken any effort to identify or describe the alleged "confidential information," "trade secrets," or "confidential research" which he feels justifies his failure to produce responsive documents. Moreover, his obstinate refusal to produce the requested documents cannot be reconciled with his Declaration, the serious allegations he has leveled against Defendants in his Declaration, or his role as a putative expert in this matter.

**h. Documents related to Tucker's expert service in *Fraserside v. Dr. Tuber*.**

Tucker's Declaration is replete with references to his service as an expert in other matters and overall experience in the adult entertainment industry. Further, he specifically references his involvement in the *Fraserside v. Dr. Tuber* litigation. *See* Exhibit 1 at ¶ 51. Based on Tucker's Declaration, Defendants' requested the following discoverable information (Tucker's objections and responses are again noted below in bold):

21. Any and all Documents related to Your services related to *Fraserside v. Dr. Tuber*, Case No. 12-cv-60931 (as referenced in Paragraph 51 of the Declaration).

> **Objection. Overbroad, vague and ambiguous.   These documents, which regard a company which is not a party to this case and litigation unrelated to the Litigation at issue are not relevant to any issues, and disclosure of these documents is not likely to lead to the discovery of relevant evidence in this case.  This request is made for purposes of harassment. This request seeks confidential information.  Disclosure of many of these documents would disclose trade secrets and confidential research.**

To date, Tucker has failed to produce any documents responsive to category No. 21.  Nor has he undertaken any effort to identify or describe the alleged "confidential information," "trade secrets," or "confidential research" which he feels justifies his failure to produce responsive documents.  Moreover, his obstinate refusal to produce the requested documents cannot be reconciled with his Declaration, the serious allegations he has leveled against Defendants in his Declaration, or his role as a putative expert in this matter.

### i.   Documents related to Tucker's purchase of adult industry websites.

In his Declaration, Tucker states that he has created, purchased, managed and operated paid membership websites, free sites, affiliate programs, and sold over $1 Million Dollars in top-level adult domain names such as Erotic.com, SexSlaves.com and Wetdreams.com.  *See* Exhibit 1 at ¶ 6.  Based on Tucker's Declaration, Defendants' requested the following discoverable information (Tucker's objections and responses are again noted below in bold):

23. Any and all Documents relating to or reflecting Your attempts or offers to purchase websites from Dr.Tuber and/or Igor Kovalchuk.

**These documents, which regard a company which is not a party to this case and litigation unrelated to the Litigation at issue are not relevant to any issues, and disclosure of these documents is not likely to lead to the discovery of relevant evidence in this case.  This request is made for purposes of harassment.  This request seeks confidential information.   Disclosure of many of these documents would disclose trade secrets and confidential research.**

24. Any and all Documents relating to or reflecting attempts or offers to purchase any other adult industry or adult erotic entertainment tube websites.

**These documents, which regard a company which is not a party to this case and litigation unrelated to the Litigation at issue are not relevant to any issues, and disclosure of these documents is not likely to lead to the discovery of relevant evidence in this case.  This request is made for purposes of harassment.  This request seeks confidential information.   Disclosure of many of these documents would disclose trade secrets and confidential research.**

To date, Tucker has failed to produce any documents responsive to categories Nos. 23 and 24.   Nor has he undertaken any effort to identify or describe the alleged "confidential information," "trade secrets," or "confidential research" which he feels justifies his failure to produce responsive documents.  Moreover, his obstinate refusal to produce the requested documents cannot be

D0093482/10410-001

reconciled with his Declaration, the serious allegations he has leveled against Defendants in his Declaration, or his role as a putative expert in this matter.

### III.   <u>CONCLUSION</u>

Tucker's substantive objections are improper and patently unsupported given the express statements in his Declaration and his role as Plaintiff's putative expert in this matter.  Further, Tucker has willfully failed to provide all documents responsive to the requests not objected to (purportedly stored on a dvd or stick drive), and has wholly failed, despite the assurances of his counsel and numerous requests by undersigned, to provide **<u>any</u>** privilege log, description or justification for Tucker's refusal to produce documents in response to the vast majority of the requests in Defendants' subpoena.  As such, Tucker's wholesale objections on the basis of privilege, confidentiality or trade secrets should be deemed waived, or given Tucker's Declaration and role in this matter disregarded, Tucker should be ordered to produce all documents responsive to Defendants' subpoena, with Defendants awarded their attorneys' fees and costs incurred related to this discovery dispute.  Alternatively, Defendants submit an order barring Tucker from further participating in this case in any manner is fully warranted and an appropriate remedial remedy to impose in order to resolve the present discovery dispute.

**RESPECTFULLY SUBMITTED** this 23rd day of December, 2013.

**Attorneys for Defendants**

By:  /s/ John Flynn
       John P. Flynn (# 015065)
       Peter J. Moolenaar (# 024487)
       DIOGUARDI FLYNN LLP

**CERTIFICATE OF SERVICE**

1

2          I hereby certify that on the 23rd day of December, 2013, I transmitted the foregoing document to the Clerk of the United States District Court, District of Arizona, using the ECF System for filing and transmittal of a Notice of Electronic File to the following ECF registrants:

3

4    Chad L. Belville
     Attorney at Law
5    4742 N. 24th Street, Suite 315
     Phoenix, AZ  85016
6    cbelville@azbar.org
     *Attorney for Plaintiff*
7

     Spencer D. Freeman
8    Attorney at Law
     1107 ½ Tacoma Avenue South
9    Tacoma, WA  98402
     sfreeman@freemanlawfirm.org
10   *Attorney for Plaintiff*

11         I certify that a COPY of the foregoing is being sent via U.S. Mail on the 23rd day of December, 2013 to:

12

13   Libby Banks
     The Law Office of Libby Banks
14   11120 North Tatum Blvd, Suite 101
     Phoenix, AZ 85028
15   *Attorney for Jason Tucker*

16

17         I certify that a COPY of the foregoing is being hand delivered on the 24th day of December, 2013 to:

18

19   Honorable Susan R. Bolton
     U.S. District Court for the District
     of Arizona
20   401 W. Washington
     Phoenix, AZ  85003

21    /s/ Megan Barber

22

23

24

25

26

27

28