Libby Banks
**The Law Office of Libby Banks**
State Bar No. 020767
11120 North Tatum Blvd., Suite 101
Phoenix, AZ 85028
Phone: 602-375-6752
Fax: 602-795-0072
Email: libbybanks@yahoo.com
**Attorney for Jason Tucker**

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| Cybernet Entertainment LLC, a New York Company, | No. CV 12-01101-PHX-SRB |
| Plaintiff, | |
| v. | OBJECTION AND RESPONSE OF JASON TUCKER TO SUBPOENA TO PRODUCE DOCUMENTS |
| IG Media Inc. and International Media Ltd. dba YouJizz.com JizzHut.com and JizzOnline.com and OnlyJizz.com and MoviesGuy.com and JizzBo.com and HotFunHouse.com and Igor Gens and DOES 1-10 inclusive and DOE COMPANIES 1-100 inclusive | |

Jason Tucker, pursuant to Rule 45(c)(2)(B), F.R.Civ.P., serves the following Objection and Response to the Subpoena to Produce Documents served on him by IG Media, Inc. and International Media, Ltd.

**RESPONSES AND OBJECTIONS**

1

1. From January 1, 2010 to the present, a copy of any and all Documents exchanged by and between You and Cybernet, including, but not limited to:

   a. All chat logs, including but not limited to Skype, ICQ, AIM, or other internet chat mediums.

   No such documents exist.

   b. Contracts, agreements, or confirmation of services;

   **Objection.** Overbroad. In addition, seeks confidential information. Disclosure of these documents would disclose trade secrets and confidential research. These documents are not relevant to any issues, and disclosure of these documents is not likely to lead to the discovery of relevant evidence in this case.

   c. Statements and/or invoices for services billed, rendered or proposed;

   **Objection.** Overbroad. In addition, seeks confidential information. Disclosure of these documents would disclose trade secrets and confidential research. These documents are not relevant to any issues, and disclosure of these documents is not likely to lead to the discovery of relevant evidence in this case.

   d. Evidence of all payments made or received;

   **Objection.** Overbroad. In addition, seeks confidential information. Disclosure of these documents would disclose trade secrets and confidential research. These documents are not relevant to any issues, and disclosure of

2

these documents is not likely to lead to the discovery of relevant evidence in this case.

e. All emails, letters, or other communications.

**Objection.** Overbroad, vague and ambiguous. Any such documents exchanged with Cybernet's counsel are protected by the attorney-client privilege and the work product privilege. In addition, this request seeks confidential information. Disclosure of these documents would disclose trade secrets and confidential research. These documents are not relevant to any issues, and disclosure of these documents is not likely to lead to the discovery of relevant evidence in this case.

<u>Response</u>: Other than Documents subject to the attorney-client privilege or the work product privilege, Documents regarding the Litigation in the possession of Jason Tucker will be produced.

2. From January 1, 2010 to the present, a copy of any and all Documents exchanged by and between You and Private Media Group, Fraserside Holdings, and/or Fraserside IP, LLC, including but not limited to:

a. All chat logs, including but not limited to Skype, ICQ, AIM, or other internet chat mediums.

b. Contracts, agreements, or confirmation of services;

c. Statements and/or invoices for services billed, rendered or proposed;

d. Evidence of all payments made or received;

e. All emails, letters, or other communications.

3

**Objection.** These documents, which regard companies who are not parties to this case, are not relevant to any issues, and disclosure of these documents is not likely to lead to the discovery of relevant evidence in this case. The request is burdensome and overbroad. This request is made for purposes of harassment. This request seeks confidential information. Disclosure of these documents would disclose trade secrets and confidential research.

3. From January 1, 2010 to the present, a copy of any and all Documents exchanged by and between You and Wicked Pictures, including but not limited to:

    a.    All chat logs, including but not limited to Skype, ICQ, AIM, or other internet chat mediums.

    b.    Contracts, agreements, or confirmation of services;

    c.    Statements and/or invoices for services billed, rendered or proposed;

    d.    Evidence of all payments made or received;

    e.    All emails, letters, or other communications.

**Objection.** These documents, which regard companies who are not parties to this case, are not relevant to any issues, and disclosure of these documents is not likely to lead to the discovery of relevant evidence in this case. The request is burdensome and overbroad. This request is made for purposes of harassment. This request seeks confidential information. Disclosure of these documents would disclose trade secrets and confidential research.

4.  From January 1, 2010 to the present, a copy of any and all Documents exchanged by and between You and Channel One Communications, including but not limited to:

   a.  All chat logs, including but not limited to Skype, ICQ, AIM, or other internet chat mediums.

   b.  Contracts, agreements, or confirmation of services;

   c.  Statements and/or invoices for services billed, rendered or proposed;

   d.  Evidence of all payments made or received;

   e.  All emails, letters, or other communications.

   **Objection.** These documents, which regard companies who are not parties to this case, are not relevant to any issues, and disclosure of these documents is not likely to lead to the discovery of relevant evidence in this case. The request is burdensome and overbroad. This request is made for purposes of harassment. This request seeks confidential information. Disclosure of these documents would disclose trade secrets and confidential research.

5.  From January 1, 2010 to the present, a copy of any and all Documents exchanged by and between You and Zero Tolerance Entertainment, including but not limited to:

   a.  All chat logs, including but not limited to Skype, ICQ, AIM, or other internet chat mediums.

   b.  Contracts, agreements, or confirmation of services;

   c.  Statements and/or invoices for services billed, rendered or proposed;

  d.  Evidence of all payments made or received;

  e.  All emails, letters, or other communications.

**Objection.** These documents, which regard companies who are not parties to this case, are not relevant to any issues, and disclosure of these documents is not likely to lead to the discovery of relevant evidence in this case. The request is burdensome and overbroad. This request is made for purposes of harassment. This request seeks confidential information. Disclosure of these documents would disclose trade secrets and confidential research.

  6.  From January 1, 2010 to the present, a copy of any and all Documents exchanged by and between You and Third Degree Films, including but not limited to:

  a.  All chat logs, including but not limited to Skype, ICQ, AIM, or other internet chat mediums.

  b.  Contracts, agreements, or confirmation of services;

  c.  Statements and/or invoices for services billed, rendered or proposed;

  d.  Evidence of all payments made or received;

  e.  All emails, letters, or other communications.

**Objection.** These documents, which regard companies who are not parties to this case, are not relevant to any issues, and disclosure of these documents is not likely to lead to the discovery of relevant evidence in this case. The request is burdensome and overbroad. This request is made for purposes of harassment. This request seeks confidential information. Disclosure of these documents would disclose trade secrets and confidential research.

7. From January 1, 2010 to the present, a copy of any and all Documents exchanged by and between You and Black Ice Limited, including but not limited to:

    a. All chat logs, including but not limited to Skype, ICQ, AIM, or other internet chat mediums.

    b. Contracts, agreements, or confirmation of services;

    c. Statements and/or invoices for services billed, rendered or proposed;

    d. Evidence of all payments made or received;

    e. All emails, letters, or other communications.

**Objection.** These documents, which regard companies who are not parties to this case, are not relevant to any issues, and disclosure of these documents is not likely to lead to the discovery of relevant evidence in this case. The request is burdensome and overbroad. This request is made for purposes of harassment. This request seeks confidential information. Disclosure of these documents would disclose trade secrets and confidential research.

8. Copies of all partnership, limited liability, corporate or other legal entity formational documents for any entity related to the adult industry or adult erotic entertainment in which you have held or continue to maintain any direct or indirect ownership interest in or right to profits and/or commissions from January 1, 2010 to the present.

**Objection.** These documents, which regard companies who are not parties to this case and personal and business information of the non-party who is being subpoenaed, are not relevant to any issues, and disclosure of these documents is not likely to lead to

7

the discovery of relevant evidence in this case. The request is burdensome and overbroad. This request is made for purposes of harassment. This request seeks confidential information. Disclosure of these documents would disclose trade secrets and confidential research.

9. Copies of all Documents evidencing or in way [sic] reflecting the hiring, retention or engagement by You of any entity or individual as an employee, agent, representative or contractor from January 1, 2010 to the present.

**Objection.** These documents, which regard companies and individuals who are not parties to this case and personal and business information of the non-party who is being subpoenaed, are not relevant to any issues, and disclosure of these documents is not likely to lead to the discovery of relevant evidence in this case. The request is burdensome and overbroad. This request is made for purposes of harassment. This request seeks confidential information. Disclosure of these documents would disclose trade secrets and confidential research.

10. Copies of all media reports, articles, interviews, documentaries, or news reports in which you are quoted concerning copyrights or internet piracy.

**Objection.** Overbroad and burdensome.

**Response:** The following are a representative selection of such documents:

Video: http://cogentbenger.com/porndemic/interviews/

http://cogentbenger.com/porndemic/interviews/interview-with-jason-tucker/

http://business.avn.com/executive-suite/Jason-Tucker-President-and-Co-owner-Falcon-Foto-66433.html

8

http://www.xbiz.com/news/news_piece.php?id=146469&mi=all&q=jason+tucker

http://www.xbiz.com/news/news_piece.php?id=137377&mi=all&q=jason+tucker

http://www.businessweek.com/stories/2006-06-18/the-pornographers-vs-dot-the-pirates

http://www.seattleweekly.com/home/875321-129/story.html

http://globegazette.com/news/local/northwood-company-tracks-down-intellectual-property-rights-thieves/article_a67d045e-5ab4-11e1-890e-0019bb2963f4.html

http://www.xbiz.com/search/?news=1&articles=1&st=1&sa=1&sb=1&t=exact&q=jason+tucker&x=0&y=0

http://www.xbiz.com/news/news_piece.php?id=106589&mi=all&q=jason+tucker

http://business.avn.com/articles/technology/Is-Suing-End-Users-a-Good-Idea-422099.html

http://business.avn.com/articles/video/i-Business-Week-i-Examines-Piracy-in-Adult-49634.html

11.   All lists of members, directors, sponsors, and contributors to the PAK Group.

**Objection.** These documents, which regard companies and individuals who are not parties to this case and personal and business information of a non-party group, are not relevant to any issues, and disclosure of these documents is not likely to lead to the discovery of relevant evidence in this case. The request is burdensome and overbroad. This request is made for purposes of harassment. This request seeks confidential
9

information. Disclosure of these documents would disclose trade secrets and confidential research. Further, the PAK Group no longer exists.

12. All communications between yourself and any member, director, sponsor, or contributor to the PAK Group concerning or regarding the Litigation, Cybernet, Igor Gens, IG Media, Inc., and/or International Media, Inc.

**Objection.** These documents, which regard companies and individuals who are not parties to this case and personal and business information of the non-party who is being subpoenaed, are not relevant to any issues, and disclosure of these documents is not likely to lead to the discovery of relevant evidence in this case. The request is burdensome and overbroad. This request is made for purposes of harassment. This request seeks confidential information. Disclosure of these documents would disclose trade secrets and confidential research. Further, the PAK Group no longer exists.

**Response:** No such Documents exist.

13. All communications with Attorney Larry Waters concerning or regarding the Litigation, Cybernet, Igor Gens, IG Media, Inc., and/or International Media, Inc.

**Response:** Any such Documents in the possession of Jason Tucker will be produced.

14. From January 1, 2010 to the present, any and all Documents exchanged by You and Mark Randazza concerning or regarding the Litigation, Cybernet, Igor Gens, IG Media, Inc., and/or International Media, Inc.

10

**Objection.** Overbroad and burdensome. This request seeks information subject to the attorney-client privilege and the work product privilege, as attorney Mark Randazza represents Cybernet, and also represents Jason Tucker and Battleship Stance.

15. From January 1, 2010 to the present, any and all Documents exchanged by and between You and any other entity or individual concerning or regarding the Litigation, Cybernet, Igor Gens, IG Media, Inc., and/or International Media, Inc.

**Objection.** Overbroad and burdensome. These documents from or to companies and individuals who are not parties to this case and personal and business information of the non-party person subpoenaed, are not relevant to any issues, and disclosure of these documents is not likely to lead to the discovery of relevant evidence in this case. This request is made for purposes of harassment. This request seeks confidential information. Disclosure of these documents would disclose trade secrets and confidential research.

16. Any and all Documents relating to the statements set forth in the Declaration You submitted in the Litigation (Declaration of Jason Tucker in Support of Plaintiff's Motion for Restraining Order) (hereinafter, the "Declaration") that youjizzpremium.com is wholly owned and controlled by IG Media, Inc. and International Media, Ltd.

**Response:** Any such Documents in the possession of Jason Tucker will be produced.

17. Any and all Documents relating in any to Your expert testimony in *Liberty Media Holding LLC v. FF Magnat Limited b/d/a* [sic] *Oron.com*, (Dist. Of Nevada)

11

(2:12-cv-1057), including but not limited to transcripts of deposition and/or trial or hearing testimony and expert reports (in draft or final form).

**Response:** Any such Documents in the possession of Jason Tucker will be produced.

18. Any and all Documents relating in any way to Your designation or certification by any Court of law as an expert witness, including but not limited to transcripts of depositions and/or trial testimony and expert reports.

**Response:** Any such Documents in the possession of Jason Tucker will be produced.

19. Any and all Documents related to, relied upon or supporting the testimony You provided under penalty of perjury in the Litigation as set forth in your Declaration.

**Response:** These Documents will be produced.

20. Any and all Documents related to Your infringement investigation services (as referenced in Paragraph 25 of the Declaration) related to Cybernet, Igor Gens, IG Media, Inc., and/or International Media, Ltd.

**Objection.** Overbroad, vague and ambiguous.

**Response:** The Documents responsive to this include over 2,297 videos consisting of 1.96 TB of space, over 4,584 .pdf, .jpeg, and excel and word documents. These documents are located on a computer in Battleship Stance Offices at 837 Central Avenue, Northwood, IA 50459, and will be produced there at a time convenient to Defendants' counsel.

12

21. Any and all Documents related to Your services related to *Fraserside v. Dr. Tuber*, Case No. 12-cv-60931 (as referenced in Paragraph 51 of the Declaration).

**Objection.** Overbroad, vague and ambiguous. These documents, which regard a company which is not a party to this case and litigation unrelated to the Litigation at issue are not relevant to any issues, and disclosure of these documents is not likely to lead to the discovery of relevant evidence in this case. This request is made for purposes of harassment. This request seeks confidential information. Disclosure of many of these documents would disclose trade secrets and confidential research.

22. Any and all Documents relating to or reflecting your attempts or offers to purchase websites from Igor Gens, IG Media, Inc. and/or International Media Ltd.

**Response:** All Documents in the possession of Jason Tucker will be produced.

23. Any and all Documents relating to or reflecting your attempts or offers to purchase websites from Dr. Tuber and/ or Igor Kovalchuk.

**Objection.** These documents, which regard companies and individuals who are not parties to this case and personal and business information of a non-party group, are not relevant to any issues, and disclosure of these documents is not likely to lead to the discovery of relevant evidence in this case. The request is burdensome and overbroad. This request is made for purposes of harassment. This request seeks confidential information. Disclosure of these documents would disclose trade secrets and confidential research.

24. Documents relating to or reflecting your attempts or offers to purchase any other adult industry or adult entertainment websites.

13

**Objection.** These documents, which regard companies and individuals who are not parties to this case and personal and business information of a non-party group, are not relevant to any issues, and disclosure of these documents is not likely to lead to the discovery of relevant evidence in this case. The request is burdensome and overbroad. This request is made for purposes of harassment. This request seeks confidential information. Disclosure of these documents would disclose trade secrets and confidential research.

Respectfully submitted this 14th day of October, 2013.

By:/s/ Libby Banks

Libby Banks, Attorney at Law
**The Law Office of Libby Banks**
State Bar No. 020767
11120 North Tatum Blvd., Suite 101
Phoenix, AZ 85028
Phone: 602-375-6752
Fax: 602-795-0072
Email: libbybanks@yahoo.com

**ATTORNEY FOR JASON TUCKER**

**CERTIFICATE OF SERVICE**

I, Libby Banks, do hereby certify that on October 14, 2013 I served the Objection and Response of Jason Tucker to Subpoena to Produce Documents on:

John P. Flynn
Dioguardi Flynn LLP
7001 N. Scottsdale Road, Suite 2060
Scottsdale, AZ 85253

/s/ Libby Banks