| | |
|---|---|
| **From:** | Peter Moolenaar |
| **Sent:** | Thursday, November 14, 2013 11:24 AM |
| **To:** | Libby Banks |
| **Cc:** | Megan Barber; Toni Hannigan; Client Filing; John P. Flynn |
| **Subject:** | RE: Gens/Cybernet - Jason Tucker Subpoena |

Ms. Banks,

We are in receipt of an invoice dated November 13, 2013 for "Jason Tucker's time" allegedly incurred to produce a hard drive containing approximately 1.5 terabytes of data and reeking of cigarette smoke. The hard drive was purportedly produced in response to Defendants' subpoena, almost a month after the responsive deadline.

As discussed by Mr. Flynn in his emails to you, the hard drive is nothing more than a non-responsive data dump. Although you contend that it includes all responsive information as "kept in the normal course of business," your prior emails and objection expose the falsity of any such claim. Indeed, you previously referenced that there were at least two sources of responsive information: (1) information stored in Arizona which would be delivered on a DVD or stick drive, and (2) video files in Iowa, which purportedly consume over 4TB of space. However, now you claim, below, that the hard drive from Iowa somehow contains "all documents you will be providing." Where are the documents that were to be provided on a DVD or stick drive? Based on your prior emails, they cannot be stored on the Iowa hard drive, and certainly not in the normal course of business. If you do not provide the previously referenced documents that were to be delivered on a DVD or stick drive by close of business tomorrow we will have no choice but to address this matter with the Court.

Further, in your prior email correspondence and objection, you referenced the information electronically stored in Iowa and offered to make it available for inspection or review. At no point did you indicate that you would provide a copy of the information and attempt to recover an exorbitant fee for doing so. As such, Mr. Tucker's decision to voluntarily provide the non responsive hard drive does not entitle him to recovery of fees. If you disagree, please provide legal authority supporting your claim.

The Invoice also contains numerous entries for Mr. Tucker's communications with you and Plaintiff's counsel, as well as a bulk entry for $1,500 in legal and associated fees. Not only are these entries not recoverable, we anticipate seeking and receiving further discovery from Mr. Tucker (as Plaintiff's expert witness) regarding the 4 hours of conference calls with Mr. Freeman. Again, if you believe Mr. Tucker's purported $1,750 in legal fees are recoverable please provide legal authority supporting your claim.

Finally, on multiple occasions you referenced delivering a privilege log. As you are aware, wholesale objections and refusal to produce or identify documents and information on the basis of privilege is improper and not responsive to a subpoena. Your prior objection is replete with blanket privilege objections. If you do not immediately withdraw these objections and confirm that no documents or information were withheld on the basis of privilege OR provide a detailed privilege log as required under the FRCP by close of business tomorrow we will have no choice but to address this matter with the Court.

Sincerely,

**Peter J. Moolenaar**
Attorney at Law
**Dioguardi Flynn LLP**
7001 N. Scottsdale Road