John P. Flynn (# 015065)
Peter J. Moolenaar (# 024487)
**DIOGUARDI FLYNN LLP**
7001 N. Scottsdale Road, Suite 2060
Scottsdale, Arizona 85253
Telephone:   (480) 951-8800
Facsimile:    (480) 951-8824
jflynn@dioguardiflynn.com
pmoolenaar@dioguardiflynn.com

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Cybernet Entertainment LLC, a New York Company | Case No. 2:12-cv-01101-SRB |
| Plaintiff, | **DEFENDANTS' RESPONSE TO JASON TUCKER'S REQUEST FOR AWARD OF FEES** |
| -v.- | |
| IG Media Inc. and International Media Ltd. d/b/a YouJizz.com JizzHut.com, and JizzOnline.com and OnlyJizz.com and MoviesGuy.com and JizzBo.com and HotFunHouse.com and Igor Gens | |
| Defendants. | |

Defendants IG Media Inc., International Media Ltd. and Igor Gens, by and through undersigned counsel, hereby respond and object to Jason Tucker's Request for Award of Fees ("Request"). Mr. Tucker's Request is premised on Rule 45(d)(2)(B)(ii) which provides that "when a court orders compliance with a subpoena over an objection, the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." *See Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1184 (9th Cir. 2013) (requiring a court to shift a non-party's cost of compliance with a subpoena if those costs are significant).

1

As explained below, Mr. Tucker has failed to demonstrate that he incurred "significant" expenses related to his compliance with the Court's order compelling compliance (Doc. 104) with the subpoena duces tecum, and his role in this litigation is far from that of a third party. As such, Mr. Tucker's Request should be denied.

### A. Mr. Tucker has failed to demonstrate that he incurred "significant" expenses complying with the Court's order.

In support of his original request for attorneys' fees and costs, Mr. Tucker attached an invoice dated November 13, 2013 to his Response to Defendants' Motion to Compel (Doc 101-3) ("Response"). However, all of the entries on this invoice related to purported work or expenses incurred prior to Defendants' Motion to Compel and this Court's subsequent order compelling production. Therefore, they do not relate to Mr. Tucker's court ordered compliance and, as such, do not fall within the express scope of Rule 45(d)(2)(B)(ii). "These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expenses resulting from compliance." Rule 45(d)(2)(B)(ii).

Furthermore, the invoice includes $1,362.50 in fees related to Mr. Tucker's time spent purportedly purchasing a hard drive in Iowa, copying materials to the hard drive in Iowa, reviewing those materials in Arizona, assembling and copying materials in Arizona, and delivering the hard drive to Defendants' counsel's office. *See* Response at Ex. 3. However, prior to delivering the hard drive, Mr. Tucker's counsel stated that the information purportedly stored on the hard drive would be made available for inspection and review. *See* email from Peter Moolenaar to Libby Banks, dated November 14, 2013, attached as "Exhibit 1." At no point before the drive was delivered did Mr. Tucker or his counsel indicate that they would provide the hard drive and attempt to recover an exorbitant fee for

D0095497/10410-001

doing so. *Id.* Had they not voluntarily produced the hard drive, Defendants could have engaged their own vendor (no doubt at a fraction of the cost) to retrieve and copy the information or they could have simply determined that recovery of such information was cost-prohibitive. Instead, Mr. Tucker chose to voluntarily provide the information and then attempted to tax Defendants with an unreasonable fee.

Even worse, the Invoice contains a bulk entry for $1,500 in "[l]egal and associated fees" as well as $250 for Mr. Tucker's time communicating with his counsel and participating in a conference call with Plaintiff's attorney. Defendants' requested additional information regarding Mr. Tucker's purported $1,750 in legal fees on November 14, 2013 (prior to filing the Motion to Compel) and to date have been provided none—although Mr. Tucker does make a reference in his Request to submitting "all costs of compliance with the Defendant's [sic] subpoena" once the Court awards Mr. Tucker his fees. *See* Exhibit 1 and Request p. 2. Mr. Tucker is mistaken; he must first demonstrate that he incurred "significant expense resulting from compliance" before he can be awarded any fees. *See* Rule 45(d)(2)(B)(ii).

Finally, in connection with his second request for attorneys' fees, Mr. Tucker fails to include any information regarding the purported expense incurred to comply with the Court's order of production. *See* Request. Moreover, given that Mr. Tucker's Notice of Compliance merely stated that he did not have any responsive documents to produce, it is impossible to imagine that he could have incurred "significant expense" complying with the Court's order.

**B. Mr. Tucker should not be considered a third party under Rule 45(d)(2)(B)(ii).**

Mr. Tucker is the "Enforcement Officer" for Plaintiff. *See* Declaration of Jason Tucker in Support of Plaintiff's Motion for Temporary Restraining Order

(Doc 87) ("Tucker Declaration") ¶ 2. Although for purposes of the subpoena duces tecum (and his request for attorneys' fees) Mr. Tucker has tried to cast himself as a pure third party, even a cursory review of his twelve (12) page Declaration in Support of Plaintiff's Motion for Temporary Restraining Order (Doc. 87) demonstrates that simply is not the case. Indeed, in this role as "Enforcement Officer" he has "reviewed and documented and/or supervised the review and documentation of the evidence of infringement committed by Defendants outlined in the Complaint, and of those infringements not specifically alleged in the Complaint." *See*, Tucker Declaration ¶ 8. Further, prior to Plaintiff's initiation of this action, Mr. Tucker issued the purported DMCA take down notices of Defendants' alleged infringement on behalf of Plaintiff. *See* Tucker Declaration ¶ 27. These notices were on Plaintiff's letterhead and were signed by Mr. Tucker, under oath, "for Cybernet Entertainment LLC d/b/a Kink.com," without any indication of Mr. Tucker's alleged third party relationship with Plaintiff. *See* Tucker Declaration, Ex. B.

Simply put, Mr. Tucker is the party driving Plaintiff's pursuit of its claims against Defendants. Without question, Mr. Tucker has been or will be compensated by Plaintiff for his efforts to prosecute this matter on behalf of Plaintiff as its "Enforcement Officer." Indeed, his compensation likely includes payment for his purported efforts to comply with the Court's order compelling production.

//
//
//
//
//
//

D0095497/10410-001

//

### C. Conclusion.

Mr. Tucker's Request should be denied. He should not be considered a third party for purposes of awarding fees and has otherwise failed to show that he incurred "significant" expense resulting from his purported compliance with the subpoena duces tecum as order by the Court.

**RESPECTFULLY SUBMITTED** this 14th day of April, 2014.

**DIOGUARDI FLYNN LLP**

By: /s/ John Flynn
John P. Flynn (# 015065)
Peter J. Moolenaar (# 024487)
*Attorneys for Defendants*

D0095497/10410-001

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of April, 2014, I transmitted the foregoing document to the Clerk of the United States District Court, District of Arizona, using the ECF System for filing and transmittal of a Notice of Electronic File to the following ECF registrants:

Libby Banks
The Law Office of Libby Banks
11120 North Tatum Blvd, Suite 101
Phoenix, AZ 85028
*Attorney for Jason Tucker*

Chad L. Belville
Attorney at Law
4742 N. 24th Street, Suite 315
Phoenix, AZ 85016
cbelville@azbar.org
*Attorney for Plaintiff*

Spencer D. Freeman
Attorney at Law
1107 ½ Tacoma Avenue South
Tacoma, WA 98402
sfreeman@freemanlawfirm.org
*Attorney for Plaintiff*

By: /s/ Megan Barber

D0095497/10410-001