Libby Banks
**The Law Office of Libby Banks**
State Bar No. 020767
11120 North Tatum Blvd., Suite 101
Phoenix, AZ 85028
Phone: 602-375-6752
Fax: 602-795-0072
Email: libbybanks@yahoo.com
**Attorney for Jason Tucker**

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Cybernet Entertainment LLC, a New York Company, | ) ) ) **No. CV 12-01101-PHX-SRB** |
| Plaintiff, | ) ) **REPLY TO RESPONSE** |
| v. | ) **TO JASON TUCKER'S** ) **REQUEST FOR ATTORNEY'S** ) **FEES** |
| IG Media Inc. and International Media Ltd. dba YouJizz.com JizzHut.com and JizzOnline.com and OnlyJizz.com and MoviesGuy.com and JizzBo.com and HotFunHouse.com and Igor Gens and DOES 1-10 inclusive and DOE COMPANIES 1-100 inclusive | ) ) ) ) ) ) ) ) ) ) ) ) |

Jason Tucker, non-party witness, files this Reply to the Defendants'

Response to Jason Tucker's Request for Attorney's Fees.

1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## I.  THE EXPENSES INCURRED BY TUCKER WERE SIGNIFICANT

Defendants focus on the language of Rule 45(d)(2)(B)(ii), F.R.Civ.P., which provides that if an Objection is made to an Order compelling production, then "the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." The Ninth Circuit has held that Rule 45(d)(2)(B)(ii) "requires the district court to shift a non-party's costs of compliance with a subpoena, if those costs are significant." *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1184 (9th Cir. 2013).

Tucker submits herewith the Declaration of Libby Banks in Support of Jason Tucker's Application for Attorney's Fees for his counsel's fees in addressing the subpoena. (Attached as Exhibit A). Tucker has incurred $5,125.00 in attorney's fees. This Court ruled that the subpoena directed to Jason Tucker should have been directed to Plaintiff – it sought basic discovery that a party must produce. The Court should take this into account in determining whether the expense was significant. Indeed it was – Jason Tucker should not have had to respond to a subpoena at all, and thus the expenses he incurred are significant for that reason. The Court should award Tucker his attorney's fees as set forth in the Declaration in Support of Attorney's Fees. The Court should also award Tucker the sums he seeks to reimburse him for his time. (Attached as Exhibit B).

## II.    TUCKER IS NOT A PARTY AND SHOULD NOT BE CONSIDERED ONE

With no citation to authority, and no evidence, Defendants argue that Tucker should not be considered a Third Party under Rule 45(d)(2)(B)(ii). Defendants paint Tucker as the driving force behind the litigation, but offer no real proof. Defendants assert that Tucker sent a DMCA Notice and reviewed material to look for infringement of Plaintiff's copyrights. These actions are actions of an expert. They do not convert him to a party. He doesn't own the copyrights and trademarks, Plaintiff does. He is not named as the Plaintiff – Cybernet is. He is not a CEO or governing officer of Cybernet.

The Court must treat Tucker as a Third Party, as that is what he is – an expert retained by Plaintiff to review and testify regarding infringement of Plaintiff's copyrights and trademarks.

## III.    THE COURT MAY AWARD SANCTIONS UNDER RULE 45

The Court stated in its March 20, 2014 Order that it did not find sanctionable conduct by Defendants. Tucker requests that the Court reconsider this ruling if it does not award fees under Rule 45(d)(2)(B)(ii). The Ninth Circuit has indicated that when a court considers Rule 45(d) sanctions, it must put "more emphasis on the recipient's burden than on the issuer's motives." *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1186 (9th Cir. 2013). The Court has discretion under this Rule to

3

"impose sanctions when a party issues a subpoena in bad faith, for an improper purpose, or **in a manner inconsistent with existing law**." *Id*. at 1185.

Tucker is entitled to an award of attorney's fees as sanctions under Rule 45(d)(1), F.R.Civ.P. Defendants put a burden on Tucker to produce documents that they should have requested from Plaintiff. Further, they asked for documents clearly not in any way relevant to the litigation. Then, after Tucker gave Defendants all of the relevant evidence they requested, they still filed a Motion to Compel. The Court should award at least the attorney's fees incurred in defending against the Motion to Compel.

The Subpoena Defendants issued to Tucker was in blatant violation of Rule 45(d)(1), F.R.Civ.P., which requires that a party or attorney issuing a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Here, the Subpoena was burdensome and overreaching and imposed a huge burden and great expense on a non-party, seeking basically "any and all" documents of any kind whether or not related to this litigation.

Defendants revealed that they did issue the Subpoena for an improper purpose, and not to obtain production of documents and things for the litigation. On page 4 of their Motion to Compel Defendants demonstrate that they are desperate to eliminate Tucker as an expert, and were really seeking a way to bar

Tucker from providing further expert testimony. This purpose for the subpoena has been evident from the outset. Before even receiving the documents promised to them, Defendants' counsel had already started to prepare a Motion to Compel. After receiving the documents and things, Defendants' counsel complained about the production, even where it appeared that neither he nor his staff had actually reviewed what was produced. Instead, Defendants' counsel simply threatened that if the documents were not provided, Tucker "certainly will be in no position to sign another expert declaration in this matter." (Exhibit C, Email from John Flynn).

Defendants not only issued an overbroad and overreaching Subpoena to a non-party, but now complain that Tucker's production of the huge quantity of documents requested is a "data dump." If Defendants wanted specific documents, tailored to their need for discovery in this case, they should have tailored the Subpoena to get those documents. They did not do so, and it is clear that the reason for this is that Defendants really seek disqualification of Tucker as an expert, and not the actual documents.

The Court recognized much of this in its Order. At page 5 of the Order issued on March 20, 2014, the Court agreed "that the majority of these requests seek evidence that is not tailored to elicit relevant information that will either be admissible at trial or is reasonably likely to lead to the discovery of admissible evidence." Noting that eleven of the requests sought evidence regarding Tucker's

consultation with non-parties, his previous business dealings and operation of companies he is affiliated with, the Court found that Defendants made no showing that the evidence was in any way relevant to the issues in this case.

As to the requests that were actually seeking evidence tied to the litigation (Requests 1 and 15), the Court found that these requests pertained to the Plaintiff, who is a party, and that the discovery should have been directed to Plaintiff and not to Tucker. As the Court noted, it must limit discovery requests that seek information that "can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). Here, Defendants did not attempt and fail to discover relevant evidence from these other sources before requesting them from Mr. Tucker, they simply demanded it from him, and then moved to compel production after Tucker gave them everything despite the burdensome and unreasonable request. Such behavior should not be rewarded. The Court should grant Tucker his attorney's fees for responding to the Subpoena and defending the Motion to Compel.

## CONCLUSION

The Subpoena here was oppressive, harassing, overbroad and abusive. Despite this, Tucker made every effort to respond with items relevant to this litigation. The Court should award Tucker expenses for his time in gathering the

information and producing it, and should award him attorney's fees for objecting to the Subpoena and for responding to the Motion to Compel.

Respectfully submitted this 22nd day of April, 2014.

By:/s/ Libby Banks

Libby Banks, Attorney at Law
**The Law Office of Libby Banks**
State Bar No. 020767
11120 North Tatum Blvd., Suite 101
Phoenix, AZ 85028
Phone: 602-375-6752
Fax: 602-795-0072
Email: libbybanks@yahoo.com

**ATTORNEY FOR JASON TUCKER**


**CERTIFICATE OF SERVICE**

I, Libby Banks, do hereby certify that on this 22nd day of April, 2014, I served the Response of Jason Tucker to Motion to Compel on:

John P. Flynn
Dioguardi Flynn LLP
7001 N. Scottsdale Road, Suite 2060
Scottsdale, AZ 85253

Chad L. Belville
4742 N. 24th Street Suite 315
Phoenix, AZ 85016

Spencer D. Freeman
1107 ½ Tacoma Ave. South
Tacoma, WA 98402


/s/ Libby Banks