**NOT FOR PUBLICATION**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Cybernet Entertainment, LLC, | No. CV-12-01101-PHX-SRB |
| Plaintiff, | **ORDER** |
| v. | |
| IG Media Inc. et al., | |
| Defendants. | |

The Court now considers non-party Jason Tucker's Notice of Compliance and Request for Award of Fees ("Tucker's Request") (Doc. 105).

**I.    BACKGROUND**

In a March 20, 2014 order, the Court denied all but one of Defendants' requests for the production of evidence from Mr. Tucker. (Doc. 104, Order at 7.) The Court noted that Mr. Tucker's request for attorney's fees and related costs was premature. (*Id.* at 6.) Mr. Tucker has advised the Court that he has complied with the production order by reviewing the available records and determining that no responsive documents existed for that request. (Tucker's Request at 1-2.) Mr. Tucker now "requests that the Court award fees [under Federal Rule of Civil Procedure 45(d)(2)(B)(ii)] and requests a ruling on that issue." (*Id.* at 2.)

**II.    LEGAL STANDARDS AND ANALYSIS**

"Rule 45(d)(2)(B)(ii) states that, when a court orders compliance with a subpoena over an objection, 'the order must protect a person who is neither a party nor a party's

officer from significant expense resulting from compliance.'" *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1184 (9th Cir. 2013) (quoting Fed. R. Civ. P. 45(d)(2)(B)(ii)). Because this provision is intended to limit a non-party's expenses when production or inspection of evidence is ordered by a court over objection, Mr. Tucker may only recover his expenses in complying with the Court's production order, if the expenses are significant.

In his Motion, Mr. Tucker failed to provide any documentation that listed the expenses he incurred in reviewing his records for responsive documents. In his Reply, Mr. Tucker has attached a billing history for attorney's fees incurred over the course of the discovery dispute as well as an invoice listing his own expenses in responding to the subpoena up until November 13, 2013. (Doc. 109, Reply to Resp. to Jason Tucker's Req. for Atty's Fee ("Reply"), Exs. 1 & 2.). These submissions are procedurally improper because Defendants are unable to challenge whether these expenses are recoverable or significant. In any event, because none of Mr. Tucker's expenses incurred prior to the Court's production order are recoverable, only five entries in the attorney billing history are arguably recoverable (totaling $1,100.00), as all other entries involve legal work predating the production order. (*Id.*, Ex. 1, Decl. of Libby Banks in Supp. of Jason Tucker's Appl. for Atty's Fees.) Based on the current record, this amount is a non-significant expense on Mr. Tucker, who is an executive of a company "that owns and licenses one of the world's largest erotic libraries of images" and has an interest in the outcome of the case as an intellectual property "enforcement officer" for Plaintiff. (Doc. 98-1, Decl. of Jason Tucker in Supp. of Pl.'s Mot. for TRO ¶ 4); *see Linder v. Calero-Portocarrero*, 251 F.3d 178, 182 (D.C. Cir. 2001) (listing factors for determining if expenses on a non-party are significant—"whether the non-party actually has an interest in the outcome of the case, whether the non-party can more readily bear its costs than the requesting party, and whether the litigation is of public importance" (internal quotation marks omitted)).[1]

---

[1] The Court also declines Plaintiff's invitation to reconsider whether sanctions

**IT IS ORDERED** denying non-party Jason Tucker's Notice of Compliance and Request for Award of Fees (Doc. 105).

Dated this 23rd day of April, 2014.

_____
Susan R. Bolton
United States District Judge

---

should be imposed on Defendants. (Reply at 3-6.)

- 3 -