1   John P. Flynn (# 015065)
    Peter J. Moolenaar (# 024487)
2   **DIOGUARDI FLYNN LLP**
    7001 N. Scottsdale Road, Suite 2060
3   Scottsdale, Arizona 85253
    Telephone:     (480) 951-8800
4   Facsimile:     (480) 951-8824
    jflynn@dioguardiflynn.com
5   pmoolenaar@dioguardiflynn.com

6   *Attorneys for Defendants*

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                          **DISTRICT OF ARIZONA**

10  Cybernet Entertainment LLC,
    a New York Company
11                                              Case No. 2:12-cv-01101-SRB
           Plaintiff,
12                                              **DEFENDANTS IG MEDIA INC.**
        -v.-                                    **AND INTERNATIONAL MEDIA**
13                                              **LTD.'S REQUESTS FOR**
    IG Media Inc. and International Media        **ADMISSION,**
14  Ltd. d/b/a YouJizz.com JizzHut.com, and     **INTERROGATORIES AND**
    JizzOnline.com and OnlyJizz.com and         **REQUESTS FOR**
15  MoviesGuy.com and JizzBo.com and            **PRODUCTION TO PLAINTIFF**
    HotFunHouse.com and Igor Gens
16
           Defendants.
17

18

19          Defendants IG Media Inc. and International Media Ltd., by and through

20  undersigned counsel, pursuant to Fed. R. Civ. P. 26, 33, 34 and 36, hereby serve

21  the following set of (i) Requests for Admission, (ii) Interrogatories, and (ii)

22  Requests for Production.

23                              **DEFINITIONS**

24          For the purposes of this set of Requests for Admission, Interrogatories,

25  and Requests for Production of Documents, the following terms and references

26  have been defined as follows:

27

28

    D0097944-210410-001                    1

1. The terms "Request" or "Requests" shall mean this First Set of Requests for Admission, Interrogatories, and Requests for Production of Documents.

2. The terms "And" and "Or" shall be construed conjunctively or disjunctively, whichever makes the Request more inclusive.

3. The terms "Any," "Each," "All," and "Every" shall be read to be all inclusive, and to require the enumeration of each and every item of information or, Document responsive to the interrogatory in which such term appears.

4. The terms "Communication" or "Communications," unless otherwise specified, refer to any form of oral or written transmission of ideas or information between two or more persons or entities, regardless of the medium by which such communication occurred.    Communication shall include, without limitation, internal writings, oral conversations or meetings among employees or other Representatives of the Defendant, personal conversations, telephone conversations, emails, letters, meetings, memoranda, negotiations, proposals, analyses, evaluations, recommendations, authorizations, approvals and/or decisions, telegraphic, telex, computer and facsimile communications or transmittals of Documents, and all Documents concerning such writings or oral conversations.

5. The term "Litigation" means *Cybernet Entertainment, LLC v. IG Media Inc., et al.* (2:12-CV-01101-PHX-SRB), pending in the United States District Court for the District of Arizona.

6. The term "Complaint" means the Complaint filed in the Litigation.

7. The term "International Media" shall mean the Defendants IG Media, Inc. and International Media Ltd., collectively, in the Litigation.

8. The term "Defendants" shall mean all Defendants, collectively, in this Litigation.

9. The terms "Concern" and "Concerning" mean Referring to constituting, discussing, evidencing, or in any way relevant to, to make the Request inclusive rather than exclusive.

10. The terms "Document" or "Documents" are defined in their customary broad sense and means all writings of any kind including the originals and non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, including, without limiting the generality of the foregoing, all correspondence, e-mail, and other electronically compiled data, memoranda, notes, diaries, statistics, letters, telegrams, telexes, contracts, reports, studies, checks, statements, receipts, returns, summaries, inter-office and intra-office communications, notes of conversations, telephone calls, chat logs (including but not limited to Skype, ICQ, AIM, or other Internet chat mediums), or other communications, bulletins, printed matter, computer printouts, invoices, worksheets and all drafts, alterations, modifications, changes and amendments of any of the foregoing (including, without limitation, photographs, charts, graphs, microfiche, microfilm, video tape, recordings or motion pictures).

11. The term "All Documents" means every Document, as defined above, known to You and every Document which can be located or discovered by reasonably diligent efforts.

12. The term "Including" shall mean "Including But Not Limited To" the matter discussed, to make the Request inclusive rather than exclusive.

13. The terms "Relate," "Related To," "Relating To," "With Respect To," "Referring To," or "Reflecting" refer to the state of being mutually or reciprocally interested, an aspect or quality that connects two or more things or parts as being or belonging together, connected, joined, or linked together logically for whatever reason, and shall be construed to encompass the past,

D0097944-210410-001

present or future tenses of the terms "discuss," "describe," "pertain to," "refer to," "summarize," "reflect," "show," "mention," "concern," and "comment upon."

14. The term "Representatives(s)" means any person, including any attorney, agent, or broker, who acts, has acted, or has at any time been requested or solicited to act, for the benefit or on behalf of any other person, with that other person's knowledge, consent, or acquiescence.

15. The terms "You," "Your," and "Yourself" means the plaintiff in the Litigation, its owners, principals, officers, directors, partners, members, employees, agents, attorneys, staff, independent contractors, subsidiaries, affiliates, parent entities, including, but not limited to Peter Acworth, Terrance Mundell, Yan Harewicz, Chad Belville, Mark Randazza, and/or Spencer Freeman.

16. The term "Works" means all the copyrighted works that Plaintiff has alleged Defendants have infringed (in any manner) in this Litigation.

17. The term "Marks" means all the trademarks, service marks, trade dresses or other designations of origin or marks that Plaintiff has alleged Defendants have infringed (in any manner) in this Litigation.

18. The phrase "YouJizz Websites" reference the websites available at the following domain names: YouJizz.com, JizzHut.com, JizzOnline.com, JizzBo.com, MoviesGuy.com and HotFunHouse.com.

## INSTRUCTIONS FOR USE

A. Where reference is made to any date or figure, in addition to the date or figure specified, the reference is intended to connote an approximation unless otherwise stated.

B. Wherever the singular form of a noun is used in these Requests, it is intended to and does apply as well to the plural form of the noun. Whenever the plural form of a noun is used in these Requests, it is intended to and does apply as well to the singular form of the noun unless otherwise specified.

4

C. In responding to these Requests, You are required to produce all Documents or tangible things known or available to You, regardless of whether the Documents are possessed directly by You, or by Your agents, employees, Representatives, investigators, attorneys, or other persons or entities acting or purporting to act on Your behalf.

D. These Requests are continuing Requests. If, after answering the Requests, You obtain or become aware of further information or Documents responsive to these Requests, You are required to supplement Your response to the applicable Request and/or produce all such additional Documents.

E. Each Request propounded herein is to be answered fully in writing under oath, unless it is objected to, in which case You are required to state the reasons for Your objection in lieu of an answer.

F. If any Document designed below cannot be produced by You in full, You are requested to produce each such Document to the extent possible, to specify the reasons for Your inability to produce the remainder of each such Document; and to state whatever information, knowledge, or belief You have concerning the substance of the contents of any Document not produced in whole or in part.

G. With respect to each Document produced, You are requested to designate the paragraph of the Request to which each such Document is responsive.

H. Each Request for a Document requires the production of the Document in its entirety, including all pages and attachments or exhibits, etc., without redaction or expurgation.

I. If any Document called for by these Requests is or has at any time been maintained by any intermediary, specifically Identify such Document and such whether it is currently maintained by such intermediary, and, if not, the period during which such Document was maintained by such intermediary and

the date which such ceased, and describe in detail the present circumstances under which such custody ceased, and the present location and cushion of the Document.

J.  If any Document responding to all or any part of any Request is not currently available, including a statement to that effect and furnish whatever Documents are available.  Include in Your statement when such Documents were most recently in Your possession or subject to Your control and what disposition was made of them, and Identify by name, job title, and the last known business address, each person currently in possession or control of such Documents.  If any such Documents have been destroyed, Identify by name, job title, and last known business address, each person who directed that the Documents be destroyed, the person(s) actually destroying the Documents, and state the reasons the Documents were destroyed.  Also, if a log or list of such destroyed Documents was prepared, produce that log or list.

K.  Where a Request requires You to identify facts You believe support a particular allegation, contention, conclusion or statement, set forth with particularity:

> (a) All facts relied upon;
>
> (b) The identity of all Documents related to those facts;
>
> (c) The identity of all lay witnesses who will or may be called to testify with respect to those facts; and
>
> (d) The identity of all experts who will or may be called to testify with respect to those facts.

## PROCEDURE FOR CLAIMING LIMITATION ON DISCOVERY

In the event You contend that the answer to any Request is privileged or that any Document requested is privileged or otherwise does not need to be produced in response to these Requests, please note such failure to produce as an objection to the Request and comply with the Request to the extent that it is not

6

subject to the obligation.  In addition, please implement the following procedure with respect to the Document You deem protected:

(a)   Supply International Media with a numerical list of the Documents for which a limitation of discovery is claimed indicating:

(1)   The name of the writer, sender, originator of each such Document, if any;

(2)   The name of the person in custody or charge or possession of each Document, if any;

(3)   The name of the recipient, addressee, or party for whom such Document was intended, if any;

(4)   The date of each such Document, if any, or the date of manufacture of each such Document (if no date appears on said Document, estimate a date);

(5)   The general subject matter as described in each such Document, or if no such description appears, then such other description sufficient to Identify and Document;

(6)   The name, business address, and position of each person who has seen, or has access to or knowledge of the contents or nature of any such Document; and

(7)   The nature and grounds of the privilege or other reason for non-production or non-disclosure which You assert in support of Your objection.


## REQUESTS FOR ADMISSION

1.   Admit that each of the International Media websites identified in the Complaint shares and draws from the exact same servers and database.

_____ Admit          _____ Deny

2.      Admit that Defendants do not own or operate YouJizzPremium.com.

_____ Admit            _____ Deny

3.      Admit that International Media websites host content uploaded by third parties.

_____ Admit            _____ Deny

4.      Admit that International Media does not compensate any third parties whom upload content on International Media websites.

_____ Admit            _____ Deny

5.      Admit that You authorized International Media to host the videos identified in Exhibit A, attached hereto.

_____ Admit            _____ Deny

6.      Admit that each of the videos identified in Your Complaint as being allegedly infringing were removed or disabled by International Media following notification from You of allegedly infringing activity.

_____ Admit            _____ Deny

8

7.     Admit that International Media is a service provider as defined by 17 U.S.C. § 512(k)(1)(B).

_____ Admit          _____ Deny

8.     Admit that International Media qualifies for the safe harbor provisions set out in 17 U.S.C. § 512(c).

_____ Admit          _____ Deny

9.     Admit that International Media did not receive a financial benefit directly attributable to the infringing activity alleged in the Complaint.

_____ Admit          _____ Deny

10.     Admit that International Media has designated an agent with the United States Copyright Office in accordance with 17 U.S.C. § 512(c)(2).

_____ Admit          _____ Deny

11.     Admit that International Media has adopted a repeat infringer policy in accordance with 17 U.S.C. § 512(i)(A).

_____ Admit          _____ Deny

D0097944-210410-001

12.     Admit that International Media has reasonably implemented a repeat infringer policy in accordance with 17 U.S.C. § 512(i)(A).

_____ Admit          _____ Deny

13.     Admit that International Media has reasonably notified its users of its repeat infringer policy in accordance with 17 U.S.C. § 512(i)(A).

_____ Admit          _____ Deny

## INTERROGATORIES

1.     Identify each and every fact Related To Your allegations in the Complaint, including in paragraphs 507 and 520, that Defendants' conduct was "willful," "intentional," and/or "purposeful."

2.     Identify each and every fact Related To Your allegations in the Complaint, including in paragraph 507, that Defendants acted with "willful blindness and reckless disregard."

//
//
//

D0097944-210410-001

3.     Identify each and every fact Related To Your allegations in the Complaint, including in paragraph 508, that Plaintiff has suffered and will continue to suffer "substantial losses."

4.     Identify each and every fact Related To Your allegations in the Complaint, including in paragraphs 515, 525 and 534, that Defendants have "knowingly" induced, caused or materially contributed to infringement of any kind.

5.     Identify each and every fact Related To Your allegation in the Complaint, including in Paragraph 516, that Defendants actions have constituted "contributory infringement."

6.     Identify each and every fact Related To Your allegations in the Complaint, including in Paragraph 526, that Defendants' actions constitute vicarious infringement (of any kind).

//
//
//
//

11

D0097944-210410-001

7.     Identify each and every fact Related To Your allegation in Paragraph 533 of the Complaint that "Defendants have encouraged the illegal uploading and downloading of Plaintiff's copyrighted works."

8.     Identify each and every fact Related To Your allegation that "Defendant's conduct is likely to cause confusion, mistake or deception" as alleged in Paragraph 542 of the Complaint.

9.     Identify each and every instance of actual confusion, mistake or deception between Defendants' affiliation, connection or association with Plaintiff, or as to the origin, sponsorship or approval of their goods or commercial activities.

10.     Identify each and every fact Related To Your allegations in the Complaint, including in Paragraph 543, that Defendants' conduct "constitutes false designation of origin."

//
//
//
//

12

D0097944-210410-001

11.     Identify and Describe any and all Communications with any witness identified in Section A of Plaintiff's Disclosure Statement which Relate in any way to the Litigation.

12.     Identify each Person that You have sent a notice of copyright infringement or violation, including pursuant to 17 U.S.C. § 512(c).

13.     Describe in detail how You market and sell copies of the Works, including identifying to whom the copies are marketed and sold, how much each copy is sold for and how much total revenue and profit per year you receive from selling copies of such Works.

14.     Describe in detail how You license each of the Works, including identifying each Person to whom such Works are licensed, how much revenue You receive for each license and how much total revenue and profit per year You receive from licensing such Works.

//
//
//
//

13

15.     Describe in detail how You promote, market and license the Marks, including identifying each Person to whom the Marks are licensed, how much revenue You receive for each license and how much total revenue and profit per year You receive from licensing the Marks.

16.     Identify each Internet website on which You have made the Works available (including shorter "clips" of the Works), including the URL for each such Work available on each such website.

17.     Describe in detail the consideration and/or benefit You received for making available the Works on each of the Internet websites identified in the previous Interrogatory.

18.     Describe in detail Every affiliation or business relationship You had with the Defendants prior to the filing of this Litigation.

//
//
//
//

19.     Identify and describe Every Communication You had with any of the Defendants and anyone acting on their behalf prior to the filing of this Litigation.

20.     Identify Every witness You plan to call to testify in this Litigation and the subject matter on which each witness is expected to testify.

21.     If Your response to any of the Requests for Admission served herewith was anything other than an unqualified admission, for each such response:

(a)     State the legal and factual (if any) basis for such denial or qualified admission;

(b)     Identify all of the evidence you believe supports your denial or qualified admission, including, without limitation:

i.     Each and every person who will testify about the issue and what you expect their testimony will be; and,

ii.     Every document which refers or relates to the issue and how you believe it supports your position.

## REQUESTS FOR PRODUCTION

1.     All Documents Identified in or Related To Your response to any of the foregoing Interrogatories or Requests for Admission.

2.     All Documents, data compilations, and tangible things identified in Section B of Plaintiff's Fed.R.Civ.P.26(a) Disclosures in the Litigation ("Plaintiff's Disclosure Statement").

D0097944-210410-001

3.    All Documents Related To any witness identified in Section A of Plaintiff's Disclosure Statement which relate in any way to the Litigation.

4.    All Documents Related To the damages identified in Section C of Plaintiff's Disclosure Statement.

5.    All Documents exchanged by and between You and Jason Tucker from January 1, 2010 to present.

6.    All Documents exchanged by and between You and any Representative of Battleship Stance LLC from January 1, 2010 to present.

7.    All Documents Related To International Media.

8.    All Documents You intend to offer into evidence in this Litigation.

9.    All Documents provided to, provided by, or created by any and all experts consulted by You in connection with this Litigation, whether or not such expert is expected to testify at trial.


**RESPECTFULLY SUBMITTED** this 17th day of April, 2014.

**DIOGUARDI FLYNN LLP**


By: _____
    John P. Flynn (# 015065)
    Peter V. Moolenaar (# 024487)
    *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

1

2        I hereby certify that on the 17th day of April, 2014, I transmitted the foregoing document to the following via U.S. Mail.

3    Chad L. Belville
     Attorney at Law
4    4742 N. 24th Street, Suite 315
     Phoenix, AZ 85016
5    cbelville@azbar.org
     *Attorney for Plaintiff*
6
     Spencer D. Freeman
7    Attorney at Law
     1107 ½ Tacoma Avenue South
8    Tacoma, WA 98402
     sfreeman@freemanlawfirm.org
9    *Attorney for Plaintiff*

10

11
     By: M. Barber
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

Case 2:12-cv-01101-SRB   Document 95   Filed 09/12/13   Page 25 of 25

| Length (min) | Name | URL |
|---|---|---|
| 4:02:00 | A fucken corner store fuck | http://www.youjizz.com/videos/a-fucken-corner-store-fuck-2174275.html |
| 4:00:00 | Gorgeous brunette first time machine fuck | http://www.youjizz.com/videos/gorgeous-brunette-first-time-machine-fuck-2179752.html |
| 3:59:00 | Nice girl gets machine fucked | http://www.youjizz.com/videos/nice-girl-gets-machine-fucked-2173716.html |
| 3:57:00 | Check out the tongue licking machine | http://www.youjizz.com/videos/check-out-the-tongue-licking-machine-2176469.html |
| 3:56:00 | Two lezbos elbow deep in love | http://www.youjizz.com/videos/two-lezbos-elbow-deep-in-love-2172748.html |
| 3:54:00 | Hot first time machine fucker | http://www.youjizz.com/videos/hot-first-time-machine-fucker-2173305.html |
| 3:54:00 | Awesome Ass and pussy play | http://www.youjizz.com/videos/awesome-ass-and-pussy-play-2179899.html |
| 3:53:00 | Crazy slut gets fucked in a cake factory | http://www.youjizz.com/videos/crazy-slut-gets-fucked-in-a-cake-factory-2174274.html |
| 3:52:00 | Geek girl prefers machines to cock | http://www.youjizz.com/videos/geek-girl-prefers-machines-to-cock-2177573.html |
| 3:52:00 | Machine DPs the shit out of her | http://www.youjizz.com/videos/machine-dps-the-shit-out-of-her-2173709.html |
| 3:52:00 | Eva gets her ass handed to her | http://www.youjizz.com/videos/eva-gets-her-ass-handed-to-her-2179786.html |
| 3:52:00 | Cute brunette gets fucked by machines | http://www.youjizz.com/videos/cute-brunette-gets-fucked-by-machines-2181142.html |
| 3:50:00 | Kinky ass lovers threesome | http://www.youjizz.com/videos/kinky-ass-lovers-threesome-2180549.html |
| 3:50:00 | Wrestling: Winner fucks the losers pussy | http://www.youjizz.com/videos/wrestling-winner-fucks-the-losers-pussy-2177644.html |
| 3:49:00 | Two chicks battle will Lorena be 0 2 | http://www.youjizz.com/videos/two-chicks-battle-will-lorena-be-0-2-2177643.html |
| 3:49:00 | Kinky orgy breaks out in operation room | http://www.youjizz.com/videos/kinky-orgy-breaks-out-in-operation-room-2247177.html |
| 3:45:00 | Slut forced to fuck in public | http://www.youjizz.com/videos/slut-forced-to-fuck-in-public-2173306.html |

1
John P. Flynn (# 015065)
Peter J. Moolenaar (# 024487)
2
**DIOGUARDI FLYNN LLP**
7001 N. Scottsdale Road, Suite 2060
3
Scottsdale, Arizona 85253
Telephone:    (480) 951-8800
4
Facsimile:    (480) 951-8824
jflynn@dioguardiflynn.com
5
pmoolenaar@dioguardiflynn.com

6
*Attorneys for Defendants*

7

8
### IN THE UNITED STATES DISTRICT COURT

9
### DISTRICT OF ARIZONA

10
Cybernet Entertainment LLC,
a New York Company

11
         Plaintiff,

Case No. 2:12-cv-01101-SRB

12
         -v.-

**DEFENDANT IGOR GENS'
INTERROGATORIES AND
REQUESTS FOR
PRODUCTION TO PLAINTIFF**

13
IG Media Inc. and International Media
14
Ltd. d/b/a YouJizz.com JizzHut.com, and
JizzOnline.com  and  OnlyJizz.com  and
15
MoviesGuy.com  and  JizzBo.com  and
HotFunHouse.com and Igor Gens
16

         Defendants.
17

18

19
      Defendant Igor Gens, by and through undersigned counsel, pursuant to
20
Fed. R. Civ. P. 26, 33 and 34, hereby serves the following Interrogatories and
21
Requests for Production.

22
### DEFINITIONS

23
      For the purposes of these Interrogatories and Requests for Production of
24
Documents, the following terms and references have been defined as follows:

25
      1. The terms "Request" or "Requests" shall mean this set of
26
Interrogatories and Requests for Production of Documents.

27
      2. The terms "And" and "Or" shall be construed conjunctively or
28
disjunctively, whichever makes the Request more inclusive.

1

D0098140/10410-001

3. The terms "Any," "Each," "All," and "Every" shall be read to be all inclusive, and to require the enumeration of each and every item of information or, Document responsive to the interrogatory in which such term appears.

4. The terms "Communication" or "Communications," unless otherwise specified, refer to any form of oral or written transmission of ideas or information between two or more persons or entities, regardless of the medium by which such communication occurred.   Communication shall include, without limitation, internal writings, oral conversations or meetings among employees or other Representatives of the Defendant, personal conversations, telephone conversations, emails, letters, meetings, memoranda, negotiations, proposals, analyses, evaluations, recommendations, authorizations, approvals and/or decisions, telegraphic, telex, computer and facsimile communications or transmittals of Documents, and all Documents concerning such writings or oral conversations.

5. The term "Litigation" means *Cybernet Entertainment, LLC v. IG Media Inc., et al.* (2:12-CV-01101-PHX-SRB), pending in the United States District Court for the District of Arizona.

6. The term "Complaint" means the Complaint filed in the Litigation.

7. The term "Defendants" shall mean the Defendants, collectively, in the Litigation.

8. The term "Gens" shall mean Defendant Igor Gens.

9. The terms "Concern" and "Concerning" mean Referring to constituting, discussing, evidencing, or in any way relevant to, to make the Request inclusive rather than exclusive.

10. The terms "Document" or "Documents" are defined in their customary broad sense and means all writings of any kind including the originals and non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, including, without limiting the

2

generality of the foregoing, all correspondence, e-mail, and other electronically compiled data, memoranda, notes, diaries, statistics, letters, telegrams, telexes, contracts, reports, studies, checks, statements, receipts, returns, summaries, inter-office and intra-office communications, notes of conversations, telephone calls, chat logs (including but not limited to Skype, ICQ, AIM, or other Internet chat mediums), or other communications, bulletins, printed matter, computer printouts, invoices, worksheets and all drafts, alterations, modifications, changes and amendments of any of the foregoing (including, without limitation, photographs, charts, graphs, microfiche, microfilm, video tape, recordings or motion pictures).

11. The term "All Documents" means every Document, as defined above, known to You and every Document which can be located or discovered by reasonably diligent efforts.

12. The term "Including" shall mean "Including But Not Limited To" the matter discussed, to make the Request inclusive rather than exclusive.

13. The terms "Relate," "Related To," "Relating To," "With Respect To," "Referring To," or "Reflecting" refer to the state of being mutually or reciprocally interested, an aspect or quality that connects two or more things or parts as being or belonging together, connected, joined, or linked together logically for whatever reason, and shall be construed to encompass the past, present or future tenses of the terms "discuss," "describe," "pertain to," "refer to," "summarize," "reflect," "show," "mention," "concern," and "comment upon."

14. The term "Representatives(s)" means any person, including any attorney, agent, or broker, who acts, has acted, or has at any time been requested or solicited to act, for the benefit or on behalf of any other person, with that other person's knowledge, consent, or acquiescence.

15. The terms "You," "Your," and "Yourself" means the plaintiff in the Litigation, its owners, principals, officers, directors, partners, members,

1  employees, agents, attorneys, staff, independent contractors, subsidiaries,
2  affiliates, parent entities, including, but not limited to Peter Acworth, Terrance
3  Mundell, Yan Harewicz, Chad Belville, Mark Randazza, and/or Spencer
4  Freeman.

5       16. The term "Works" means all the copyrighted works that Plaintiff has
6  alleged Defendants have infringed (in any manner) in this Litigation.

7       17. The term "Marks" means all the trademarks, service marks, trade
8  dresses or other designations of origin or marks that Plaintiff has alleged
9  Defendants have infringed (in any manner) in this Litigation.

10       18. The phrase "YouJizz Websites" reference the websites available at
11  the following domain names: YouJizz.com, JizzHut.com, JizzOnline.com,
12  JizzBo.com, MoviesGuy.com and HotFunHouse.com.

## INSTRUCTIONS FOR USE

     A. Where reference is made to any date or figure, in addition to the date
or figure specified, the reference is intended to connote an approximation unless
otherwise stated.

     B. Wherever the singular form of a noun is used in these Requests, it is
intended to and does apply as well to the plural form of the noun. Whenever the
plural form of a noun is used in these Requests, it is intended to and does apply as
well to the singular form of the noun unless otherwise specified.

     C. In responding to these Requests, You are required to produce all
Documents or tangible things known or available to You, regardless of whether
the Documents are possessed directly by You, or by Your agents, employees,
Representatives, investigators, attorneys, or other persons or entities acting or
purporting to act on Your behalf.

     D. These Requests are continuing Requests. If, after answering the
Requests, You obtain or become aware of further information or Documents

4

1   responsive to these Requests, You are required to supplement Your response to

2   the applicable Request and/or produce all such additional Documents.

3        E. Each Request propounded herein is to be answered fully in writing

4   under oath, unless it is objected to, in which case You are required to state the

5   reasons for Your objection in lieu of an answer.

6        F. If any Document designed below cannot be produced by You in full,

7   You are requested to produce each such Document to the extent possible, to

8   specify the reasons for Your inability to produce the remainder of each such

9   Document; and to state whatever information, knowledge, or belief You have

10  concerning the substance of the contents of any Document not produced in whole

11  or in part.

12       G. With respect to each Document produced, You are requested to

13  designate the paragraph of the Request to which each such Document is

14  responsive.

15       H. Each Request for a Document requires the production of the

16  Document in its entirety, including all pages and attachments or exhibits, etc.,

17  without redaction or expurgation.

18       I. If any Document called for by these Requests is or has at any time

19  been maintained by any intermediary, specifically Identify such Document and

20  such whether it is currently maintained by such intermediary, and, if not, the

21  period during which such Document was maintained by such intermediary and

22  the date which such ceased, and describe in detail the present circumstances

23  under which such custody ceased, and the present location and cushion of the

24  Document.

25       J. If any Document responding to all or any part of any Request is not

26  currently available, including a statement to that effect and furnish whatever

27  Documents are available. Include in Your statement when such Documents were

28  most recently in Your possession or subject to Your control and what disposition

1  was made of them, and Identify by name, job title, and the last known business
2  address, each person currently in possession or control of such Documents.  If
3  any such Documents have been destroyed, Identify by name, job title, and last
4  known business address, each person who directed that the Documents be
5  destroyed, the person(s) actually destroying the Documents, and state the reasons
6  the Documents were destroyed.  Also, if a log or list of such destroyed
7  Documents was prepared, produce that log or list.

8      K. Where a Request requires You to describe in detail the factual basis
9  for a particular allegation, contention, conclusion or statement, set forth with
10  particularity:

11          (a) All facts relied upon;
12          (b) The identity of all Documents related to those facts;
13          (c) The identity of all lay witnesses who will or may be called to
14              testify with respect to those facts; and
15          (d) The identity of all experts who will or may be called to testify
16              with respect to those facts.

17  **PROCEDURE FOR CLAIMING LIMITATION ON DISCOVERY**

18      In the event You contend that the answer to any Request is privileged or
19  that any Document requested is privileged or otherwise does not need to be
20  produced in response to these Requests, please note such failure to produce as an
21  objection to the Request and comply with the Request to the extent that it is not
22  subject to the obligation.  In addition, please implement the following procedure
23  with respect to the Document You deem protected:

24      (a)   Supply Gens with a numerical list of the Documents for which a
25  limitation of discovery is claimed indicating:

26      (1)   The name of the writer, sender, originator of each such Document,
27  if any;
28

(2)    The name of the person in custody or charge or possession of each Document, if any;

(3)    The name of the recipient, addressee, or party for whom such Document was intended, if any;

(4)    The date of each such Document, if any, or the date of manufacture of each such Document (if no date appears on said Document, estimate a date);

(5)    The general subject matter as described in each such Document, or if no such description appears, then such other description sufficient to Identify and Document;

(6)    The name, business address, and position of each person who has seen, or has access to or knowledge of the contents or nature of any such Document; and

(7)    The nature and grounds of the privilege or other reason for non-production or non-disclosure which You assert in support of Your objection.

## INTERROGATORIES

1.    Identify each and every fact Related To Your allegation in the Complaint that Gens is individually liable for copyright infringement.

2.    Describe in detail all of the facts and circumstances Related To Your knowledge of the Works and Marks on the YouJizz Websites, including when You first knew that each of the Works and Marks were on the YouJizz Websites.

D0098140/10410-001

1    3.    Describe in detail the efforts You took to have the Works and
2  Marks removed from the YouJizz Websites prior to filing the Litigation.
3
4
5
6    4.    Describe in detail the efforts You took to prevent the unauthorized
7  uploading, viewing and/or use on the Internet of the Works and the Marks,
8  including any affiliation You may have with any video or image content
9  identification, management or takedown services (e.g., Vobile, dmca.com,
10  Guardlex).
11
12
13
14    5.    Describe in detail the factual basis on which You allege in Your
15  Complaint that Defendants do not qualify for safe harbor protection under the
16  Digital Millennium Copyright Act.
17
18
19
20    6.    Describe in detail the factual basis on which You allege in Your
21  Complaint that the copyrights in the Works are unique and valuable property
22  having no readily determinable market value.
23
24
25
26  //
27  //
28  //

8

D0098140/10410-001

7.    Describe in detail the factual basis on which You allege in the Complaint that Defendants' alleged infringement harms Your business reputation and goodwill.

8.    Identify the copyright registration for each of the Works, including the registered title, the registration number, the registration date, the date of creation and the registered owner for each of the Works.

9.    Identify the trademark registration for each of the Marks, including the word, description, date of first use in commerce, filing date, registration date, registration number, serial number and registered owner where available.

10.    Identify each and every time that You (or any of your agents) uploaded or made available any of the Works to any website including the date of such upload and the address of such website.

//
//
//
//

9

11.     Identify and describe each Communication between You, on the one hand, and any other person or entity, on the other, concerning or regarding Your offer to purchase one or more of the Defendants' websites.

12.     Identify and describe each Communication between You, on the one hand, and any other person or entity, on the other, concerning or regarding Your offer to purchase any website owned by a person or entity whom You have sued or against whom You have threatened suit.

13.     Identify every functioning website that You have purchased over the past five (5) years.

14.     For each website identified in response to the previous interrogatory, state if You had ever alleged that the purchased website had infringed on any of Your trademarks or Copyrights.

//
//
//
//

10

1

2

3

15.    Identify each and every video file that You provided to the Defendants for the purpose (or with the expectation) that the Defendants would post such video files at one or more of their websites.

4

5

6

7

8

9

16.    Identify and describe each Communication between You and Media Reps LLC ("Media Reps") concerning or relating to the Litigation or any of the Defendants in this action.

10

11

12

13

14

15

17.    Identify and describe each Communication between You and Media Reps concerning or relating to any other litigation or threatened litigation brought by (or contemplated by) You.

16

17

18

19

20

18.    Identify and describe each Communication between You and and CM Productions, LLC ("CMP") concerning or relating to the Litigation or any of the Defendants in this action.

21

22

23

24

25

19.    Identify and describe each Communication between You and CMP concerning or relating to any other litigation or threatened litigation brought by (or contemplated by) You.

26

27

28

20.   Identify and describe each Communication between You and Lawrence Waters concerning or relating to any of the Defendants in the Litigation.

21.   Identify and describe each Communication between You and Reflected Networks, Inc. concerning or relating to any of the Defendants in the Litigation.

22.   Identify any fingerprinting, hash marking, or other technology (including, but not limited to products provided by Vobile), which You utilize and, for each technology so utilized, the date You adopted that technology.

## REQUESTS FOR PRODUCTION

1.   All Documents Identified in or Related To Your response to any of the foregoing Interrogatories.

2.   All Documents referencing or constituting copyright infringement or violation, Including pursuant to 17 U.S.C. § 512(c), or cease and desist letters sent by or on behalf of Plaintiff, related to or referencing the Defendants and/or the YouJizz Websites.

3.   All Documents referencing or constituting notices of copyright infringement or violation, including pursuant to 17 U.S.C. § 512(c), and cease and desist letters, sent by or on behalf of Plaintiff to any Person.

4.   All Documents evidencing or referencing Your association with Jason Tucker, including any employment or independent contractor agreements and any Documents evidencing payments from You to Jason Tucker.

12

5.    All Documents Relate To any and all Communications between You and Jason Tucker Relating To Defendants, the YouJizz Websites, Chad Belville, Fraserside IP, LLC, Fraserside Holdings, Ltd, Private Media Group or the Litigation.

6.    All Documents Related To Your ability to monetize the Works and the Marks, including through advertising revenue, subscriptions, sales, licensing or any other means.

7.    All Documents Related To Your marketing and sales of copies of the Works, including marketing strategies, pricing lists, profit and loss statements and balance sheets.

8.    All Documents Related To Your licensing of the Works, including marketing strategies, pricing lists, profit and loss statements and balance sheets.

9.    All Documents Related to any and all Communications between You and Defendants prior to the filing of this Litigation.

10.   All Documents Related To the Works availability on the YouJizz Websites prior to the filing of this Litigation.

11.   All Documents Related To any and all Communications between You and business affiliates of Defendants, including advertisers and advertising brokers of Defendants.

12.   All Documents Related To any confusion, mistake or deception as to Defendants' affiliations, connection, or association with You, or as to the origin, sponsorship or approval of their goods or commercial activities.

13.   The copyright registration certificates for each of the Works.

14.   The trademark registration certificates for each of the Marks.

15.   All Documents Related To the registration of each of the Marks.

16.   All Documents Related To Your efforts to prevent or limit the unauthorized uploading, downloading or viewing of the Works on the Internet.

13

1

17.   All Documents Related To Your efforts to have removed or have

2

access disabled to the Works and/or Marks on the YouJizz Websites prior to the

3

filing of the Litigation.

4

18.   All Documents Related To any and all Communications between

5

You and Fraserside IP, LLC, Fraserside Holdings, Ltd and Private Media Group.

6

7

**RESPECTFULLY SUBMITTED** this 17th day of April, 2014.

8

9

**DIOGUARDI FLYNN LLP**

10

11

By:

12

John P. Flynn (# 015065)
Peter J. Moolenaar (# 024487)
*Attorneys for Defendants*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

D0098140/10410-001

## CERTIFICATE OF SERVICE

1

2          I hereby certify that on the 17th day of April, 2014, I transmitted the foregoing document to the following via U.S. Mail.

3    Chad L. Belville
     Attorney at Law
4    4742 N. 24th Street, Suite 315
     Phoenix, AZ 85016
5    cbelville@azbar.org
     *Attorney for Plaintiff*

6

7    Spencer D. Freeman
     Attorney at Law
     1107 ½ Tacoma Avenue South
8    Tacoma, WA 98402
     sfreeman@freemanlawfirm.org
9    *Attorney for Plaintiff*

10

11

12   By: M. Barber
     _____

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

D0098140/10410-001