**From:** Jeff Cully [mailto:jcully@freemanlawfirm.org]
**Sent:** Friday, June 27, 2014 4:45 PM
**To:** Peter Moolenaar; Spencer Freeman
**Subject:** Cybernet v IG Media Inc., et all

Mr. Moolenaar,

Mr. Freeman has been in trial that went longer in another jurisdiction and I can not get a hold of him, but I think that he will be back Monday or Tuesday. I am sending off to you what I have on my desk, I know there is more but since Spencer has not been back in the office from trial as expected I do not know where he has it. In addition, I am confirming with you that our client will be available the week of July 21, 2014.


--
Jeff Cully
Administrative Officer
Freeman Law Firm, Inc.

Email- jcully@freemanlawfirm.org

Telephone: 253-383-4500

Fax: 253-383-4501

CONFIDENTIALITY NOTICE: This e-mail and any attachments may contain privileged information generated by the Freeman Law Firm, Inc. that is protected by attorney-client, work product, and/or other privileges.  If you are not the intended recipient, you are hereby notified that any review, disclosure, or taking of any action in reliance on the contents is strictly prohibited.  Therefore, if you are not the intended recipient please do not read or review this e-mail or its attachments. Please also notify the sender of your receipt of this e-mail and delete all copies of the e-mail and its attachments from your system. Thank you.

Be kind to trees.....Only print this email if necessary! The trees thank you!

1  Spencer D. Freeman, WSBA#25069
   Attorney for Plaintiff Cybernet Entertainment.
2  1107 ½ Tacoma Avenue South
   Tacoma, WA 98402
3  Telephone: (253) 383-4500
   Facsimile: (253) 383-4501
4  Email: sfreeman@freemanlawfirm.org
   (Pro Hac Vice)
5

6

7                    UNITED STATES DISTRICT COURT
8                        DISTRICT OF ARIZONA
                         PHOENIX DIVISION
9

10 CYBERNET ENTERTAINMENT, LLC, a New
11 York Company,                              Case No.:  2:12-cv-01101 SRB

12        Plaintiff,                          **PLAINTIFF CYBERNET
                                              ENTERTAINMENT LLC'S
13 vs.                                        RESPONSES TO IG MEDIA, INC.'S
                                              REQUESTS FOR ADMISSION,
14 IG MEDIA INC., et al.,                     INTERROGATORIES AND REQUESTS
                                              FOR PRODUCTION TO PLAINTFF**
15        Defendants.
16

17

18        Plaintiff Cybernet Entertainment LLC, by and through undersigned counsel,

19 pursuant to Fed. R. Civ. P. 26, 33, 34, and 36 hereby serves the following Response to

20 Defendant IG Media, Inc.'s Request for Admission, Interrogatories, and Requests for

21 Production.

22                        **REQUESTS FOR ADMISSION**

23

24

25        1.    Admit that each of the International Media websites identified in the

26 Complaint shares and draws from the exact same servers and database.

                                    - 1 -

1    **RESPONSE:** Denied.  Reflective Network records establish that the websites are not on

2    the exact same server, but rather multiple servers and hosting providers.  In addition, the

3    posting of one video on one YouJizz Website does not necessarily or consistently post

4    the same video on all other YouJizz Websites, established by the documentation of the

5    infringements.

6

7        2.     Admit that Defendants do not own or operate YouJizzPremium.com.

8    **RESPONSE:** Cybernet lacks knowledge and therefore cannot admit or deny.

9    Defendants claim that Manwin owns the site, but Cybernet has communicated with

10    Manwin, and discovered that this is not true.  Defendants have thus far thwarted

11    production of any documents pertaining to independent contractors, programmers,

12    advertisers, and financial documents, which would further such investigations and provide

13    the information necessary to answer this request.

14

15        3.     Admit that International Media websites host content uploaded by third

16    parties.

17    **RESPONSE:** Denied to the extent that the request is specific to Cybernet's copyrighted

18    works and trademarks.  The Reflected Network production and research compared with

19    Defendants' production establishes that the video uploads claimed by Defendants did not

20    happen as they claim.  Regarding video content other than Cybernet's copyrighted

21    Works, Cybernet lacks knowledge and therefore cannot admit or deny specific to any and

22    all videos hosted at the International Media websites.

23

24        4.     Admit that International Media does not compensate any third parties

25    whom upload content on International Media websites.

26

1  **RESPONSE:**  Cybernet cannot admit nor deny this request, as Defendants have

2  thwarted producing any communications with or payments to independent contractors or

3  any third parties and has refused to produce any financial documents, all of which would

4  be necessary in answering this request.

5

6      5.  Admit that You authorized International Media to host the videos identified

7  in Exhibit A, attached hereto.

8  **RESPONSE:**  Admitted to the extent that an agent of Defendant was granted authority

9  to display the limited short video clips identified in Exhibit A were to be done so solely

10  in promotion of Cybernet paid subscription websites and with a link to Cybernet's

11  properties commiserate with Cybernet's Affiliate Program.  Documents establishing this

12  include Cybernet's terms of service.  Mr. Terrence Mundell can testify to the purpose of

13  authority to post these videos.  Denied to the extent that Defendants complied with the

14  terms of displaying these videos and thus displayed them unlawfully and without

15  authority.

16

17      6.  Admit that each of the videos identified in Your Complaint as being allegedly

18  infringing were removed or disabled by International Media following notification from

19  You of allegedly infringing activity.

20  **RESPONSE:**  Denied.  First, Mr. Gens refused stating that he had authority to display

21  the videos, which he did not.  Second, on several occasions throughout this litigation, the

22  videos were available for viewing by users.  Third, "disabled" still enabled the user to

23  view thumbnail shots of the videos, thus still displaying Cybernet's copyrighted works.

24

25

26

7.     Admit that International Media is a service provider as defined by 17 U.S.C. § 512(k)(1)(B).

**RESPONSE:**  Denied.   For factual and legal basis, and for evidence believed to support this contention, please refer to Responses to Interrogatories Nos. 1, 3, and 5.

8.     Admit that International Media qualifies for the safe harbor provisions set out in 17 U.S.C. § 512(c).

**RESPONSE:**  Denied.  For factual and legal basis, and for evidence believed to support this contention, please refer to Responses to Interrogatories Nos. 1, 3, and 5.

9.     Admit that International Media did not receive a financial benefit directly attributable to the infringing activity alleged in the Complaint.

**RESPONSE.**  Denied.  For factual and legal basis, and for evidence believed to support this contention, please refer to Responses to Interrogatories Nos. 1, 3, and 5.

10.     Admit that International Media has designated an agent with the United States Copyright Office in accordance with 17 U.S.C. § 512(c)(2).

**RESPONSE:**  Admit.

11.     Admit that International Media has adopted a repeat infringer policy in accordance with 17 U.S.C. § 512(i)(A).

**RESPONSE:**  Denied.  The repeat infringer policy disclosed by Defendants is not reasonable as required by 17 U.S.C. § 512(i)(A), specifically the permission of 9

- 4

1  reported infringements is unreasonable. Further, the Defendants specifically reserve the

2  right to revise and change the policy without notice to users is not sufficient notice of a

3  repeat infringer policy.  It is also believed that Defendants do not actually implement the

4  policy – however, Defendants are thwarting Plaintiffs investigation in this regard as

5  Defendants refuse to produce any information pertaining to reported infringements and

6  terminated users.

7

8

9      12.     Admit that International Media has reasonably implemented a repeat infringer

10  policy in accordance with 17 U.S.C. § 512(i)(A).

11  **RESPONSE:**  Denied.  Defendant refuses to produce documentation regarding take

12  down notices and terminations, thus thwarting Plaintiffs attempts to prove this

13  contention.  More importantly, however, Defendant also thereby fails to establish the

14  reasonable implementation of the policy.

15

16

17      13.     Admit that International Media has reasonably notified its users of its

18  repeat infringer policy in accordance with 17 U.S.C. § 512(i)(A).

19  **RESPONSE:**  Denied.  The policy itself states that Defendants may alter the policy at

20  any time without notice to the users.  This inherently fails to property notify the users of

21  the policy.

22

23

24

25

26

## INTERROGATORIES

1.      Identify each and every fact Related To Your allegations in the Complaint, including in paragraphs 507 and 520, that Defendants' conduct was "willful," "intentional," and/or "purposeful."

**RESPONSE:**

(a) Defendants actively blocked out Cybernet trademarks on some of the unauthorized displayed Works.

(b) Cybernet's trademarks were used by Defendants to enable users to search specifically for Cybernet's videos on the YouJizz Websites.

(c) Defendants placed their own watermarks on some of the unauthorized displayed Works.

(d) Defendants failed to respond to take down notices.

(e) Defendant Gens admitted actual knowledge of the presence of Cybernet's Works on the YouJizz Websites.

(f) Defendants re-displayed videos on multiple occasions throughout this Litigation.

(g) Defendants, per their terms of service and statements on the Wesbites, reviewed and approved all videos posted on the Websites.  Given that Cybernet's trademarks and the Kink Armory are prominent and notable on each video, Defendants had knowledge of the posting of Cybernet's videos.

(h) Defendants block a users attempt to put up non-adult entertainment content.

(i) It is believed that Defendants' programmers and independent contractors upload content on behalf of Defendant, but Defendants has wholly failed to

- 6 -

produce documentation and communications pertaining to programmers and independent contractors, thereby thwarting Plaintiff ability to prove this assertion.  Investigations continue and this response will be updated upon new information.

(j) Defendants used the Cybernet videos to get a user to buy "premier access." Defendants get paid for each person that buys premier access.

2.     Identify each and every fact Related To Your allegations in the Complaint, including in paragraph 507, that Defendants acted with "willful blindness and reckless disregard."

**RESPONSE:**  See Response to Interrogatory No. 1.

3.     Identify each and every fact Related To Your allegations in the Complaint, including in paragraph 508, that Plaintiff has suffered and will continue to suffer "substantial losses."

**RESPONSE:**  Defendants continue to use Cybernet's trademarks on the YouJizz Websites, thereby drawing traffic of users looking for Cybernet's works to the YouJizz Websites and away from Cybernet.  In addition, while the videos were and/or are enabled, each view of Cybernet's videos on Defendants Websites means that the user is not paying Cybernet to view the videos.  Further, the user of the YouJizz Websites is provided with embed codes, meaning that the user can post the video anywhere on the Internet.  Thus, the actual viewers of Cybernet videos without authorization by or payment to Cybernet cannot be known or calculated.  Defendants actions permit an unknown and undetermined number of free views of Cybernet's videos.

4.      Identify each and every fact Related To Your allegations in the Complaint, including in paragraphs 515, 525 and 534, that Defendants have "knowingly" induced, caused or materially contributed to infringement of any kind.

**RESPONSE:**   See Response to Interrogatories Nos. 1 and 3.

5.      Identify each and every fact Related To Your allegation in the Complaint, including in Paragraph 516, that Defendants actions have constituted "contributory infringement."

**RESPONSE:**   See Response to Interrogatories Nos. 1 and 3.  In addition, Defendants take videos posted on one of their sites and display them on the other YouJizz Websites.

6.      Identify each and every fact Related To Your allegations in the Complaint, including in Paragraph 526, that Defendants' actions constitute vicarious infringement (of any kind).

**RESPONSE:**     See Response to Interrogatories Nos. 1, 3, and 5.

7.      Identify each and every fact Related To Your allegation in Paragraph 533 of the Complaint that "Defendants have encouraged the illegal uploading and downloading of Plaintiff's copyrighted works."

**RESPONSE:**   See Response to Interrogatories Nos. 1, 3, and 5.

8.      Identify each and every fact Related To Your allegation that

"Defendant's conduct is likely to cause confusion, mistake or deception" as alleged in Paragraph 542 of the Complaint.

**RESPONSE:**  The use and display of Cybernet content leads a used to believe that Cybernet's videos are made available by Cybernet for free.  It further appears that Cybernet is in business with Defendants.

9.     Identify each and every instance of actual confusion, mistake or deception between Defendants' affiliation, connection or association with Plaintiff, or as to the origin, sponsorship or approval of their goods or commercial activities.

**RESPONSE:**  None at this time.  Investigations are on-going and this response will be supplement as required.

10.     Identify each and every fact Related To Your allegations in the Complaint, including in Paragraph 543, that Defendants' conduct "constitutes false designation of origin."

**RESPONSE:**   The use of Cybernet's videos with Defendants' watermarks and the instances wherein Cybernet's watermarks are blocked out completely.

11.     Identify and Describe any and all Communications with any witness identified in Section A of Plaintiff's Disclosure Statement which Relate in any way to the Litigation.

**RESPONSE:**  All communications were through email and have been produced with the Tucker production.  Defendants already have possession of all such communications.

12.    Identify each Person that You have sent a notice of copyright infringement or violation, including pursuant to 17 U.S.C. § 512(c).

**OBJECTION.** Cybernet's efforts to thwart others' infringement (other than Defendants herein) have nothing to do with Defendants' unlawful unauthorized display of Cybernet's videos, and the disclosure of such efforts cannot possible lead to admissible evidence in this matter.

13.    Describe in detail how You market and sell copies of the Works, including identifying to whom the copies are marketed and sold, how much each copy is sold for and how much total revenue and profit per year you receive from selling copies of such Works.

**RESPONSE:**   SUBJECT TO PROTECTIVE ORDER

14.    Describe in detail how You license each of the Works, including identifying each Person to whom such Works are licensed, how much revenue You receive for each license and how much total revenue and profit per year You receive from licensing such Works.

**RESPONSE:**   SUBJECT TO PROTECTIVE ORDER

15.    Describe in detail how You promote, market and license the Marks, including identifying each Person to whom the Marks are licensed, how much revenue You receive for each license and how much total revenue and profit per year You receive from licensing the Marks.

**RESPONSE:**        SUBJECT TO PROTECTIVE ORDER

- 10

16.     Identify each Internet website on which You have made the Works available (including shorter "clips" of the Works), including the URL for each such Work available on each such website.

**RESPONSE:**  SUBJECT TO PROTECTIVE ORDER

17.     Describe in detail the consideration and/or benefit You received for making available the Works on each of the Internet websites identified in the previous Interrogatory.

**RESPONSE:**  SUBJECT TO PROTECTIVE ORDER

18.     Describe in detail Every affiliation or business relationship You had with the Defendants prior to the filing of this Litigation.

**RESPONSE:**  SUBJECT TO PROTECTIVE ORDER

19.     Identify and describe Every Communication You had with any of the Defendants and anyone acting on their behalf prior to the filing of this Litigation.

**RESPONSE.**  This was asked and answered in Igor Gens discovery requests.

20.     Identify Every witness You plan to call to testify in this Litigation and the subject matter on which each witness is expected to testify.

**RESPONSE:**

Mark Meager, Vice President Finance & Administration, Cybernet Entertainment LLC.

- 11

Mr. Meager will testify regarding the affect of piracy on Cybernet.  Mr. Meager will also testify regarding Cybernets efforts on protecting their intellectual property, including copyright and trademark registrations.

Jason Tucker, Managing Director, Battleship Stance, LLC.  Mr. Tucker will testify regarding Battleship Stance efforts in reviewing Defendants Websites and the display of Cybernet's videos on Defendants Webstites.

Nate Glass, Owner, Takedown Piracy LLC.  Mr. Glass will testify regarding Takedown Piracy's efforts in approaching Defendants regarding Cybernet's videos and piracy in the industry.

Robert Bailey, Battleship Stance, LLC.  Mr. Bailey will testify regarding the discovery and documentation of the display of Cybernet's videos on Defendants' Websites.

Igor Gens.  Mr. Gens may be called to testify regarding the YouJizz Websites, and the facts and circumstances surrounding the display of Cybernet's videos on the YouJizz Websites, and the facts and circumstances surrounding Defendants' claim of DMCA safe harbor protections.

Chad Brachat.  Mr. Brachat may be called to testify regarding the YouJizz Websites, and the facts and circumstances surrounding the display of Cybernet's videos on the YouJizz Websites, and the facts and circumstances surrounding Defendants' claim of DMCA safe harbor protections.

Terrence Mundell.   Mr. Mundell may be called to testify regarding Defendants contact with Cybernet as an affiliate and Defendants limited authority to post certain and specific short clips, and Mr. Gens statements in response to the allegations of this litigation.

John Sander.  Mr. Sander may be called to testify regarding Defendants contact with Cybernet as an affiliate and Defendants limited authority to post certain and specific short clips, and Mr. Gens statements in response to the allegations of this litigation.

For each of the third parties persons or entities that received a subpoena in this case, a records custodian may be called to testify regarding authentication and business records foundation.

Investigations are on-going.  If further witnesses are discovered, located, and/or deemed relevant, this response will be amended and/or supplemented as required.

21.    If Your response to any of the Requests for Admission served herewith was anything other than an unqualified admission, for each such response:

(a)    State the legal and factual (if any) basis for such denial or qualified admission;

(b)    Identify all of the evidence you believe supports your denial or qualified admission, including, without limitation:

i.    Each and every person who will testify about the issue and what you expect their testimony will be; and,

ii.    Every document which refers or relates to the issue and how you believe it supports your position.

**RESPONSE:**   These responses are included in the Requests for Admission.

- 13

### REQUESTS FOR PRODUCTION

1.      All Documents Identified in or Related To Your response to any of the foregoing Interrogatories or Requests for Admission.

**RESPONSE:**  Every Document that Cybernet has in its possession or control pertaining to the infringement of its copyrighted works on the YouJizz Websites has been produced when its agent, Battleship Stance, produced documents in response to a subpoena.

2.      All Documents, data compilations, and tangible things identified in Section B of Plaintiffs Fed.R.Civ.P.26(a) Disclosures in the Litigation ("Plaintiffs Disclosure Statement")

**RESPONSE:**  Every Document that Cybernet has in its possession or control pertaining to the infringement of its copyrighted works on the YouJizz Websites has been produced when its agent, Battleship Stance, produced documents in response to a subpoena.

3.      All Documents Related To any witness identified in Section A of Plaintiff's Disclosure Statement which relate in any way to the Litigation.

**RESPONSE:**  Every Document that Cybernet has in its possession or control pertaining to the infringement of its copyrighted works on the YouJizz Websites has been produced when its agent, Battleship Stance, produced documents in response to a subpoena.

- 14

4.      All Documents Related To the damages identified in Section C of Plaintiff's Disclosure Statement.

**RESPONSE:**   Every Document that Cybernet has in its possession or control pertaining to the infringement of its copyrighted works on the YouJizz Websites has been produced when its agent, Battleship Stance, produced documents in response to a subpoena.

5.      All Documents exchanged by and between You and Jason Tucker from January 1, 2010 to present.

**RESPONSE.**  Every Document that Cybernet has in its possession or control pertaining to the infringement of its copyrighted works on the YouJizz Websites has been produced when its agent, Battleship Stance, produced documents in response to a subpoena.

6.      All Documents exchanged by and between You and any Representative of Battleship Stance LLC from January 1, 2010 to present.

**RESPONSE:**  Every Document that Cybernet has in its possession or control pertaining to the infringement of its copyrighted works on the YouJizz Websites has been produced when its agent, Battleship Stance, produced documents in response to a subpoena.

7.      All Documents Related To International Media.

- 15

**RESPONSE:**  Every Document that Cybernet has in its possession or control pertaining to the infringement of its copyrighted works on the YouJizz Websites has been produced when its agent, Battleship Stance, produced documents in response to a subpoena.

8.    All Documents You intend to offer into evidence in this Litigation.

**RESPONSE:**  Every Document that Cybernet has in its possession or control pertaining to the infringement of its copyrighted works on the YouJizz Websites has been produced when its agent, Battleship Stance, produced documents in response to a subpoena.

9.    All Documents provided to, provided by, or created by any and all experts consulted by You in connection with this Litigation, whether or not such expert is expected to testify at trial.

**RESPONSE:**  As of this time, there are no such experts.

- 16

ANSWERS AND RESPONSES THERETO DATED this _____ day of
_____, 2014.

By:_____
On Behalf of the Cybernet Entertainment LLC


## CERTIFICATION

The undersigned attorney has read the foregoing Answers to IG Media, Inc.'s Request for Admission, Interrogatories, and Requests for Production to Plaintiff, and any objections thereto, and certifies that the responses and objections are in compliance with Federal Rule of Civil Procedure 26(g).

By:_____

- 17

1

Spencer D. Freeman, WSBA#25069
Attorney for Plaintiff Cybernet Entertainment.

2

1107 ½ Tacoma Avenue South
Tacoma, WA 98402

3

Telephone: (253) 383-4500
Facsimile:  (253) 383-4501

4

Email: sfreeman@freemanlawfirm.org
(Pro Hac Vice)

5

6

7

8

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA
PHOENIX DIVISION

9

10

11

CYBERNET ENTERTAINMENT, LLC, a New York Company,

12

Plaintiff,

13

vs.

14

IG MEDIA INC., et al.,

15

16

Defendants.

Case No.: **2:12-cv-01101 SRB**

**PLAINTIFF CYBERNET
ENTERTAINMENT LLC'S
RESPONSES TO IGOR GENS'
INTERROGATORIES AND REQUESTS
FOR PRODUCTION TO PLAINTFF**

17

18

19

20

       Plaintiff Cybernet Entertainment LLC, by and through undersigned counsel, pursuant to Fed. R. Civ. P. 26,.33 and 34, hereby serves the following Response to Defendant Igor Gens' Interrogatories and Requests for Production.

21

22

23

24

25

26

## INTERROGATORIES

       1.    Identify each and every fact Related To Your allegation in the Complaint that Gens is individually liable for copyright infringement.

**RESPONSE:**  Mr. Gens is an owner and director of IG Media, Inc. and is listed on the Alexa WHOIS information for some or all of the websites.

2.    Describe in detail all of the facts and circumstances Related To Your knowledge of the Works and Marks on the YouJizz Websites, including when You first knew that each of the Works and Marks were on the YouJizz Websites.

**RESPONSE:** A search of the Internet for Cybernet's copyrighted works was performed, revealing the display of the Works on the YouJizz Websites. The date when the Works and the Marks were first discovered on the YouJizz Websites is specifically stated and alleged in the Complaint and in PDF and video discovery produced by Battleship Stance.

3.    Describe in detail the efforts You took to have the Works and Marks removed from the YouJizz Websites prior to the filing of the litigation.

**RESPONSE:** Takedown Piracy LLC sent YouJizz Websites DMCA Agent take down notices. Battleship Stance sent Youjizz Websites DMCA Agent Take down notices. A draft complaint was also sent to the DMCA Agent, Larry Walters, several weeks before filing of the complaint.

4.    Describe in detail the efforts You took to prevent the unauthorized uploading, viewing and/or use on the Internet of the Works and the Marks, including any affiliation You may have with any video or image content identification, management or takedown services (e.g., Vobile, dmca.com, Guardlex).

**RESPONSE:** Cybernet properly registered all copyrights and trademarks to protects its intellectual property. Cybernet hired Takedown Piracy LLC and Battleship Stance to monitor and send take-down notices.

- 2

5.     Describe in detail the factual basis on which You allege in Your Complaint that Defendants do not qualify for safe harbor protection under the Digital Millennium Copyright Act.

**RESPONSE:**

a.     Defendants placed "youjizz.com" watermarks over many of Cybernet's videos.

b.     Defendants failed to respond to Takedown Piracy LLC and Battleship Stance LLC takedown notices.

c.     It is believed that Defendants profit directly from, the videos, as a user watching the Cybernet video was presented specific upsells.  It is also believed that Defendants' advertising revenues is directly affected by the quality of videos displayed on the You Jizz Websites.  Therefore, the presence of Cybernet videos directly affects such revenues.   Defendants have thwarted Plaintiffs investigation into this claim because they have refused to produce any information or communication with advertisers and refused to produce any information regarding financials for the You Jizz Websites.

d.     Cybernet's videos were uploaded by Defendants or by an agent on behalf of Defendants.  Defendants have thwarted Plaintiffs investigation into this claim because they have refused to produce any information pertaining to Defendants' independent contractors, including communications and payments to the independent contractors.

e.     Defendants have failed to implement reasonable repeat infringer policies. Waiting for nine reported (9) infringements is not reasonable before terminating an infringer.  The fact that Defendants specifically reserve the right to revise and change the policy without notice to users is not sufficient notice of a repeat infringer policy.  It is

- 3 -

also believed that Defendants do not actually implement the policy – however, Defendants are thwarting Plaintiffs investigation in this regard as Defendants refuse to produce any information pertaining to reported infringements and terminated users.

f.      Igor Gens admitted to knowledge of the use and display of Cybernet's videos on the YouJizz Websites, establishing his knowledge and involvement in displaying the videos rather than the videos being uploaded randomly by some third party user of the YouJizz Websites.

g.      On several occasions during the litigation, Defendants themselves caused Cybernet's videos to be displayed on the YouJizz Websites, once in the fall of 2012 and once in July 2013.

h.      Based upon the number of DMCA notices for Cybernet's videos and the fact that Defendants review all videos posted before they are displayed on the YouJizz Websites, Defendants were specifically aware that all Cybernet videos were infringing. The Cybernet videos are obvious, as each video is watermarked and has the Kink trademark at the beginning, a total of two to three trademarks throughout the video, and the opening of each video is the well-known Kink Armory.

6.      Describe in detail the factual basis on which You allege in Your Complaint that the copyrights in the Works are unique and valuable property having no readily determinable market value.

**RESPONSE:** All copyrighted works are unique. Cybernet's Works are specific to one niche of the adult entertainment online industry. SUBJECT TO PROTECTIVE ORDER

7.      Describe in detail the factual basis on which You allege in the Complaint that Defendants' alleged infringement harms Your business reputation and

- 4

goodwill.

**RESPONSE:**      Cybernet control and sells each copyrighted work.  The display on free sites harms their ability to do business, such as selling DVDs or selling memberships to view the videos, if it is know that the Works are available for free.  The YouJizz Websites are known as pirate sites, and the association of Cybernet's works and trademarks links Cybernet to a pirate site.  SUBJECT TO PROTECTIVE ORDER


8.      Identify the copyright registration for each of the Works, including the registered title, the registration number, the registration date, the date of creation and the registered owner for each of the Works.

**RESPONSE:** The registration number is listed for each Work in the complaint.  The Registrations are produced herewith, which contain the registered title, the registration date, the date of creation, and the registered owner – which is Cybernet.


9.      Identify the trademark registration for each of the Marks, including the word, description, date of first use in commerce, filing date, registration date, registration number, serial number and registered owner where available.

**RESPONSE:** The registrations are produced herewith, which includes all of the requested information.


10.      Identify each and every time that You (or any of your agents) uploaded or made available any of the Works to any website including the date of such upload and the address of such website.

**RESPONSE:** The Works are only uploaded to Cybernet's membership sites.

- 5

SUBJECT TO PROTECTIVE ORDER

11.     Identify and describe each Communication between You, on the one hand, and any other person or entity, on the other, concerning or regarding Your offer to purchase one or more of the Defendants' websites.

**RESPONSE:** No such communications exist as Cybernet has never made an offer to purchase one or more of the Defendants' websites.

12.     Identify and describe each Communication between You, on the one hand, and any other person or entity, on the other, concerning or regarding Your offer to purchase any website owned by a person or entity whom You have sued or against whom You have threatened suit.

**RESPONSE:** No such communications exist as Cybernet has never made an offer to purchase any website owned by a person or entity whom Cybernet has sued or against Cybernet has threatened a lawsuit.

13.     Identify every functioning website that You have purchased over the past five (5) years.

**RESPONSE:** SUBJECT TO PROTECTIVE ORDER

14.     For each website identified in response to the previous interrogatory, state if You had ever alleged that the purchased website had infringed on any of Your trademarks or Copyrights.

**RESPONSE:** No.

-6-

15.     Identify each and every video file that You provided to the Defendants for the purpose (or with the expectation) that the Defendants would post such video files at one or more of their websites.

**RESPONSE:**      SUBJECT TO PROTECTIVE ORDER

16.     Identify and describe each Communication between You and Media Reps LLC ("Media Reps") concerning or relating to the Litigation or any of the Defendants in this action.

**RESPONSE:**  None exist.  SUBJECT TO PROTECTIVE ORDER

17.     Identify and describe each Communication between You and Media Reps concerning or relating to any other litigation or threatened litigation brought by (or contemplated by) You.

**RESPONSE:**  None exist.

18.     Identify and describe each Communication between You and CM Productions, LLC ("CMP") concerning or relating to the Litigation or any of the Defendants in this action.

**RESPONSE:**  None exist.

19.     Identify and describe each Communication between You and CMP

- 7 -

concerning or relating to any other litigation or threatened litigation brought by (or contemplated by) You.

**OBJECTION.** Communications with CMP regarding litigation that does not involve the Defendants in this action, or any of Defendants infringing activities cannot and do not have any relevance with regard to Defendants infringing activities and are not reasonably likely to lead to the discovery of any admissible evidence.

20.     Identify and describe each Communication between You and Lawrence Waters concerning or relating to any of the Defendants in the Litigation.

**RESPONSE:** Larry Walters was, at and before the time that this litigation was filed, the DMCA Agent for the YouJizz Websites. Accordingly, Mr. Walters was served with DMCA take down notices. As Mr. Walters was Defendants' agent, Defendants already have possession of all such take down notices. Mr. Walters, in early May 2012, was provided with a copy of a draft complaint relevant to this lawsuit, provided in hopes of pre-litigation settlement negotiations. Mr. Walters, as agent for Reflected Networks, was served a subpoena in this action, in approximately October 2013, for Reflected Networks records specific to hosting the YouJizz Websites.

21.     Identify and describe each Communication between You and Reflected Networks, Inc. concerning or relating to any of the Defendants in the Litigation.

**RESPONSE:** The only such communication is the October 2013 subpoena, a copy of which was provided to Defendants before service of the subpoena, and the response to the subpoena, of which Mr. Walters provided Defendants' counsel a copy.

- 8

22.     Identify any fingerprinting, hash marking, or other technology (including, but not limited to products provided by Vobile), which You utilize and, for each technology so utilized, the date You adopted that technology.

**RESPONSE:**  Cybernet's trademarks are watermarked on the videos at the editing stage, prior to the release of the Work.

## REQUESTS FOR PRODUCTION

1.     All Documents Identified in or Related To Your response to any of the foregoing Interrogatories.

**RESPONSE:**  Produced herewith are copies of copyright registrations and trademark registrations.  Any other documents have either already been produced in the Tucker disclosure or are already in possession of Defendants or Defendants' agent.

2.     All Documents referencing or constituting copyright infringement or violation, Including pursuant to 17 U.S.C. § 512(c), or cease and desist letters sent by or on behalf of Plaintiff, related to or referencing the Defendants and/or the YouJizz Websites.

**RESPONSE:**  Cybernet retained the services of Battleship Stance LLC to investigate and address Defendants' copyright and trademark infringement of Cybernet's intellectual property.  As such, Battleship Stance maintained all such documents.  All such documents were produced to Defendants by Battleship Stance pursuant to

subpoena.  Therefore, Defendants already have possession of such documents.

3.      All Documents referencing or constituting notices of copyright infringement or violation, including pursuant to 17 U.S.C. § 512(c), and cease and desist letters, sent by or on behalf of Plaintiff to any Person.

**OBJECTION.**  Such documents that do not involve the Defendants in this action, or any of Defendants infringing activities cannot and do not have any relevance with regard to Defendants infringing activities and are not reasonably likely to lead to the discovery of any admissible evidence.

4.      All Documents evidencing or referencing Your association with Jason Tucker, including any employment or independent contractor agreements and any Documents evidencing payments from You to Jason Tucker.

**RESPONSE:**  Such documents are produced herewith.

5.      All Documents Relate To any and all Communications between You and Jason Tucker Relating To Defendants, the YouJizz Websites, Chad Belville, Fraserside IP, LLC, Fraserside Holdings, Ltd, Private Media Group or the Litigation.

**RESPONSE.**  Pertaining to communications between Cybernet and Mr. Tucker relating to the Defendants, the YouJizz Websites, Mr. Beville, and the Litigation, all such documents were produced by Mr. Tucker pursuant to the Tucker subpoena.  Therefore, Defendants already possession of these documents.  There are no communications between Cybernet and Mr. Tucker relating to Fraserside IP, LLC, Fraserside Holdings, Ltd., or Private Media Group.

6.      All Documents Related To Your ability to monetize the Works and the Marks, including through advertising revenue, subscriptions, sales, licensing or any other

- 10

means.

**RESPONSE:**  Such Documents will be produced upon entry of a protective order as the request seeks trade secrets.  SUBJECT TO PROTECTIVE ORDER

7.      All Documents Related To Your marketing and sales of copies of the Works, including marketing strategies, pricing lists, profit and loss statements and balance sheets.

**RESPONSE:**  Such Documents will be produced upon entry of a protective order as the request seeks trade secrets.  SUBJECT TO PROTECTIVE ORDER

8.      All Documents Related To Your licensing of the Works, including marketing strategies, pricing lists, profit and loss statements and balance sheets.

**RESPONSE:**  Such Documents will be produced upon entry of a protective order as the request seeks trade secrets.  SUBJECT TO PROTECTIVE ORDER

9.      All Documents Related to any and all Communications between You and Defendants prior to the filing of this Litigation.

**RESPONSE:**  All DMCA take down notices have been produced.  In addition, there was communication between Terrence Mundell and an agent of Defendant and with Defendants' agent Larry Walters, produced herewith.

10.     All Documents Related To the Works availability on the YouJizz Websites prior to the filing of this Litigation.

**RESPONSE:**  The availability of the Works on the YouJizz Websites prior to the filing of the litigation was documents with video and screen grabs, all of which were produced

to Defendants in response to the Tucker subpoena.  Defendants already have possession of these documents.

11.     All Documents Related To any and all Communications between You and business affiliates of Defendants, including advertisers and advertising brokers of Defendants.

**RESPONSE:**  Defendants have refused to produce any information or documentation pertaining to their advertisers or other business affiliates, including independent contractors.  Therefore, Cybernet cannot know whether there has been any communication with these unknown persons or entities.  Other than the subpoenas issued in this case, which Defendants have a copy of, Cybernet has not knowingly had any such contact.

12.     All Documents Related To any confusion, mistake or deception as to Defendants' affiliations, connection, or association with You, or as to the origin, sponsorship or approval of their goods or commercial activities.

**RESPONSE:**  Defendants have already been provided with copies of video and screen grabs documenting the unlawful display of Cybernet's copyrighted works and trademarks on the YouJizz Websites.  These establish a perception that Cybernet gave away their content for free, which violates Cybernet's business model and implies that users do not have to pay to view Cybernet videos.

13.     The copyright registration certificates for each of the Works.

**RESPONSE:**  Produced herewith.

14.     The trademark registration certificates for each of the Marks.

- 12

1    **RESPONSE:**  Produced herewith.

2        15.    All Documents Related To the registration of each of the Marks.

3    **RESPONSE:**  All such documentation is retained by the U.S. Copyright Office, as

4    the registrations were all done online.

5

6        16.    All Documents Related To Your efforts to prevent or limit the
7    unauthorized uploading, downloading or viewing of the Works on the Internet.
8
9    **RESPONSE:**  Defendants already have copies of the DMCA take down notices relevant
10   to the YouJizz Websites.

11

12       17.    All Documents Related To Your efforts to have removed or have access
13   disabled to the Works and/or Marks on the YouJizz Websites prior to the filing of the
14   Litigation.

15   **RESPONSE:**  Defendants already have copies of the DMCA take down notices relevant to
16   the YouJizz Websites.  Defendants also already have copies of the draft complaint sent to
17   their then agent, Larry Walters.

18

19       18.    All Documents Related To any and all Communications between You and
20   Fraserside IP, LLC, Fraserside Holdings, Ltd and Private Media Group.
21
22   **OBJECTION.**  Such documents that do not involve the Defendants in this action, or any of
     Defendants infringing activities cannot and do not have any relevance with regard to Defendants
23   infringing activities and are not reasonably likely to lead to the discovery of any admissible
24   evidence.  Without waiving said objection, there are no such documents that involved piracy,
25   copyright infringement, trademark infringement, the Defendants, this Litigation, or the YouJizz
26   Websites.

- 13

1

2

3

4

5

6

7

ANSWERS AND RESPONSES THERETO DATED this _____ day of
_____, 2007.

8

9

By:_____
On Behalf of the Cybernet Entertainment LLC

10

11

<u>CERTIFICATION</u>

12

13

The undersigned attorney has read the foregoing Answers to Igor Gens Interrogatories and Requests for Production to Plaintiff, and any objections thereto, and certifies that the responses and objections are in compliance with Federal Rule of Civil Procedure 26(g).

14

15

16

By:_____

17

18

19

20

21

22

23

24

25

26

- 14