**From:** Jeff Cully [mailto:jcully@freemanlawfirm.org]
**Sent:** Monday, July 14, 2014 4:54 PM
**To:** Peter Moolenaar
**Subject:** Cybernet v IG Media

Good afternoon,

Please find the following attached:
Plaintiff's Responses to Request for Production, Request for Admissions, Interrogatories in the above mentioned case matter.


--
Jeff Cully
Administrative Officer
Freeman Law Firm, Inc.

1  Spencer D. Freeman, WSBA#25069
   Attorney for Plaintiff Cybernet Entertainment.
2  1107 ½ Tacoma Avenue South
   Tacoma, WA 98402
3  Telephone: (253) 383-4500
   Facsimile:  (253) 383-4501
4  Email: sfreeman@freemanlawfirm.org
   (Pro Hac Vice)
5

6

7

8                   UNITED STATES DISTRICT COURT
                        DISTRICT OF ARIZONA
9                        PHOENIX DIVISION

10

11  CYBERNET ENTERTAINMENT, LLC, a New        Case No.:  2:12-cv-01101 SRB
    York Company,
12                                            PLAINTIFF CYBERNET
            Plaintiff,                        ENTERTAINMENT LLC'S
13                                            RESPONSES TO IG MEDIA, INC.'S
    vs.                                       REQUESTS FOR ADMISSION,
14                                            INTERROGATORIES AND REQUESTS
    IG MEDIA INC., et al.,                    FOR PRODUCTION TO PLAINTFF
15
            Defendants.
16

17

18          Plaintiff Cybernet Entertainment LLC, by and through undersigned counsel,
19  pursuant to Fed. R. Civ. P. 26, 33, 34, and 36 hereby serves the following Response
20  to Defendant IG Media, Inc.'s Request for Admission, Interrogatories, and Requests
21  for Production.

22

23                      **REQUESTS FOR ADMISSION**

24

25      1.      Admit that each of the International Media websites identified in the
26  Complaint shares and draws from the exact same servers and database.

- 1 -



1   **RESPONSE:**  Denied.  Reflective Network records establish that the websites are not on

2   the exact same server, but rather multiple servers and hosting providers.  In addition, the

3   posting of one video on one YouJizz Website does not necessarily or consistently post

4   the same video on all other YouJizz Websites, established by the documentation of the

5   infringements.

6

7        2.     Admit that Defendants do not own or operate <u>YouJizzPremium.com.</u>

8   **RESPONSE:**  Cybernet lacks knowledge and therefore cannot admit or deny.

9   Defendants claim that Manwin owns the site, but Cybernet has communicated with

10   Manwin, and discovered that this is not true.  Defendants have thus far thwarted

11   production of any documents pertaining to independent contractors, programmers,

12   advertisers, and financial documents, which would further such investigations and provide

13   the information necessary to answer this request.

14

15        3.     Admit that International Media websites host content uploaded by third

16   parties.

17   **RESPONSE:**  Denied to the extent that the request is specific to Cybernet's copyrighted

18   works and trademarks.  The Reflected Network production and research compared with

19   Defendants' production establishes that the video uploads claimed by Defendants did not

20   happen as they claim.  Regarding video content other than Cybernet's copyrighted

21   Works, Cybernet lacks knowledge and therefore cannot admit or deny specific to any and

22   all videos hosted at the International Media websites.

23

24

25

26



1      4.     Admit that International Media does not compensate any third parties

2   whom upload content on International Media websites.

3   **RESPONSE:** Cybernet cannot admit nor deny this request, as Defendants have

4   thwarted producing any communications with or payments to independent contractors or

5   any third parties and has refused to produce any financial documents, all of which would

6   be necessary in answering this request.

7

8      5.     Admit that You authorized International Media to host the videos identified

9   in Exhibit A, attached hereto.

10  **RESPONSE:** Admitted to the extent that an agent of Defendant was granted authority

11  to display the limited short video clips identified in Exhibit A were to be done so solely

12  in promotion of Cybernet paid subscription websites and with a link to Cybernet's

13  properties commiserate with Cybernet's Affiliate Program.  Documents establishing this

14  include Cybernet's terms of service.  Mr. Terrence Mundell can testify to the purpose of

15  authority to post these videos.  Denied to the extent that Defendants complied with the

16  terms of displaying these videos and thus displayed them unlawfully and without

17  authority.

18

19     6.     Admit that each of the videos identified in Your Complaint as being allegedly

20  infringing were removed or disabled by International Media following notification from

21  You of allegedly infringing activity.

22  **RESPONSE:** Denied.  First, Mr. Gens refused stating that he had authority to display

23  the videos, which he did not.  Second, on several occasions throughout this litigation, the

24  videos were available for viewing by users.  Third, "disabled" still enabled the user to

25  view thumbnail shots of the videos, thus still displaying Cybernet's copyrighted works.

26

7.    Admit that International Media is a service provider as defined by 17 U.S.C. § 512(k)(1)(B).

**RESPONSE:**  Denied.  For factual and legal basis, and for evidence believed to support this contention, please refer to Responses to Interrogatories Nos. 1, 3, and 5.

8.    Admit that International Media qualifies for the safe harbor provisions set out in 17 U.S.C. § 512(c).

**RESPONSE:**  Denied.  For factual and legal basis, and for evidence believed to support this contention, please refer to Responses to Interrogatories Nos. 1, 3, and 5.

9.    Admit that International Media did not receive a financial benefit directly attributable to the infringing activity alleged in the Complaint.

**RESPONSE.**  Denied.  For factual and legal basis, and for evidence believed to support this contention, please refer to Responses to Interrogatories Nos. 1, 3, and 5.

10.    Admit that International Media has designated an agent with the United States Copyright Office in accordance with 17 U.S.C. § 512(c)(2).

**RESPONSE:** Admit.

11.    Admit that International Media has adopted a repeat infringer policy in accordance with 17 U.S.C. § 512(i)(A).

**RESPONSE:**  Denied.  The repeat infringer policy disclosed by Defendants is not reasonable as required by 17 U.S.C. § 512(i)(A), specifically the permission of 9 reported infringements is unreasonable.  Further, the Defendants specifically reserve the



1   right to revise and change the policy without notice to users is not sufficient notice of a

2   repeat infringer policy.  It is also believed that Defendants do not actually implement the

3   policy – however, Defendants are thwarting Plaintiffs investigation in this regard as

4   Defendants refuse to produce any information pertaining to reported infringements and

5   terminated users.

6

7

8       12.     Admit that International Media has reasonably implemented a repeat infringer

9   policy in accordance with 17 U.S.C. § 512(i)(A).

10  **RESPONSE:**  Denied.  Defendant refuses to produce documentation regarding take

11  down notices and terminations, thus thwarting Plaintiffs attempts to prove this

12  contention.  More importantly, however, Defendant also thereby fails to establish the

13  reasonable implementation of the policy.

14

15

16      13.     Admit that International Media has reasonably notified its users of its

17  repeat infringer policy in accordance with 17 U.S.C. § 512(i)(A).

18  **RESPONSE:**  Denied.  The policy itself states that Defendants may alter the policy at

19  any time without notice to the users.  This inherently fails to property notify the users of

20  the policy.

21

22

23

24

25

26

## INTERROGATORIES

1.      Identify each and every fact Related To Your allegations in the Complaint, including in paragraphs 507 and 520, that Defendants' conduct was "willful," "intentional," and/or "purposeful."

**RESPONSE:**

(a) Defendants actively blocked out Cybernet trademarks on some of the unauthorized displayed Works.

(b) Cybernet's trademarks were used by Defendants to enable users to search specifically for Cybernet's videos on the YouJizz Websites.

(c) Defendants placed their own watermarks on some of the unauthorized displayed Works.

(d) Defendants failed to respond to take down notices.

(e) Defendant Gens admitted actual knowledge of the presence of Cybernet's Works on the YouJizz Websites.

(f) Defendants re-displayed videos on multiple occasions throughout this Litigation.

(g) Defendants, per their terms of service and statements on the Wesbites, reviewed and approved all videos posted on the Websites.  Given that Cybernet's trademarks and the Kink Armory are prominent and notable on each video, Defendants had knowledge of the posting of Cybernet's videos.

(h) Defendants block a users attempt to put up non-adult entertainment content.

(i) It is believed that Defendants' programmers and independent contractors upload content on behalf of Defendant, but Defendants has wholly failed to produce documentation and communications pertaining to programmers and



Complaint, including in paragraphs 515, 525 and 534, that Defendants have "knowingly" induced, caused or materially contributed to infringement of any kind.

**RESPONSE:**   See Response to Interrogatories Nos. 1 and 3.


5.      Identify each and every fact Related To Your allegation in the Complaint, including in Paragraph 516, that Defendants actions have constituted "contributory infringement."

**RESPONSE:**   See Response to Interrogatories Nos. 1 and 3.  In addition, Defendants take videos posted on one of their sites and display them on the other YouJizz Websites.


6.      Identify each and every fact Related To Your allegations in the Complaint, including in Paragraph 526, that Defendants' actions constitute vicarious infringement (of any kind).

**RESPONSE:**   See Response to Interrogatories Nos. 1, 3, and 5.


7.      Identify each and every fact Related To Your allegation in Paragraph 533 of the Complaint that "Defendants have encouraged the illegal uploading and downloading of Plaintiff's copyrighted works."

**RESPONSE:**   See Response to Interrogatories Nos. 1, 3, and 5.


8.      Identify each and every fact Related To Your allegation that "Defendant's conduct is likely to cause confusion, mistake or deception" as alleged in



1    Paragraph 542 of the Complaint.

2    **RESPONSE:**  The use and display of Cybernet content leads a used to believe that

3    Cybernet's videos are made available by Cybernet for free.  It further appears that

4    Cybernet is in business with Defendants.

5

6

7    9.    Identify each and every instance of actual confusion, mistake or

     deception between Defendants' affiliation, connection or association with Plaintiff, or as

8    to the origin, sponsorship or approval of their goods or commercial activities.

9

10   **RESPONSE:**  None at this time.  Investigations are on-going and this response will be

11   supplement as required.

12

13   10.    Identify each and every fact Related To Your allegations in the

14   Complaint, including in Paragraph 543, that Defendants' conduct "constitutes false

15   designation of origin."

16   **RESPONSE:**   The use of Cybernet's videos with Defendants' watermarks and the

17   instances wherein Cybernet's watermarks are blocked out completely.

18

19

20   11.    Identify and Describe any and all Communications with any witness

     identified in Section A of Plaintiff's Disclosure Statement which Relate in any way to the

21   Litigation.

22

23   **RESPONSE:**  All communications were through email and have been produced with the

24   Tucker production.  Defendants already have possession of all such communications.

25

26   12.    Identify each Person that You have sent a notice of copyright



infringement or violation, including pursuant to 17 U.S.C. § 512(c).

**OBJECTION.**  Cybernet's efforts to thwart others' infringement (other than Defendants herein) have nothing to do with Defendants' unlawful unauthorized display of Cybernet's videos, and the disclosure of such efforts cannot possible lead to admissible evidence in this matter.

13.    Describe in detail how You market and sell copies of the Works, including identifying to whom the copies are marketed and sold, how much each copy is sold for and how much total revenue and profit per year you receive from selling copies of such Works.

**RESPONSE:**   Cybernet does not sell copies of our Works.  Cybernet has not sold a license to any party.

14.    Describe in detail how You license each of the Works, including identifying each Person to whom such Works are licensed, how much revenue You receive for each license and how much total revenue and profit per year You receive from licensing such Works.

**RESPONSE:**   Cybernet has not sold a license to any party.

15.    Describe in detail how You promote, market and license the Marks, including identifying each Person to whom the Marks are licensed, how much revenue You receive for each license and how much total revenue and profit per year You receive from licensing the Marks.



1  **RESPONSE:**      The Marks are not specifically and individually licensed to any

2  person or party.  Affiliates can use our Marks in association with our pre provided

3  marketing materials as long as they are using those materials to promote Cybernet

4  properties all of which must comport be is subject to the terms of our Affiliate Programs

5  Terms and Conditions.

6

7        16.      Identify each Internet website on which You have made the Works available

8  (including shorter "clips" of the Works), including the URL for each such Work

9  available on each such website.

10  **RESPONSE:**  Short Clips are made available to affiliates.  Affiliate lists are trade

11  secrets and not relevant to this litigation.  All other Works are only made available on

12  Cybernet's own membership websites and through limited licensing agreements.

13

14

15

16        17.      Describe in detail the consideration and/or benefit You received for making

17  available the Works on each of the Internet websites identified in the previous

18  Interrogatory.

19  **RESPONSE:**  Affiliates and Cybernet have a 50-60% revenue sharing basis on

20  memberships generated through the shorter clips provided to affiliates for promotional

21  purposes, subject to the terms and conditions of our Affiliate Program.

22

23        18.      Describe in detail Every affiliation or business relationship You had with the

24  Defendants prior to the filing of this Litigation.

25  **RESPONSE:**  There was a brief Affiliate relationship subject to the terms and

26



conditions of our Affiliate Program.

19.     Identify and describe Every Communication You had with any of the Defendants and anyone acting on their behalf prior to the filing of this Litigation.

**RESPONSE.**  This was asked and answered in Igor Gens discovery requests.

20.     Identify Every witness You plan to call to testify in this Litigation and the subject matter on which each witness is expected to testify.

**RESPONSE:**

Mark Meager, Vice President Finance & Administration, Cybernet Entertainment LLC. Mr. Meager will testify regarding the affect of piracy on Cybernet.  Mr. Meager will also testify regarding Cybernets efforts on protecting their intellectual property, including copyright and trademark registrations.

Jason Tucker, Managing Director, Battleship Stance, LLC.  Mr. Tucker will testify regarding Battleship Stance efforts in reviewing Defendants Websites and the display of Cybernet's videos on Defendants Webstites.

Nate Glass, Owner, Takedown Piracy LLC.  Mr. Glass will testify regarding Takedown Piracy's efforts in approaching Defendants regarding Cybernet's videos and piracy in the industry.

Robert Bailey, Battleship Stance, LLC.  Mr. Bailey will testify regarding the discovery and documentation of the display of Cybernet's videos on Defendants' Websites.

Igor Gens.  Mr. Gens may be called to testify regarding the YouJizz Websites, and the facts and circumstances surrounding the display of Cybernet's videos on the YouJizz Websites, and the facts and circumstances surrounding Defendants' claim of DMCA safe



1 │ harbor protections.

2 │ Chad Brachat. Mr. Brachat may be called to testify regarding the YouJizz Websites, and

3 │ the facts and circumstances surrounding the display of Cybernet's videos on the YouJizz

4 │ Websites, and the facts and circumstances surrounding Defendants' claim of DMCA safe

5 │ harbor protections.

6 │ Terrence Mundell.  Mr. Mundell may be called to testify regarding Defendants contact

7 │ with Cybernet as an affiliate and Defendants limited authority to post certain and specific

8 │ short clips, and Mr. Gens statements in response to the allegations of this litigation.

9 │ John Sander. Mr. Sander may be called to testify regarding Defendants contact with

10 │ Cybernet as an affiliate and Defendants limited authority to post certain and specific short

11 │ clips, and Mr. Gens statements in response to the allegations of this litigation.

12 │ For each of the third parties persons or entities that received a subpoena in this case, a

13 │ records custodian may be called to testify regarding authentication and business records

14 │ foundation.

15 │ Investigations are on-going.  If further witnesses are discovered, located, and/or deemed

16 │ relevant, this response will be amended and/or supplemented as required.

17 │

18 │

19 │

20 │     21.    If Your response to any of the Requests for Admission served

herewith was anything other than an unqualified admission, for each such

21 │ response:

22 │

23 │      (a)      State the legal and factual (if any) basis for such denial or qualified

admission;

24 │

25 │      (b)      Identify all of the evidence you believe supports your denial or

26 │ qualified admission, including, without limitation:



1         i.     Each and every person who will testify about the issue and what you

2 expect their testimony will be; and,

3         ii.    Every document which refers or relates to the issue and how you believe

4 it supports your position.

5

6

7

8 **RESPONSE:**   These responses are included in the Requests for Admission.

9

10

11

12

13

14

15                         **REQUESTS FOR PRODUCTION**

16

17     1.     All Documents Identified in or Related To Your response to any of the

18 foregoing Interrogatories or Requests for Admission.

19 **RESPONSE:**   Every Document that Cybernet has in its possession or control pertaining

20 to the infringement of its copyrighted works on the YouJizz Websites has been produced

21 when its agent, Battleship Stance, produced documents in response to a subpoena.

22

23     2.     All Documents, data compilations, and tangible things identified in Section

24 B of Plaintiffs Fed.R.Civ.P.26(a) Disclosures in the Litigation ("Plaintiffs

25 Disclosure Statement")

26



**RESPONSE:**  Every Document that Cybernet has in its possession or control pertaining to the infringement of its copyrighted works on the YouJizz Websites has been produced when its agent, Battleship Stance, produced documents in response to a subpoena.

3.    All Documents Related To any witness identified in Section A of Plaintiff's Disclosure Statement which relate in any way to the Litigation.

**RESPONSE:**  Every Document that Cybernet has in its possession or control pertaining to the infringement of its copyrighted works on the YouJizz Websites has been produced when its agent, Battleship Stance, produced documents in response to a subpoena.

4.    All Documents Related To the damages identified in Section C of Plaintiff's Disclosure Statement.

**RESPONSE:**    Every Document that Cybernet has in its possession or control pertaining to the infringement of its copyrighted works on the YouJizz Websites has been produced when its agent, Battleship Stance, produced documents in response to a subpoena.

5.    All Documents exchanged by and between You and Jason Tucker from January 1, 2010 to present.

**RESPONSE.**  Every Document that Cybernet has in its possession or control pertaining to the infringement of its copyrighted works on the YouJizz Websites has been produced when its agent, Battleship Stance, produced documents in response to a subpoena.

6.     All Documents exchanged by and between You and any Representative of Battleship Stance LLC from January 1, 2010 to present.

**RESPONSE:**  Every Document that Cybernet has in its possession or control pertaining to the infringement of its copyrighted works on the YouJizz Websites has been produced when its agent, Battleship Stance, produced documents in response to a subpoena.

7.     All Documents Related To International Media.

**RESPONSE:**  Every Document that Cybernet has in its possession or control pertaining to the infringement of its copyrighted works on the YouJizz Websites has been produced when its agent, Battleship Stance, produced documents in response to a subpoena.

8.     All Documents You intend to offer into evidence in this Litigation.

**RESPONSE:**  Every Document that Cybernet has in its possession or control pertaining

1

2

3

4   ANSWERS AND RESPONSES THERETO DATED this ___14___ day of

5   ___July_____, 2014.

6   By: _____

    On Behalf of the Cybernet Entertainment LLC

7   Justin Bryson

8   VP of Marketing

9   ## CERTIFICATION

    The undersigned attorney has read the foregoing Answers to IG Media, Inc.'s Request for
10  Admission, Interrogatories, and Requests for Production to Plaintiff, and any objections thereto,
    and certifies that the responses and objections are in compliance with Federal Rule of Civil
11  Procedure 26(g).

12

13  By: _____

14

15

16

17

18

19

20

21

22

23

24

25

26

2.      Describe in detail all of the facts and circumstances Related To Your knowledge of the Works and Marks on the YouJizz Websites, including when You first knew that each of the Works and Marks were on the YouJizz Websites.

**RESPONSE:**  A search of the Internet for Cybernet's copyrighted works was performed, revealing the display of the Works on the YouJizz Websites.  The date when the Works and the Marks were first discovered on the YouJizz Websites is specifically stated and alleged in the Complaint and in PDF and video discovery produced by Battleship Stance.

3.      Describe in detail the efforts You took to have the Works and Marks removed from the YouJizz Websites prior to the filing of the litigation.

**RESPONSE:**  Takedown Piracy LLC sent YouJizz Websites DMCA Agent take down notices.   Battleship Stance sent YouJizz Sites DMCA Agent take down notices.  A draft complaint was also sent to the DMCA Agent, Larry Walters, several weeks before filing of the complaint.

4.      Describe in detail the efforts You took to prevent the unauthorized uploading, viewing and/or use on the Internet of the Works and the Marks, including any affiliation You may have with any video or image content identification, management or takedown services (e.g., Vobile, dmca.com, Guardlex).

**RESPONSE:**  Cybernet properly registered all copyrights and trademarks to protect its intellectual property.  Cybernet hired Takedown Piracy LLC to monitor and send take-down notices.

5.      Describe in detail the factual basis on which You allege in Your Complaint that Defendants do not qualify for safe harbor protection under the Digital Millennium Copyright Act.

**RESPONSE:**

a.      Defendants placed "youjizz.com" watermarks over many of Cybernet's videos.

b.      Defendants failed to respond to Takedown Piracy LLC and Battelship Stance LLC takedown notices.

c.      It is believed that Defendants profit directly from, the videos, as a user watching the Cybernet video was presented specific upsells.  It is also believed that Defendants' advertising revenues is directly affected by the quality of videos displayed on the YouJizz Websites.  Therefore, the presence of Cybernet videos directly affects such revenues.   Defendants have thwarted Plaintiffs investigation into this claim because they have refused to produce any information or communication with advertisers and refused to produce any information regarding financials for the YouJizz Websites.

d.      Cybernet's videos were uploaded by Defendants or by an agent on behalf of Defendants.  Defendants have thwarted Plaintiffs investigation into this claim because they have refused to produce any information pertaining to Defendants' independent contractors, including communications and payments to the independent contractors.

e.      Defendants have failed to implement reasonable repeat infringer policies.  Waiting for nine reported (9) infringements is not reasonable before terminating an infringer.  The fact that Defendants specifically reserve the right to revise and change the policy without notice to users is not sufficient notice of a repeat infringer policy.  It is



1   also believed that Defendants do not actually implement the policy – however,

2   Defendants are thwarting Plaintiffs investigation in this regard as Defendants refuse to

3   produce any information pertaining to reported infringements and terminated users.

4        f.    Igor Gens admitted to knowledge of the use and display of Cybernet's

5   videos on the YouJizz Websites, establishing his knowledge and involvement in

6   displaying the videos rather than the videos being uploaded randomly by some third

7   party user of the YouJizz Websites.

8        g.    On several occasions during the litigation, Defendants themselves caused

9   Cybernet's videos to be displayed on the YouJizz Websites, once in the fall of 2012 and

10   once in July 2013.

11        h.    Based upon the number of DMCA notices for Cybernet's videos and the

12   fact that Defendants review all videos posted before they are displayed on the YouJiz

13   Sites, Defendants were specifically aware that all Cybernet videos were infringing.  The

14   Cybernet videos are obvious, as each video is watermarked and has the Kink trademark

15   at the beginning, a total of two to three trademarks throughout the video, and the opening

16   of each video is the well-known Kink Armory.

17

18        6.    Describe in detail the factual basis on which You allege in Your

19   Complaint that the copyrights in the Works are unique and valuable property having

20   no readily determinable market value.

21   **RESPONSE:**  The majority of our content is exclusive to Cybernet.  In rare cases, we do

22   license our content and when Cybernet does, it is done on a revenue sharing basis

23   (Example: Video on Demand).  We are extremely conservative on what Works we make

24   available in those rare cases.  We do not license works for free usage.   There is no way

25   to determine the full extent of how much traffic and revenue we have lost to Youjizz

26   Sites as a result of their display of our work except to state that because it's broadcast on



1  Youjizz Sites, a large number of users know they can view Cybernet owned works for

2  free by going to the YouJizz Sites.  This diminishes the value of the Work, hinders the

3  growth of our proprietary domains and interferes with our existing license agreements.

4

5       7.       Describe in detail the factual basis on which You allege in the

6  Complaint that Defendants' alleged infringement harms Your business reputation and

7  goodwill.

8  **RESPONSE:**       YouJizz sites broadcasting Cybernet Work in length and outside of

9  the scope of our Affiliate Program and without any 2257 protection and pay-wall limits

10  our ability to sell our Work and further hinders Cybernet because users have no need or

11  incentive to leave a YouJizz site to come to one of our sites.  Additionally, by having our

12  Work in the formats produced on YouJizz Sites implies that we endorse piracy of our

13  Work, which is anything from true.

14

15       8.       Identify the copyright registration for each of the Works, including the

16  registered title, the registration number, the registration date, the date of creation and

17  the registered owner for each of the Works.

18  **RESPONSE:**  The registration number is listed for each Work in the complaint.  The

19  Registrations are produced herewith, which contain the registered title, the registration

20  date, the date of creation, and the registered owner -- which is Cybernet.

21

22

23       9.       Identify the trademark registration for each of the Marks, including the

24  word, description, date of first use in commerce, filing date, registration date, registration

25  number, serial number and registered owner where available.

26  **RESPONSE:**  The registrations are produced herewith, which includes all of the



1  requested information.

2

3

4      10.    Identify each and every time that You (or any of your agents) uploaded

5  or made available any of the Works to any website including the date of such upload and
the address of such website.

6

7  **RESPONSE:**  Cybernet has never uploaded any of its videos or works to third party

8  sites.

9

10      11.    Identify and describe each Communication between You, on the one

11  hand, and any other person or entity, on the other, concerning or regarding Your offer

12  to purchase one or more of the Defendants' websites.

13  **RESPONSE:**  No such communications exist as Cybernet has never made an offer to

14  purchase one or more of the Defendants' websites.

15

16

17      12.    Identify and describe each Communication between You, on the one

18  hand, and any other person or entity, on the other, concerning or regarding Your offer
to purchase any website owned by a person or entity whom You have sued or against

19  whom You have threatened suit.

20

21  **RESPONSE:**  No such communications exist as Cybernet has never made an offer to

22  purchase any website owned by a person or entity whom Cybernet has sued or against

23  Cybernet has threatened a lawsuit.

24

25      13.    Identify every functioning website that You have purchased over the past

26  five (5) years.



1   **RESPONSE:**  fuckedandbound.com, chantasbitches.com, captivemale.com,

2   twistedfactory.com, bondagebank.com.

3

4

5      14.   For each website identified in response to the previous

interrogatory, state if You had ever alleged that the purchased website had

6   infringed on any of Your trademarks or Copyrights.

7

8   **RESPONSE:**  No, with regard to each website.

9

10      15.   Identify each and every video file that You provided to the

11   Defendants for the purpose (or with the expectation) that the Defendants would post

12   such video files at one or more of their websites.

13   **RESPONSE:**      The marketing material provided to YouJizz for Youijizz was

14   previously produced during the Tucker Discovery, and is not related to this litigation.

15

16

17      16.   Identify and describe each Communication between You and Media Reps

LLC ("Media Reps") concerning or relating to the Litigation or any of the Defendants in

18   this action.

19

20   **RESPONSE:**  None exist that we are aware of.

21

22      17.   Identify and describe each Communication between You and Media Reps

23   concerning or relating to any other litigation or threatened litigation brought by (or

24   contemplated by) You.

25   **RESPONSE:**  None exist.

26



18.     Identify and describe each Communication between You and CM Productions, LLC ("CMP") concerning or relating to the Litigation or any of the Defendants in this action.

**RESPONSE:**  None exist that we are aware of.


19.     Identify and describe each Communication between You and CMP concerning or relating to any other litigation or threatened litigation brought by (or contemplated by) You.

**OBJECTION.**  Communications with CMP regarding litigation that does not involve the Defendants in this action, or any of Defendants infringing activities cannot and do not have any relevance with regard to Defendants infringing activities and are not reasonably likely to lead to the discovery of any admissible evidence.


20.     Identify and describe each Communication between You and Lawrence Waters concerning or relating to any of the Defendants in the Litigation.

**RESPONSE:**  Larry Walters was, at and before the time that this litigation was filed, the DMCA Agent for the You Jizz Websites.  Accordingly, Mr. Walters was served with all DMCA take down notices.  As Mr. Walters was Defendants' agent, Defendants already have possession of all such take down notices.   Mr. Walters, in early May 2012, was provided with a copy of a draft complaint relevant to this lawsuit, provided in hopes of pre-litigation settlement negotiations.  Mr. Walters, as agent for Reflected Networks, was served a subpoena in this action, in approximately October 2013, for Reflected Networks records specific to hosting the You Jizz Websites.

- 8



1      21.    Identify and describe each Communication between You and

2  Reflected Networks, Inc. concerning or relating to any of the Defendants in the

3  Litigation.

4  **RESPONSE:**  The only such communication is the October 2013 subpoena, a copy of

5  which was provided to Defendants before service of the subpoena, and the response to

6  the subpoena, of which Mr. Walters provided Defendants' counsel a copy.

7

8

9

10      22.    Identify any fingerprinting, hash marking, or other technology

11  (including, but not limited to products provided by Vobile), which You utilize and, for

12  each technology so utilized, the date You adopted that technology.

13  **RESPONSE:**  Cybernet's trademarks are watermarked on the videos at the editing

14  stage, prior to the release of the Work.

15

16

17

18

19

20                      **REQUESTS FOR PRODUCTION**

21      1.    All Documents Identified in or Related To Your response to any of the foregoing

22  Interrogatories.

23  **RESPONSE:**  Produced herewith are copies of copyright registrations and trademark

24  registrations.  Any other documents have either already been produced in the Tucker

25  disclosure or are already in possession of Defendants or Defendants' agent.

26

- 9 -



1    2.      All Documents referencing or constituting copyright infringement or

2    violation, Including pursuant to 17 U.S.C. § 512(c), or cease and desist letters sent by or

3    on behalf of Plaintiff, related to or referencing the Defendants and/or the YouJizz

4    Websites.

5    **RESPONSE:**  Cybernet retained the services of Battleship Stance LLC to investigate

6    and address Defendants' copyright and trademark infringement of Cybernet's

7    intellectual property.  As such, Battleship Stance maintained all such documents.  All

8    such documents were produced to Defendants by Battleship Stance pursuant to

9    subpoena.  Therefore, Defendants already have possession of such documents.

10

11    3.      All Documents referencing or constituting notices of copyright

12    infringement or violation, including pursuant to 17 U.S.C. § 512(c), and cease and desist

13    letters, sent by or on behalf of Plaintiff to any Person.

14    **OBJECTION.**  Such documents that do not involve the Defendants in this action, or any

15    of Defendants infringing activities cannot and do not have any relevance with regard to

16    Defendants infringing activities and are not reasonably likely to lead to the discovery of

17    any admissible evidence.

18

19

20    4.      All Documents evidencing or referencing Your association with Jason

21    Tucker, including any employment or independent contractor agreements and any

22    Documents evidencing payments from You to Jason Tucker.

23    **RESPONSE:**  Such documents are produced herewith.

24

25    5.      All Documents Relate To any and all Communications between You and

26    Jason Tucker Relating To Defendants, the YouJizz Websites, Chad Belville, Fraserside



1   IP, LLC, Fraserside Holdings, Ltd, Private Media Group or the Litigation.

2   **RESPONSE.**  Pertaining to communications between Cybernet and Mr. Tucker relating

3   to the Defendants, the You Jizz Websites, Mr. Beville, and the Litigation, all such

4   documents were produced by Mr. Tucker pursuant to the Tucker subpoena.  Therefore,

5   Defendants already possession of these documents.  There are no communications

6   between Cybernet and Mr. Tucker relating to Fraserside IP, LLC, Fraserside Holdings,

7   Ltd., or Private Media Group.

8

9       6.      All Documents Related To Your ability to monetize the Works and the

10  Marks, including through advertising revenue, subscriptions, sales, licensing or any other

11  means.

12  **RESPONSE:**  Requires a protective order.  Once in place, we have produce a graph that

13  shows our revenues doubling every year prior to Youjizz broadcasting our work and

14  once displayed, the graph flat lines and proceeds to head in a negative direction.

15

16

17      7.      All Documents Related To Your marketing and sales of copies of the Works,

18  including marketing strategies, pricing lists, profit and loss statements and balance sheets.

19  **RESPONSE:**  Requires a protective order.  Once in place, we have produce a graph that

20  shows our revenues doubling every year prior to Youjizz broadcasting our work and

21  once displayed, the graph flat lines and proceeds to head in a negative direction.

22

23      8.      All Documents Related To Your licensing of the Works, including

24  marketing strategies, pricing lists, profit and loss statements and balance sheets.

25  **RESPONSE:**  Requires a protective order.  Once in place, we have produce a graph that

26  shows our revenues doubling every year prior to Youjizz broadcasting our work and



1   once displayed, the graph flat lines and proceeds to head in a negative direction.

2

3       9.      All Documents Related to any and all Communications between You and

4   Defendants prior to the filing of this Litigation.

5   **RESPONSE:**  All DMCA take down notices have been produced.  In addition, there was

6   communication between Terrence Mundell and an agent of Defendant and with

7   Defendants' agent Larry Walters, produced herewith.

8

9

10      10.     All Documents Related To the Works availability on the YouJizz Websites

11  prior to the filing of this Litigation.

12  **RESPONSE:**  The availability of the Works on the YouJiss Websites prior to the filing

13  of the litigation was documents with video and screen grabs, all of which were produced

14  to Defendants in response to the Tucker subpoena.  Defendants already have possession

15  of these documents.

16

17      11.     All Documents Related To any and all Communications between You and

18  business affiliates of Defendants, including advertisers and advertising brokers of

19  Defendants.

20  **RESPONSE:**  Defendants have refused to produce any information or documentation

21  pertaining to their advertisers or other business affiliates, including independent

22  contractors.  Therefore, Cybernet cannot know whether there has been any

23  communication with these unknown persons or entities.  Other than the subpoenas issued

24  in this case, which Defendants have a copy of, Cybernet has not knowingly had any such

25  contact.

26



17.     All Documents Related To Your efforts to have removed or have access disabled to the Works and/or Marks on the YouJizz Websites prior to the filing of the Litigation.

**RESPONSE:** Defendants already have copies of the DMCA take down notices relevant to the YouJizz Websites. Defendants also already have copies of the draft complaint sent to their then agent, Larry Walters.

18.     All Documents Related To any and all Communications between You and Fraserside IP, LLC, Fraserside Holdings, Ltd and Private Media Group.

**OBJECTION.**   Such documents that do not involve the Defendants in this action, or any of Defendants infringing activities cannot and do not have any relevance with regard to Defendants infringing activities and are not reasonably likely to lead to the discovery of any admissible evidence. Without waiving said objection, there are no such documents that involved piracy, copyright infringement, trademark infringement, the Defendants, this Litigation, or the YouJizz Websites.



ANSWERS AND RESPONSES THERETO DATED this ____ day of
_____, 2014.

By: _____
On Behalf of the Cybernet Entertainment LLC

## CERTIFICATION

The undersigned attorney has read the foregoing Answers to Igor Gens Interrogatories and Requests for Production to Plaintiff, and any objections thereto, and certifies that the responses and objections are in compliance with Federal Rule of Civil Procedure 26(g).

By: _____

- 15