John P. Flynn (# 015065)
Peter J. Moolenaar (# 024487)
**DIOGUARDI FLYNN LLP**
7001 N. Scottsdale Road, Suite 2060
Scottsdale, Arizona 85253
Telephone:    (480) 951-8800
Facsimile:    (480) 951-8824
jflynn@dioguardiflynn.com
pmoolenaar@dioguardiflynn.com

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Cybernet Entertainment LLC, a New York Company<br><br>Plaintiff,<br><br>-v.-<br><br>IG Media Inc. and International Media Ltd. d/b/a YouJizz.com JizzHut.com, and JizzOnline.com and OnlyJizz.com and MoviesGuy.com and JizzBo.com and HotFunHouse.com and Igor Gens<br><br>Defendants. | Case No. 2:12-cv-01101-SPL<br><br>**DEFENDANTS' STATEMENT OF FACTS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT** |

Defendants IG Media Inc., International Media Ltd. and Igor Gens, by and through undersigned counsel, pursuant to Rule 56, Fed.R.Civ.P. and LRCiv 56.1(a), submits its Statement of Facts in Support of its Motion for Summary Judgment.

1.   Defendant International Media is an internet service provider that operates the websites YouJizz.com, Jizzhut.com, Jizzonline.com, Onlyjizz.com, Jizzbo.com, Moviesguy.com, and Hotfunhouse.com (collectively the "IM Websites"). See Declaration of Igor Gens in Support of Defendants' Opposition

1

D0104228/10410-001

to Plaintiff's Application for Temporary Restraining Order Pursuant to Fed.R.Civ.P. 65 (Doc 95) ("Gens Declaration") at ¶ 6.

2. The IM Websites allow users to view streaming adult oriented videos which are uploaded either by: (i) other users of the IM Websites or (ii) International Media's staff at the direction and with the authority of the producers of the videos. Gens Declaration ¶ 58.

3. The IM Websites are open and free of charge to anyone accessing the Internet over the age of 18. Gens Declaration ¶ 7.

4. Visitors to the sites are not charged a fee to access the sites. Gens Declaration ¶ 7.

5. Individuals that upload videos or content to the websites operated by International Media are not compensated by International Media. Gens Declaration ¶ 29.

6. International Media generates revenue almost entirely from selling advertising space. Gens Declaration ¶ 8.

7. International Media does not receive a financial benefit directly attributable to any alleged infringing activity on the IM Websites. Gens Declaration ¶ 61.

8. International Media has designated an agent with the United States Copyright Office in accordance with 17 U.S.C. 512(c)(2), and upon notification in accordance with 17 U.S.C. § 512(c)(3), responds expeditiously to remove or disable access to the material that is claimed to be infringing. Gens Declaration ¶ 62.

9. Plaintiff's putatively protected works account for approximately 0.017% of the files resident on International Media's server. Gens Declaration ¶ 69.

2

10. Upon notice, each of the videos identified in the Complaint were disabled and quarantined. Gens Declaration ¶ 57.

11. Although a small percentage of the previously disabled videos were inadvertently reposted for a short period of time, they were promptly removed and permanently quarantined upon notice. Gens Declaration ¶ 52-53.

12. International Media has taken and will continue to take all reasonable steps to ensure that the identified files will not be re-enabled and that the underlying video files will not be reposted. Gens Declaration ¶ 57.

13. On April 17, 2014, Defendants propounded written discovery on Plaintiff. *See* Defendants IG Media and International Media LTD.'s Request for Admission, Interrogatories and Requests for Production to Plaintiff, attached as "Exhibit 1."

14. On May 20, 2014, Peter Moolenaar, an attorney for Defendants, emailed Plaintiff's counsel Spencer Freeman requesting the availability of certain individuals listed in Plaintiff's disclosure statement as potential witnesses for depositions following Defendants' receipt of Plaintiff's responses to Defendants written discovery. *See* email from Peter Moolenaar to Spencer Freeman dated May 20, 2014, attached as "Exhibit 2."

15. On May 29, 2014 (nine days after Plaintiff's responses were due), Mr. Freeman responded to the email referenced in Paragraph 3, above, and stated that "[o]ur discovery responses to you are in process, as you had required an extension of time, we will also. I appreciate the mutual consideration." *See* email from Spencer Freeman to Peter Moolenaar dated May 29, 2014, attached as "Exhibit 3." However, Mr. Freeman did not request or identify any actual amount of additional time requested by Plaintiff to respond o the discovery. *Id*.

16. On June 12, 2014 (more than 3 weeks after the discovery responses were due), Mr. Moolenaar sent another email to Spencer Freeman requesting the

D0104228/10410-001

discovery responses and again inquired about deposition availability for Plaintiff's disclosed witnesses. *See* email from Peter Moolenaar to Spencer Freeman dated June 12, 2014, attached as "Exhibit 4." Mr. Moolenaar also highlighted the Court's impending June 20, 2014 discovery deadline and explained that Defendants' had been prejudiced by Plaintiff's failure to timely respond to the written discovery and provide deposition availability. *Id.*

17. On June 16, 2014, Mr. Freeman responded by referencing court appearances and requesting a conference call to meet and confer on the discovery dispute. *See* email from Spence Freeman to Peter Moolenaar dated June 16, 2014, attached as "Exhibit 5."

18. On June 17, 2014, Mr. Moolenaar confirmed Defendants' willingness to meet and confer, but cautioned that "[w]ith the discovery deadline this Friday [June 20] I cannot agree to any extension and I note that you still have failed to identify a specific date when you plan to serve the responses." *See* email from Peter Moolenaar to Spencer Freeman dated June 17, 2014, attached as "Exhibit 6."

19. On June 27, 2014, an individual from Mr. Freeman's office contacted undersigned's office seeking approval to provide partial responses to Defendants' written discovery. *See* email from Peter Moolenaar to Spencer Freeman dated June 27, 2014, attached as "Exhibit 7." Mr. Moolenaar emailed Mr. Freeman and reiterated Defendants' objection to Plaintiff's failure to timely respond to the written discovery and further failure to respond prior to the Court's discovery deadline. *Id.*

20. On June 27, 2014 (one week after the Court's discovery deadline), undersigned received via email from Mr. Freeman's office unsigned, draft discovery responses. *See* email from Jeff Cully to Peter Moolenaar dated June 27, 2014 and unsigned discovery responses, attached as "Exhibit 8."

D0104228/10410-001

21.     On July 14, 2014, undersigned received partial written discovery responses signed by a purported representative of Plaintiff.  *See* email from Jeff Cully to Peter Moolenaar dated July 14, 2014 and Plaintiff's Responses to Request for Production, Request for Admission, and Interrogatories, attached as "Exhibit 9."  However, not only were these responses different in several material respects from the unsigned June 27 draft answers, they were missing several pages and were not even signed by counsel for Plaintiff—despite a signature line for his certification that he had read the answers, objections, and that the responses and objections were in compliance with Federal Rule of Civil Procedure 26(g).

22.     On July 17, 2014 (almost one month after the Court's discovery deadline and almost two months after Plaintiff's answers were due), undersigned received the missing pages to the July 14 responses.  *See* email from Jeff Cully to Peter Moolenaar dated July 17, 2014 and missing pages from Plaintiff's responses to discovery requests, attached as "Exhibit 10."

23.     International Media websites host content uploaded by third parties. Exhibit 1 p. 8.

24.     International Media does not compensate any third parties whom upload content on International Media websites.  Exhibit 1 p. 8.

25.     Each of the videos identified in Your Complaint as being allegedly infringing were removed or disabled by International Media following notification from Plaintiff of allegedly infringing activity.  Exhibit 1 p. 8.

26.     International Media is a service provider as defined by 17 U.S.C. § 512(k)(1)(B).  Exhibit 1 p. 9.

27.     International Media qualifies for the safe harbor provisions set out in 17 U.S.C. § 512(c).  Exhibit 1 p. 9.

28.     International Media did not receive a financial benefit directly attributable to the infringing activity in the Complaint.  Exhibit 1 p. 9.

D0104228/10410-001

29. International Media has designated an agent with the United States Copyright Office in accordance with 17 U.S.C. § 512(c)(2). Exhibit 1 p. 9.

30. International Media has adopted a repeat infringer policy in accordance with 17 U.S.C. § 512(i)(A). Exhibit 1 p. 9.

31. International Media has reasonably implemented a repeat infringer policy in accordance with 17 U.S.C. § 512(i)(A). Exhibit 1 p. 10.

32. International Media has reasonably notified its users of its repeat infringer policy in accordance with 17 U.S.C. § 512(i)(A). Exhibit 1 p. 10.

**RESPECTFULLY SUBMITTED** this 29th day of July, 2014.

**DIOGUARDI FLYNN LLP**

By: /s/ Peter Moolenaar
John P. Flynn (# 015065)
Peter J. Moolenaar (# 024487)
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of July, 2014, I transmitted the foregoing document to the Clerk of the United States District Court, District of Arizona, using the ECF System for filing and transmittal of a Notice of Electronic File to the following ECF registrants:

Chad L. Belville
Attorney at Law
4742 N. 24th Street, Suite 315
Phoenix, AZ  85016
cbelville@azbar.org
*Attorney for Plaintiff*

Spencer D. Freeman
Attorney at Law
1107 ½ Tacoma Avenue South
Tacoma, WA  98402
sfreeman@freemanlawfirm.org
*Attorney for Plaintiff*


By: /s/ Megan Barber

D0104228/10410-001