# EXHIBIT A

1  John P. Flynn (# 015065)
   Peter J. Moolenaar (# 024487)
2  **DIOGUARDI FLYNN LLP**
   7001 N. Scottsdale Road, Suite 2060
3  Scottsdale, Arizona 85253
   Telephone:    (480) 951-8800
4  Facsimile:    (480) 951-8824
   jflynn@dioguardiflynn.com
5  pmoolenaar@dioguardiflynn.com

6  *Attorneys for Defendants*

7
                 IN THE UNITED STATES DISTRICT COURT
8
                        DISTRICT OF ARIZONA
9

10  Cybernet Entertainment LLC,
    a New York Company                        Case No. 2:12-cv-01101-SPL
11
         Plaintiff,                           **DEFENDANTS' MOTION FOR
12                                            SUMMARY JUDGMENT**

         -v.-
13
    IG Media Inc. and International Media
14  Ltd. d/b/a YouJizz.com JizzHut.com, and
    JizzOnline.com   and   OnlyJizz.com   and
15  MoviesGuy.com   and   JizzBo.com   and
    HotFunHouse.com and Igor Gens
16
         Defendants.
17

18

19        Defendants  IG  Media  Inc.,  International  Media  Ltd.  (collectively

20  "International Media") and Igor Gens, by and through undersigned counsel,

21  pursuant to Rule 56, Fed.R.Civ.P., hereby move for summary judgment on

22  Plaintiffs' claims for (1) Copyright Infringement; (2) Contributory Copyright

23  Infringement; (3) Vicarious Copyright Infringement; (4) Inducement of Copyright

24  Infringement; and (5) False Designation of Origin under the Lanham Act.  As

25  deemed admitted by Plainitff's failure to timely answer International Media's

26  requests for admission, Defendants are protected from monetary liability for these

27  claims under the safe harbor provisions of the Digital Millennium Copyright Act

28

1

1  ("DMCA").   Moreover, injunctive relief would be moot since Defendants have

2  removed the alleged infringing material. *See* 17 U.S.C. § 512(c).

3  ## I.  INTRODUCTION

4      Defendant International Media is an internet service provider that operates

5  the websites YouJizz.com, Jizzhut.com, Jizzonline.com, Onlyjizz.com, Jizzbo.com,

6  Moviesguy.com,   and   Hotfunhouse.com   (collectively   the   "IM   Websites").

7  Defendants' Statement of Facts in Support of Motion for Summary Judgment

8  ("SOF") 1.    The IM Websites allow users to view streaming adult oriented videos

9  which are uploaded either by: (i) other users of the IM Websites or (ii) International

10 Media's staff at the direction and with the authority of the producers of the videos.

11 SOF 2.   The IM Websites are open and free of charge to anyone accessing the

12 Internet over the age of 18.  SOF 3.   Visitors to the sites are not charged a fee to

13 access the sites.  SOF 4.   Similarly, individuals that upload videos or content to the

14 websites operated by International Media are not compensated by International

15 Media. SOF 5.   International Media generates revenue almost entirely from selling

16 advertising space.  SOF 6.   International Media does not receive a financial benefit

17 directly attributable to any alleged infringing activity on the IM Websites.  SOF 7.

18 International Media has designated an agent with the United States Copyright

19 Office in accordance with 17 U.S.C. 512(c)(2), and upon notification in accordance

20 with 17 U.S.C. § 512(c)(3), responds expeditiously to remove or disable access to

21 the material that is claimed to be infringing.  SOF 8.

22      Plaintiff's putatively protected works account for approximately 0.017% of

23 the files resident on International Media's server. SOF 9.  Upon notice, each of the

24 videos identified in the Complaint were disabled and quarantined.   SOF 10.

25 Although a small percentage of the previously disabled videos were inadvertently

26 reposted for a short period of time, they were promptly removed and permanently

27 quarantined upon notice. SOF 11.  International Media has taken and will continue

28

2

1  to take all reasonable steps to ensure that the identified files will not be re-enabled

2  and that the underlying video files will not be reposted.  SOF 12.

## II. DEFENDANTS ARE PROTECTED FROM MONETARY RELIEF UNDER THE SAFE HARBOR PROVISIONS OF THE DMCA.

In enacting the DMCA, "Congress recognized that in the ordinary course of their operations service providers must engage in all kinds of acts that expose them to potential copyright infringement.  *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir 2013) (internal citations omitted).  Although Congress was aware that service providers are capable of being misused to facilitate copyright infringement, "it was loath to permit the specter of liability to chill innovation that could also serve substantial socially beneficial functions. Congress decided that by limiting service providers' liability, it would ensure that the efficiency of the Internet will continue to improve and the variety and quality of service on the Internet will continue to expand." *Id.*  To that end, Congress enacted safe harbors that preclude imposing monetary liability on service providers for: (1) transitory digital network communications; (2) system catching; (3) information residing on systems or networks at the direction of users; and (4) information location tools. *Id.*; *See, Perfect 10, Inc. v. CCBILL, LLC*, 488 F.3d 1102 (2007).  Protection under the DMCA safe harbors in 17 U.S.C. § 512(c) includes liability under the doctrines of direct, vicarious, contributory and inducement liability. *Id.*; *See also UMG Recordings, Inc.*, 718 F.3d at 1028-1029 (noting that § 512(c) includes protection for vicarious and contributory liability); *Columbia Pictures Industries, Inc. v. Fung*, 710 F.3d 1020, 1039-1040 (2013) (applying DMCA safe harbors to inducement liability).

3

17 U.S.C. § 512(c) provides:

> (1)   In general.—A service provider shall not be liable for monetary relief, or, except as provided in subsection (j), for injunctive or other equitable relief, for infringement of copyright by reason of the storage at the direction of a user of material that resides on a system or network controlled or operated by or for the service provider, if the service provider—
>
>> (A)(i) does not have actual knowledge that the material or any activity using the material on the system or network is infringing;
>>
>> (ii) in the absence of such actual knowledge, is not aware of facts or circumstances from which infringing activity is apparent; or
>>
>> (iii)   upon   obtaining   such   knowledge   or awareness, acts expeditiously to remove, or disable access to, the material;
>>
>> (B) does not receive a financial benefit directly attributable to the infringing activity, in a case in which the service provider has the right and ability to control such activity; and
>>
>> (C) upon notification of claimed infringement as   described   in   paragraph   (3),   responds expeditiously to remove, or disable access to, the material that is claimed to be infringing or to be the subject of infringing activity.

In addition, a service provider must designate and register with the Copyright Office an agent to receive notifications of claimed infringement.  17 U.S.C. § 512(c)(2).

As discussed below, Plaintiff has been deemed to have admitted that Defendants are entitled to the safe harbor protections under 17 U.S.C. § 512(c). As such, Defendants cannot be held liable for monetary relief.

4

### A. **Plaintiff failed to timely answer International Media's Requests for Admission.**

On April 17, 2014, Defendants propounded written discovery, including requests for admission. SOF 13. Plaintiff's responses to Defendants' written discovery were due no later than May 20, 2014—*i.e.*, within thirty (30) days after service. *See* Rules 33, 34 and 36, Fed.R.Civ.P.

On May 20, 2014, Peter Moolenaar, an attorney for Defendants, emailed Plaintiff's counsel Spencer Freeman requesting the availability of certain individuals listed in Plaintiff's disclosure statement as potential witnesses for depositions following Defendants' receipt of Plaintiff's responses to Defendants' written discovery. SOF 14. On May 29, 2014 (nine days after Plaintiff's responses were due), Mr. Freeman responded that "[o]ur discovery responses to you are in process, as you had required an extension of time, we will also. I appreciate the mutual consideration." SOF 15. Defendants were previously granted an eight (8) day extension from Plaintiff to respond to Plaintiff's written discovery.

On June 12, 2014 (more than 3 weeks after the discovery responses were due), Mr. Moolenaar sent another email to Spencer Freeman requesting the discovery responses and again inquired about deposition availability for Plaintiff's disclosed witnesses. SOF 16. Mr. Moolenaar also highlighted the Court's impending June 20, 2014 discovery deadline and explained that Defendants' had been prejudiced by Plaintiff's failure to timely respond to the written discovery and provide deposition availability. *Id.* On June 16, 2014, Mr. Freeman responded by referencing court appearances and requesting a conference call to meet and confer on the discovery dispute. SOF 17. On June 17, 2014, Mr. Moolenaar confirmed Defendants' willingness to meet and confer, but cautioned that "[w]ith the discovery deadline this Friday [June 20] I cannot agree to any

extension and I note that you still have failed to identify a specific date when you plan to serve the responses." SOF 18.

Counsel participated in a teleconference to meet and confer on the discovery issues on June 19, 2014; however counsel was unable to resolve Plaintiff's failure to timely respond to Defendants' written discovery. On June 20, 2014, the Court's discovery deadline passed without Plaintiff responding to Defendants' written discovery or producing its disclosed witnesses for depositions.

On June 27, 2014, an individual from Mr. Freeman's office contacted undersigned's office seeking approval to provide partial responses to Defendants' written discovery. SOF 19. Mr. Moolenaar emailed Mr. Freeman and reiterated Defendants' objection to Plaintiff's failure to timely respond to the written discovery and further failure to respond prior to the Court's discovery deadline. *Id.*

On June 27, 2014 (one week after the Court's discovery deadline and more than a month after Plaintiff's answers were due), undersigned received via email from Mr. Freeman's office unsigned, draft discovery responses. SOF 20. On July 14, 2014, undersigned received partial written discovery responses signed by a purported representative of Plaintiff. SOF 21. However, not only were these responses different in several material respects from the unsigned June 27 draft answers, they were missing several pages and were not even signed by counsel for Plaintiff—despite a signature line for his certification that he had read the answers, objections, and that the responses and objections were in compliance with Federal Rule of Civil Procedure 26(g). *Id.*

On July 17, 2014 (almost one month after the Court's discovery deadline and almost two months after Plaintiff's answers were due), undersigned received the missing pages to the July 14 responses. SOF 22. However, to date Defendants have not received responses signed by Plaintiff's counsel, again despite the

signature line on Plaintiff's responses and the express requirement under Rule 26(g) that "every discovery request, response, or objection must be signed by at least one attorney of record." *See* Rule 26(g)(1), Fed.R.Civ.P.  Nor has Plaintiff filed a Notice of Service as required under LRCiv 5.2—perhaps indicating Plaintiff (or its counsel) does not consider the unsigned responses complete.

### B. **Plaintiff has admitted that Defendants are entitled to safe harbor protection the 17 U.S.C. § 512(C).**

"A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."  Rule 36(a)(3), Fed.R.Civ.P.  Here, Plaintiff has admitted through its failure to timely answer International Media's requests for admission the following:

1.    International Media qualifies for the safe harbor provisions set out in 17 U.S.C. § 512(c).  SOF 27.

2.    International Media is a service provider as defined by 17 U.S.C. § 512(k)(1)(B).  SOF 26.

3.    International Media websites host content uploaded by third parties. SOF 23.

4.    International Media does not compensate any third parties whom upload content on International Media websites. SOF 24.

5.     International Media did not receive a financial benefit directly attributable to the infringing activity in the Complaint.  SOF 28.

6.    Each of the videos identified in Plaintiff's Complaint as being allegedly infringing were removed or disabled by International Media following notification from Plaintiff of allegedly infringing activity.  SOF 25.

D0104113/10410-001

7.     International Media has designated an agent with the United States Copyright Office in accordance with 17 U.S.C. § 512(c)(2).  SOF 29.

8.     International Media has adopted a repeat infringer policy in accordance with 17 U.S.C. § 512(i)(A).  SOF 30.

9.     International Media has reasonably implemented a repeat infringer policy in accordance with 17 U.S.C. § 512(i)(A).  SOF 31.

10.    International Media has reasonably notified its users of its repeat infringer policy in accordance with 17 U.S.C. § 512(i)(A).  SOF 32.

As a result of Plaintiff's admissions, and the record before this Court, Defendants are entitled to DMCA safe harbor protection and cannot be held liable for monetary relief.  17. U.S.C. § 512(c).  The only remedy remaining for Plaintiff would be an injunction; however, any such injunction would be limited to:

(i)     An order restraining the service provider from providing access to infringing material or activity residing at a particular online site on the provider's system or network.

(ii)    An order restraining the service provider from providing access to a subscriber or account holder of the service provider's system or network who is engaging in infringing activity and is identified in the order, by terminating the accounts of the subscriber or account holder that are specified in the order.

(iii)   Such other injunctive relief as the court may consider necessary to prevent or restrain infringement of copyrighted material specified in the order of the court at a particular online location, if such relief is the least burdensome to the service provider among the forms of relief comparably effective for that purpose.

17 U.S.C. § 512(j)(1).

8

D0104113/10410-001

Given that Defendants have removed and quarantined the allegedly infringing material, any injunction would be moot and should not be considered by the Court. SOF 10-12. As such, Plaintiff lacks any available remedy for its claims and summary judgment should be entered in favor of Defendants.[1]

## CONCLUSION

Defendants should be granted summary judgment on all counts of Plaintiff's Complaint. Plaintiff's admissions and the record before the Court establish that Defendants are entitled to safe harbor protection under 17 U.S.C. § 512(c) and that Plaintiff's remaining remedy—injunctive relief—would be moot. As such, Plaintiff's claims should be dismissed with prejudice and Defendants awarded their attorneys' fees and costs incurred in defending this action.

**RESPECTFULLY SUBMITTED** this 29th day of July, 2014.

**DIOGUARDI FLYNN LLP**


By: /s/ Peter Moolenaar
John P. Flynn (# 015065)
Peter J. Moolenaar (# 024487)
*Attorneys for Defendants*

---

[1] Count V of Plaintiff's Complaint asserts a claim for false designation of origin under the Lanham Act; however, Plaintiff has failed to establish any distinction between its copyright and trademark claims. In *Dastar Corp. v. Twentieth Century Fox Film Corp.*, the Supreme Court cautioned against blurring the boundaries between trademark and copyright law. 539 U.S. 23 (2003). "[I]n construing the Lanham Act, we have been careful to caution against misuse or over-extension of trademark and related protections into areas traditionally occupied by patent or copyright." *Id.* at 33-34. Nor can Plaintiff demonstrate that Defendants acted in violation of the Lanham Act where they have admitted that International Media operated in conformity with the DMCA and qualifies for the safe harbor protection set out in 17 U.S.C. § 512(c).

9

**CERTIFICATE OF SERVICE**

        I hereby certify that on the 29th day of July, 2014, I transmitted the foregoing document to the Clerk of the United States District Court, District of Arizona, using the ECF System for filing and transmittal of a Notice of Electronic File to the following ECF registrants:

Chad L. Belville
Attorney at Law
4742 N. 24th Street, Suite 315
Phoenix, AZ  85016
cbelville@azbar.org
*Attorney for Plaintiff*

Spencer D. Freeman
Attorney at Law
1107 ½ Tacoma Avenue South
Tacoma, WA  98402
sfreeman@freemanlawfirm.org
*Attorney for Plaintiff*


By: /s/ Megan Barber

10

D0104113/10410-001