# EXHIBIT B

1   John P. Flynn (# 015065)
    Peter J. Moolenaar (# 024487)
2   **DIOGUARDI FLYNN LLP**
    7001 N. Scottsdale Road, Suite 2060
3   Scottsdale, Arizona 85253
    Telephone:   (480) 951-8800
4   Facsimile:   (480) 951-8824
    jflynn@dioguardiflynn.com
5   pmoolenaar@dioguardiflynn.com

6   *Attorneys for Defendants*

7

8              **IN THE UNITED STATES DISTRICT COURT**

               **DISTRICT OF ARIZONA**
9

10  Cybernet Entertainment LLC,
    a New York Company                    Case No. 2:12-cv-01101-SPL
11
              Plaintiff,                   **DEFENDANTS' STATEMENT**
12                                         **OF FACTS IN SUPPORT OF**
          -v.-                             **THEIR   MOTION   FOR**
13                                         **SUMMARY JUDGMENT**
    IG Media Inc. and International Media
14  Ltd. d/b/a YouJizz.com JizzHut.com, and
    JizzOnline.com and OnlyJizz.com and
15  MoviesGuy.com and JizzBo.com and
    HotFunHouse.com and Igor Gens
16
              Defendants.
17

18

19          Defendants IG Media Inc., International Media Ltd. and Igor Gens, by

20  and through undersigned counsel, pursuant to Rule 56, Fed.R.Civ.P. and LRCiv

21  56.1(a), submits its Statement of Facts in Support of its Motion for Summary

22  Judgment.

23          1.   Defendant International Media is an internet service provider that

24  operates the websites YouJizz.com, Jizzhut.com, Jizzonline.com, Onlyjizz.com,

25  Jizzbo.com, Moviesguy.com, and Hotfunhouse.com (collectively the "IM

26  Websites"). See Declaration of Igor Gens in Support of Defendants' Opposition

27

28

                                    1

1   to Plaintiff's Application for Temporary Restraining Order Pursuant to

2   Fed.R.Civ.P. 65 (Doc 95) ("Gens Declaration") at ¶ 6.

3       2.      The IM Websites allow users to view streaming adult oriented

4   videos which are uploaded either by: (i) other users of the IM Websites or (ii)

5   International Media's staff at the direction and with the authority of the producers

6   of the videos. Gens Declaration ¶ 58.

7       3.      The IM Websites are open and free of charge to anyone accessing

8   the Internet over the age of 18. Gens Declaration ¶ 7.

9       4.      Visitors to the sites are not charged a fee to access the sites. Gens

10  Declaration ¶ 7.

11      5.      Individuals that upload videos or content to the websites operated by

12  International Media are not compensated by International Media. Gens

13  Declaration ¶ 29.

14      6.      International Media generates revenue almost entirely from selling

15  advertising space. Gens Declaration ¶ 8.

16      7.      International Media does not receive a financial benefit directly

17  attributable to any alleged infringing activity on the IM Websites. Gens

18  Declaration ¶ 61.

19      8.      International Media has designated an agent with the United States

20  Copyright Office in accordance with 17 U.S.C. 512(c)(2), and upon notification in

21  accordance with 17 U.S.C. § 512(c)(3), responds expeditiously to remove or

22  disable access to the material that is claimed to be infringing. Gens Declaration ¶

23  62.

24      9.      Plaintiff's putatively protected works account for approximately

25  0.017% of the files resident on International Media's server. Gens Declaration ¶

26  69.

27

28

D0104228/10410-001

10.    Upon notice, each of the videos identified in the Complaint were disabled and quarantined. Gens Declaration ¶ 57.

11.    Although a small percentage of the previously disabled videos were inadvertently reposted for a short period of time, they were promptly removed and permanently quarantined upon notice. Gens Declaration ¶ 52-53.

12.    International Media has taken and will continue to take all reasonable steps to ensure that the identified files will not be re-enabled and that the underlying video files will not be reposted. Gens Declaration ¶ 57.

13.    On April 17, 2014, Defendants propounded written discovery on Plaintiff. *See* Defendants IG Media and International Media LTD.'s Request for Admission, Interrogatories and Requests for Production to Plaintiff, attached as "Exhibit 1."

14.    On May 20, 2014, Peter Moolenaar, an attorney for Defendants, emailed Plaintiff's counsel Spencer Freeman requesting the availability of certain individuals listed in Plaintiff's disclosure statement as potential witnesses for depositions following Defendants' receipt of Plaintiff's responses to Defendants written discovery. *See* email from Peter Moolenaar to Spencer Freeman dated May 20, 2014, attached as "Exhibit 2."

15.    On May 29, 2014 (nine days after Plaintiff's responses were due), Mr. Freeman responded to the email referenced in Paragraph 3, above, and stated that "[o]ur discovery responses to you are in process, as you had required an extension of time, we will also. I appreciate the mutual consideration." *See* email from Spencer Freeman to Peter Moolenaar dated May 29, 2014, attached as "Exhibit 3." However, Mr. Freeman did not request or identify any actual amount of additional time requested by Plaintiff to respond o the discovery. *Id.*

16.    On June 12, 2014 (more than 3 weeks after the discovery responses were due), Mr. Moolenaar sent another email to Spencer Freeman requesting the

discovery responses and again inquired about deposition availability for Plaintiff's disclosed witnesses. *See* email from Peter Moolenaar to Spencer Freeman dated June 12, 2014, attached as "Exhibit 4."   Mr. Moolenaar also highlighted the Court's impending June 20, 2014 discovery deadline and explained that Defendants' had been prejudiced by Plaintiff's failure to timely respond to the written discovery and provide deposition availability. *Id.*

17.   On June 16, 2014, Mr. Freeman responded by referencing court appearances and requesting a conference call to meet and confer on the discovery dispute. *See* email from Spence Freeman to Peter Moolenaar dated June 16, 2014, attached as "Exhibit 5."

18.   On June 17, 2014, Mr. Moolenaar confirmed Defendants' willingness to meet and confer, but cautioned that "[w]ith the discovery deadline this Friday [June 20] I cannot agree to any extension and I note that you still have failed to identify a specific date when you plan to serve the responses." *See* email from Peter Moolenaar to Spencer Freeman dated June 17, 2014, attached as "Exhibit 6."

19.   On June 27, 2014, an individual from Mr. Freeman's office contacted undersigned's office seeking approval to provide partial responses to Defendants' written discovery. *See* email from Peter Moolenaar to Spencer Freeman dated June 27, 2014, attached as "Exhibit 7."   Mr. Moolenaar emailed Mr. Freeman and reiterated Defendants' objection to Plaintiff's failure to timely respond to the written discovery and further failure to respond prior to the Court's discovery deadline. *Id.*

20.   On June 27, 2014 (one week after the Court's discovery deadline), undersigned received via email from Mr. Freeman's office unsigned, draft discovery responses. *See* email from Jeff Cully to Peter Moolenaar dated June 27, 2014 and unsigned discovery responses, attached as "Exhibit 8."

21.   On July 14, 2014, undersigned received partial written discovery responses signed by a purported representative of Plaintiff. *See* email from Jeff Cully to Peter Moolenaar dated July 14, 2014 and Plaintiff's Responses to Request for Production, Request for Admission, and Interrogatories, attached as "Exhibit 9." However, not only were these responses different in several material respects from the unsigned June 27 draft answers, they were missing several pages and were not even signed by counsel for Plaintiff—despite a signature line for his certification that he had read the answers, objections, and that the responses and objections were in compliance with Federal Rule of Civil Procedure 26(g).

22.   On July 17, 2014 (almost one month after the Court's discovery deadline and almost two months after Plaintiff's answers were due), undersigned received the missing pages to the July 14 responses. *See* email from Jeff Cully to Peter Moolenaar dated July 17, 2014 and missing pages from Plaintiff's responses to discovery requests, attached as "Exhibit 10."

23.   International Media websites host content uploaded by third parties. Exhibit 1 p. 8.

24.   International Media does not compensate any third parties whom upload content on International Media websites. Exhibit 1 p. 8.

25.   Each of the videos identified in Your Complaint as being allegedly infringing were removed or disabled by International Media following notification from Plaintiff of allegedly infringing activity. Exhibit 1 p. 8.

26.   International Media is a service provider as defined by 17 U.S.C. § 512(k)(1)(B). Exhibit 1 p. 9.

27.   International Media qualifies for the safe harbor provisions set out in 17 U.S.C. § 512(c). Exhibit 1 p. 9.

28.   International Media did not receive a financial benefit directly attributable to the infringing activity in the Complaint. Exhibit 1 p. 9.

1       29.     International Media has designated an agent with the United States

2   Copyright Office in accordance with 17 U.S.C. § 512(c)(2).  Exhibit 1 p. 9.

3       30.     International Media has adopted a repeat infringer policy in

4   accordance with 17 U.S.C. § 512(i)(A).  Exhibit 1 p. 9.

5       31.     International Media has reasonably implemented a repeat infringer

6   policy in accordance with 17 U.S.C. § 512(i)(A).  Exhibit 1 p. 10.

7       32.     International Media has reasonably notified its users of its repeat

8   infringer policy in accordance with 17 U.S.C. § 512(i)(A).  Exhibit 1 p. 10.

9

10      **RESPECTFULLY SUBMITTED** this 29th day of July, 2014.

11

12                                  **DIOGUARDI FLYNN LLP**

13

14                          By:   /s/ Peter Moolenaar
                                  John P. Flynn (# 015065)
15                                Peter J. Moolenaar (# 024487)
                                  *Attorneys for Defendants*
16

17

18

19

20

21

22

23

24

25

26

27

28

6

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of July, 2014, I transmitted the foregoing document to the Clerk of the United States District Court, District of Arizona, using the ECF System for filing and transmittal of a Notice of Electronic File to the following ECF registrants:

Chad L. Belville
Attorney at Law
4742 N. 24th Street, Suite 315
Phoenix, AZ 85016
cbelville@azbar.org
*Attorney for Plaintiff*

Spencer D. Freeman
Attorney at Law
1107 ½ Tacoma Avenue South
Tacoma, WA 98402
sfreeman@freemanlawfirm.org
*Attorney for Plaintiff*

By: /s/ Megan Barber

D0104228/10410-001

# EXHIBIT 1

1  John P. Flynn (# 015065)
   Peter J. Moolenaar (# 024487)
2  **DIOGUARDI FLYNN LLP**
   7001 N. Scottsdale Road, Suite 2060
3  Scottsdale, Arizona 85253
   Telephone:   (480) 951-8800
4  Facsimile:    (480) 951-8824
   jflynn@dioguardiflynn.com
5  pmoolenaar@dioguardiflynn.com

6  *Attorneys for Defendants*

7

8                **IN THE UNITED STATES DISTRICT COURT**

                        **DISTRICT OF ARIZONA**
9

10 Cybernet Entertainment LLC,
   a New York Company                    Case No. 2:12-cv-01101-SRB
11
            Plaintiff,                    **DEFENDANTS IG MEDIA INC.**
12                                        **AND INTERNATIONAL MEDIA**
        -v.-                              **LTD.'S REQUESTS FOR**
13                                        **ADMISSION,**
   IG Media Inc. and International Media  **INTERROGATORIES AND**
14 Ltd. d/b/a YouJizz.com JizzHut.com, and **REQUESTS FOR**
   JizzOnline.com   and   OnlyJizz.com   and **PRODUCTION TO PLAINTIFF**
15 MoviesGuy.com   and   JizzBo.com   and
   HotFunHouse.com and Igor Gens
16
            Defendants.
17

18

19         Defendants IG Media Inc. and International Media Ltd., by and through

20 undersigned counsel, pursuant to Fed. R. Civ. P. 26, 33, 34 and 36, hereby serve

21 the following set of (i) Requests for Admission, (ii) Interrogatories, and (ii)

22 Requests for Production.

23                           **DEFINITIONS**

24         For the purposes of this set of Requests for Admission, Interrogatories,

25 and Requests for Production of Documents, the following terms and references

26 have been defined as follows:

27

28

   D0097944-210410-001                      1

1. The terms "Request" or "Requests" shall mean this First Set of Requests for Admission, Interrogatories, and Requests for Production of Documents.

2. The terms "And" and "Or" shall be construed conjunctively or disjunctively, whichever makes the Request more inclusive.

3. The terms "Any," "Each," "All," and "Every" shall be read to be all inclusive, and to require the enumeration of each and every item of information or, Document responsive to the interrogatory in which such term appears.

4. The terms "Communication" or "Communications," unless otherwise specified, refer to any form of oral or written transmission of ideas or information between two or more persons or entities, regardless of the medium by which such communication occurred.   Communication shall include, without limitation, internal writings, oral conversations or meetings among employees or other Representatives of the Defendant, personal conversations, telephone conversations, emails, letters, meetings, memoranda, negotiations, proposals, analyses, evaluations, recommendations, authorizations, approvals and/or decisions, telegraphic, telex, computer and facsimile communications or transmittals of Documents, and all Documents concerning such writings or oral conversations.

5. The term "Litigation" means *Cybernet Entertainment, LLC v. IG Media Inc., et al.* (2:12-CV-01101-PHX-SRB), pending in the United States District Court for the District of Arizona.

6. The term "Complaint" means the Complaint filed in the Litigation.

7. The term "International Media" shall mean the Defendants IG Media, Inc. and International Media Ltd., collectively, in the Litigation.

8. The term "Defendants" shall mean all Defendants, collectively, in this Litigation.

2

9. The terms "Concern" and "Concerning" mean Referring to constituting, discussing, evidencing, or in any way relevant to, to make the Request inclusive rather than exclusive.

10. The terms "Document" or "Documents" are defined in their customary broad sense and means all writings of any kind including the originals and non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, including, without limiting the generality of the foregoing, all correspondence, e-mail, and other electronically compiled data, memoranda, notes, diaries, statistics, letters, telegrams, telexes, contracts, reports, studies, checks, statements, receipts, returns, summaries, inter-office and intra-office communications, notes of conversations, telephone calls, chat logs (including but not limited to Skype, ICQ, AIM, or other Internet chat mediums), or other communications, bulletins, printed matter, computer printouts, invoices, worksheets and all drafts, alterations, modifications, changes and amendments of any of the foregoing (including, without limitation, photographs, charts, graphs, microfiche, microfilm, video tape, recordings or motion pictures).

11. The term "All Documents" means every Document, as defined above, known to You and every Document which can be located or discovered by reasonably diligent efforts.

12. The term "Including" shall mean "Including But Not Limited To" the matter discussed, to make the Request inclusive rather than exclusive.

13. The terms "Relate," "Related To," "Relating To," "With Respect To," "Referring To," or "Reflecting" refer to the state of being mutually or reciprocally interested, an aspect or quality that connects two or more things or parts as being or belonging together, connected, joined, or linked together logically for whatever reason, and shall be construed to encompass the past,

3

present or future tenses of the terms "discuss," "describe," "pertain to," "refer to," "summarize," "reflect," "show," "mention," "concern," and "comment upon."

14. The term "Representatives(s)" means any person, including any attorney, agent, or broker, who acts, has acted, or has at any time been requested or solicited to act, for the benefit or on behalf of any other person, with that other person's knowledge, consent, or acquiescence.

15. The terms "You," "Your," and "Yourself" means the plaintiff in the Litigation, its owners, principals, officers, directors, partners, members, employees, agents, attorneys, staff, independent contractors, subsidiaries, affiliates, parent entities, including, but not limited to Peter Acworth, Terrance Mundell, Yan Harewicz, Chad Belville, Mark Randazza, and/or Spencer Freeman.

16. The term "Works" means all the copyrighted works that Plaintiff has alleged Defendants have infringed (in any manner) in this Litigation.

17. The term "Marks" means all the trademarks, service marks, trade dresses or other designations of origin or marks that Plaintiff has alleged Defendants have infringed (in any manner) in this Litigation.

18. The phrase "YouJizz Websites" reference the websites available at the following domain names: YouJizz.com, JizzHut.com, JizzOnline.com, JizzBo.com, MoviesGuy.com and HotFunHouse.com.

## INSTRUCTIONS FOR USE

A. Where reference is made to any date or figure, in addition to the date or figure specified, the reference is intended to connote an approximation unless otherwise stated.

B. Wherever the singular form of a noun is used in these Requests, it is intended to and does apply as well to the plural form of the noun. Whenever the plural form of a noun is used in these Requests, it is intended to and does apply as well to the singular form of the noun unless otherwise specified.

4

C. In responding to these Requests, You are required to produce all Documents or tangible things known or available to You, regardless of whether the Documents are possessed directly by You, or by Your agents, employees, Representatives, investigators, attorneys, or other persons or entities acting or purporting to act on Your behalf.

D. These Requests are continuing Requests. If, after answering the Requests, You obtain or become aware of further information or Documents responsive to these Requests, You are required to supplement Your response to the applicable Request and/or produce all such additional Documents.

E. Each Request propounded herein is to be answered fully in writing under oath, unless it is objected to, in which case You are required to state the reasons for Your objection in lieu of an answer.

F. If any Document designed below cannot be produced by You in full, You are requested to produce each such Document to the extent possible, to specify the reasons for Your inability to produce the remainder of each such Document; and to state whatever information, knowledge, or belief You have concerning the substance of the contents of any Document not produced in whole or in part.

G. With respect to each Document produced, You are requested to designate the paragraph of the Request to which each such Document is responsive.

H. Each Request for a Document requires the production of the Document in its entirety, including all pages and attachments or exhibits, etc., without redaction or expurgation.

I. If any Document called for by these Requests is or has at any time been maintained by any intermediary, specifically Identify such Document and such whether it is currently maintained by such intermediary, and, if not, the period during which such Document was maintained by such intermediary and

the date which such ceased, and describe in detail the present circumstances under which such custody ceased, and the present location and cushion of the Document.

J. If any Document responding to all or any part of any Request is not currently available, including a statement to that effect and furnish whatever Documents are available. Include in Your statement when such Documents were most recently in Your possession or subject to Your control and what disposition was made of them, and Identify by name, job title, and the last known business address, each person currently in possession or control of such Documents. If any such Documents have been destroyed, Identify by name, job title, and last known business address, each person who directed that the Documents be destroyed, the person(s) actually destroying the Documents, and state the reasons the Documents were destroyed. Also, if a log or list of such destroyed Documents was prepared, produce that log or list.

K. Where a Request requires You to identify facts You believe support a particular allegation, contention, conclusion or statement, set forth with particularity:

> (a) All facts relied upon;
>
> (b) The identity of all Documents related to those facts;
>
> (c) The identity of all lay witnesses who will or may be called to testify with respect to those facts; and
>
> (d) The identity of all experts who will or may be called to testify with respect to those facts.

## PROCEDURE FOR CLAIMING LIMITATION ON DISCOVERY

In the event You contend that the answer to any Request is privileged or that any Document requested is privileged or otherwise does not need to be produced in response to these Requests, please note such failure to produce as an objection to the Request and comply with the Request to the extent that it is not

6

subject to the obligation.  In addition, please implement the following procedure with respect to the Document You deem protected:

(a)   Supply International Media with a numerical list of the Documents for which a limitation of discovery is claimed indicating:

(1)   The name of the writer, sender, originator of each such Document, if any;

(2)   The name of the person in custody or charge or possession of each Document, if any;

(3)   The name of the recipient, addressee, or party for whom such Document was intended, if any;

(4)   The date of each such Document, if any, or the date of manufacture of each such Document (if no date appears on said Document, estimate a date);

(5)   The general subject matter as described in each such Document, or if no such description appears, then such other description sufficient to Identify and Document;

(6)   The name, business address, and position of each person who has seen, or has access to or knowledge of the contents or nature of any such Document; and

(7)   The nature and grounds of the privilege or other reason for non-production or non-disclosure which You assert in support of Your objection.

## REQUESTS FOR ADMISSION

1.   Admit that each of the International Media websites identified in the Complaint shares and draws from the exact same servers and database.

_____ Admit          _____ Deny

7

D0097944-210410-001

2.     Admit that Defendants do not own or operate YouJizzPremium.com.

_____ Admit         _____ Deny

3.     Admit that International Media websites host content uploaded by third parties.

_____ Admit         _____ Deny

4.     Admit that International Media does not compensate any third parties whom upload content on International Media websites.

_____ Admit         _____ Deny

5.     Admit that You authorized International Media to host the videos identified in Exhibit A, attached hereto.

_____ Admit         _____ Deny

6.     Admit that each of the videos identified in Your Complaint as being allegedly infringing were removed or disabled by International Media following notification from You of allegedly infringing activity.

_____ Admit         _____ Deny

8

1      7.    Admit that International Media is a service provider as defined by 17

2  U.S.C. § 512(k)(1)(B).

3          _____ Admit        _____ Deny

4

5

6

7      8.    Admit that International Media qualifies for the safe harbor

8  provisions set out in 17 U.S.C. § 512(c).

9          _____ Admit        _____ Deny

10

11

12      9.    Admit that International Media did not receive a financial benefit

13  directly attributable to the infringing activity alleged in the Complaint.

14          _____ Admit        _____ Deny

15

16

17      10.    Admit that International Media has designated an agent with the

18  United States Copyright Office in accordance with 17 U.S.C. § 512(c)(2).

19          _____ Admit        _____ Deny

20

21

22      11.    Admit that International Media has adopted a repeat infringer policy

23  in accordance with 17 U.S.C. § 512(i)(A).

24          _____ Admit        _____ Deny

25

26

27

28

9

12.     Admit that International Media has reasonably implemented a repeat infringer policy in accordance with 17 U.S.C. § 512(i)(A).

_____ Admit          _____ Deny

13.     Admit that International Media has reasonably notified its users of its repeat infringer policy in accordance with 17 U.S.C. § 512(i)(A).

_____ Admit          _____ Deny

## INTERROGATORIES

1.     Identify each and every fact Related To Your allegations in the Complaint, including in paragraphs 507 and 520, that Defendants' conduct was "willful," "intentional," and/or "purposeful."

2.     Identify each and every fact Related To Your allegations in the Complaint, including in paragraph 507, that Defendants acted with "willful blindness and reckless disregard."

//

//

//

3.     Identify each and every fact Related To Your allegations in the Complaint, including in paragraph 508, that Plaintiff has suffered and will continue to suffer "substantial losses."

4.     Identify each and every fact Related To Your allegations in the Complaint, including in paragraphs 515, 525 and 534, that Defendants have "knowingly" induced, caused or materially contributed to infringement of any kind.

5.     Identify each and every fact Related To Your allegation in the Complaint, including in Paragraph 516, that Defendants actions have constituted "contributory infringement."

6.     Identify each and every fact Related To Your allegations in the Complaint, including in Paragraph 526, that Defendants' actions constitute vicarious infringement (of any kind).

//
//
//
//

11

1    7.    Identify each and every fact Related To Your allegation in Paragraph

2    533 of the Complaint that "Defendants have encouraged the illegal uploading and

3    downloading of Plaintiff's copyrighted works."

4

5

6

7    8.    Identify each and every fact Related To Your allegation that

8    "Defendant's conduct is likely to cause confusion, mistake or deception" as alleged

9    in Paragraph 542 of the Complaint.

10

11

12

13    9.    Identify each and every instance of actual confusion, mistake or

14    deception between Defendants' affiliation, connection or association with Plaintiff,

15    or as to the origin, sponsorship or approval of their goods or commercial activities.

16

17

18

19    10.    Identify each and every fact Related To Your allegations in the

20    Complaint, including in Paragraph 543, that Defendants' conduct "constitutes false

21    designation of origin."

22

23

24    //

25    //

26    //

27    //

28

12

D0097944-210410-001

11.    Identify and Describe any and all Communications with any witness identified in Section A of Plaintiff's Disclosure Statement which Relate in any way to the Litigation.

12.    Identify each Person that You have sent a notice of copyright infringement or violation, including pursuant to 17 U.S.C. § 512(c).

13.    Describe in detail how You market and sell copies of the Works, including identifying to whom the copies are marketed and sold, how much each copy is sold for and how much total revenue and profit per year you receive from selling copies of such Works.

14.    Describe in detail how You license each of the Works, including identifying each Person to whom such Works are licensed, how much revenue You receive for each license and how much total revenue and profit per year You receive from licensing such Works.

//
//
//
//

13

15.     Describe in detail how You promote, market and license the Marks, including identifying each Person to whom the Marks are licensed, how much revenue You receive for each license and how much total revenue and profit per year You receive from licensing the Marks.

16.     Identify each Internet website on which You have made the Works available (including shorter "clips" of the Works), including the URL for each such Work available on each such website.

17.     Describe in detail the consideration and/or benefit You received for making available the Works on each of the Internet websites identified in the previous Interrogatory.

18.     Describe in detail Every affiliation or business relationship You had with the Defendants prior to the filing of this Litigation.

//
//
//
//

14

19.     Identify and describe Every Communication You had with any of the Defendants and anyone acting on their behalf prior to the filing of this Litigation.

20.     Identify Every witness You plan to call to testify in this Litigation and the subject matter on which each witness is expected to testify.

21.     If Your response to any of the Requests for Admission served herewith was anything other than an unqualified admission, for each such response:

(a)      State the legal and factual (if any) basis for such denial or qualified admission;

(b)      Identify all of the evidence you believe supports your denial or qualified admission, including, without limitation:

i.      Each and every person who will testify about the issue and what you expect their testimony will be; and,

ii.      Every document which refers or relates to the issue and how you believe it supports your position.

# REQUESTS FOR PRODUCTION

1.      All Documents Identified in or Related To Your response to any of the foregoing Interrogatories or Requests for Admission.

2.      All Documents, data compilations, and tangible things identified in Section B of Plaintiff's Fed.R.Civ.P.26(a) Disclosures in the Litigation ("Plaintiff's Disclosure Statement").

3.     All Documents Related To any witness identified in Section A of Plaintiff's Disclosure Statement which relate in any way to the Litigation.

4.     All Documents Related To the damages identified in Section C of Plaintiff's Disclosure Statement.

5.     All Documents exchanged by and between You and Jason Tucker from January 1, 2010 to present.

6.     All Documents exchanged by and between You and any Representative of Battleship Stance LLC from January 1, 2010 to present.

7.     All Documents Related To International Media.

8.     All Documents You intend to offer into evidence in this Litigation.

9.     All Documents provided to, provided by, or created by any and all experts consulted by You in connection with this Litigation, whether or not such expert is expected to testify at trial.


**RESPECTFULLY SUBMITTED** this 17th day of April, 2014.


**DIOGUARDI FLYNN LLP**


By: _____

John P. Flynn (# 015065)
Peter V. Moolenaar (# 024487)
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

1

2
   I hereby certify that on the 17th day of April, 2014, I transmitted the foregoing document to the following via U.S. Mail.

3
   Chad L. Belville
   Attorney at Law
4
   4742 N. 24th Street, Suite 315
   Phoenix, AZ 85016
5
   cbelville@azbar.org
   *Attorney for Plaintiff*
6

7
   Spencer D. Freeman
   Attorney at Law
   1107 ½ Tacoma Avenue South
8
   Tacoma, WA 98402
   sfreeman@freemanlawfirm.org
9
   *Attorney for Plaintiff*

10

11

12
   By: M. Barber

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

| Length (min) | Name | URL |
|---|---|---|
| 4:02:00 | A fucken corner store fuck | http://www.youjizz.com/videos/a-fucken-corner-store-fuck-2174275.html |
| 4:00:00 | Gorgeous brunette first time machine fuck | http://www.youjizz.com/videos/gorgeous-brunette-first-time-machine-fuck-2179752.html |
| 3:59:00 | Nice girl gets machine fucked | http://www.youjizz.com/videos/nice-girl-gets-machine-fucked-2173716.html |
| 3:57:00 | Check out the tongue licking machine | http://www.youjizz.com/videos/check-out-the-tongue-licking-machine-2176469.html |
| 3:56:00 | Two lezbos elbow deep in love | http://www.youjizz.com/videos/two-lezbos-elbow-deep-in-love-2172748.html |
| 3:54:00 | Hot first time machine fucker | http://www.youjizz.com/videos/hot-first-time-machine-fucker-2173305.html |
| 3:54:00 | Awesome Ass and pussy play | http://www.youjizz.com/videos/awesome-ass-and-pussy-play-2179899.html |
| 3:53:00 | Crazy slut gets fucked in a cake factory | http://www.youjizz.com/videos/crazy-slut-gets-fucked-in-a-cake-factory-2174274.html |
| 3:52:00 | Geek girl prefers machines to cock | http://www.youjizz.com/videos/geek-girl-prefers-machines-to-cock-2177573.html |
| 3:52:00 | Machine DPs the shit out of her | http://www.youjizz.com/videos/machine-dps-the-shit-out-of-her-2173709.html |
| 3:52:00 | Eva gets her ass handed to her | http://www.youjizz.com/videos/eva-gets-her-ass-handed-to-her-2179786.html |
| 3:52:00 | Cute brunette gets fucked by machines | http://www.youjizz.com/videos/cute-brunette-gets-fucked-by-machines-2181142.html |
| 3:50:00 | Kinky ass lovers threesome | http://www.youjizz.com/videos/kinky-ass-lovers-threesome-2180549.html |
| 3:50:00 | Wrestling: Winner fucks the losers pussy | http://www.youjizz.com/videos/wrestling-winner-fucks-the-losers-pussy-2177644.html |
| 3:49:00 | Two chicks battle will Lorena be 0 2 | http://www.youjizz.com/videos/two-chicks-battle-will-lorena-be-0-2-2177643.html |
| 3:49:00 | Kinky orgy breaks out in operation room | http://www.youjizz.com/videos/kinky-orgy-breaks-out-in-operation-room-2247177.html |
| 3:45:00 | Slut forced to fuck in public | http://www.youjizz.com/videos/slut-forced-to-fuck-in-public-2173306.html |

1  John P. Flynn (# 015065)
   Peter J. Moolenaar (# 024487)
2  **DIOGUARDI FLYNN LLP**
   7001 N. Scottsdale Road, Suite 2060
3  Scottsdale, Arizona 85253
   Telephone:    (480) 951-8800
4  Facsimile:    (480) 951-8824
   jflynn@dioguardiflynn.com
5  pmoolenaar@dioguardiflynn.com

6  *Attorneys for Defendants*

7

8              **IN THE UNITED STATES DISTRICT COURT**

9                      **DISTRICT OF ARIZONA**

10 Cybernet Entertainment LLC,
   a New York Company                    Case No. 2:12-cv-01101-SRB
11
        Plaintiff,                       **DEFENDANT IGOR GENS'**
12                                        **INTERROGATORIES AND**
        -v.-                             **REQUESTS FOR**
13                                        **PRODUCTION TO PLAINTIFF**
   IG Media Inc. and International Media
14 Ltd. d/b/a YouJizz.com JizzHut.com, and
   JizzOnline.com and OnlyJizz.com and
15 MoviesGuy.com and JizzBo.com and
   HotFunHouse.com and Igor Gens
16
        Defendants.
17

18

19        Defendant Igor Gens, by and through undersigned counsel, pursuant to

20 Fed. R. Civ. P. 26, 33 and 34, hereby serves the following Interrogatories and

21 Requests for Production.

22                            **DEFINITIONS**

23        For the purposes of these Interrogatories and Requests for Production of

24 Documents, the following terms and references have been defined as follows:

25        1. The terms "Request" or "Requests" shall mean this set of

26 Interrogatories and Requests for Production of Documents.

27        2. The terms "And" and "Or" shall be construed conjunctively or

28 disjunctively, whichever makes the Request more inclusive.

                                    1

3.   The terms "Any," "Each," "All," and "Every" shall be read to be all inclusive, and to require the enumeration of each and every item of information or, Document responsive to the interrogatory in which such term appears.

4.   The terms "Communication" or "Communications," unless otherwise specified, refer to any form of oral or written transmission of ideas or information between two or more persons or entities, regardless of the medium by which such communication occurred.   Communication shall include, without limitation, internal writings, oral conversations or meetings among employees or other Representatives of the Defendant, personal conversations, telephone conversations, emails, letters, meetings, memoranda, negotiations, proposals, analyses, evaluations, recommendations, authorizations, approvals and/or decisions, telegraphic, telex, computer and facsimile communications or transmittals of Documents, and all Documents concerning such writings or oral conversations.

5.   The term "Litigation" means *Cybernet Entertainment, LLC v. IG Media Inc., et al.* (2:12-CV-01101-PHX-SRB), pending in the United States District Court for the District of Arizona.

6.   The term "Complaint" means the Complaint filed in the Litigation.

7.   The term "Defendants" shall mean the Defendants, collectively, in the Litigation.

8.   The term "Gens" shall mean Defendant Igor Gens.

9.   The terms "Concern" and "Concerning" mean Referring to constituting, discussing, evidencing, or in any way relevant to, to make the Request inclusive rather than exclusive.

10. The terms "Document" or "Documents" are defined in their customary broad sense and means all writings of any kind including the originals and non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, including, without limiting the

2

generality of the foregoing, all correspondence, e-mail, and other electronically compiled data, memoranda, notes, diaries, statistics, letters, telegrams, telexes, contracts, reports, studies, checks, statements, receipts, returns, summaries, inter-office and intra-office communications, notes of conversations, telephone calls, chat logs (including but not limited to Skype, ICQ, AIM, or other Internet chat mediums), or other communications, bulletins, printed matter, computer printouts, invoices, worksheets and all drafts, alterations, modifications, changes and amendments of any of the foregoing (including, without limitation, photographs, charts, graphs, microfiche, microfilm, video tape, recordings or motion pictures).

11. The term "All Documents" means every Document, as defined above, known to You and every Document which can be located or discovered by reasonably diligent efforts.

12. The term "Including" shall mean "Including But Not Limited To" the matter discussed, to make the Request inclusive rather than exclusive.

13. The terms "Relate," "Related To," "Relating To," "With Respect To," "Referring To," or "Reflecting" refer to the state of being mutually or reciprocally interested, an aspect or quality that connects two or more things or parts as being or belonging together, connected, joined, or linked together logically for whatever reason, and shall be construed to encompass the past, present or future tenses of the terms "discuss," "describe," "pertain to," "refer to," "summarize," "reflect," "show," "mention," "concern," and "comment upon."

14. The term "Representatives(s)" means any person, including any attorney, agent, or broker, who acts, has acted, or has at any time been requested or solicited to act, for the benefit or on behalf of any other person, with that other person's knowledge, consent, or acquiescence.

15. The terms "You," "Your," and "Yourself" means the plaintiff in the Litigation, its owners, principals, officers, directors, partners, members,

3

employees, agents, attorneys, staff, independent contractors, subsidiaries, affiliates, parent entities, including, but not limited to Peter Acworth, Terrance Mundell, Yan Harewicz, Chad Belville, Mark Randazza, and/or Spencer Freeman.

16. The term "Works" means all the copyrighted works that Plaintiff has alleged Defendants have infringed (in any manner) in this Litigation.

17. The term "Marks" means all the trademarks, service marks, trade dresses or other designations of origin or marks that Plaintiff has alleged Defendants have infringed (in any manner) in this Litigation.

18. The phrase "YouJizz Websites" reference the websites available at the following domain names: YouJizz.com, JizzHut.com, JizzOnline.com, JizzBo.com, MoviesGuy.com and HotFunHouse.com.

## INSTRUCTIONS FOR USE

A. Where reference is made to any date or figure, in addition to the date or figure specified, the reference is intended to connote an approximation unless otherwise stated.

B. Wherever the singular form of a noun is used in these Requests, it is intended to and does apply as well to the plural form of the noun. Whenever the plural form of a noun is used in these Requests, it is intended to and does apply as well to the singular form of the noun unless otherwise specified.

C. In responding to these Requests, You are required to produce all Documents or tangible things known or available to You, regardless of whether the Documents are possessed directly by You, or by Your agents, employees, Representatives, investigators, attorneys, or other persons or entities acting or purporting to act on Your behalf.

D. These Requests are continuing Requests. If, after answering the Requests, You obtain or become aware of further information or Documents

4

responsive to these Requests, You are required to supplement Your response to the applicable Request and/or produce all such additional Documents.

E. Each Request propounded herein is to be answered fully in writing under oath, unless it is objected to, in which case You are required to state the reasons for Your objection in lieu of an answer.

F. If any Document designed below cannot be produced by You in full, You are requested to produce each such Document to the extent possible, to specify the reasons for Your inability to produce the remainder of each such Document; and to state whatever information, knowledge, or belief You have concerning the substance of the contents of any Document not produced in whole or in part.

G. With respect to each Document produced, You are requested to designate the paragraph of the Request to which each such Document is responsive.

H. Each Request for a Document requires the production of the Document in its entirety, including all pages and attachments or exhibits, etc., without redaction or expurgation.

I. If any Document called for by these Requests is or has at any time been maintained by any intermediary, specifically Identify such Document and such whether it is currently maintained by such intermediary, and, if not, the period during which such Document was maintained by such intermediary and the date which such ceased, and describe in detail the present circumstances under which such custody ceased, and the present location and cushion of the Document.

J. If any Document responding to all or any part of any Request is not currently available, including a statement to that effect and furnish whatever Documents are available. Include in Your statement when such Documents were most recently in Your possession or subject to Your control and what disposition

was made of them, and Identify by name, job title, and the last known business address, each person currently in possession or control of such Documents. If any such Documents have been destroyed, Identify by name, job title, and last known business address, each person who directed that the Documents be destroyed, the person(s) actually destroying the Documents, and state the reasons the Documents were destroyed. Also, if a log or list of such destroyed Documents was prepared, produce that log or list.

K. Where a Request requires You to describe in detail the factual basis for a particular allegation, contention, conclusion or statement, set forth with particularity:

(a) All facts relied upon;

(b) The identity of all Documents related to those facts;

(c) The identity of all lay witnesses who will or may be called to testify with respect to those facts; and

(d) The identity of all experts who will or may be called to testify with respect to those facts.

## PROCEDURE FOR CLAIMING LIMITATION ON DISCOVERY

In the event You contend that the answer to any Request is privileged or that any Document requested is privileged or otherwise does not need to be produced in response to these Requests, please note such failure to produce as an objection to the Request and comply with the Request to the extent that it is not subject to the obligation. In addition, please implement the following procedure with respect to the Document You deem protected:

(a) Supply Gens with a numerical list of the Documents for which a limitation of discovery is claimed indicating:

(1) The name of the writer, sender, originator of each such Document, if any;

D0098140/10410-001

(2)   The name of the person in custody or charge or possession of each Document, if any;

(3)   The name of the recipient, addressee, or party for whom such Document was intended, if any;

(4)   The date of each such Document, if any, or the date of manufacture of each such Document (if no date appears on said Document, estimate a date);

(5)   The general subject matter as described in each such Document, or if no such description appears, then such other description sufficient to Identify and Document;

(6)   The name, business address, and position of each person who has seen, or has access to or knowledge of the contents or nature of any such Document; and

(7)   The nature and grounds of the privilege or other reason for non-production or non-disclosure which You assert in support of Your objection.

## INTERROGATORIES

1.   Identify each and every fact Related To Your allegation in the Complaint that Gens is individually liable for copyright infringement.

2.   Describe in detail all of the facts and circumstances Related To Your knowledge of the Works and Marks on the YouJizz Websites, including when You first knew that each of the Works and Marks were on the YouJizz Websites.

3.    Describe in detail the efforts You took to have the Works and Marks removed from the YouJizz Websites prior to filing the Litigation.

4.    Describe in detail the efforts You took to prevent the unauthorized uploading, viewing and/or use on the Internet of the Works and the Marks, including any affiliation You may have with any video or image content identification, management or takedown services (e.g., Vobile, dmca.com, Guardlex).

5.    Describe in detail the factual basis on which You allege in Your Complaint that Defendants do not qualify for safe harbor protection under the Digital Millennium Copyright Act.

6.    Describe in detail the factual basis on which You allege in Your Complaint that the copyrights in the Works are unique and valuable property having no readily determinable market value.

//
//
//

7.    Describe in detail the factual basis on which You allege in the Complaint that Defendants' alleged infringement harms Your business reputation and goodwill.

8.    Identify the copyright registration for each of the Works, including the registered title, the registration number, the registration date, the date of creation and the registered owner for each of the Works.

9.    Identify the trademark registration for each of the Marks, including the word, description, date of first use in commerce, filing date, registration date, registration number, serial number and registered owner where available.

10.    Identify each and every time that You (or any of your agents) uploaded or made available any of the Works to any website including the date of such upload and the address of such website.

//
//
//
//

9

11.    Identify and describe each Communication between You, on the one hand, and any other person or entity, on the other, concerning or regarding Your offer to purchase one or more of the Defendants' websites.

12.    Identify and describe each Communication between You, on the one hand, and any other person or entity, on the other, concerning or regarding Your offer to purchase any website owned by a person or entity whom You have sued or against whom You have threatened suit.

13.    Identify every functioning website that You have purchased over the past five (5) years.

14.    For each website identified in response to the previous interrogatory, state if You had ever alleged that the purchased website had infringed on any of Your trademarks or Copyrights.

//
//
//
//

15.    Identify each and every video file that You provided to the Defendants for the purpose (or with the expectation) that the Defendants would post such video files at one or more of their websites.

16.    Identify and describe each Communication between You and Media Reps LLC ("Media Reps") concerning or relating to the Litigation or any of the Defendants in this action.

17.    Identify and describe each Communication between You and Media Reps concerning or relating to any other litigation or threatened litigation brought by (or contemplated by) You.

18.    Identify and describe each Communication between You and and CM Productions, LLC ("CMP") concerning or relating to the Litigation or any of the Defendants in this action.

19.    Identify and describe each Communication between You and CMP concerning or relating to any other litigation or threatened litigation brought by (or contemplated by) You.

D0098140/10410-001

20.    Identify and describe each Communication between You and Lawrence Waters concerning or relating to any of the Defendants in the Litigation.

21.    Identify and describe each Communication between You and Reflected Networks, Inc. concerning or relating to any of the Defendants in the Litigation.

22.    Identify any fingerprinting, hash marking, or other technology (including, but not limited to products provided by Vobile), which You utilize and, for each technology so utilized, the date You adopted that technology.

## REQUESTS FOR PRODUCTION

1.    All Documents Identified in or Related To Your response to any of the foregoing Interrogatories.

2.    All Documents referencing or constituting copyright infringement or violation, Including pursuant to 17 U.S.C. § 512(c), or cease and desist letters sent by or on behalf of Plaintiff, related to or referencing the Defendants and/or the YouJizz Websites.

3.    All Documents referencing or constituting notices of copyright infringement or violation, including pursuant to 17 U.S.C. § 512(c), and cease and desist letters, sent by or on behalf of Plaintiff to any Person.

4.    All Documents evidencing or referencing Your association with Jason Tucker, including any employment or independent contractor agreements and any Documents evidencing payments from You to Jason Tucker.

D0098140/10410-001

5.  All Documents Relate To any and all Communications between You and Jason Tucker Relating To Defendants, the YouJizz Websites, Chad Belville, Fraserside IP, LLC, Fraserside Holdings, Ltd, Private Media Group or the Litigation.

6.  All Documents Related To Your ability to monetize the Works and the Marks, including through advertising revenue, subscriptions, sales, licensing or any other means.

7.  All Documents Related To Your marketing and sales of copies of the Works, including marketing strategies, pricing lists, profit and loss statements and balance sheets.

8.  All Documents Related To Your licensing of the Works, including marketing strategies, pricing lists, profit and loss statements and balance sheets.

9.  All Documents Related to any and all Communications between You and Defendants prior to the filing of this Litigation.

10.  All Documents Related To the Works availability on the YouJizz Websites prior to the filing of this Litigation.

11.  All Documents Related To any and all Communications between You and business affiliates of Defendants, including advertisers and advertising brokers of Defendants.

12.  All Documents Related To any confusion, mistake or deception as to Defendants' affiliations, connection, or association with You, or as to the origin, sponsorship or approval of their goods or commercial activities.

13.  The copyright registration certificates for each of the Works.

14.  The trademark registration certificates for each of the Marks.

15.  All Documents Related To the registration of each of the Marks.

16.  All Documents Related To Your efforts to prevent or limit the unauthorized uploading, downloading or viewing of the Works on the Internet.

13

17.   All Documents Related To Your efforts to have removed or have access disabled to the Works and/or Marks on the YouJizz Websites prior to the filing of the Litigation.

18.   All Documents Related To any and all Communications between You and Fraserside IP, LLC, Fraserside Holdings, Ltd and Private Media Group.

**RESPECTFULLY SUBMITTED** this 17th day of April, 2014.

**DIOGUARDI FLYNN LLP**

By: _____
John P. Flynn (# 015065)
Peter J. Moolenaar (# 024487)
*Attorneys for Defendants*

14

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of April, 2014, I transmitted the foregoing document to the following via U.S. Mail.

Chad L. Belville
Attorney at Law
4742 N. 24th Street, Suite 315
Phoenix, AZ  85016
cbelville@azbar.org
*Attorney for Plaintiff*

Spencer D. Freeman
Attorney at Law
1107 ½ Tacoma Avenue South
Tacoma, WA  98402
sfreeman@freemanlawfirm.org
*Attorney for Plaintiff*

By: M. Barber

15

# EXHIBIT 2

**From:** Peter Moolenaar
**Sent:** Tuesday, May 20, 2014 10:31 AM
**To:** 'Spencer Freeman'
**Cc:** John P. Flynn; Megan Barber
**Subject:** Cybernet Entertainment v. IG Media Inc., et al.

Spencer,

Please let us know available dates in June for depositions of the following:

1. Jason Tucker
2. Peter Acworth
3. Terry Mundell

We will likely have additional Cybernet representatives/potential witnesses that we will want to depose once we receive Cybernet's responses to the written discovery; however, in the meantime please let us know about the above so we can start locking down dates, etc.

Sincerely,

**Peter J. Moolenaar**
Attorney at Law
**Dioguardi Flynn LLP**
7001 N. Scottsdale Road
Suite 2060
Scottsdale, Arizona 85253
P | 480-951-8806
F | 480-951-8824
**www.DioguardiFlynn.com**



DIOGUARDI
FLYNN llp
ATTORNEYS AT LAW

RELATIONSHIPS • RESULTS

This electronic mail transmission contains information from the law firm Dioguardi Flynn LLP that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. If you have received this message in error, please notify the sender immediately by telephone (480-951-8806) or by electronic mail at pmoolenaar@dioguardiflynn.com.

# EXHIBIT 3

**From:** Spencer Freeman [mailto:sfreeman@freemanlawfirm.org]
**Sent:** Thursday, May 29, 2014 9:51 AM
**To:** Peter Moolenaar
**Cc:** John P. Flynn; Megan Barber
**Subject:** RE: Cybernet Entertainment v. IG Media Inc., et al.

Peter,

My apologies, I wasn't ignoring your email.  I have spent much of the last week in depositions.  I have forwarded your request to get some dates and locations.  We will also need to set up some depositions, initially of Igor Gens and Chad Brachat.

In addition, I need to schedule a telephone conference with you to discuss some issues with your client's discovery responses and document production.  Monday and Tuesday are booked for me next week, can we please schedule a time in the later part of the week?

Our discovery responses to you are in process, as you had required an extension of time, we will also.  I appreciate the mutual consideration.

Regards,

Spencer

Spencer D. Freeman
Freeman Law Firm, Inc.
1107 1/2 Tacoma Avenue South
Tacoma, Washington 98402
253-383-4500
253-383-4501 (facsimile)

CONFIDENTIALITY NOTICE: This e-mail and any attachments may contain privileged information generated by the Freeman Law Firm, Inc. that is protected by attorney-client, work product, and/or other privileges.  If you are not the intended recipient, you are hereby notified that any review, disclosure, or taking of any action in reliance on the contents is strictly prohibited.  Therefore, if you are not the intended recipient please do not read or review this e-mail or its attachments. Please also notify the sender of your receipt of this e-mail and delete all copies of the e-mail and its attachments from your system. Thank you.

# EXHIBIT 4

**From:** Peter Moolenaar
**Sent:** Thursday, June 12, 2014 4:08 PM
**To:** 'Spencer Freeman'
**Cc:** John P. Flynn; Megan Barber
**Subject:** RE: Cybernet Entertainment v. IG Media Inc., et al.

Spenser,

It has now been over 3 weeks since we requested the availability of certain potential witnesses for depositions in this matter. Please provide their availability immediately or we will be forced to unilaterally notice the depositions. With regards to Igor Gens and Chad Brachat, they are both generally available for depositions in Phoenix. Please let me know what dates/times you have in mind.

Finally, it has been 3 weeks since Plaintiff's discovery responses were due. While we recognize that Plaintiff extended Defendants' responses by 8 days, I have not located any specific request for an extension from Plaintiff. The only mention of the responses I have found is the below email from 2 weeks ago (which was sent after the responses were already 9 days past due).

Given that the discovery deadline is next Friday, June 20, our client has been prejudiced by Plaintiff's failure to respond to the discovery responses and provide deposition availability. Assuming your client provides the requested deponents' availability and full and complete responses to the written discovery and production of documents by close of business tomorrow, we are willing to explore a stipulation to extend the discovery deadline with regards to depositions (while reserving all rights). However, if we do not receive the requested deponents' availability, full and complete written responses, and production of documents by close of business tomorrow, we will have no choice but to address this matter with the court.

Sincerely,


**Peter J. Moolenaar**
Attorney at Law
**Dioguardi Flynn LLP**
7001 N. Scottsdale Road
Suite 2060
Scottsdale, Arizona 85253
P | 480-951-8806
F | 480-951-8824
www.DioguardiFlynn.com



RELATIONSHIPS • RESULTS

This electronic mail transmission contains information from the law firm Dioguardi Flynn LLP that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. If you have received this message in error, please notify the sender immediately by telephone (480-951-8806) or by electronic mail at pmoolenaar@dioguardiflynn.com.

# EXHIBIT 5

**From:** Spencer Freeman [mailto:sfreeman@freemanlawfirm.org]
**Sent:** Monday, June 16, 2014 8:41 AM
**To:** Peter Moolenaar
**Cc:** John P. Flynn; Megan Barber
**Subject:** RE: Cybernet Entertainment v. IG Media Inc., et al.

Peter,

I have been in court the last week or so, and will be the first part of this week.  While I understand your position, Court involvement at this point is premature given the local requirement of an in person conference before filing any such motions.  In my last correspondence to you I requested exactly that.  I present that request again.

I think that we are in quite similar positions, as in my review your client hasn't really answered discovery either.   I propose that we set a time to confer by phone to discuss the issues, including how to get the discovery done.  We have a lot of time before trial.

I am available Thursday this week to confer.

Regards,

Spencer

Spencer D. Freeman
Freeman Law Firm, Inc.
1107 1/2 Tacoma Avenue South
Tacoma, Washington 98402
253-383-4500
253-383-4501 (facsimile)

CONFIDENTIALITY NOTICE: This e-mail and any attachments may contain privileged information generated by the Freeman Law Firm, Inc. that is protected by attorney-client, work product, and/or other privileges.  If you are not the intended recipient, you are hereby notified that any review, disclosure, or taking of any action in reliance on the contents is strictly prohibited.  Therefore, if you are not the intended recipient please do not read or review this e-mail or its attachments. Please also notify the sender of your receipt of this e-mail and delete all copies of the e-mail and its attachments from your system. Thank you.

# EXHIBIT 6

**From:** Peter Moolenaar [mailto:pmoolenaar@dioguardiflynn.com]
**Sent:** Tuesday, June 17, 2014 10:50 AM
**To:** Spencer Freeman
**Cc:** John P. Flynn; Megan Barber
**Subject:** RE: Cybernet Entertainment v. IG Media Inc., et al.

Spencer,

I agree that we should discuss and am available on Thursday 10 a.m. – 11:30 or 2-4 p.m.  With regards to discovery, I disagree that the parties are even in remotely the same position.  Our clients timely responded to Plaintiff's discovery requests and Plaintiff has wholly failed to provide any written response to Defendants' discovery or any deposition dates for its disclosed potential witnesses.  With the discovery deadline this Friday I cannot agree to any extension and I note that you still have failed to identify a specific date when you plan to serve the responses.  Further, with regards to Defendants' written responses, we have not received any specific objections.

Again, we are willing to discuss these issues with you on Thursday.  Please let me know a time during the above windows that will work with your schedule for a call.

Sincerely,

**Peter J. Moolenaar**
Attorney at Law
**Dioguardi Flynn LLP**
7001 N. Scottsdale Road
Suite 2060
Scottsdale, Arizona 85253
P | 480-951-8806
F | 480-951-8824
**www.DioguardiFlynn.com**



DIOGUARDI
FLYNN LLP
ATTORNEYS AT LAW

RELATIONSHIPS • RESULTS

This electronic mail transmission contains information from the law firm Dioguardi Flynn LLP that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. If you have received this message in error, please notify the sender immediately by telephone (480-951-8806) or by electronic mail at pmoolenaar@dioguardiflynn.com.

# EXHIBIT 7

**From:** Peter Moolenaar
**Sent:** Friday, June 27, 2014 4:07 PM
**To:** 'Spencer Freeman'
**Cc:** John P. Flynn; Megan Barber
**Subject:** RE: Cybernet Entertainment v. IG Media Inc., et al.

Spencer,

Someone named Jeff called from your office and left a message with my assistant indicating that he was seeking our approval to submit partial responses to Defendants' written discovery. As we discussed during our meet and confer call and as discussed in my June 17 email, below, Defendants object to the untimely responses (which were due May 20) and Plaintiff's further failure to submit the responses (and produce the previously identified potential witnesses for depositions) prior to the expiration of the Court's discovery cut off deadline—June 20. Therefore, I cannot give my approval of any late, partial responses.

Sincerely,

**Peter J. Moolenaar**
Attorney at Law
**Dioguardi Flynn LLP**
7001 N. Scottsdale Road
Suite 2060
Scottsdale, Arizona 85253
P | 480-951-8806
F | 480-951-8824
www.DioguardiFlynn.com



DIOGUARDI
FLYNN LLP
ATTORNEYS AT LAW

RELATIONSHIPS • RESULTS

This electronic mail transmission contains information from the law firm Dioguardi Flynn LLP that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. If you have received this message in error, please notify the sender immediately by telephone (480-951-8806) or by electronic mail at pmoolenaar@dioguardiflynn.com.

# EXHIBIT 8

**From:** Jeff Cully [mailto:jcully@freemanlawfirm.org]
**Sent:** Friday, June 27, 2014 4:45 PM
**To:** Peter Moolenaar; Spencer Freeman
**Subject:** Cybernet v IG Media Inc., et all

Mr. Moolenaar,

Mr. Freeman has been in trial that went longer in another jurisdiction and I can not get a hold of him, but I think that he will be back Monday or Tuesday. I am sending off to you what I have on my desk, I know there is more but since Spencer has not been back in the office from trial as expected I do not know where he has it. In addition, I am confirming with you that our client will be available the week of July 21, 2014.


--
Jeff Cully
Administrative Officer
Freeman Law Firm, Inc.

Email- jcully@freemanlawfirm.org

Telephone: 253-383-4500

Fax: 253-383-4501

CONFIDENTIALITY NOTICE: This e-mail and any attachments may contain privileged information generated by the Freeman Law Firm, Inc. that is protected by attorney-client, work product, and/or other privileges.  If you are not the intended recipient, you are hereby notified that any review, disclosure, or taking of any action in reliance on the contents is strictly prohibited.  Therefore, if you are not the intended recipient please do not read or review this e-mail or its attachments. Please also notify the sender of your receipt of this e-mail and delete all copies of the e-mail and its attachments from your system. Thank you.

Be kind to trees.....Only print this email if necessary! The trees thank you!

Spencer D. Freeman, WSBA#25069
Attorney for Plaintiff Cybernet Entertainment.
1107 ½ Tacoma Avenue South
Tacoma, WA 98402
Telephone: (253) 383-4500
Facsimile: (253) 383-4501
Email: sfreeman@freemanlawfirm.org
(Pro Hac Vice)

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA
PHOENIX DIVISION

| | |
|---|---|
| CYBERNET ENTERTAINMENT, LLC, a New York Company, <br><br>     Plaintiff, <br><br> vs. <br><br> IG MEDIA INC., et al., <br><br>     Defendants. | Case No.:  **2:12-cv-01101 SRB** <br><br> **PLAINTIFF CYBERNET ENTERTAINMENT LLC'S RESPONSES TO IG MEDIA, INC.'S REQUESTS FOR ADMISSION, INTERROGATORIES AND REQUESTS FOR PRODUCTION TO PLAINTFF** |

      Plaintiff Cybernet Entertainment LLC, by and through undersigned counsel, pursuant to Fed. R. Civ. P. 26, 33, 34, and 36 hereby serves the following Response to Defendant IG Media, Inc.'s Request for Admission, Interrogatories, and Requests for Production.

## REQUESTS FOR ADMISSION

    1.    Admit that each of the International Media websites identified in the Complaint shares and draws from the exact same servers and database.

1    **RESPONSE:** Denied. Reflective Network records establish that the websites are not on

2    the exact same server, but rather multiple servers and hosting providers. In addition, the

3    posting of one video on one YouJizz Website does not necessarily or consistently post

4    the same video on all other YouJizz Websites, established by the documentation of the

5    infringements.

6

7         2.      Admit that Defendants do not own or operate <u>YouJizzPremium.com.</u>

8    **RESPONSE:** Cybernet lacks knowledge and therefore cannot admit or deny.

9    Defendants claim that Manwin owns the site, but Cybernet has communicated with

10    Manwin, and discovered that this is not true. Defendants have thus far thwarted

11    production of any documents pertaining to independent contractors, programmers,

12    advertisers, and financial documents, which would further such investigations and provide

13    the information necessary to answer this request.

14

15         3.      Admit that International Media websites host content uploaded by third

16    parties.

17    **RESPONSE:** Denied to the extent that the request is specific to Cybernet's copyrighted

18    works and trademarks. The Reflected Network production and research compared with

19    Defendants' production establishes that the video uploads claimed by Defendants did not

20    happen as they claim. Regarding video content other than Cybernet's copyrighted

21    Works, Cybernet lacks knowledge and therefore cannot admit or deny specific to any and

22    all videos hosted at the International Media websites.

23

24         4.      Admit that International Media does not compensate any third parties

25    whom upload content on International Media websites.

26

- 2 -

**RESPONSE:** Cybernet cannot admit nor deny this request, as Defendants have thwarted producing any communications with or payments to independent contractors or any third parties and has refused to produce any financial documents, all of which would be necessary in answering this request.

5.    Admit that You authorized International Media to host the videos identified in Exhibit A, attached hereto.

**RESPONSE:** Admitted to the extent that an agent of Defendant was granted authority to display the limited short video clips identified in Exhibit A were to be done so solely in promotion of Cybernet paid subscription websites and with a link to Cybernet's properties commiserate with Cybernet's Affiliate Program.  Documents establishing this include Cybernet's terms of service.  Mr. Terrence Mundell can testify to the purpose of authority to post these videos.  Denied to the extent that Defendants complied with the terms of displaying these videos and thus displayed them unlawfully and without authority.

6.    Admit that each of the videos identified in Your Complaint as being allegedly infringing were removed or disabled by International Media following notification from You of allegedly infringing activity.

**RESPONSE:** Denied.  First, Mr. Gens refused stating that he had authority to display the videos, which he did not.  Second, on several occasions throughout this litigation, the videos were available for viewing by users.  Third, "disabled" still enabled the user to view thumbnail shots of the videos, thus still displaying Cybernet's copyrighted works.

7.     Admit that International Media is a service provider as defined by 17 U.S.C. § 512(k)(1)(B).

**RESPONSE:**  Denied.   For factual and legal basis, and for evidence believed to support this contention, please refer to Responses to Interrogatories Nos. 1, 3, and 5.

8.     Admit that International Media qualifies for the safe harbor provisions set out in 17 U.S.C. § 512(c).

**RESPONSE:**  Denied.  For factual and legal basis, and for evidence believed to support this contention, please refer to Responses to Interrogatories Nos. 1, 3, and 5.

9.     Admit that International Media did not receive a financial benefit directly attributable to the infringing activity alleged in the Complaint.

**RESPONSE.**  Denied.  For factual and legal basis, and for evidence believed to support this contention, please refer to Responses to Interrogatories Nos. 1, 3, and 5.

10.     Admit that International Media has designated an agent with the United States Copyright Office in accordance with 17 U.S.C. § 512(c)(2).

**RESPONSE:**  Admit.

11.     Admit that International Media has adopted a repeat infringer policy in accordance with 17 U.S.C. § 512(i)(A).

**RESPONSE:**  Denied.  The repeat infringer policy disclosed by Defendants is not reasonable as required by 17 U.S.C. § 512(i)(A), specifically the permission of 9

1    reported infringements is unreasonable. Further, the Defendants specifically reserve the

2    right to revise and change the policy without notice to users is not sufficient notice of a

3    repeat infringer policy.  It is also believed that Defendants do not actually implement the

4    policy – however, Defendants are thwarting Plaintiffs investigation in this regard as

5    Defendants refuse to produce any information pertaining to reported infringements and

6    terminated users.

7

8

9    12.    Admit that International Media has reasonably implemented a repeat infringer

10   policy in accordance with 17 U.S.C. § 512(i)(A).

11   **RESPONSE:**  Denied.  Defendant refuses to produce documentation regarding take

12   down notices and terminations, thus thwarting Plaintiffs attempts to prove this

13   contention.  More importantly, however, Defendant also thereby fails to establish the

14   reasonable implementation of the policy.

15

16

17   13.    Admit that International Media has reasonably notified its users of its

18   repeat infringer policy in accordance with 17 U.S.C. § 512(i)(A).

19   **RESPONSE:**  Denied.  The policy itself states that Defendants may alter the policy at

20   any time without notice to the users.  This inherently fails to property notify the users of

21   the policy.

22

23

24

25

26

## INTERROGATORIES

1.    Identify each and every fact Related To Your allegations in the Complaint, including in paragraphs 507 and 520, that Defendants' conduct was "willful," "intentional," and/or "purposeful."

**RESPONSE:**

(a) Defendants actively blocked out Cybernet trademarks on some of the unauthorized displayed Works.

(b) Cybernet's trademarks were used by Defendants to enable users to search specifically for Cybernet's videos on the YouJizz Websites.

(c) Defendants placed their own watermarks on some of the unauthorized displayed Works.

(d) Defendants failed to respond to take down notices.

(e) Defendant Gens admitted actual knowledge of the presence of Cybernet's Works on the YouJizz Websites.

(f) Defendants re-displayed videos on multiple occasions throughout this Litigation.

(g) Defendants, per their terms of service and statements on the Wesbites, reviewed and approved all videos posted on the Websites. Given that Cybernet's trademarks and the Kink Armory are prominent and notable on each video, Defendants had knowledge of the posting of Cybernet's videos.

(h) Defendants block a users attempt to put up non-adult entertainment content.

(i) It is believed that Defendants' programmers and independent contractors upload content on behalf of Defendant, but Defendants has wholly failed to

- 6

produce documentation and communications pertaining to programmers and independent contractors, thereby thwarting Plaintiff ability to prove this assertion. Investigations continue and this response will be updated upon new information.

(j) Defendants used the Cybernet videos to get a user to buy "premier access." Defendants get paid for each person that buys premier access.

2.     Identify each and every fact Related To Your allegations in the Complaint, including in paragraph 507, that Defendants acted with "willful blindness and reckless disregard."

**RESPONSE:**  See Response to Interrogatory No. 1.

3.     Identify each and every fact Related To Your allegations in the Complaint, including in paragraph 508, that Plaintiff has suffered and will continue to suffer "substantial losses."

**RESPONSE:**  Defendants continue to use Cybernet's trademarks on the YouJizz Websites, thereby drawing traffic of users looking for Cybernet's works to the YouJizz Websites and away from Cybernet. In addition, while the videos were and/or are enabled, each view of Cybernet's videos on Defendants Websites means that the user is not paying Cybernet to view the videos. Further, the user of the YouJizz Websites is provided with embed codes, meaning that the user can post the video anywhere on the Internet. Thus, the actual viewers of Cybernet videos without authorization by or payment to Cybernet cannot be known or calculated. Defendants actions permit an unknown and undetermined number of free views of Cybernet's videos.

4.     Identify each and every fact Related To Your allegations in the Complaint, including in paragraphs 515, 525 and 534, that Defendants have "knowingly" induced, caused or materially contributed to infringement of any kind.

**RESPONSE:**   See Response to Interrogatories Nos. 1 and 3.

5.     Identify each and every fact Related To Your allegation in the Complaint, including in Paragraph 516, that Defendants actions have constituted "contributory infringement."

**RESPONSE:**   See Response to Interrogatories Nos. 1 and 3.  In addition, Defendants take videos posted on one of their sites and display them on the other YouJizz Websites.

6.     Identify each and every fact Related To Your allegations in the Complaint, including in Paragraph 526, that Defendants' actions constitute vicarious infringement (of any kind).

**RESPONSE:**   See Response to Interrogatories Nos. 1, 3, and 5.

7.     Identify each and every fact Related To Your allegation in Paragraph 533 of the Complaint that "Defendants have encouraged the illegal uploading and downloading of Plaintiff's copyrighted works."

**RESPONSE:**   See Response to Interrogatories Nos. 1, 3, and 5.

8.     Identify each and every fact Related To Your allegation that

"Defendant's conduct is likely to cause confusion, mistake or deception" as alleged in Paragraph 542 of the Complaint.

**RESPONSE:**  The use and display of Cybernet content leads a used to believe that Cybernet's videos are made available by Cybernet for free.  It further appears that Cybernet is in business with Defendants.

9.     Identify each and every instance of actual confusion, mistake or deception between Defendants' affiliation, connection or association with Plaintiff, or as to the origin, sponsorship or approval of their goods or commercial activities.

**RESPONSE:**  None at this time.  Investigations are on-going and this response will be supplement as required.

10.     Identify each and every fact Related To Your allegations in the Complaint, including in Paragraph 543, that Defendants' conduct "constitutes false designation of origin."

**RESPONSE:**   The use of Cybernet's videos with Defendants' watermarks and the instances wherein Cybernet's watermarks are blocked out completely.

11.     Identify and Describe any and all Communications with any witness identified in Section A of Plaintiff's Disclosure Statement which Relate in any way to the Litigation.

**RESPONSE:**  All communications were through email and have been produced with the Tucker production.  Defendants already have possession of all such communications.

- 9 -

12.     Identify each Person that You have sent a notice of copyright infringement or violation, including pursuant to 17 U.S.C. § 512(c).

**OBJECTION.** Cybernet's efforts to thwart others' infringement (other than Defendants herein) have nothing to do with Defendants' unlawful unauthorized display of Cybernet's videos, and the disclosure of such efforts cannot possible lead to admissible evidence in this matter.

13.     Describe in detail how You market and sell copies of the Works, including identifying to whom the copies are marketed and sold, how much each copy is sold for and how much total revenue and profit per year you receive from selling copies of such Works.

**RESPONSE:**   SUBJECT TO PROTECTIVE ORDER

14.     Describe in detail how You license each of the Works, including identifying each Person to whom such Works are licensed, how much revenue You receive for each license and how much total revenue and profit per year You receive from licensing such Works.

**RESPONSE:**   SUBJECT TO PROTECTIVE ORDER

15.     Describe in detail how You promote, market and license the Marks, including identifying each Person to whom the Marks are licensed, how much revenue You receive for each license and how much total revenue and profit per year You receive from licensing the Marks.

**RESPONSE:**     SUBJECT TO PROTECTIVE ORDER

- 10

16.     Identify each Internet website on which You have made the Works available (including shorter "clips" of the Works), including the URL for each such Work available on each such website.

**RESPONSE:**  SUBJECT TO PROTECTIVE ORDER

17.     Describe in detail the consideration and/or benefit You received for making available the Works on each of the Internet websites identified in the previous Interrogatory.

**RESPONSE:**  SUBJECT TO PROTECTIVE ORDER

18.     Describe in detail Every affiliation or business relationship You had with the Defendants prior to the filing of this Litigation.

**RESPONSE:**  SUBJECT TO PROTECTIVE ORDER

19.     Identify and describe Every Communication You had with any of the Defendants and anyone acting on their behalf prior to the filing of this Litigation.

**RESPONSE.**  This was asked and answered in Igor Gens discovery requests.

20.     Identify Every witness You plan to call to testify in this Litigation and the subject matter on which each witness is expected to testify.

**RESPONSE:**

Mark Meager, Vice President Finance & Administration, Cybernet Entertainment LLC.

Mr. Meager will testify regarding the affect of piracy on Cybernet.  Mr. Meager will also testify regarding Cybernets efforts on protecting their intellectual property, including copyright and trademark registrations.

Jason Tucker, Managing Director, Battleship Stance, LLC.  Mr. Tucker will testify regarding Battleship Stance efforts in reviewing Defendants Websites and the display of Cybernet's videos on Defendants Webstites.

Nate Glass, Owner, Takedown Piracy LLC.  Mr. Glass will testify regarding Takedown Piracy's efforts in approaching Defendants regarding Cybernet's videos and piracy in the industry.

Robert Bailey, Battleship Stance, LLC.  Mr. Bailey will testify regarding the discovery and documentation of the display of Cybernet's videos on Defendants' Websites.

Igor Gens.  Mr. Gens may be called to testify regarding the YouJizz Websites, and the facts and circumstances surrounding the display of Cybernet's videos on the YouJizz Websites, and the facts and circumstances surrounding Defendants' claim of DMCA safe harbor protections.

Chad Brachat.  Mr. Brachat may be called to testify regarding the YouJizz Websites, and the facts and circumstances surrounding the display of Cybernet's videos on the YouJizz Websites, and the facts and circumstances surrounding Defendants' claim of DMCA safe harbor protections.

Terrence Mundell.   Mr. Mundell may be called to testify regarding Defendants contact with Cybernet as an affiliate and Defendants limited authority to post certain and specific short clips, and Mr. Gens statements in response to the allegations of this litigation.

John Sander.  Mr. Sander may be called to testify regarding Defendants contact with Cybernet as an affiliate and Defendants limited authority to post certain and specific short clips, and Mr. Gens statements in response to the allegations of this litigation.

For each of the third parties persons or entities that received a subpoena in this case, a records custodian may be called to testify regarding authentication and business records foundation.

Investigations are on-going.  If further witnesses are discovered, located, and/or deemed relevant, this response will be amended and/or supplemented as required.

21.    If Your response to any of the Requests for Admission served herewith was anything other than an unqualified admission, for each such response:

(a)    State the legal and factual (if any) basis for such denial or qualified admission;

(b)    Identify all of the evidence you believe supports your denial or qualified admission, including, without limitation:

i.    Each and every person who will testify about the issue and what you expect their testimony will be; and,

ii.    Every document which refers or relates to the issue and how you believe it supports your position.

**RESPONSE:**   These responses are included in the Requests for Admission.

- 13

## REQUESTS FOR PRODUCTION

1.      All Documents Identified in or Related To Your response to any of the foregoing Interrogatories or Requests for Admission.

**RESPONSE:**  Every Document that Cybernet has in its possession or control pertaining to the infringement of its copyrighted works on the YouJizz Websites has been produced when its agent, Battleship Stance, produced documents in response to a subpoena.

2.      All Documents, data compilations, and tangible things identified in Section B of Plaintiffs Fed.R.Civ.P.26(a) Disclosures in the Litigation ("Plaintiffs Disclosure Statement")

**RESPONSE:**  Every Document that Cybernet has in its possession or control pertaining to the infringement of its copyrighted works on the YouJizz Websites has been produced when its agent, Battleship Stance, produced documents in response to a subpoena.

3.      All Documents Related To any witness identified in Section A of Plaintiff's Disclosure Statement which relate in any way to the Litigation.

**RESPONSE:**  Every Document that Cybernet has in its possession or control pertaining to the infringement of its copyrighted works on the YouJizz Websites has been produced when its agent, Battleship Stance, produced documents in response to a subpoena.

- 14

4.     All Documents Related To the damages identified in Section C of Plaintiff's Disclosure Statement.

**RESPONSE:**   Every Document that Cybernet has in its possession or control pertaining to the infringement of its copyrighted works on the YouJizz Websites has been produced when its agent, Battleship Stance, produced documents in response to a subpoena.

5.     All Documents exchanged by and between You and Jason Tucker from January 1, 2010 to present.

**RESPONSE.**   Every Document that Cybernet has in its possession or control pertaining to the infringement of its copyrighted works on the YouJizz Websites has been produced when its agent, Battleship Stance, produced documents in response to a subpoena.

6.     All Documents exchanged by and between You and any Representative of Battleship Stance LLC from January 1, 2010 to present.

**RESPONSE:**   Every Document that Cybernet has in its possession or control pertaining to the infringement of its copyrighted works on the YouJizz Websites has been produced when its agent, Battleship Stance, produced documents in response to a subpoena.

7.     All Documents Related To International Media.

- 15

**RESPONSE:** Every Document that Cybernet has in its possession or control pertaining to the infringement of its copyrighted works on the YouJizz Websites has been produced when its agent, Battleship Stance, produced documents in response to a subpoena.

8. All Documents You intend to offer into evidence in this Litigation.

**RESPONSE:** Every Document that Cybernet has in its possession or control pertaining to the infringement of its copyrighted works on the YouJizz Websites has been produced when its agent, Battleship Stance, produced documents in response to a subpoena.

9. All Documents provided to, provided by, or created by any and all experts consulted by You in connection with this Litigation, whether or not such expert is expected to testify at trial.

**RESPONSE:** As of this time, there are no such experts.

ANSWERS AND RESPONSES THERETO DATED this _____ day of _____, 2014.

By:_____
On Behalf of the Cybernet Entertainment LLC


## CERTIFICATION

The undersigned attorney has read the foregoing Answers to IG Media, Inc.'s Request for Admission, Interrogatories, and Requests for Production to Plaintiff, and any objections thereto, and certifies that the responses and objections are in compliance with Federal Rule of Civil Procedure 26(g).


By:_____

- 17

1
Spencer D. Freeman, WSBA#25069
Attorney for Plaintiff Cybernet Entertainment.
2
1107 ½ Tacoma Avenue South
Tacoma, WA 98402
3
Telephone: (253) 383-4500
Facsimile:  (253) 383-4501
4
Email: sfreeman@freemanlawfirm.org
(Pro Hac Vice)
5

6

7                      UNITED STATES DISTRICT COURT
8                          DISTRICT OF ARIZONA
                             PHOENIX DIVISION
9

10
CYBERNET ENTERTAINMENT, LLC, a New        **Case No.:  2:12-cv-01101 SRB**
11
York Company,
12
            Plaintiff,                     **PLAINTIFF CYBERNET**
                                           **ENTERTAINMENT LLC'S**
13                                         **RESPONSES TO IGOR GENS'**
vs.                                        **INTERROGATORIES AND REQUESTS**
14                                         **FOR PRODUCTION TO PLAINTFF**
IG MEDIA INC., et al.,
15
            Defendants.
16

17

18         Plaintiff Cybernet Entertainment LLC, by and through undersigned counsel,

19   pursuant to Fed. R. Civ. P. 26, 33 and 34, hereby serves the following Response to

20   Defendant Igor Gens' Interrogatories and Requests for Production.

21
                               **INTERROGATORIES**
22
           1.     Identify each and every fact Related To Your allegation in the
23
     Complaint that Gens is individually liable for copyright infringement.
24
     **RESPONSE:**  Mr. Gens is an owner and director of IG Media, Inc. and is listed on the
25
     Alexa WHOIS information for some or all of the websites.
26

                                       - 1 -

2.      Describe in detail all of the facts and circumstances Related To Your knowledge of the Works and Marks on the YouJizz Websites, including when You first knew that each of the Works and Marks were on the YouJizz Websites.

**RESPONSE:**  A search of the Internet for Cybernet's copyrighted works was performed, revealing the display of the Works on the YouJizz Websites.  The date when the Works and the Marks were first discovered on the YouJizz Websites is specifically stated and alleged in the Complaint and in PDF and video discovery produced by Battleship Stance.

3.      Describe in detail the efforts You took to have the Works and Marks removed from the YouJizz Websites prior to the filing of the litigation.

**RESPONSE:**  Takedown Piracy LLC sent YouJizz Websites DMCA Agent take down notices.  Battleship Stance sent Youjizz Websites DMCA Agent Take down notices. A draft complaint was also sent to the DMCA Agent, Larry Walters, several weeks before filing of the complaint.

4.      Describe in detail the efforts You took to prevent the unauthorized uploading, viewing and/or use on the Internet of the Works and the Marks, including any affiliation You may have with any video or image content identification, management or takedown services (e.g., Vobile, dmca.com, Guardlex).

**RESPONSE:**  Cybernet properly registered all copyrights and trademarks to protects its intellectual property.  Cybernet hired Takedown Piracy LLC and Battleship Stance to monitor and send take-down notices.

5.     Describe in detail the factual basis on which You allege in Your Complaint that Defendants do not qualify for safe harbor protection under the Digital Millennium Copyright Act.

**RESPONSE:**

a.     Defendants placed "youjizz.com" watermarks over many of Cybernet's videos.

b.     Defendants failed to respond to Takedown Piracy LLC and Battleship Stance LLC takedown notices.

c.     It is believed that Defendants profit directly from, the videos, as a user watching the Cybernet video was presented specific upsells.  It is also believed that Defendants' advertising revenues is directly affected by the quality of videos displayed on the You Jizz Websites.  Therefore, the presence of Cybernet videos directly affects such revenues.   Defendants have thwarted Plaintiffs investigation into this claim because they have refused to produce any information or communication with advertisers and refused to produce any information regarding financials for the You Jizz Websites.

d.     Cybernet's videos were uploaded by Defendants or by an agent on behalf of Defendants.  Defendants have thwarted Plaintiffs investigation into this claim because they have refused to produce any information pertaining to Defendants' independent contractors, including communications and payments to the independent contractors.

e.     Defendants have failed to implement reasonable repeat infringer policies. Waiting for nine reported (9) infringements is not reasonable before terminating an infringer.  The fact that Defendants specifically reserve the right to revise and change the policy without notice to users is not sufficient notice of a repeat infringer policy.  It is

- 3

also believed that Defendants do not actually implement the policy – however, Defendants are thwarting Plaintiffs investigation in this regard as Defendants refuse to produce any information pertaining to reported infringements and terminated users.

   f.  Igor Gens admitted to knowledge of the use and display of Cybernet's videos on the YouJizz Websites, establishing his knowledge and involvement in displaying the videos rather than the videos being uploaded randomly by some third party user of the YouJizz Websites.

   g.  On several occasions during the litigation, Defendants themselves caused Cybernet's videos to be displayed on the YouJizz Websites, once in the fall of 2012 and once in July 2013.

   h.  Based upon the number of DMCA notices for Cybernet's videos and the fact that Defendants review all videos posted before they are displayed on the YouJizz Websites, Defendants were specifically aware that all Cybernet videos were infringing. The Cybernet videos are obvious, as each video is watermarked and has the Kink trademark at the beginning, a total of two to three trademarks throughout the video, and the opening of each video is the well-known Kink Armory.

   6.  Describe in detail the factual basis on which You allege in Your Complaint that the copyrights in the Works are unique and valuable property having no readily determinable market value.

**RESPONSE:** All copyrighted works are unique. Cybernet's Works are specific to one niche of the adult entertainment online industry. SUBJECT TO PROTECTIVE ORDER

   7.  Describe in detail the factual basis on which You allege in the Complaint that Defendants' alleged infringement harms Your business reputation and

- 4

goodwill.

**RESPONSE:**        Cybernet control and sells each copyrighted work.  The display on free sites harms their ability to do business, such as selling DVDs or selling memberships to view the videos, if it is know that the Works are available for free.  The YouJizz Websites are known as pirate sites, and the association of Cybernet's works and trademarks links Cybernet to a pirate site.  SUBJECT TO PROTECTIVE ORDER

8.      Identify the copyright registration for each of the Works, including the registered title, the registration number, the registration date, the date of creation and the registered owner for each of the Works.

**RESPONSE:**  The registration number is listed for each Work in the complaint.  The Registrations are produced herewith, which contain the registered title, the registration date, the date of creation, and the registered owner – which is Cybernet.

9.      Identify the trademark registration for each of the Marks, including the word, description, date of first use in commerce, filing date, registration date, registration number, serial number and registered owner where available.

**RESPONSE:**  The registrations are produced herewith, which includes all of the requested information.

10.      Identify each and every time that You (or any of your agents) uploaded or made available any of the Works to any website including the date of such upload and the address of such website.

**RESPONSE:**  The Works are only uploaded to Cybernet's membership sites.

SUBJECT TO PROTECTIVE ORDER

11.     Identify and describe each Communication between You, on the one hand, and any other person or entity, on the other, concerning or regarding Your offer to purchase one or more of the Defendants' websites.

**RESPONSE:** No such communications exist as Cybernet has never made an offer to purchase one or more of the Defendants' websites.

12.     Identify and describe each Communication between You, on the one hand, and any other person or entity, on the other, concerning or regarding Your offer to purchase any website owned by a person or entity whom You have sued or against whom You have threatened suit.

**RESPONSE:** No such communications exist as Cybernet has never made an offer to purchase any website owned by a person or entity whom Cybernet has sued or against Cybernet has threatened a lawsuit.

13.     Identify every functioning website that You have purchased over the past five (5) years.

**RESPONSE:** SUBJECT TO PROTECTIVE ORDER

14.     For each website identified in response to the previous interrogatory, state if You had ever alleged that the purchased website had infringed on any of Your trademarks or Copyrights.

**RESPONSE:** No.

-6

15.     Identify each and every video file that You provided to the Defendants for the purpose (or with the expectation) that the Defendants would post such video files at one or more of their websites.

**RESPONSE:**        SUBJECT TO PROTECTIVE ORDER

16.     Identify and describe each Communication between You and Media Reps LLC ("Media Reps") concerning or relating to the Litigation or any of the Defendants in this action.

**RESPONSE:**  None exist.  SUBJECT TO PROTECTIVE ORDER

17.     Identify and describe each Communication between You and Media Reps concerning or relating to any other litigation or threatened litigation brought by (or contemplated by) You.

**RESPONSE:**  None exist.

18.     Identify and describe each Communication between You and CM Productions, LLC ("CMP") concerning or relating to the Litigation or any of the Defendants in this action.

**RESPONSE:**  None exist.

19.     Identify and describe each Communication between You and CMP

-7-

concerning or relating to any other litigation or threatened litigation brought by (or contemplated by) You.

**OBJECTION.** Communications with CMP regarding litigation that does not involve the Defendants in this action, or any of Defendants infringing activities cannot and do not have any relevance with regard to Defendants infringing activities and are not reasonably likely to lead to the discovery of any admissible evidence.

20.    Identify and describe each Communication between You and Lawrence Waters concerning or relating to any of the Defendants in the Litigation.

**RESPONSE:** Larry Walters was, at and before the time that this litigation was filed, the DMCA Agent for the YouJizz Websites. Accordingly, Mr. Walters was served with DMCA take down notices. As Mr. Walters was Defendants' agent, Defendants already have possession of all such take down notices. Mr. Walters, in early May 2012, was provided with a copy of a draft complaint relevant to this lawsuit, provided in hopes of pre-litigation settlement negotiations. Mr. Walters, as agent for Reflected Networks, was served a subpoena in this action, in approximately October 2013, for Reflected Networks records specific to hosting the YouJizz Websites.

21.    Identify and describe each Communication between You and Reflected Networks, Inc. concerning or relating to any of the Defendants in the Litigation.

**RESPONSE:** The only such communication is the October 2013 subpoena, a copy of which was provided to Defendants before service of the subpoena, and the response to the subpoena, of which Mr. Walters provided Defendants' counsel a copy.

- 8

22.     Identify any fingerprinting, hash marking, or other technology (including, but not limited to products provided by Vobile), which You utilize and, for each technology so utilized, the date You adopted that technology.

**RESPONSE:** Cybernet's trademarks are watermarked on the videos at the editing stage, prior to the release of the Work.

## REQUESTS FOR PRODUCTION

1.     All Documents Identified in or Related To Your response to any of the foregoing Interrogatories.

**RESPONSE:** Produced herewith are copies of copyright registrations and trademark registrations. Any other documents have either already been produced in the Tucker disclosure or are already in possession of Defendants or Defendants' agent.

2.     All Documents referencing or constituting copyright infringement or violation, Including pursuant to 17 U.S.C. § 512(c), or cease and desist letters sent by or on behalf of Plaintiff, related to or referencing the Defendants and/or the YouJizz Websites.

**RESPONSE:** Cybernet retained the services of Battleship Stance LLC to investigate and address Defendants' copyright and trademark infringement of Cybernet's intellectual property. As such, Battleship Stance maintained all such documents. All such documents were produced to Defendants by Battleship Stance pursuant to

subpoena.  Therefore, Defendants already have possession of such documents.

3.     All Documents referencing or constituting notices of copyright infringement or violation, including pursuant to 17 U.S.C. § 512(c), and cease and desist letters, sent by or on behalf of Plaintiff to any Person.

**OBJECTION.**  Such documents that do not involve the Defendants in this action, or any of Defendants infringing activities cannot and do not have any relevance with regard to Defendants infringing activities and are not reasonably likely to lead to the discovery of any admissible evidence.

4.     All Documents evidencing or referencing Your association with Jason Tucker, including any employment or independent contractor agreements and any Documents evidencing payments from You to Jason Tucker.

**RESPONSE:**  Such documents are produced herewith.

5.     All Documents Relate To any and all Communications between You and Jason Tucker Relating To Defendants, the YouJizz Websites, Chad Belville, Fraserside IP, LLC, Fraserside Holdings, Ltd, Private Media Group or the Litigation.

**RESPONSE.**  Pertaining to communications between Cybernet and Mr. Tucker relating to the Defendants, the YouJizz Websites, Mr. Beville, and the Litigation, all such documents were produced by Mr. Tucker pursuant to the Tucker subpoena.  Therefore, Defendants already possession of these documents.  There are no communications between Cybernet and Mr. Tucker relating to Fraserside IP, LLC, Fraserside Holdings, Ltd., or Private Media Group.

6.     All Documents Related To Your ability to monetize the Works and the Marks, including through advertising revenue, subscriptions, sales, licensing or any other

means.

**RESPONSE:**  Such Documents will be produced upon entry of a protective order as the request seeks trade secrets.  SUBJECT TO PROTECTIVE ORDER

7.     All Documents Related To Your marketing and sales of copies of the Works, including marketing strategies, pricing lists, profit and loss statements and balance sheets.

**RESPONSE:**  Such Documents will be produced upon entry of a protective order as the request seeks trade secrets.  SUBJECT TO PROTECTIVE ORDER

8.     All Documents Related To Your licensing of the Works, including marketing strategies, pricing lists, profit and loss statements and balance sheets.

**RESPONSE:**  Such Documents will be produced upon entry of a protective order as the request seeks trade secrets.  SUBJECT TO PROTECTIVE ORDER

9.     All Documents Related to any and all Communications between You and Defendants prior to the filing of this Litigation.

**RESPONSE:**  All DMCA take down notices have been produced.  In addition, there was communication between Terrence Mundell and an agent of Defendant and with Defendants' agent Larry Walters, produced herewith.

10.     All Documents Related To the Works availability on the YouJizz Websites prior to the filing of this Litigation.

**RESPONSE:**  The availability of the Works on the YouJizz Websites prior to the filing of the litigation was documents with video and screen grabs, all of which were produced

to Defendants in response to the Tucker subpoena.  Defendants already have possession of these documents.

11.    All Documents Related To any and all Communications between You and business affiliates of Defendants, including advertisers and advertising brokers of Defendants.

**RESPONSE:**  Defendants have refused to produce any information or documentation pertaining to their advertisers or other business affiliates, including independent contractors.  Therefore, Cybernet cannot know whether there has been any communication with these unknown persons or entities.  Other than the subpoenas issued in this case, which Defendants have a copy of, Cybernet has not knowingly had any such contact.

12.    All Documents Related To any confusion, mistake or deception as to Defendants' affiliations, connection, or association with You, or as to the origin, sponsorship or approval of their goods or commercial activities.

**RESPONSE:**  Defendants have already been provided with copies of video and screen grabs documenting the unlawful display of Cybernet's copyrighted works and trademarks on the YouJizz Websites.  These establish a perception that Cybernet gave away their content for free, which violates Cybernet's business model and implies that users do not have to pay to view Cybernet videos.

13.    The copyright registration certificates for each of the Works.

**RESPONSE:**  Produced herewith.

14.    The trademark registration certificates for each of the Marks.

- 12

**RESPONSE:** Produced herewith.

15.   All Documents Related To the registration of each of the Marks.

**RESPONSE:** All such documentation is retained by the U.S. Copyright Office, as the registrations were all done online.

16.   All Documents Related To Your efforts to prevent or limit the unauthorized uploading, downloading or viewing of the Works on the Internet.

**RESPONSE:** Defendants already have copies of the DMCA take down notices relevant to the YouJizz Websites.

17.   All Documents Related To Your efforts to have removed or have access disabled to the Works and/or Marks on the YouJizz Websites prior to the filing of the Litigation.

**RESPONSE:** Defendants already have copies of the DMCA take down notices relevant to the YouJizz Websites.   Defendants also already have copies of the draft complaint sent to their then agent, Larry Walters.

18.   All Documents Related To any and all Communications between You and Fraserside IP, LLC, Fraserside Holdings, Ltd and Private Media Group.

**OBJECTION.**   Such documents that do not involve the Defendants in this action, or any of Defendants infringing activities cannot and do not have any relevance with regard to Defendants infringing activities and are not reasonably likely to lead to the discovery of any admissible evidence.   Without waiving said objection, there are no such documents that involved piracy, copyright infringement, trademark infringement, the Defendants, this Litigation, or the YouJizz Websites.

- 13 -

ANSWERS AND RESPONSES THERETO DATED this _____ day of
_____, 2007.

By:_____
On Behalf of the Cybernet Entertainment LLC


## CERTIFICATION

The undersigned attorney has read the foregoing Answers to Igor Gens Interrogatories and Requests for Production to Plaintiff, and any objections thereto, and certifies that the responses and objections are in compliance with Federal Rule of Civil Procedure 26(g).



By:_____

- 14

# EXHIBIT 9

**From:** Jeff Cully [mailto:jcully@freemanlawfirm.org]
**Sent:** Monday, July 14, 2014 4:54 PM
**To:** Peter Moolenaar
**Subject:** Cybernet v IG Media

Good afternoon,

Please find the following attached:
Plaintiff's Responses to Request for Production, Request for Admissions, Interrogatories in the above mentioned case matter.


--
Jeff Cully
Administrative Officer
Freeman Law Firm, Inc.

1 | Spencer D. Freeman, WSBA#25069
Attorney for Plaintiff Cybernet Entertainment.
2 | 1107 ½ Tacoma Avenue South
3 | Tacoma, WA 98402
Telephone: (253) 383-4500
4 | Facsimile:  (253) 383-4501
Email: sfreeman@freemanlawfirm.org
5 | (Pro Hac Vice)

6

7

8 | UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA
9 | PHOENIX DIVISION

10

11 | CYBERNET ENTERTAINMENT, LLC, a New York Company,

12 |                     Plaintiff,

13 | vs.

14 |

15 | IG MEDIA INC., et al.,

16 |                     Defendants.

17

Case No.:  2:12-cv-01101 SRB

**PLAINTIFF CYBERNET
ENTERTAINMENT LLC'S
RESPONSES TO IG MEDIA, INC.'S
REQUESTS FOR ADMISSION,
INTERROGATORIES AND REQUESTS
FOR PRODUCTION TO PLAINTFF**

18 |         Plaintiff Cybernet Entertainment LLC, by and through undersigned counsel,
19 | pursuant to Fed. R. Civ. P. 26, 33, 34, and 36 hereby serves the following Response
20 | to Defendant IG Media, Inc.'s Request for Admission, Interrogatories, and Requests
21 | for Production.

22

23 |                     **REQUESTS FOR ADMISSION**

24

25 |         1.      Admit that each of the International Media websites identified in the
26 | Complaint shares and draws from the exact same servers and database.

- 1 -



1    **RESPONSE:**  Denied.  Reflective Network records establish that the websites are not on

2    the exact same server, but rather multiple servers and hosting providers.  In addition, the

3    posting of one video on one YouJizz Website does not necessarily or consistently post

4    the same video on all other YouJizz Websites, established by the documentation of the

5    infringements.

6

7        2.      Admit that Defendants do not own or operate YouJizzPremium.com.

8    **RESPONSE:**  Cybernet lacks knowledge and therefore cannot admit or deny.

9    Defendants claim that Manwin owns the site, but Cybernet has communicated with

10   Manwin, and discovered that this is not true.  Defendants have thus far thwarted

11   production of any documents pertaining to independent contractors, programmers,

12   advertisers, and financial documents, which would further such investigations and provide

13   the information necessary to answer this request.

14

15       3.      Admit that International Media websites host content uploaded by third

16   parties.

17   **RESPONSE:**  Denied to the extent that the request is specific to Cybernet's copyrighted

18   works and trademarks.  The Reflected Network production and research compared with

19   Defendants' production establishes that the video uploads claimed by Defendants did not

20   happen as they claim.  Regarding video content other than Cybernet's copyrighted

21   Works, Cybernet lacks knowledge and therefore cannot admit or deny specific to any and

22   all videos hosted at the International Media websites.

23

24

25

26



4.      Admit that International Media does not compensate any third parties whom upload content on International Media websites.

**RESPONSE:**  Cybernet cannot admit nor deny this request, as Defendants have thwarted producing any communications with or payments to independent contractors or any third parties and has refused to produce any financial documents, all of which would be necessary in answering this request.

5.      Admit that You authorized International Media to host the videos identified in Exhibit A, attached hereto.

**RESPONSE:**  Admitted to the extent that an agent of Defendant was granted authority to display the limited short video clips identified in Exhibit A were to be done so solely in promotion of Cybernet paid subscription websites and with a link to Cybernet's properties commiserate with Cybernet's Affiliate Program.  Documents establishing this include Cybernet's terms of service.  Mr. Terrence Mundell can testify to the purpose of authority to post these videos.  Denied to the extent that Defendants complied with the terms of displaying these videos and thus displayed them unlawfully and without authority.

6.      Admit that each of the videos identified in Your Complaint as being allegedly infringing were removed or disabled by International Media following notification from You of allegedly infringing activity.

**RESPONSE:**  Denied.  First, Mr. Gens refused stating that he had authority to display the videos, which he did not.  Second, on several occasions throughout this litigation, the videos were available for viewing by users.  Third, "disabled" still enabled the user to view thumbnail shots of the videos, thus still displaying Cybernet's copyrighted works.

7.    Admit that International Media is a service provider as defined by 17 U.S.C. § 512(k)(1)(B).

**RESPONSE:**  Denied.  For factual and legal basis, and for evidence believed to support this contention, please refer to Responses to Interrogatories Nos. 1, 3, and 5.

8.    Admit that International Media qualifies for the safe harbor provisions set out in 17 U.S.C. § 512(c).

**RESPONSE:**  Denied.  For factual and legal basis, and for evidence believed to support this contention, please refer to Responses to Interrogatories Nos. 1, 3, and 5.

9.    Admit that International Media did not receive a financial benefit directly attributable to the infringing activity alleged in the Complaint.

**RESPONSE.**  Denied.  For factual and legal basis, and for evidence believed to support this contention, please refer to Responses to Interrogatories Nos. 1, 3, and 5.

10.    Admit that International Media has designated an agent with the United States Copyright Office in accordance with 17 U.S.C. § 512(c)(2).

**RESPONSE:**  Admit.

11.    Admit that International Media has adopted a repeat infringer policy in accordance with 17 U.S.C. § 512(i)(A).

**RESPONSE:**  Denied.  The repeat infringer policy disclosed by Defendants is not reasonable as required by 17 U.S.C. § 512(i)(A), specifically the permission of 9 reported infringements is unreasonable.  Further, the Defendants specifically reserve the



1  right to revise and change the policy without notice to users is not sufficient notice of a

2  repeat infringer policy.  It is also believed that Defendants do not actually implement the

3  policy – however, Defendants are thwarting Plaintiffs investigation in this regard as

4  Defendants refuse to produce any information pertaining to reported infringements and

5  terminated users.

6

7

8       12.     Admit that International Media has reasonably implemented a repeat infringer

9  policy in accordance with 17 U.S.C. § 512(i)(A).

10  **RESPONSE:**  Denied.  Defendant refuses to produce documentation regarding take

11  down notices and terminations, thus thwarting Plaintiffs attempts to prove this

12  contention.  More importantly, however, Defendant also thereby fails to establish the

13  reasonable implementation of the policy.

14

15

16       13.     Admit that International Media has reasonably notified its users of its

17  repeat infringer policy in accordance with 17 U.S.C. § 512(i)(A).

18  **RESPONSE:**  Denied.  The policy itself states that Defendants may alter the policy at

19  any time without notice to the users.  This inherently fails to property notify the users of

20  the policy.

21

22

23

24

25

26



## INTERROGATORIES

1.     Identify each and every fact Related To Your allegations in the Complaint, including in paragraphs 507 and 520, that Defendants' conduct was "willful," "intentional," and/or "purposeful."

**RESPONSE:**

(a) Defendants actively blocked out Cybernet trademarks on some of the unauthorized displayed Works.

(b) Cybernet's trademarks were used by Defendants to enable users to search specifically for Cybernet's videos on the YouJizz Websites.

(c) Defendants placed their own watermarks on some of the unauthorized displayed Works.

(d) Defendants failed to respond to take down notices.

(e) Defendant Gens admitted actual knowledge of the presence of Cybernet's Works on the YouJizz Websites.

(f) Defendants re-displayed videos on multiple occasions throughout this Litigation.

(g) Defendants, per their terms of service and statements on the Wesbites, reviewed and approved all videos posted on the Websites.  Given that Cybernet's trademarks and the Kink Armory are prominent and notable on each video, Defendants had knowledge of the posting of Cybernet's videos.

(h) Defendants block a users attempt to put up non-adult entertainment content.

(i) It is believed that Defendants' programmers and independent contractors upload content on behalf of Defendant, but Defendants has wholly failed to produce documentation and communications pertaining to programmers and



Complaint, including in paragraphs 515, 525 and 534, that Defendants have "knowingly" induced, caused or materially contributed to infringement of any kind.

**RESPONSE:**   See Response to Interrogatories Nos. 1 and 3.


5.    Identify each and every fact Related To Your allegation in the Complaint, including in Paragraph 516, that Defendants actions have constituted "contributory infringement."

**RESPONSE:**  See Response to Interrogatories Nos. 1 and 3.  In addition, Defendants take videos posted on one of their sites and display them on the other YouJizz Websites.


6.    Identify each and every fact Related To Your allegations in the Complaint, including in Paragraph 526, that Defendants' actions constitute vicarious infringement (of any kind).

**RESPONSE:**   See Response to Interrogatories Nos. 1, 3, and 5.


7.    Identify each and every fact Related To Your allegation in Paragraph 533 of the Complaint that "Defendants have encouraged the illegal uploading and downloading of Plaintiff's copyrighted works."

**RESPONSE:**  See Response to Interrogatories Nos. 1, 3, and 5.


8.    Identify each and every fact Related To Your allegation that "Defendant's conduct is likely to cause confusion, mistake or deception" as alleged in



1  Paragraph 542 of the Complaint.

2  **RESPONSE:**  The use and display of Cybernet content leads a used to believe that

3  Cybernet's videos are made available by Cybernet for free.  It further appears that

4  Cybernet is in business with Defendants.

5

6

7         9.     Identify each and every instance of actual confusion, mistake or

    deception between Defendants' affiliation, connection or association with Plaintiff, or as

8  to the origin, sponsorship or approval of their goods or commercial activities.

9

10  **RESPONSE:**  None at this time.  Investigations are on-going and this response will be

11  supplement as required.

12

13       10.    Identify each and every fact Related To Your allegations in the

14  Complaint, including in Paragraph 543, that Defendants' conduct "constitutes false

15  designation of origin."

16  **RESPONSE:**   The use of Cybernet's videos with Defendants' watermarks and the

17  instances wherein Cybernet's watermarks are blocked out completely.

18

19       11.    Identify and Describe any and all Communications with any witness

20  identified in Section A of Plaintiff's Disclosure Statement which Relate in any way to the

21  Litigation.

22

23  **RESPONSE:**  All communications were through email and have been produced with the

24  Tucker production.  Defendants already have possession of all such communications.

25

26       12.    Identify each Person that You have sent a notice of copyright

-9-



1  infringement or violation, including pursuant to 17 U.S.C. § 512(c).

2  **OBJECTION.**  Cybernet's efforts to thwart others' infringement (other than Defendants

3  herein) have nothing to do with Defendants' unlawful unauthorized display of Cybernet's

4  videos, and the disclosure of such efforts cannot possible lead to admissible evidence in

5  this matter.

6

7

8  13.    Describe in detail how You market and sell copies of the Works, including

9  identifying to whom the copies are marketed and sold, how much each copy is sold for

10 and how much total revenue and profit per year you receive from selling copies of such

11 Works.

12 **RESPONSE:**  Cybernet does not sell copies of our Works.  Cybernet has not sold a

13 license to any party.

14

15 14.    Describe in detail how You license each of the Works, including

16 identifying each Person to whom such Works are licensed, how much revenue You

17 receive for each license and how much total revenue and profit per year You receive from

18 licensing such Works.

19 **RESPONSE:**  Cybernet has not sold a license to any party.

20

21

22

23 15.    Describe in detail how You promote, market and license the Marks,

24 including identifying each Person to whom the Marks are licensed, how much revenue

25 You receive for each license and how much total revenue and profit per year You

26 receive from licensing the Marks.



**RESPONSE:**      The Marks are not specifically and individually licensed to any person or party.  Affiliates can use our Marks in association with our pre provided marketing materials as long as they are using those materials to promote Cybernet properties all of which must comport be is subject to the terms of our Affiliate Programs Terms and Conditions.

16.     Identify each Internet website on which You have made the Works available (including shorter "clips" of the Works), including the URL for each such Work available on each such website.

**RESPONSE:**  Short Clips are made available to affiliates.  Affiliate lists are trade secrets and not relevant to this litigation.  All other Works are only made available on Cybernet's own membership websites and through limited licensing agreements.

17.     Describe in detail the consideration and/or benefit You received for making available the Works on each of the Internet websites identified in the previous Interrogatory.

**RESPONSE:**  Affiliates and Cybernet have a 50-60% revenue sharing basis on memberships generated through the shorter clips provided to affiliates for promotional purposes, subject to the terms and conditions of our Affiliate Program.

18.     Describe in detail Every affiliation or business relationship You had with the Defendants prior to the filing of this Litigation.

**RESPONSE:**  There was a brief Affiliate relationship subject to the terms and



conditions of our Affiliate Program.

19.     Identify and describe Every Communication You had with any of the Defendants and anyone acting on their behalf prior to the filing of this Litigation.

**RESPONSE.**  This was asked and answered in Igor Gens discovery requests.

20.     Identify Every witness You plan to call to testify in this Litigation and the subject matter on which each witness is expected to testify.

**RESPONSE:**

Mark Meager, Vice President Finance & Administration, Cybernet Entertainment LLC. Mr. Meager will testify regarding the affect of piracy on Cybernet.  Mr. Meager will also testify regarding Cybernets efforts on protecting their intellectual property, including copyright and trademark registrations.

Jason Tucker, Managing Director, Battleship Stance, LLC.  Mr. Tucker will testify regarding Battleship Stance efforts in reviewing Defendants Websites and the display of Cybernet's videos on Defendants Webstites.

Nate Glass, Owner, Takedown Piracy LLC.  Mr. Glass will testify regarding Takedown Piracy's efforts in approaching Defendants regarding Cybernet's videos and piracy in the industry.

Robert Bailey, Battleship Stance, LLC.  Mr. Bailey will testify regarding the discovery and documentation of the display of Cybernet's videos on Defendants' Websites.

Igor Gens.  Mr. Gens may be called to testify regarding the YouJizz Websites, and the facts and circumstances surrounding the display of Cybernet's videos on the YouJizz Websites, and the facts and circumstances surrounding Defendants' claim of DMCA safe



1  harbor protections.

2  Chad Brachat.  Mr. Brachat may be called to testify regarding the YouJizz Websites, and

3  the facts and circumstances surrounding the display of Cybernet's videos on the YouJizz

4  Websites, and the facts and circumstances surrounding Defendants' claim of DMCA safe

5  harbor protections.

6  Terrence Mundell.   Mr. Mundell may be called to testify regarding Defendants contact

7  with Cybernet as an affiliate and Defendants limited authority to post certain and specific

8  short clips, and Mr. Gens statements in response to the allegations of this litigation.

9  John Sander.  Mr. Sander may be called to testify regarding Defendants contact with

10  Cybernet as an affiliate and Defendants limited authority to post certain and specific short

11  clips, and Mr. Gens statements in response to the allegations of this litigation.

12  For each of the third parties persons or entities that received a subpoena in this case, a

13  records custodian may be called to testify regarding authentication and business records

14  foundation.

15  Investigations are on-going.  If further witnesses are discovered, located, and/or deemed

16  relevant, this response will be amended and/or supplemented as required.

17

18

19

20     21.    If Your response to any of the Requests for Admission served

herewith was anything other than an unqualified admission, for each such

21  response:

22

23      (a)    State the legal and factual (if any) basis for such denial or qualified

admission;

24

25      (b)    Identify all of the evidence you believe supports your denial or

26  qualified admission, including, without limitation:



i.  Each and every person who will testify about the issue and what you expect their testimony will be; and,

ii.  Every document which refers or relates to the issue and how you believe it supports your position.

**RESPONSE:**   These responses are included in the Requests for Admission.

## REQUESTS FOR PRODUCTION

1.  All Documents Identified in or Related To Your response to any of the foregoing Interrogatories or Requests for Admission.

**RESPONSE:**   Every Document that Cybernet has in its possession or control pertaining to the infringement of its copyrighted works on the YouJizz Websites has been produced when its agent, Battleship Stance, produced documents in response to a subpoena.

2.  All Documents, data compilations, and tangible things identified in Section B of Plaintiffs Fed.R.Civ.P.26(a) Disclosures in the Litigation ("Plaintiffs Disclosure Statement")



**RESPONSE:**  Every Document that Cybernet has in its possession or control pertaining to the infringement of its copyrighted works on the YouJizz Websites has been produced when its agent, Battleship Stance, produced documents in response to a subpoena.

      3.     All Documents Related To any witness identified in Section A of Plaintiff's Disclosure Statement which relate in any way to the Litigation.

**RESPONSE:**  Every Document that Cybernet has in its possession or control pertaining to the infringement of its copyrighted works on the YouJizz Websites has been produced when its agent, Battleship Stance, produced documents in response to a subpoena.

      4.     All Documents Related To the damages identified in Section C of Plaintiff's Disclosure Statement.

**RESPONSE:**   Every Document that Cybernet has in its possession or control pertaining to the infringement of its copyrighted works on the YouJizz Websites has been produced when its agent, Battleship Stance, produced documents in response to a subpoena.

      5.     All Documents exchanged by and between You and Jason Tucker from January 1, 2010 to present.



1   **RESPONSE.**  Every Document that Cybernet has in its possession or control pertaining

2   to the infringement of its copyrighted works on the YouJizz Websites has been produced

3   when its agent, Battleship Stance, produced documents in response to a subpoena.

4

5

6

7         6.     All Documents exchanged by and between You and any

Representative of Battleship Stance LLC from January 1, 2010 to present.

8

9   **RESPONSE:**  Every Document that Cybernet has in its possession or control pertaining

10  to the infringement of its copyrighted works on the YouJizz Websites has been produced

11  when its agent, Battleship Stance, produced documents in response to a subpoena.

12

13

14        7.     All Documents Related To International Media.

15

16  **RESPONSE:**  Every Document that Cybernet has in its possession or control pertaining

to the infringement of its copyrighted works on the YouJizz Websites has been produced

17  when its agent, Battleship Stance, produced documents in response to a subpoena.

18

19

20

21

22

23

24

25        8.     All Documents You intend to offer into evidence in this Litigation.

26  **RESPONSE:**  Every Document that Cybernet has in its possession or control pertaining



1

2

3

4    ANSWERS AND RESPONSES THERETO DATED this __14__ day of

5    __July_____, 2014.

6                              By:_____

     On Behalf of the Cybernet Entertainment LLC

7                                 Justin Bryson

8                                 Vp of marketing

9                          CERTIFICATION

     The undersigned attorney has read the foregoing Answers to IG Media, Inc.'s Request for

10   Admission, Interrogatories, and Requests for Production to Plaintiff, and any objections thereto,

     and certifies that the responses and objections are in compliance with Federal Rule of Civil

11   Procedure 26(g).

12

13                              By:_____

14

15

16

17

18

19

20

21

22

23

24

25

26

2.      Describe in detail all of the facts and circumstances Related To Your knowledge of the Works and Marks on the YouJizz Websites, including when You first knew that each of the Works and Marks were on the YouJizz Websites.

**RESPONSE:**  A search of the Internet for Cybernet's copyrighted works was performed, revealing the display of the Works on the YouJizz Websites.  The date when the Works and the Marks were first discovered on the YouJizz Websites is specifically stated and alleged in the Complaint and in PDF and video discovery produced by Battleship Stance.

3.      Describe in detail the efforts You took to have the Works and Marks removed from the YouJizz Websites prior to the filing of the litigation.

**RESPONSE:**  Takedown Piracy LLC sent YouJizz Websites DMCA Agent take down notices.   Battleship Stance sent YouJizz Sites DMCA Agent take down notices.  A draft complaint was also sent to the DMCA Agent, Larry Walters, several weeks before filing of the complaint.

4.      Describe in detail the efforts You took to prevent the unauthorized uploading, viewing and/or use on the Internet of the Works and the Marks, including any affiliation You may have with any video or image content identification, management or takedown services (e.g., Vobile, dmca.com, Guardlex).

**RESPONSE:**  Cybernet properly registered all copyrights and trademarks to protect its intellectual property.  Cybernet hired Takedown Piracy LLC to monitor and send take-down notices.

5.      Describe in detail the factual basis on which You allege in Your Complaint that Defendants do not qualify for safe harbor protection under the Digital Millennium Copyright Act.

**RESPONSE:**

a.      Defendants placed "youjizz.com" watermarks over many of Cybernet's videos.

b.      Defendants failed to respond to Takedown Piracy LLC and Battleship Stance LLC takedown notices.

c.      It is believed that Defendants profit directly from, the videos, as a user watching the Cybernet video was presented specific upsells.  It is also believed that Defendants' advertising revenues is directly affected by the quality of videos displayed on the YouJizz Websites.  Therefore, the presence of Cybernet videos directly affects such revenues.  Defendants have thwarted Plaintiffs investigation into this claim because they have refused to produce any information or communication with advertisers and refused to produce any information regarding financials for the YouJizz Websites.

d.      Cybernet's videos were uploaded by Defendants or by an agent on behalf of Defendants.  Defendants have thwarted Plaintiffs investigation into this claim because they have refused to produce any information pertaining to Defendants' independent contractors, including communications and payments to the independent contractors.

e.      Defendants have failed to implement reasonable repeat infringer policies. Waiting for nine reported (9) infringements is not reasonable before terminating an infringer.  The fact that Defendants specifically reserve the right to revise and change the policy without notice to users is not sufficient notice of a repeat infringer policy.  It is



-3-

1  also believed that Defendants do not actually implement the policy – however,

2  Defendants are thwarting Plaintiffs investigation in this regard as Defendants refuse to

3  produce any information pertaining to reported infringements and terminated users.

4       f.    Igor Gens admitted to knowledge of the use and display of Cybernet's

5  videos on the YouJizz Websites, establishing his knowledge and involvement in

6  displaying the videos rather than the videos being uploaded randomly by some third

7  party user of the YouJizz Websites.

8       g.    On several occasions during the litigation, Defendants themselves caused

9  Cybernet's videos to be displayed on the YouJizz Websites, once in the fall of 2012 and

10  once in July 2013.

11       h.    Based upon the number of DMCA notices for Cybernet's videos and the

12  fact that Defendants review all videos posted before they are displayed on the YouJiz

13  Sites, Defendants were specifically aware that all Cybernet videos were infringing.  The

14  Cybernet videos are obvious, as each video is watermarked and has the Kink trademark

15  at the beginning, a total of two to three trademarks throughout the video, and the opening

16  of each video is the well-known Kink Armory.

17

18       6.    Describe in detail the factual basis on which You allege in Your

19  Complaint that the copyrights in the Works are unique and valuable property having

20  no readily determinable market value.

21  **RESPONSE:**  The majority of our content is exclusive to Cybernet.  In rare cases, we do

22  license our content and when Cybernet does, it is done on a revenue sharing basis

23  (Example: Video on Demand).  We are extremely conservative on what Works we make

24  available in those rare cases.  We do not license works for free usage.   There is no way

25  to determine the full extent of how much traffic and revenue we have lost to Youjizz

26  Sites as a result of their display of our work except to state that because it's broadcast on

Youjizz Sites, a large number of users know they can view Cybernet owned works for free by going to the YouJizz Sites. This diminishes the value of the Work, hinders the growth of our proprietary domains and interferes with our existing license agreements.

7. Describe in detail the factual basis on which You allege in the Complaint that Defendants' alleged infringement harms Your business reputation and goodwill.

**RESPONSE:** YouJizz sites broadcasting Cybernet Work in length and outside of the scope of our Affiliate Program and without any 2257 protection and pay-wall limits our ability to sell our Work and further hinders Cybernet because users have no need or incentive to leave a YouJizz site to come to one of our sites. Additionally, by having our Work in the formats produced on YouJizz Sites implies that we endorse piracy of our Work, which is anything from true.

8. Identify the copyright registration for each of the Works, including the registered title, the registration number, the registration date, the date of creation and the registered owner for each of the Works.

**RESPONSE:** The registration number is listed for each Work in the complaint. The Registrations are produced herewith, which contain the registered title, the registration date, the date of creation, and the registered owner – which is Cybernet.

9. Identify the trademark registration for each of the Marks, including the word, description, date of first use in commerce, filing date, registration date, registration number, serial number and registered owner where available.

**RESPONSE:** The registrations are produced herewith, which includes all of the

- 5



1   requested information.

2

3

4       10.    Identify each and every time that You (or any of your agents) uploaded

5   or made available any of the Works to any website including the date of such upload and

6   the address of such website.

7   **RESPONSE:**  Cybernet has never uploaded any of its videos or works to third party

8   sites.

9

10       11.    Identify and describe each Communication between You, on the one

11   hand, and any other person or entity, on the other, concerning or regarding Your offer

12   to purchase one or more of the Defendants' websites.

13   **RESPONSE:**  No such communications exist as Cybernet has never made an offer to

14   purchase one or more of the Defendants' websites.

15

16

17       12.    Identify and describe each Communication between You, on the one

18   hand, and any other person or entity, on the other, concerning or regarding Your offer

19   to purchase any website owned by a person or entity whom You have sued or against

20   whom You have threatened suit.

21   **RESPONSE:**  No such communications exist as Cybernet has never made an offer to

22   purchase any website owned by a person or entity whom Cybernet has sued or against

23   Cybernet has threatened a lawsuit.

24

25       13.    Identify every functioning website that You have purchased over the past

26   five (5) years.



1  **RESPONSE:**  fuckedandbound.com, chantasbitches.com, captivemale.com,
2  twistedfactory.com, bondagebank.com.

3

4

5      14.    For each website identified in response to the previous
interrogatory, state if You had ever alleged that the purchased website had
6  infringed on any of Your trademarks or Copyrights.

7

8  **RESPONSE:**  No, with regard to each website.

9

10      15.    Identify each and every video file that You provided to the
11  Defendants for the purpose (or with the expectation) that the Defendants would post
12  such video files at one or more of their websites.

13  **RESPONSE:**    The marketing material provided to YouJizz for Youijizz was
14  previously produced during the Tucker Discovery, and is not related to this litigation.

15

16      16.    Identify and describe each Communication between You and Media Reps
17  LLC ("Media Reps") concerning or relating to the Litigation or any of the Defendants in
18  this action.

19

20  **RESPONSE:**  None exist that we are aware of.

21

22      17.    Identify and describe each Communication between You and Media Reps
23  concerning or relating to any other litigation or threatened litigation brought by (or
24  contemplated by) You.

25  **RESPONSE:**  None exist.

26



18.     Identify and describe each Communication between You and CM Productions, LLC ("CMP") concerning or relating to the Litigation or any of the Defendants in this action.

**RESPONSE:**  None exist that we are aware of.

19.     Identify and describe each Communication between You and CMP concerning or relating to any other litigation or threatened litigation brought by (or contemplated by) You.

**OBJECTION.** Communications with CMP regarding litigation that does not involve the Defendants in this action, or any of Defendants infringing activities cannot and do not have any relevance with regard to Defendants infringing activities and are not reasonably likely to lead to the discovery of any admissible evidence.

20.     Identify and describe each Communication between You and Lawrence Waters concerning or relating to any of the Defendants in the Litigation.

**RESPONSE:**  Larry Walters was, at and before the time that this litigation was filed, the DMCA Agent for the You Jizz Websites.  Accordingly, Mr. Walters was served with all DMCA take down notices.  As Mr. Walters was Defendants' agent, Defendants already have possession of all such take down notices.   Mr. Walters, in early May 2012, was provided with a copy of a draft complaint relevant to this lawsuit, provided in hopes of pre-litigation settlement negotiations.  Mr. Walters, as agent for Reflected Networks, was served a subpoena in this action, in approximately October 2013, for Reflected Networks records specific to hosting the You Jizz Websites.



21.     Identify and describe each Communication between You and Reflected Networks, Inc. concerning or relating to any of the Defendants in the Litigation.

**RESPONSE:**  The only such communication is the October 2013 subpoena, a copy of which was provided to Defendants before service of the subpoena, and the response to the subpoena, of which Mr. Walters provided Defendants' counsel a copy.

22.     Identify any fingerprinting, hash marking, or other technology (including, but not limited to products provided by Vobile), which You utilize and, for each technology so utilized, the date You adopted that technology.

**RESPONSE:**  Cybernet's trademarks are watermarked on the videos at the editing stage, prior to the release of the Work.

## REQUESTS FOR PRODUCTION

1.     All Documents Identified in or Related To Your response to any of the foregoing Interrogatories.

**RESPONSE:**  Produced herewith are copies of copyright registrations and trademark registrations.  Any other documents have either already been produced in the Tucker disclosure or are already in possession of Defendants or Defendants' agent.



2.   All Documents referencing or constituting copyright infringement or violation, Including pursuant to 17 U.S.C. § 512(c), or cease and desist letters sent by or on behalf of Plaintiff, related to or referencing the Defendants and/or the YouJizz Websites.

**RESPONSE:**   Cybernet retained the services of Battleship Stance LLC to investigate and address Defendants' copyright and trademark infringement of Cybernet's intellectual property.  As such, Battleship Stance maintained all such documents.  All such documents were produced to Defendants by Battleship Stance pursuant to subpoena.  Therefore, Defendants already have possession of such documents.

3.   All Documents referencing or constituting notices of copyright infringement or violation, including pursuant to 17 U.S.C. § 512(c), and cease and desist letters, sent by or on behalf of Plaintiff to any Person.

**OBJECTION.**  Such documents that do not involve the Defendants in this action, or any of Defendants infringing activities cannot and do not have any relevance with regard to Defendants infringing activities and are not reasonably likely to lead to the discovery of any admissible evidence.

4.   All Documents evidencing or referencing Your association with Jason Tucker, including any employment or independent contractor agreements and any Documents evidencing payments from You to Jason Tucker.

**RESPONSE:**  Such documents are produced herewith.

5.   All Documents Relate To any and all Communications between You and Jason Tucker Relating To Defendants, the YouJizz Websites, Chad Belville, Fraserside



1  IP, LLC, Fraserside Holdings, Ltd, Private Media Group or the Litigation.

2  **RESPONSE.**  Pertaining to communications between Cybernet and Mr. Tucker relating

3  to the Defendants, the You Jizz Websites, Mr. Beville, and the Litigation, all such

4  documents were produced by Mr. Tucker pursuant to the Tucker subpoena.  Therefore,

5  Defendants already possession of these documents.  There are no communications

6  between Cybernet and Mr. Tucker relating to Fraserside IP, LLC, Fraserside Holdings,

7  Ltd., or Private Media Group.

8

9       6.      All Documents Related To Your ability to monetize the Works and the

10  Marks, including through advertising revenue, subscriptions, sales, licensing or any other

11  means.

12  **RESPONSE:**  Requires a protective order.  Once in place, we have produce a graph that

13  shows our revenues doubling every year prior to Youjizz broadcasting our work and

14  once displayed, the graph flat lines and proceeds to head in a negative direction.

15

16

17       7.      All Documents Related To Your marketing and sales of copies of the Works,

18  including marketing strategies, pricing lists, profit and loss statements and balance sheets.

19  **RESPONSE:**  Requires a protective order.  Once in place, we have produce a graph that

20  shows our revenues doubling every year prior to Youjizz broadcasting our work and

21  once displayed, the graph flat lines and proceeds to head in a negative direction.

22

23       8.      All Documents Related To Your licensing of the Works, including

24  marketing strategies, pricing lists, profit and loss statements and balance sheets.

25  **RESPONSE:**  Requires a protective order.  Once in place, we have produce a graph that

26  shows our revenues doubling every year prior to Youjizz broadcasting our work and

- 11 -



once displayed, the graph flat lines and proceeds to head in a negative direction.

9.     All Documents Related to any and all Communications between You and Defendants prior to the filing of this Litigation.

**RESPONSE:**  All DMCA take down notices have been produced.  In addition, there was communication between Terrence Mundell and an agent of Defendant and with Defendants' agent Larry Walters, produced herewith.

10.     All Documents Related To the Works availability on the YouJizz Websites prior to the filing of this Litigation.

**RESPONSE:**  The availability of the Works on the YouJiss Websites prior to the filing of the litigation was documents with video and screen grabs, all of which were produced to Defendants in response to the Tucker subpoena.  Defendants already have possession of these documents.

11.     All Documents Related To any and all Communications between You and business affiliates of Defendants, including advertisers and advertising brokers of Defendants.

**RESPONSE:**  Defendants have refused to produce any information or documentation pertaining to their advertisers or other business affiliates, including independent contractors.  Therefore, Cybernet cannot know whether there has been any communication with these unknown persons or entities.  Other than the subpoenas issued in this case, which Defendants have a copy of, Cybernet has not knowingly had any such contact.



17.    All Documents Related To Your efforts to have removed or have access disabled to the Works and/or Marks on the YouJizz Websites prior to the filing of the Litigation.

**RESPONSE:**  Defendants already have copies of the DMCA take down notices relevant to the YouJizz Websites.  Defendants also already have copies of the draft complaint sent to their then agent, Larry Walters.

18.    All Documents Related To any and all Communications between You and Fraserside IP, LLC, Fraserside Holdings, Ltd and Private Media Group.

**OBJECTION.**  Such documents that do not involve the Defendants in this action, or any of Defendants infringing activities cannot and do not have any relevance with regard to Defendants infringing activities and are not reasonably likely to lead to the discovery of any admissible evidence.  Without waiving said objection, there are no such documents that involved piracy, copyright infringement, trademark infringement, the Defendants, this Litigation, or the YouJizz Websites.



ANSWERS AND RESPONSES THERETO DATED this _____ day of
_____, 2014.

By: _____
On Behalf of the Cybernet Entertainment LLC

### CERTIFICATION

The undersigned attorney has read the foregoing Answers to Igor Gens Interrogatories and Requests for Production to Plaintiff, and any objections thereto, and certifies that the responses and objections are in compliance with Federal Rule of Civil Procedure 26(g).

By:_____

# EXHIBIT 10

**From:** Jeff Cully [mailto:jcully@freemanlawfirm.org]
**Sent:** Thursday, July 17, 2014 11:40 AM
**To:** Peter Moolenaar; Spencer Freeman
**Subject:** Re: Cybernet v IG Media

Good morning,

Please find attached the missing pages.

Regards,

to Defendants in response to the Tucker subpoena. Defendants already have possession of these documents.

11. All Documents Related To any and all Communications between You and business affiliates of Defendants, including advertisers and advertising brokers of Defendants.

**RESPONSE:** Defendants have refused to produce any information or documentation pertaining to their advertisers or other business affiliates, including independent contractors. Therefore, Cybernet cannot know whether there has been any communication with these unknown persons or entities. Other than the subpoenas issued in this case, which Defendants have a copy of, Cybernet has not knowingly had any such contact.

12. All Documents Related To any confusion, mistake or deception as to Defendants' affiliations, connection, or association with You, or as to the origin, sponsorship or approval of their goods or commercial activities.

**RESPONSE:** Defendants have already been provided with copies of video and screen grabs documenting the unlawful display of Cybernet's copyrighted works and trademarks on the YouJizz Websites. These establish a perception that Cybernet gave away their content for free, which violates Cybernet's business model and implies that users do not have to pay to view Cybernet videos.

13. The copyright registration certificates for each of the Works.

**RESPONSE:** Produced herewith.

14. The trademark registration certificates for each of the Marks.

**RESPONSE:** Produced herewith.

15.   All Documents Related To the registration of each of the Marks.

**RESPONSE:** All such documentation is retained by the U.S. Copyright Office, as the registrations were all done online.

16.   All Documents Related To Your efforts to prevent or limit the unauthorized uploading, downloading or viewing of the Works on the Internet.

**RESPONSE:** Defendants already have copies of the DMCA take down notices relevant to the YouJizz Websites.

17.   All Documents Related To Your efforts to have removed or have access disabled to the Works and/or Marks on the YouJizz Websites prior to the filing of the Litigation.

**RESPONSE:** Defendants already have copies of the DMCA take down notices relevant to the YouJizz Websites.  Defendants also already have copies of the draft complaint sent to their then agent, Larry Walters.

18.   All Documents Related To any and all Communications between You and Fraserside IP, LLC, Fraserside Holdings, Ltd and Private Media Group.

**OBJECTION.**  Such documents that do not involve the Defendants in this action, or any of Defendants infringing activities cannot and do not have any relevance with regard to Defendants infringing activities and are not reasonably likely to lead to the discovery of any admissible evidence.  Without waiving said objection, there are no such documents that involved piracy, copyright infringement, trademark infringement, the Defendants, this Litigation, or the YouJizz Websites.

- 13 -

1    Spencer D. Freeman, WSBA#25069
     Attorney for Plaintiff Cybernet Entertainment.
2    1107 ½ Tacoma Avenue South
     Tacoma, WA 98402
3    Telephone: (253) 383-4500
     Facsimile: (253) 383-4501
4    Email: sfreeman@freemanlawfirm.org
     (Pro Hac Vice)
5

6

7                        UNITED STATES DISTRICT COURT
8                             DISTRICT OF ARIZONA
                              PHOENIX DIVISION
9

10   CYBERNET ENTERTAINMENT, LLC, a New          Case No.: **2:12-cv-01101 SRB**
11   York Company,

12            Plaintiff,                          **PLAINTIFF CYBERNET
                                                  ENTERTAINMENT LLC'S
13   vs.                                          RESPONSES TO IGOR GENS'
                                                  INTERROGATORIES AND REQUESTS
14   IG MEDIA INC., et al.,                       FOR PRODUCTION TO PLAINTFF**

15            Defendants.

16

17

18        Plaintiff Cybernet Entertainment LLC, by and through undersigned counsel,

19   pursuant to Fed. R. Civ. P. 26, 33 and 34, hereby serves the following Response to

20   Defendant Igor Gens' Interrogatories and Requests for Production.

21                              **INTERROGATORIES**

22        1.     Identify each and every fact Related To Your allegation in the

23   Complaint that Gens is individually liable for copyright infringement.

24   **RESPONSE:**  Mr. Gens is an owner and director of IG Media, Inc. and is listed on the

25   Alexa WHOIS information for some or all of the websites.

26

                                      - 1 -

**RESPONSE:**  Every Document that Cybernet has in its possession or control pertaining to the infringement of its copyrighted works on the YouJizz Websites has been produced when its agent, Battleship Stance, produced documents in response to a subpoena.

8.      All Documents You intend to offer into evidence in this Litigation.

**RESPONSE:**  Every Document that Cybernet has in its possession or control pertaining to the infringement of its copyrighted works on the YouJizz Websites has been produced when its agent, Battleship Stance, produced documents in response to a subpoena.

9.      All Documents provided to, provided by, or created by any and all experts consulted by You in connection with this Litigation, whether or not such expert is expected to testify at trial.

**RESPONSE:**  As of this time, there are no such experts.

- 16

produce documentation and communications pertaining to programmers and independent contractors, thereby thwarting Plaintiff ability to prove this assertion.  Investigations continue and this response will be updated upon new information.

(j) Defendants used the Cybernet videos to get a user to buy "premier access." Defendants get paid for each person that buys premier access.

2.      Identify each and every fact Related To Your allegations in the Complaint, including in paragraph 507, that Defendants acted with "willful blindness and reckless disregard."

**RESPONSE:**  See Response to Interrogatory No. 1.

3.      Identify each and every fact Related To Your allegations in the Complaint, including in paragraph 508, that Plaintiff has suffered and will continue to suffer "substantial losses."

**RESPONSE:**  Defendants continue to use Cybernet's trademarks on the YouJizz Websites, thereby drawing traffic of users looking for Cybernet's works to the YouJizz Websites and away from Cybernet.  In addition, while the videos were and/or are enabled, each view of Cybernet's videos on Defendants Websites means that the user is not paying Cybernet to view the videos.  Further, the user of the YouJizz Websites is provided with embed codes, meaning that the user can post the video anywhere on the Internet.  Thus, the actual viewers of Cybernet videos without authorization by or payment to Cybernet cannot be known or calculated.  Defendants actions permit an unknown and undetermined number of free views of Cybernet's videos.