Chad L. Belville, AZ Bar 020771
Attorney for Plaintiff Cybernet Entertainment.
4742 N. 24th Street, Suite 315
Phoenix, AZ 85016
Telephone: (602) 904-5485
Facsimile:  (602) 291-6953
Email: cbelville@azbar.org

Spencer D. Freeman, WSBA#25069
Attorney for Plaintiff Cybernet Entertainment.
1107 ½ Tacoma Avenue South
Tacoma, WA 98402
Telephone: (253) 383-4500
Facsimile:  (253) 383-4501
Email: sfreeman@freemanlawfirm.org
(Pro Hac Vice)

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA
PHOENIX DIVISION

| | |
|---|---|
| CYBERNET ENTERTAINMENT, LLC, a New York Company,<br><br>    Plaintiff,<br><br>vs.<br><br>IG MEDIA INC., et al.,<br><br>    Defendants. | **Case No.:  2:12-cv-01101 SPL**<br><br>**PLAINTIFF'S STATEMENT OF FACTS IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Plaintiff Cybernet Entertainment, LLC, by and through its undersigned counsel, and pursuant to Fed.R.Civ.P. 56 and LRCiv 56.1, submits this Statement of Facts In Support of Motion for Partial Summary Judgment.

- 1

| MATERIAL FACT | SUPPORTING EVIDENCE |
|---|---|
| 1. Cybernet Entertainment LLC (Cybernet) is the global leader in the production of legal, high quality, authentic adult fetish motion pictures. | *Declaration of Peter Acworth In Support of Motion for Temporary Restraining Order ("Decl. P. Acworth"),* p 2, ¶ 2; Dkt. No. 88. |
| 2. Cybernet is unlike any other adult oriented company in the industry due to the unique nature of its work. At its core, the company's mission is to demystify and celebrate alternative sexualities by providing the most authentic kinky experiences. | *Decl. P. Acworth,* p 3, ¶ 12; Dkt. No. 88. |
| 3. In order to maintain its stature and purpose, Cybernet is extremely protective of how the company and its works are presented to fans and to the public. Cybernet is also protective of how its business relationships reflect on and present the company and its products. | *Decl. P. Acworth,* p 3, ¶ 12; Dkt. No. 88. |
| 4. Cybernet is the producer, distributor, and exclusive licensor of its own motion pictures in the United States. | *Decl. P. Acworth,* p 4, ¶ 14-15; Dkt. No. 88. |
| 5. Cybernet is engaged in the business of producing, distributing, and/or licensing to others, the rights to copy, distribute, transmit and exhibit copyrighted motion pictures and/or other audio visual works. | *Decl. P. Acworth,* p 4, ¶ 14-15; Dkt. No. 88. |
| 6. Cybernet expends significant amounts of time, money and other resources to produce high quality products, develop supply chains and distribution systems, and build premium brand recognition of their products. | *Decl. P. Acworth,* p 4, ¶ 14-15; Dkt. No. 88. |
| 7. Cybernet, either directly or through its | *Decl. P. Acworth,* p 4, ¶ 14-15; Dkt. No. 88. |

| | | |
|---|---|---|
| | affiliates or licensees, distributes its copyrighted works in various forms over the Internet, pay-per-view, video on demand, download, and digital video discs (DVD's) by selling them directly to the home viewing market or licensing others to do so. | |
| | 8.  Cybernet's highly sought after intellectual property is distributed on a wide range of platforms around the globe, including pay-per-view satellite television, internet and mobile devices. | *Decl. P. Acworth,* p 3-4, ¶¶ 8-13; Dkt. No. 88. |
| | 9.  Cybernet has registered with the United States Copyright Office its copyrighted works. | *Decl. P. Acworth,* p 3-4, ¶¶ 8-13; Dkt. No. 88. |
| | 10.  Industry standard steps were and are taken to mark and identify Cybernet's products, including placing recorded warnings at the beginning and end of video productions that appear whenever those videos are played.  The videos are watermarked with *Cybernet's* readily identifiable logos, such as the red stylized "K" on a black background, and many begin with a very recognizable opening scene of the famous Armory where the company is located. | *Decl. P. Acworth,* p 3-4, ¶¶ 8-13; Dkt. No. 88. |
| | 11.  Websites that infringe Cybernets' copyrights and trademarks and provide free access to Cybernet videos are in direct competition with Cybernet's web properties. | *Decl. P. Acworth,* p 3-4, ¶ 16; Dkt No. 88. |
| | 12.  Further, the free access to the videos reduces the value of Cybernet products and licensing agreements, and causes significant confusion through their representation of the trademarks. | *Decl. P. Acworth,* p 3-4, ¶ 16; Dkt No. 88. |

| | | |
|---|---|---|
| 13. In addition to Cybernet's own websites, Cybernet licenses, for a fee, its videos to major satellite provides around the world for display on paid satellite television stations – available to users that pay for access. | *Decl. P. Acworth,* p 3-4, ¶ 16; Dkt No. 88. |
| 14. With Cybernet videos available for free on infringing websites, users are less likely to pay membership at websites licensed to display the videos or pay satellite television services for such access. | *Decl. P. Acworth,* p 3-4, ¶ 16; Dkt No. 88. |
| 15. Accordingly, the value of Cybernet's licenses is *significantly* reduced with the availability of the videos for free on infringing sites. The infringement of Cybernet's copyright and trademark through the public display of its videos for free has a significant impact on Cybernet's business, reputation, brand, and its counterproductive to all that the company does and presents. | *Decl. P. Acworth,* p 3-4, ¶ 16; Dkt No. 88. |
| 16. Defendant Igor Gens owns and operates two companies, International Media Ltd. and IG Media Inc. | *Declaration of Jason Tucker In Support of Motion for Temporary Restraining Order ("Decl. J. Tucker"),* p 2, ¶ 9; Dkt. No. 87. |
| 17. Mr. Gens and his companies own and operate the Internet websites YouJizz.com, JizzHut.com, JizzOnline.com, OnlyJizz.com, JizzBo.com, HotFunHouse.com, and MoviesGuy.com, each displaying free lengthy adult videos. | *"Decl. J. Tucker",* p 2, ¶ 9; Dkt. No. 87. |
| 18. In addition to displaying videos, Defendants' web sites allow third parties to take videos located on Defendants' sites to display to other third parties on other third party websites for the purpose of driving traffic back to Defendants. Defendants have enabled | *Decl. J. Tucker,* p 5, ¶ 18; Dkt. No. 87. |

| | | |
|---|---|---|
| 1-4 | this feature by providing an "embed code" for every video on its site. An internet user can copy and paste the embed code on another website where the video can then be viewed. | |
| 5-7 | 19. Concerned about infringement of its copyrights and trademarks, Cybernet retained the services of an infringement investigation service to search out Internet infringements. | *Decl. J. Tucker,* p 3, ¶ 25, Exhibit A; Dkt. No. 87. |
| 8-10 | 20. In March 2012, a search of Defendant's website revealed 840 separate instances of infringement of Cybernet's intellectual property. | *Decl. J. Tucker,* p 3, ¶ 25, Exhibit A; Dkt. No. 87. |
| 11-15 | 21. Shortly after the instant lawsuit was filed, it appeared that the Defendants removed the infringing videos from their websites. However, in the fall of 2012, these videos were once again displayed on Defendants' websites. | *Decl. J. Tucker,* pp 7-8, ¶¶ 26-28, Exhibit B & C; Dkt. No. 87. |
| 16-19 | 22. Accordingly, in December 2012, Cybernet sent Defendants' DMCA Registered Agent 840 DMCA compliant take-down notices – one for each of the infringing videos discovered on each of Defendants' websites. | *Decl. J. Tucker,* pp 7-8, ¶¶ 26-28, Exhibit B & C; Dkt. No. 87. |
| 20-26 | 23. Subsequent to the service of the DMCA take-down notices in December 2012, it was believed, and represented by Defendants, that Defendants had once again removed Cybernet's copyrighted videos and trademarks from the infringing web sites. Cybernet's January 2013 review of Defendants' web sites indicated that these infringements were taken down. | *Decl. J. Tucker,* p 8, ¶ 29; Dkt. No. 87 |

| | |
|---|---|
| 24. However, in July 2013, it was discovered once again that Cybernet's copyrighted works were displayed on the Defendants cites without authority – on the exact same URLs as when previously displayed. 115 of Cybernet's videos - videos listed in the original complaint *and* subject to the December 2012 take-down notices - were discovered once again on Defendant's web sites. Each of these videos were and are located in the exact same URL as they were when originally discovered, as listed in the complaint, and listed in the take-down notices. | *Decl. J. Tucker,* p 8, ¶ 29; Dkt. No. 87. |
| 25. Defendants have admitted to posting the 115 videos. | *Declaration of Chad Brachat In Support of Defendants' Opposition to Plaintiff's Application for Temporary Restraining Order,* p 3, ¶ 14; Dkt. No. 94. |
| 26. Sixty of the 115 videos posted by the Defendants are submitted here with copies of copyright registrations, proof of DMCA compliant take down notice served in December 2012, and proof of posting in July 2013. | *Declaration of Jason Tucker In Support of Plaintiff's Motion for Partial Summary Judgment,* pp 3-13. ¶¶ 11-70, Exhibits A-HHH. |

Dated August 13, 2014.

                 Respectfully submitted,


                 __/s/ Spencer D. Freeman_____
                 Spencer D. Freeman
                 Freeman Law Firm, Inc.
                 Attorney for Plaintiff Cybernet Entertainment LLC