Chad L. Belville, AZ Bar 020771
Attorney for Plaintiff Cybernet Entertainment.
4742 N. 24th Street, Suite 315
Phoenix, AZ 85016
Telephone: (602) 904-5485
Facsimile:  (602) 291-6953
Email: cbelville@azbar.org

Spencer D. Freeman, WSBA#25069
Attorney for Plaintiff Cybernet Entertainment.
1107 ½ Tacoma Avenue South
Tacoma, WA 98402
Telephone: (253) 383-4500
Facsimile:  (253) 383-4501
Email: sfreeman@freemanlawfirm.org
(Pro Hac Vice)

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA
PHOENIX DIVISION

| | |
|---|---|
| CYBERNET ENTERTAINMENT, LLC, a New York Company,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>IG MEDIA INC., et al.,<br><br>　　　　Defendants. | Case No.:  2:12-cv-01101 SPL<br><br>**PLAINTIFF'S CONTROVERTING STATEMENT OF FACTS IN OPPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

　　Plaintiff Cybernet Entertainment, LLC, by and through its undersigned counsel, and pursuant to Fed.R.Civ.P. 56 and LRCiv 56.1, submits this Controverting Statement of Facts In Opposition to Defendant's Motion for Summary Judgment.

- 1

| Whether Plaintiff Controverts Defendant's Statement of Facts. | Supporting Evidence |
|---|---|
| 1. Cybernet disputes this statement of fact to the extent that it describes all activities on IM Websites as Internet Service Provider activities. In fact, some user content on the site is placed there by Defendants. | *Declaration of Igor Gens In Support of Defendants' Opposition to Plaintiff's Application for Temporary Restraining Order ("Decl. I. Gens"),* ¶ 58. (Dkt. No 95); *Declaration of Yan Harewicz In Opposition to Defendants' Motion For Summary Judgment ("Decl. Y. Harewicz"),* p 2, ¶ 12. |
| 2. Cybernet disputes this statement of fact, as Cybernet's videos were not uploaded by a user of IM websites, nor with the authority by Cybernet. | *Decl. I. Gens,* ¶ 58. (Dkt. No 95); *Decl. Y. Harewicz,* p 2, ¶ 12. |
| 3. Cybernet does not dispute this fact. | |
| 4. Cybernet does not dispute this fact. | |
| 5. Cybernet disputes this fact as Defendants refused to produce any financial documents or correspondence with independent contractors during discovery, and thus should be precluded from asserted such a fact here. | *Declaration of Spencer Freeman In Opposition to Defendants' Motion For Summary Judgment ("Decl. S. Freeman"),* p 2, ¶ 4; p 3, ¶ 14. |
| 6. Cybernet disputes this fact as Defendants refused to produce any financial documents during discovery, and thus should be precluded from asserted such a fact here. | *Decl. S. Freeman,* p 2, ¶ 4; p 3, ¶ 14. |
| 7. Cybernet disputes this fact as Defendants refused to produce any financial documents during discovery, and thus should be precluded from asserted such a fact here. | *Decl. S. Freeman,* p 2, ¶ 4; p 3, ¶ 14. |
| 8. Cybernet disputes this fact to the extent that Defendants do not expeditiously remove or disable access to infringing material. | *Declaration of Jason Tucker In Support of Motion for Temporary Restraining Order ("Decl. J. Tucker"),* pp 7-8, ¶¶ 26-28, Exhibits B & C; Dkt. No. 87. |

| | |
|---|---|
| 9. Cybernet does not dispute this fact. | |
| 10. Cybernet disputes this fact as on several occasions, during this litigation and after notification, Cybernet's videos were again displayed in the exact same URL. | *Decl. J. Tucker,* pp 7-8, ¶¶ 26-28, Exhibits B & C; Dkt. No. 87. |
| 11. Cybernet disputes this fact as on several occasions, during this litigation and after notification, Cybernet's videos were again displayed in the exact same URL. | *Decl. J. Tucker,* pp 7-8, ¶¶ 26-28, Exhibits B & C; Dkt. No. 87. |
| 12. Cybernet disputes this fact as on several occasions, during this litigation and after notification, Cybernet's videos were again displayed in the exact same URL. | *Decl. J. Tucker,* pp 7-8, ¶¶ 26-28, Exhibits B & C; Dkt. No. 87. |
| 13. Cybernet disputes this fact as discovery requests were not received until April 29, 2014. | *Decl. S. Freeman,* p 3, ¶ 6; Exhibit A. |
| 14. Cybernet does not dispute this fact. | |
| 15. Cybernet disputes this fact as discovery requests were not nine days late as of May 29, 2014. | *Decl. S. Freeman,* p 3, ¶ 6; Exhibit A. |
| 16. Cybernet disputes this fact as discovery was not more than three weeks late as of June 12, 2014. | *Decl. S. Freeman,* p 3, ¶ 6; Exhibit A. |
| 17. Cybernet disputes this fact to the extent that it implies June 16, 2014 was the first time | *Decl. S. Freeman,* p 3, ¶ 8; Exhibit B. |

| | | |
|---|---|---|
| 1<br>2<br>3 | a discovery conference was requested. A discovery conference was requested on May 29, 2014. | |
| 4<br>5<br>6<br>7 | 18. Cybernet disputes this fact to the extent that it implies June 16, 2014 was the first time a discovery conference was requested. A discovery conference was requested on May 29, 2014. | *Decl. S. Freeman,* p 3, ¶ 8; Exhibit B. |
| 8<br>9<br>10<br>11 | 19. Cybernet disputes this fact to the extent that it implies that Responses to Requests for Admission were not served on June 27, 2014, as agreed upon. | *Decl. S. Freeman,* p 4, ¶ 17. |
| 12<br>13 | 20. Cybernet disputes this fact to the extent that the Responses to Requests for Admissions were drafts. They were not. | *Decl. S. Freeman,* p 4-5, ¶ 17-18. |
| 14<br>15<br>16<br>17<br>18 | 21. Cybernet disputes this fact to the extent that it implies the Responses to Requests for Admission had not been served, that Responses to Requests for Admissions had been changed or modified, and that pages were missing from Response to Requests for Admission. | *Decl. S. Freeman,* p 4-5, ¶ 17-18. |
| 19<br>20<br>21<br>22<br>23<br>24 | 22. Cybernet disputes this fact to the extent that it implies the Responses to Requests for Admission had not been served, that Responses to Requests for Admissions had been changed or modified, that pages were missing from Response to Requests for Admission, and that the Response to Requests for Admission were two months late. | *Decl. S. Freeman,* p 4-5, ¶ 17-18. |
| 25<br>26 | 23. Cybernet disputes this fact to the extent that it implies Cybernet's videos were | *Decl. Y. Harewicz,* p 2, ¶ 12. |

- 4 -

| | | |
|---|---|---|
| 1, 2 | uploaded by third parties. | |
| 3, 4, 5 | 24.  Cybernet disputes this fact as Defendants refused to produce any financial documents during discovery, and thus should be precluded from asserted such a fact here. | *Decl. S. Freeman,* p 2, ¶ 4; p 3, ¶ 14. |
| 6, 7, 8, 9, 10 | 25.  Cybernet disputes this fact as on several occasions, during this litigation and after notification, Cybernet's videos were again displayed in the exact same URL. | *Decl. J. Tucker,* pp 7-8, ¶¶ 26-28, Exhibits B & C; Dkt. No. 87. |
| 11, 12, 13 | 26.  Cybernet disputes this fact because Defendants purchase content to upload on their sites. | *Decl. I. Gens,* ¶ 58.  (Dkt. No 95) |
| 14, 15, 16 | 27.  Cyberbet disputes this fact. | *Decl. J. Tucker,* pp 7-8, ¶¶ 26-28, Exhibits B & C; Dkt. No. 87.<br>*Decl. Y. Harewicz,* p 2, ¶ 12.<br>*Decl. S. Freeman,* p 2, ¶ 4; p 3, ¶ 14. |
| 17, 18 | 28.  Cybernet disputes this fact. | *Decl. S. Freeman,* p 2, ¶ 4; p 3, ¶ 14. |
| 19 | 29.  Cybernet does not dispute this fact. | |
| 20, 21 | 30.  Cybernet disputes this fact. | *Decl. S. Freeman,* p 2, ¶ 4; p 3, ¶ 14. |
| 22, 23 | 31.  Cybernet disputes this fact. | *Decl. S. Freeman,* p 2, ¶ 4; p 3, ¶ 14. |
| 24, 25 | 32.  Cybernet disputes this fact as being able to unilaterally change the Policy at any time without notice to the user is not reasonable notification. | |
| 26 | | |

| | **Plaintiff's Additional Facts** | |
|---|---|---|
| | 33. In addition to displaying videos, Defendants' web sites allow third parties to take videos located on Defendants' sites to display to other third parties on other third party websites for the purpose of driving traffic back to Defendants. Defendants have enabled this feature by providing an "embed code" for every video on its site. An internet user can copy and paste the embed code on another website where the video can then be viewed. | *Decl. J. Tucker,* p 5, ¶ 18; Dkt. No. 87. |
| | 34. Concerned about infringement of its copyrights and trademarks, Cybernet retained the services of an infringement investigation service to search out Internet infringements. In March 2012, a search of Defendant's website revealed 840 separate instances of infringement of Cybernet's intellectual property. | *Decl. J. Tucker,* p 3, ¶ 25, Exhibit A; Dkt. No. 87. |
| | 35. Shortly after the instant lawsuit was filed, it appeared that the Defendants removed the infringing videos from their websites. However, in the fall of 2012, these videos were once again displayed on Defendants' websites. Accordingly, in December 2012, Cybernet sent Defendants' DMCA Registered Agent 840 DMCA compliant take-down notices – one for each of the infringing videos discovered on each of Defendants' websites. | *Decl. J. Tucker,* pp 7-8, ¶¶ 26-28, Exhibit B & C; Dkt. No. 87. |
| | 36. Subsequent to the service of the DMCA take-down notices in December 2012, it was believed, and represented by Defendants, that Defendants had once again removed Cybernet's copyrighted videos and trademarks from the infringing web sites. Cybernet's January 2013 review of Defendants' web sites | *Decl. J. Tucker,* p 8, ¶ 29; Dkt. No. 87 |

| | | |
|---|---|---|
| 1, 2 | indicated that these infringements were taken down. | |
| 3, 4, 5, 6, 7, 8, 9, 10, 11 | 37. However, in July 2013, it was discovered once again that Cybernet's copyrighted works were displayed on the Defendants cites without authority – on the exact same URLs as when previously displayed. 115 of Cybernet's videos - videos listed in the original complaint *and* subject to the December 2012 take-down notices - were discovered once again on Defendant's web sites. Each of these videos were and are located in the exact same URL as they were when originally discovered, as listed in the complaint, and listed in the take-down notices. | *Decl. J. Tucker,* p 8, ¶ 29; Dkt. No. 87. |
| 12, 13, 14, 15, 16, 17, 18 | 38. Defendants have admitted to posting the 115 videos, albeit accidentally. At least 60 of these videos are subject to Cybernet's registered copyrights. In addition, each of these videos were posted on the Defendants' web sites with embedded code, which enable the viewer to display that same video on countless websites over the Internet. It cannot be actually known the number of places each video was posted, or the number of public viewers for those postings. | *Declaration of Chad Brachat In Support of Defendants' Opposition to Plaintiff's Application for Temporary Restraining Order,* p 3, ¶ 14; Dkt. No. 94.<br><br>*Declaration of Jason Tucker In Support of Plaintiff's Motion for Partial Summary Judgment,* pp 3-13. ¶¶ 11-70, Exhibits A-HHH; Dkt. No. 120. |
| 19, 20, 21, 22, 23 | 39. Through subpoena, Plaintiff received Reflected Networks web server upload records for the Defendants' websites, showing each and every upload to the sites from January 2012 through October 2013. This information included the IP address from which videos on the Defendants' sites were uploaded. | *Decl. S. Freeman,* p 2, ¶ 2. |
| 24, 25, 26 | 40. On April 1, 2014, Plaintiff sent Defendants discovery requests, including upload records for each video that Cybernet alleged as displayed on Defendants' sites in violation of | *Decl. S. Freeman,* p 2, ¶ 3 |

- 7 -

| | | |
|---|---|---|
| 1, 2, 3 | Cybernet's copyrights. Defendants counsel requested an extension of several weeks for the production of the discovery responses. | |
| 4, 5, 6, 7 | 41. On May 14, 2014, Plaintiff's counsel received Defendants' discovery responses, which included upload information for each of Cybernet's uploaded videos on Defendants' web sites. | *Decl. S. Freeman,* p 2, ¶ 3 |
| 8–23 | 42. a significant amount of information was not provided, as requested, including:<br><br>Defendants failed to produce copies of the 4,302 take down notices they represented as receiving for infringing activity on their sites.<br><br>Defendants failed to produce copies of termination notices and identification of terminated infringers for the 1,158 infringers they represented as terminated pursuant to their repeat infringer policy.<br><br>Defendants failed to produce copies of any communications with any independent contractors.<br><br>Defendants failed to produce copies of any communications with any advertisers.<br><br>Defendants failed to produce copies of any written agreements, invoices, or payments to independent contractors, advertisers, or programmers.<br><br>Defendants failed to produce any financial documents requested.<br><br>Defendants failed to produce any communications with web site programmers. | *Decl. S. Freeman,* p 2-3, ¶ 4 |
| 24, 25, 26 | 43. Defendants did provide what was purported to be upload records for each of Cybernet's videos displayed on Defendants sites. The purported records included IP addresses from which each video was | *Decl. S. Freeman,* p 3, ¶ 5 |

- 8 -

| # | | |
|---|---|---|
| 1 | uploaded. | |
| 2 | | |
| 3 | 44. The records of the uploads of Cybernet's videos produced by Defendants were compared to the upload records from Reflected Networks, which hosted Defendant's web sites. Not one of the records produced by Defendants matched the upload records produced by Reflected Networks. | *Decl. Y. Harewicz,* p 2, ¶ 12. |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | 45. On April 29, 2014, Plaintiff's counsel received Defendants' discovery requests, including Defendants IG Media, Inc. and International Media, Ltd.'s Requests for Admissions. | *Decl. S. Freeman,* p 3, ¶ 6, Exhibit A. |
| 9 | | |
| 10 | | |
| 11 | | |
| 12 | 46. On May 29, 2014, Plaintiff's counsel reached out to Defendants' counsel and requested an extension of discovery requests similar of that previously granted to Defendant. Defendant's counsel failed to respond to this request. In addition, Plaintiff's counsel requested a conference regarding Defendants' responses to discovery requests and production. Defendant's counsel failed to respond to Plaintiff counsel's request for a discovery conference. | *Decl. S. Freeman,* p 3, ¶¶ 7-8, Exhibit B. |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | 47. Plaintiffs counsel needed a discovery conference regarding Defendants failure to produce the above referenced documents in order to assist responding to Defendants' discovery requests, including the Requests for Admissions. The Requests for Admissions centered on the application of the DMCA safe harbor provisions to Defendants web sites. Important to the application of such provisions is (1) how the videos ended up displayed on the site; (2) whether defendant incurred direct financial benefit from the infringing videos; and (3) whether Defendants had implemented a | *Decl. S. Freeman,* p 3, ¶ 9. |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |

| | | |
|---|---|---|
| 1<br>2<br>3 | reasonable repeat infringer termination policy. The requested information and documents, which Defendants had failed to produce, was directly relevant to those material issues. | |
| 4<br>5<br>6<br>7<br>8 | 48. On June 12, 2013, Defendants counsel emailed Plaintiff's counsel complaining about Plaintiff's discovery responses and requesting dates for depositions. Defendants counsel again fails to address Plaintiff's counsel's request for a discovery conference. | *Decl. S. Freeman,* p 4, ¶ 10. |
| 9<br>10<br>11 | 49. Two court days later, on June 16, 2014, Plaintiff's counsel responded to Defendant's counsel, and again requested a discovery conference. | *Decl. S. Freeman,* p 4, ¶ 11, Exhibit C. |
| 12<br>13<br>14<br>15<br>16 | 50. On June 17, 2014, Defendant's counsel agreed to have a discovery conference on June 19, 2014. On June 18, 2014, Plaintiff's counsel sent Defendants' counsel an email specifically listing the information and documents that Defendants had failed to produce. | *Decl. S. Freeman,* p 4, ¶¶ 12-13, Exhibit D. |
| 17<br>18<br>19<br>20<br>21<br>22<br>23<br>24<br>25<br>26 | 51. On June 19, 2014, the parties conducted a discovery conference via telephone. Plaintiff's counsel informed Defendants' counsel that there was difficult in responding to the discovery requests because of Defendants' failure to produce information and documents, including the requests for admissions. Defendants' counsel stated that they would approach their client again, but believed that no further documents would be produced. Specific to the documents pertaining to take down notices and repeat infringer information, Defendants counsel stated that given the small number of Plaintiff's videos on the web sites compared to the overall number of videos posted, that such endeavor "was not worth it" | *Decl. S. Freeman,* p 4, ¶¶ 14-15. |

- 10 -

| | | |
|---|---|---|
| 1 | and "was overly burdensome." | |
| 2 | | |
| 3 | 52.  Plaintiffs counsel stated that Plaintiffs' discovery would be produced by Friday, June 27, 2014 as well as possible given the lack of discovery and information produced by Defendants. | *Decl. S. Freeman,* p 4, ¶ 16. |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | 53.  On June 27, 2014, Plaintiff's counsel was still in a trial in another jurisdiction, while he had anticipated being done with the trial and back in the office.  However, Plaintiff's counsel's staff sent to Defendant's counsel the discovery responses as in their current form. This included the Responses to Requests for Admission, which denied each Request of Admission which provided DMCA safe harbor protections. | *Decl. S. Freeman,* p 4-5, ¶ 17. |
| 8 | | |
| 9 | | |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | 54.  Two weeks later, Plaintiff delivered updated responses to the discovery requests. However, none of the Responses to Requests for Admission were altered or changed. (Defendant counsel stated that several pages of the discovery were not transmitted correctly, but none of these pages included the Requests for Admission.) | *Decl. S. Freeman,* p 5, ¶ 18. |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |

Dated August 28, 2014.

Respectfully submitted,


__/s/ Spencer D. Freeman_____
Spencer D. Freeman
Freeman Law Firm, Inc.
Attorney for Plaintiff Cybernet Entertainment LLC

- 11