Chad L. Belville, AZ Bar 020771
Attorney for Plaintiff Cybernet Entertainment.
4742 N. 24th Street, Suite 315
Phoenix, AZ 85016
Telephone: (602) 904-5485
Facsimile:  (602) 291-6953
Email: cbelville@azbar.org

Spencer D. Freeman, WSBA#25069
Attorney for Plaintiff Cybernet Entertainment.
1107 ½ Tacoma Avenue South
Tacoma, WA 98402
Telephone: (253) 383-4500
Facsimile:  (253) 383-4501
Email: sfreeman@freemanlawfirm.org
(Pro Hac Vice)

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA
PHOENIX DIVISION

| | |
|---|---|
| CYBERNET ENTERTAINMENT, LLC, a New York Company,<br><br>       Plaintiff,<br><br>vs.<br><br>IG MEDIA INC., et al.,<br><br>       Defendants. | **Case No.: 2:12-cv-01101 SPL**<br><br>**DECLARATION OF SPENCER FREEMAN IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

I, Spencer Freeman, declare:

1.     I am an attorney at law licensed to practice before the Courts of the State of Washington and the United States District Court Western District of Washington, Eastern

District of Washington, District of Colorado, Southern District of Illinois, Ninth Circuit Court of Appeals, and United States Supreme Court. I am the principle attorney with the law firm of Freeman Law Firm, Inc., attorneys for Plaintiff Cybernet Entertainment, LLC. Unless otherwise stated, I have personal knowledge of the facts contained herein this declaration and, if called and sworn as a witness, could and would competently testify thereto.

2. In October 2013, I subpoenaed Reflected Networks for all web server upload records for the Defendants' web sites. In November 2013, I received a response to this subpoena, showing each and every upload to the sites from January 2009 through October 2013. This information included the IP address from which videos on the Defendants' sites were uploaded.

3. On April 1, 2014, I sent Defendants discovery requests, including upload records for each video that Cybernet alleged as displayed on Defendants' sites in violation of Cybernet's copyrights. Defendants counsel requested an extension of several weeks for the production of the discovery responses. On May 14, 2014, Plaintiff's counsel received Defendants' discovery responses, which included upload information for each of Cybernet's uploaded videos on Defendants' web sites.

4. A significant amount of information was not provided, as requested, including:
- Defendants failed to produce copies of the 4,302 take down notices they represented as receiving for infringing activity on their sites.
- Defendants failed to produce copies of termination notices and identification of terminated infringers for the 1,158 infringers they represented as terminated pursuant to their repeat infringer policy.
- Defendants failed to produce copies of any communications with any independent contractors.
- Defendants failed to produce copies of any communications with any advertisers.

- Defendants failed to produce copies of any written agreements, invoices, or payments to independent contractors, advertisers, or programmers.
- Defendants failed to produce any financial documents requested.
- Defendants failed to produce any communications with web site programmers.

5. Defendants provided what was purported to be upload records for each of Cybernet's videos displayed on Defendants sites. The purported records included IP addresses from which each video was uploaded.

6. On April 29, 2014, my office received Defendants' discovery requests, including Defendants IG Media, Inc. and International Media, Ltd.'s Requests for Admissions. Attached hereto as Exhibit A is a true and correct copy of the cover of the Requests for Admissions.

7. On May 29, 2014, I counsel reached out to Defendants' counsel and requested an extension of discovery requests similar of that previously granted to Defendant. Defendant's counsel failed to respond to this request.

8. At the same time, I requested a conference regarding Defendants' responses to discovery requests and production. Attached hereto as Exhibit B is a true and correct copy of this email. Defendant's counsel failed to respond to my request for a discovery conference.

9. I needed a discovery conference regarding Defendants failure to produce the above referenced documents in order to assist responding to Defendants' discovery requests, including the Requests for Admissions. The Requests for Admissions centered on the application of the DMCA safe harbor provisions to Defendants web sites. Important to the application of such provisions is (1) how the videos ended up displayed on the site; (2) whether defendant incurred direct financial benefit from the infringing videos; and (3) whether Defendants had implemented a reasonable repeat infringer termination policy. The requested

information and documents, which Defendants had failed to produce, was directly relevant to those material issues.

10. On June 12, 2013, I received an email from Defendants counsel complaining about Plaintiff's discovery responses and requesting dates for depositions. Defendants counsel again failed to address my request for a discovery conference.

11. Two court days later, on June 16, 2014, I responded to Defendant's counsel, and again requested a discovery conference. Attached hereto as Exhibit C is a true and correct copy of this email.

12. On June 17, 2014, Defendant's counsel agreed to have a discovery conference on June 19, 2014.

13. On June 18, 2014, I sent Defendants' counsel an email specifically listing the information and documents that Defendants had failed to produce. Attached hereto as Exhibit D is a true and correct copy of this email.

14. On June 19, 2014, we conducted a discovery conference via telephone. I informed Defendants' counsel that there was difficult in responding to the discovery requests because of Defendants' failure to produce information and documents, including the requests for admissions. Defendants' counsel stated that they would approach their client again, but believed that no further documents would be produced.

15. Specific to the documents pertaining to take down notices and repeat infringer information, Defendants counsel stated that given the small number of Plaintiff's videos on the web sites compared to the overall number of videos posted, that such endeavor "was not worth it" and "was overly burdensome."

16. I stated that Plaintiffs' discovery would be produced by Friday, June 27, 2014 as well as possible given the lack of discovery and information produced by Defendants.

17. On June 27, 2014, I was in a trial in Vancouver, Washington. I had expected to be done with trial earlier in the week. I instructed my staff to send discovery responses in their

then current form to Defendants' counsel. This included the Responses to Requests for Admission, which denied each Request of Admission which provided DMCA safe harbor protections.

18. Two weeks later, my client delivered updated responses to the discovery requests. However, none of the Responses to Requests for Admission were altered or changed. (Defendant counsel stated that several pages of the discovery were not transmitted correctly, but none of these pages included the Requests for Admission.)

19. Defendant complains about the lack of scheduling depositions. However, during our June 19, 2014 discovery conference, it was agreed that the parties would attempt to conduct depositions the third week of July, 2014. On three separate occasions, Defendants' counsel was advised that all witnesses were available anytime the third week of July. I never heard back from them.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Execute on the 28th day of August, 2014 in Tacoma, Washington.

                                              */s/ Spencer D. Freeman*
                                              Spencer Freeman

# **EXHIBIT A**

RECEIVED
APR 29 2014
FREEMAN LAW FIRM, INC.
Date Scanned: 4/30/14
Date Routed: 4/30/14
Date Calendared: 4/30/14

1  John P. Flynn (# 015065)
   Peter J. Moolenaar (# 024487)
2  **DIOGUARDI FLYNN LLP**
   7001 N. Scottsdale Road, Suite 2060
3  Scottsdale, Arizona 85253
   Telephone:  (480) 951-8800
4  Facsimile:   (480) 951-8824
   jflynn@dioguardiflynn.com
5  pmoolenaar@dioguardiflynn.com

6  *Attorneys for Defendants*

7           IN THE UNITED STATES DISTRICT COURT

8                      DISTRICT OF ARIZONA

| | |
|---|---|
| Cybernet Entertainment LLC, a New York Company<br><br>Plaintiff,<br><br>-v.-<br><br>IG Media Inc. and International Media Ltd. d/b/a YouJizz.com JizzHut.com, and JizzOnline.com and OnlyJizz.com and MoviesGuy.com and JizzBo.com and HotFunHouse.com and Igor Gens<br><br>Defendants. | Case No. 2:12-cv-01101-SRB<br><br>**DEFENDANTS IG MEDIA INC. AND INTERNATIONAL MEDIA LTD.'S REQUESTS FOR ADMISSION, INTERROGATORIES AND REQUESTS FOR PRODUCTION TO PLAINTIFF** |

Defendants IG Media Inc. and International Media Ltd., by and through undersigned counsel, pursuant to Fed. R. Civ. P. 26, 33, 34 and 36, hereby serve the following set of (i) Requests for Admission, (ii) Interrogatories, and (ii) Requests for Production.

### DEFINITIONS

For the purposes of this set of Requests for Admission, Interrogatories, and Requests for Production of Documents, the following terms and references have been defined as follows:

1

D0097944-210410-001

# EXHIBIT B

## Spencer Freeman

**From:** Spencer Freeman
**Sent:** Thursday, May 29, 2014 9:51 AM
**To:** 'Peter Moolenaar'
**Cc:** 'John P. Flynn'; 'Megan Barber'
**Subject:** RE: Cybernet Entertainment v. IG Media Inc., et al.

Peter,

My apologies, I wasn't ignoring your email. I have spent much of the last week in depositions. I have forwarded your request to get some dates and locations. We will also need to set up some depositions, initially of Igor Gens and Chad Brachat.

In addition, I need to schedule a telephone conference with you to discuss some issues with your client's discovery responses and document production. Monday and Tuesday are booked for me next week, can we please schedule a time in the later part of the week?

Our discovery responses to you are in process, as you had required an extension of time, we will also. I appreciate the mutual consideration.

Regards,

Spencer

Spencer D. Freeman
Freeman Law Firm, Inc.
1107 1/2 Tacoma Avenue South
Tacoma, Washington 98402
253-383-4500
253-383-4501 (facsimile)

CONFIDENTIALITY NOTICE: This e-mail and any attachments may contain privileged information generated by the Freeman Law Firm, Inc. that is protected by attorney-client, work product, and/or other privileges. If you are not the intended recipient, you are hereby notified that any review, disclosure, or taking of any action in reliance on the contents is strictly prohibited. Therefore, if you are not the intended recipient please do not read or review this e-mail or its attachments. Please also notify the sender of your receipt of this e-mail and delete all copies of the e-mail and its attachments from your system. Thank you.

**From:** Peter Moolenaar [mailto:pmoolenaar@dioguardiflynn.com]
**Sent:** Tuesday, May 20, 2014 10:31 AM
**To:** Spencer Freeman
**Cc:** John P. Flynn; Megan Barber
**Subject:** Cybernet Entertainment v. IG Media Inc., et al.

Spencer,

Please let us know available dates in June for depositions of the following:

1. Jason Tucker

2.  Peter Acworth
3.  Terry Mundell

We will likely have additional Cybernet representatives/potential witnesses that we will want to depose once we receive Cybernet's responses to the written discovery; however, in the meantime please let us know about the above so we can start locking down dates, etc.

Sincerely,

**Peter J. Moolenaar**
Attorney at Law
**Dioguardi Flynn LLP**
7001 N. Scottsdale Road
Suite 2060
Scottsdale, Arizona 85253
P | 480-951-8806
F | 480-951-8824
**www.DioguardiFlynn.com**



This electronic mail transmission contains information from the law firm Dioguardi Flynn LLP that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. If you have received this message in error, please notify the sender immediately by telephone (480-951-8806) or by electronic mail at pmoolenaar@dioguardiflynn.com

8/28/2014

# EXHIBIT C

## Spencer Freeman

**From:** Spencer Freeman
**Sent:** Monday, June 16, 2014 8:41 AM
**To:** 'Peter Moolenaar'
**Cc:** 'John P. Flynn'; 'Megan Barber'
**Subject:** RE: Cybernet Entertainment v. IG Media Inc., et al.

Peter,

I have been in court the last week or so, and will be the first part of this week. While I understand your position, Court involvement at this point is premature given the local requirement of an in person conference before filing any such motions. In my last correspondence to you I requested exactly that. I present that request again.

I think that we are in quite similar positions, as in my review your client hasn't really answered discovery either. I propose that we set a time to confer by phone to discuss the issues, including how to get the discovery done. We have a lot of time before trial.

I am available Thursday this week to confer.

Regards,

Spencer

Spencer D. Freeman
Freeman Law Firm, Inc.
1107 1/2 Tacoma Avenue South
Tacoma, Washington 98402
253-383-4500
253-383-4501 (facsimile)

CONFIDENTIALITY NOTICE: This e-mail and any attachments may contain privileged information generated by the Freeman Law Firm, Inc. that is protected by attorney-client, work product, and/or other privileges. If you are not the intended recipient, you are hereby notified that any review, disclosure, or taking of any action in reliance on the contents is strictly prohibited. Therefore, if you are not the intended recipient please do not read or review this e-mail or its attachments. Please also notify the sender of your receipt of this e-mail and delete all copies of the e-mail and its attachments from your system. Thank you.

**From:** Peter Moolenaar [mailto:pmoolenaar@dioguardiflynn.com]
**Sent:** Thursday, June 12, 2014 4:08 PM
**To:** Spencer Freeman
**Cc:** John P. Flynn; Megan Barber
**Subject:** RE: Cybernet Entertainment v. IG Media Inc., et al.

Spenser,

It has now been over 3 weeks since we requested the availability of certain potential witnesses for depositions in this matter. Please provide their availability immediately or we will be forced to unilaterally notice the depositions. With regards to Igor Gens and Chad Brachat, they are both generally available for depositions in Phoenix. Please let me know what dates/times you have in mind.

# **EXHIBIT D**

## Spencer Freeman

| | |
|---|---|
| **From:** | Spencer Freeman |
| **Sent:** | Wednesday, June 18, 2014 3:02 PM |
| **To:** | 'Peter Moolenaar' |
| **Cc:** | 'John P. Flynn'; 'Megan Barber' |
| **Subject:** | RE: Cybernet Entertainment v. IG Media Inc., et al. |

Peter,

I am available at 3:00 PM MST to confer. I believe that our responses will be done next week. There is a significant issue with responding because your client's production has failed in some material ways. (Also noteworthy is that your client received all documents relevant to this lawsuit in response to an earlier subpoena.)

With regard to your client's failure in the document production, here is a list of issues:

RFP No. 2 – states that all videos are uploaded to the same back end, and thus it is not tracked to what web site a video is uploaded. The production by Reflected Networks establishes that this is not the case, and this needs to be clarified.

RFP No. 4 – We need production of all 4,302 take down notices.

RFP No. 5 – there was no production, and we need production for each of the 1,158 infringers that have been stated to have been terminated.

RFP No. 6 – there was no production whatsoever. IMG 2029-2031 was cited, but these are not communications with IMG independent contractors. We need all communications between IG Media, Mr. Gens, and the independent contractors.

RFP No. 7 - -there was no production whatsoever. We need all communications between IG Media, Mr. Gens, and advertisers.

RFP Nos. 8, and 10-15 – it is absolutely unbelievable that IG Media and/or Mr. Gens does not have written agreements, had no invoices, and made no payments to independent contractors, advertisers, or programmers.

RFP Nos. 9, 19, and 20 – there was no production whatsoever. We get to review IG Media financial documents. This production needs to be made.

RRP No. 16 – there was no production whatsoever. We need all communications with programmers for the site at issue in this case.

I look forward to speaking with you tomorrow.

Regards,

Spencer

Spencer D. Freeman
Freeman Law Firm, Inc.
1107 1/2 Tacoma Avenue South
Tacoma, Washington 98402
253-383-4500
253-383-4501 (facsimile)

CONFIDENTIALITY NOTICE: This e-mail and any attachments may contain privileged information