John P. Flynn (# 015065)
Peter J. Moolenaar (# 024487)
**DIOGUARDI FLYNN LLP**
7001 N. Scottsdale Road, Suite 2060
Scottsdale, Arizona 85253
Telephone:    (480) 951-8800
Facsimile:     (480) 951-8824
jflynn@dioguardiflynn.com
pmoolenaar@dioguardiflynn.com

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Cybernet Entertainment LLC, a New York Company<br><br>Plaintiff,<br><br>-v.-<br><br>IG Media Inc. and International Media Ltd. d/b/a YouJizz.com JizzHut.com, and JizzOnline.com and OnlyJizz.com and MoviesGuy.com and JizzBo.com and HotFunHouse.com and Igor Gens<br><br>Defendants. | Case No. 2:12-cv-01101-SPL<br><br>**DEFENDANTS' CONTROVERTING AND SEPARATE STATEMENT OF FACTS IN SUPPORT OF THEIR RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>**(Oral Argument Requested)** |

Defendants IG Media Inc., International Media Ltd. (collectively "International Media") and Igor Gens (collectively "Defendants"), by and through undersigned counsel, pursuant to Rule 56, Fed.R.Civ.P., offers the following Controverting and Separate Statement of Facts in opposition to Plaintiff's Statement of Facts in Support of their Motion for Partial Summary Judgment (Doc. 119) ("PSOF").

## CONTROVERTING STATEMENT OF FACTS

1. Defendants object to Paragraph 1 of the PSOF because it relies on an unsupported, self serving, and vague statement that is irrelevant to this matter.

Further, as discussed in Defendants' Motion for Summary Judgment (Doc. 114), Cybernet failed to timely respond to discovery or produce witnesses for depositions in this matter. As a result, Cybernet has prevented Defendants from engaging in discovery on this issue.

2. Defendants object to Paragraph 2 of the PSOF because it relies on an unsupported, self serving, and vague statement that is irrelevant to this matter. Further, as discussed in Defendants' Motion for Summary Judgment (Doc. 114), Cybernet failed to timely respond to discovery or produce witnesses for depositions in this matter. As a result, Cybernet has prevented Defendants from engaging in discovery on this issue.

3. Defendants object to Paragraph 3 of the PSOF because it relies on an unsupported, self serving, and vague statement that is irrelevant to this matter. Further, as discussed in Defendants' Motion for Summary Judgment (Doc. 114), Cybernet failed to timely respond to discovery or produce witnesses for depositions in this matter. As a result, Cybernet has prevented Defendants from engaging in discovery on this issue.

4. Defendants object to Paragraph 4 of the PSOF because it relies on an unsupported, self serving, and vague statement that is irrelevant to this matter. Further, as discussed in Defendants' Motion for Summary Judgment (Doc. 114), Cybernet failed to timely respond to discovery or produce witnesses for depositions in this matter. As a result, Cybernet has prevented Defendants from engaging in discovery on this issue.

5. Defendants object to Paragraph 5 of the PSOF because it relies on an unsupported, self serving, and vague statement that is irrelevant to this matter. Further, as discussed in Defendants' Motion for Summary Judgment (Doc. 114), Cybernet failed to timely respond to discovery or produce witnesses for

D0106706/10410-001

depositions in this matter. As a result, Cybernet has prevented Defendants from engaging in discovery on this issue.

6. Defendants object to Paragraph 6 of the PSOF because it relies on an unsupported, self serving, and vague statement that is irrelevant to this matter. Further, as discussed in Defendants' Motion for Summary Judgment (Doc. 114), Cybernet failed to timely respond to discovery or produce witnesses for depositions in this matter. As a result, Cybernet has prevented Defendants from engaging in discovery on this issue.

7. Defendants object to Paragraph 7 of the PSOF because it relies on an unsupported, self serving, and vague statement that is irrelevant to this matter. Further, as discussed in Defendants' Motion for Summary Judgment (Doc. 114), Cybernet failed to timely respond to discovery or produce witnesses for depositions in this matter. As a result, Cybernet has prevented Defendants from engaging in discovery on this issue.

8. Defendants object to Paragraph 8 of the PSOF because it relies on an unsupported, self serving, and vague statement that is irrelevant to this matter. Further, as discussed in Defendants' Motion for Summary Judgment (Doc. 114), Cybernet failed to timely respond to discovery or produce witnesses for depositions in this matter. As a result, Cybernet has prevented Defendants from engaging in discovery on this issue.

9. Defendants object to Paragraph 9 of the PSOF because it relies on an unsupported, self serving, and vague statement that is irrelevant to this matter. Further, as discussed in Defendants' Motion for Summary Judgment (Doc. 114), Cybernet failed to timely respond to discovery or produce witnesses for depositions in this matter. As a result, Cybernet has prevented Defendants from engaging in discovery on this issue.

D0106706/10410-001

10. Defendants object to Paragraph 10 of the PSOF because it relies on an unsupported, self serving, and vague statement that is irrelevant to this matter. Further, as discussed in Defendants' Motion for Summary Judgment (Doc. 114), Cybernet failed to timely respond to discovery or produce witnesses for depositions in this matter. As a result, Cybernet has prevented Defendants from engaging in discovery on this issue.

11. Defendants object to Paragraph 11 of the PSOF because it relies on an unsupported, self serving, and vague statement that is irrelevant to this matter. Further, as discussed in Defendants' Motion for Summary Judgment (Doc. 114), Cybernet failed to timely respond to discovery or produce witnesses for depositions in this matter. As a result, Cybernet has prevented Defendants from engaging in discovery on this issue.

12. Defendants object to Paragraph 12 of the PSOF because it relies on an unsupported, self serving, and vague statement that is irrelevant to this matter. Further, as discussed in Defendants' Motion for Summary Judgment (Doc. 114), Cybernet failed to timely respond to discovery or produce witnesses for depositions in this matter. As a result, Cybernet has prevented Defendants from engaging in discovery on this issue.

13. Defendants object to Paragraph 13 of the PSOF because it relies on an unsupported, self serving, and vague statement that is irrelevant to this matter. Further, as discussed in Defendants' Motion for Summary Judgment (Doc. 114), Cybernet failed to timely respond to discovery or produce witnesses for depositions in this matter. As a result, Cybernet has prevented Defendants from engaging in discovery on this issue.

14. Defendants object to Paragraph 14 of the PSOF because it relies on an unsupported, self serving, speculative and vague statement that is irrelevant to this matter. Further, as discussed in Defendants' Motion for Summary

D0106706/10410-001

Judgment (Doc. 114), Cybernet failed to timely respond to discovery or produce witnesses for depositions in this matter. As a result, Cybernet has prevented Defendants from engaging in discovery on this issue.

15. Defendants object to Paragraph 15 of the PSOF because it relies on an unsupported, self serving, speculative and vague statement that is irrelevant to this matter. Further, as discussed in Defendants' Motion for Summary Judgment (Doc. 114), Cybernet failed to timely respond to discovery or produce witnesses for depositions in this matter. As a result, Cybernet has prevented Defendants from engaging in discovery on this issue.

16. Defendants object to Paragraph 16 of the PSOF to the extent it is inconsistent with the Declaration of Igor Gens in Support of Defendants' Opposition to Plaintiff's Application for Temporary Restraining Order Pursuant to Fed.R.Civ.P. 65 (Doc 95) and Declaration of Igor Gens in Support of Defendants' Response to Plaintiff's Motion for Partial Summary Judgment. Mr. Gens is the President of International Media, Inc. ("International Media"). Declaration of Igor Gens in Support of Defendants' Opposition to Plaintiff's Application for Temporary Restraining Order Pursuant to Fed.R.Civ.P. 65 (Doc 95) ("Gens Declaration I") at ¶ 5.

17. Defendants object to Paragraph 17 of the PSOF. Mr. Gens is the President of International Media, Inc. ("International Media"). International Media is an internet service provider that operates the websites YouJizz.com, Jizzhut.com, Jizzonline.com, Onlyjizz.com, Jizzbo.com, Moviesguy.com, and Hotfunhouse.com (collectively the "IM Websites"). Gens Declaration I at ¶¶ 5, 6; Declaration of Igor Gens in Support of Defendants' Response to Plaintiff's Motion for Partial Summary Judgment ("Gens Declaration II") at ¶ 4.

D0106706/10410-001

18. Defendants object to Paragraph 18 of the PSOF. There is nothing particular about allowing third parties to embed videos, which is commonplace for streaming video websites of every variety (including YouTube). Gens Declaration I ¶ 34. International Media retains the same ability to disable embedded videos as it has over videos directly on the IM Websites. Gens Declaration I ¶ 36. All that the ability to embed a video does is provide a sort of viewing screen to the IM Website server where the video is hosted, so that video can play without returning to the IM Website itself. Gens Declaration I ¶ 36.

19. Defendants object to Paragraph 19 of the PSOF because it relies on an unsupported, self serving, speculative and vague statement that is irrelevant to this matter. Further, as discussed in Defendants' Motion for Summary Judgment (Doc. 114), Cybernet failed to timely respond to discovery or produce witnesses for depositions in this matter. As a result, Cybernet has prevented Defendants from engaging in discovery on this issue.

20. Defendants object to Paragraph 20 of the PSOF because it relies on an unsupported, self serving, speculative and vague statement that is irrelevant to this matter. Further, as discussed in Defendants' Motion for Summary Judgment (Doc. 114), Cybernet failed to timely respond to discovery or produce witnesses for depositions in this matter. As a result, Cybernet has prevented Defendants from engaging in discovery on this issue.

21. Defendants object to Paragraph 21 of the PSOF because it relies on an unsupported, self serving, speculative and vague statement that is irrelevant to this matter. Upon International Media's receipt of the Complaint, each of the videos identified in the Complaint were disabled and quarantined. Gens Declaration I ¶ 57. Further, as discussed in Defendants' Motion for Summary Judgment (Doc. 114), Cybernet failed to timely respond to discovery or

D0106706/10410-001

produce witnesses for depositions in this matter. As a result, Cybernet has prevented Defendants from engaging in discovery on this issue.

22. Defendants object to Paragraph 22 of the PSOF because it misstates and inflates the number of alleged infringing videos identified in the DMCA notices. Gens Declaration I ¶¶ 11-19. In December 2012—*i.e.*, almost seven (7) months after it filed its Complaint in this matter—Cybernet sent International Media DMCA 512(c) take down notices for the allegedly infringing files identified in the Complaint—including the 14 videos at issue in Cybernet's Motion. Gens Declaration I ¶ 51.

23. Defendants object to Paragraph 23 of the PSOF because it relies on an unsupported, self serving, speculative and vague statement. Further, as discussed in Defendants' Motion for Summary Judgment (Doc. 114), Cybernet failed to timely respond to discovery or produce witnesses for depositions in this matter. As a result, Cybernet has prevented Defendants from engaging in discovery on this issue.

24. Defendants object to Paragraph 24 of the PSOF because it misstates the facts and record in this matter. Defendants incorporate Paragraphs 36-38, 42, 43, 50-52, 54-58, below, as set forth herein. Further, as discussed in Defendants' Motion for Summary Judgment (Doc. 114), Cybernet failed to timely respond to discovery or produce witnesses for depositions in this matter. As a result, Cybernet has prevented Defendants from engaging in discovery on this issue.

25. Defendants object to Paragraph 25 of the PSOF because it misstates the facts and record in this matter. Defendants incorporate Paragraphs 36-38, 42, 43, 50-52, 54-58, below, as set forth herein. Further, as discussed in Defendants' Motion for Summary Judgment (Doc. 114), Cybernet failed to timely respond to discovery or produce witnesses for depositions in this matter. As a result, Cybernet has prevented Defendants from engaging in discovery on this issue.

D0106706/10410-001

26. Defendants object to Paragraph 26 of the PSOF because it misstates the facts and record in this matter. Defendants incorporate Paragraphs 36-38, 42, 43, 50-52, 54-58, below, as set forth herein. Further, as discussed in Defendants' Motion for Summary Judgment (Doc. 114), Cybernet failed to timely respond to discovery or produce witnesses for depositions in this matter. As a result, Cybernet has prevented Defendants from engaging in discovery on this issue.

## SEPARATE STATEMENT OF FACTS

27. International Media is an internet service provider that operates the websites YouJizz.com, Jizzhut.com, Jizzonline.com, Onlyjizz.com, Jizzbo.com, Moviesguy.com, and Hotfunhouse.com (collectively the "IM Websites"). Gens Declaration I at ¶ 6; Gens Declaration II at ¶ 4.

28. The IM Websites allow users to view streaming adult oriented videos which are uploaded either by: (i) other users of the IM Websites or (ii) International Media's staff at the direction and with the authority of the producers of the videos. Gens Declaration I ¶ 58.

29. The IM Websites are open and free of charge to anyone accessing the Internet over the age of 18. Gens Declaration I ¶ 7.

30. Visitors to the sites are not charged a fee to access the sites. Gens Declaration I ¶ 7.

31. Similarly, individuals that upload videos or content to the websites operated by International Media are not compensated by International Media. Gens Declaration I ¶ 29.

32. International Media generates revenue almost entirely from selling advertising space. Gens Declaration I ¶ 8.

33. International Media does not receive a financial benefit directly attributable to any alleged infringing activity on the IM Websites. Gens Declaration I ¶ 61.

D0106706/10410-001

34. International Media has designated an agent with the United States Copyright Office in accordance with 17 U.S.C. 512(c)(2), and upon notification in accordance with 17 U.S.C. § 512(c)(3), responds expeditiously to remove or disable access to the material that is claimed to be infringing.  Gens Declaration I ¶ 62.

35. Cybernet's putatively protected works referenced in its Complaint account for approximately 0.017% of the files resident on International Media's server.  Gens Declaration I ¶ 69.

36. Although Cybernet's Motion vaguely mentions 115 videos, it only provided copyright registrations for and identified 14 specific videos.  Gens Declaration II ¶ 7-9.

37. As he did in his prior Declaration in Support of Plaintiff's Motion for Temporary Restraining Order (Docket No. 87), Mr. Tucker lists the same videos numerous times in an attempt to inflate the number of videos from 14 to 60.  Gens Declaration II ¶ 9.

38. Cybernet's Motion is limited to 14 of the more than 2 million videos on International Media's server.  Gens Declaration II ¶ 10.

39. Upon International Media's receipt of the Complaint, each of the videos identified in the Complaint were disabled and quarantined.  Gens Declaration I ¶ 57.

40. Although a small percentage of the previously disabled videos were inadvertently re-enabled for a short period of time, they were promptly removed and permanently quarantined upon notice.  Gens Declaration I ¶ 52-53.

41. International Media has taken and will continue to take all reasonable steps to ensure that the identified files will not be re-enabled and that the underlying video files will not be reposted.  Gens Declaration I ¶ 57.

42. In his declaration, Mr. Brachat, an independent contractor of International Media, states that he "unintentionally and against International Media's rules and procedures, re-enabled" access to approximately 21 of the videos that he had previously disabled. Declaration of Chad Brachat in Support of Defendants' Opposition to Plaintiff's Application for Temporary Restraining Order Pursuant to Fed.R.Civ.P. 65 (Doc. 94) ("Brachat Declaration") ¶ 14.

43. Those 21 videos were counted numerous times by Jason Tucker in his Declaration in Support of Plaintiff's Motion for Temporary Restraining Order (Doc. 87) to arrive at Mr. Tucker's number of 115. Brachat Declaration ¶ 14; Gens Declaration I ¶¶ 11-20; Gens Declaration II ¶ 17.

44. It is International Media's standard operating procedure to delete from its servers files that it is notified are allegedly infringing. Gens Declaration I ¶ 49.

45. However, in this situation where there is active litigation pending against International Media, it instead instituted a "quarantine" to limit or disable access to the allegedly infringing materials until it receives a DMCA 512(c) compliant Notice to completely remove or disable access to infringing material. Gens Declaration I ¶ 49.

46. Following Cybernet's filing of the Complaint in this action, International media placed in "quarantine" each of the videos identified in the Complaint as being allegedly infringing. Gens Declaration I ¶ 50.

47. As part of quarantine procedures, International Media removed the ability of users to search for or browse to the identified videos on the IM Websites. Gens Declaration I ¶ 50.

48. In December 2012—*i.e.*, almost seven (7) months after it filed its Complaint in this matter—Cybernet sent International Media DMCA 512(c) take down notices for the allegedly infringing files identified in the Complaint—including the 14 videos at issue in Cybernet's Motion. Gens Declaration I ¶ 51.

D0106706/10410-001

49. Once International Media received the take down notices, it completely disabled access to the allegedly infringing videos on the IM Websites, but did not delete the underlying videos in consideration of the prior litigation hold resulting from this lawsuit. Gens Declaration I ¶ 51.

50. Sometime between December 2012 and July 15, 2013, Mr. Brachat unintentionally, and against International Media's rules and procedures, re-enabled access to approximately 21 of the files that had been disabled in December 2012. Gens Declaration I ¶ 52; Brachat Declaration ¶ 14.

51. Again, Mr. Tucker counted these 21 videos numerous times to arrive at his number of 115 in the Tucker Declaration—fourteen (14) of which are the subject of Cybernet's Motion. Brachat Declaration ¶ 14; Gens Declaration I ¶¶ 11-20; Gens Declaration II ¶ 17.

52. On July 15, 2013, International Media was made aware that the 21 videos were accidently re-enabled and it immediately disabled access to the files. Gens Declaration I ¶ 53; Brachat Declaration ¶ 15; Gens Declaration II ¶ 17.

53. Each of the videos identified by Cybernet in its DMCA take down notices have been disabled and International Media has taken and will continue to take all reasonable steps to ensure that the identified files will not be re-enabled and that the underlying video files will not be posted during the course of this litigation. Gens Declaration I ¶ 56.

54. The 14 videos which are at issue in Cybernet's Motion were not posted on any page by Chad Brachat. Gens Declaration II ¶ 11, 13; Brachat Declaration ¶ 14.

55. Instead, they were mistakenly removed from quarantine and re-enabled. Gens Declaration II ¶ 12; Brachat Declaration ¶ 14.

56. While the urls were publicly available, they were not posted on any page on International Media's webistes, nor was it possible to locate the videos through browsing the website. Gens Declaration II ¶ 14.

57. The only way that the videos could have been accessed was if a person previously stored the exact url for the videos. Gens Declaration II ¶ 15.

58. In contrast, once new videos are uploaded by IM Websites users, they get posted on IM Website's busiest pages, with search results and are easily browsable and highly visible. The erroneously re-enabled videos were not. Gens Declaration II ¶ 16.

59. International Media's repeat infringer policy, which is described in writing on the IM Websites, provides, among other things, that any user that engages in repeat infringement—defined as more than nine (9) valid DMCA notices received by International Media's Designated Agent resulting in the removal or disabling of identified infringing material—shall be subject to having any and all accounts known to belong to the repeat infringer terminated. Gens Declaration II ¶ 18-19.

60. Further, upon receipt of a copyright infringement notice, International Media acts expeditiously to remove or disable access to the potentially infringing materials. Gens Declaration I ¶¶ 60, 62.

61. During 2012 and 2013, International Media received approximately 2,730 copyright infringement notices and as a result removed or disabled access to 29,002 videos. Gens Declaration II ¶ 20.

62. To date International Media has banned 2,132 repeat infringers. Gens Declaration II ¶ 21.

63. As soon as International Media was made aware of Mr. Brachat's error, which concerned 21 of the over 2 million videos on International Media's servicers, the 21 videos were immediately disabled. Gens Declaration II ¶ 17; Gens Declaration I ¶ 53; Brachat Declaration ¶ 15.

D0106706/10410-001

64. International Media supports the industry standard digital video fingerprinting service made by Vobile to identify potentially infringing materials on the IM Websites. Gens Declaration I ¶ 64.

65. Unfortunately, Cybernet does not use this service, despite the fact that it is free and would eliminate or substantially lessen any risk of infringement. Gens Declaration I ¶ 64.

66. Here, the 14 videos that are the subject of Cybernet's Motion were only on International Media's servers because they were uploaded by users—six of which were uploaded at the request of Cybernet. Gens Declaration II ¶ 22; Gens Declaration I ¶ 55.

67. The Reflected Networks logs for the relevant period are FTP and ssh logs. Gens Declaration II ¶ 23.

68. Defendants' upload mechanism uses http protocol. Gens Declaration II ¶ 24.

69. As such, only http logs from Reflected Networks could be expected to match the http logs produced by Defendants. Gens Declaration II ¶ 25.

70. None of the logs, regardless of the protocol, suggest that the videos were not uploaded by third party users. Gens Declaration II ¶ 26.

71. There is nothing particular about allowing third parties to embed videos, which is commonplace for streaming video websites of every variety (including YouTube). Gens Declaration I ¶ 34.

72. International Media retains the same ability to disable embedded videos as it has over videos directly on the IM Websites. Gens Declaration I ¶ 36.

73. All that the ability to embed a video does is provide a sort of viewing screen to the IM Website server where the video is hosted, so that video can play without returning to the IM Website itself. Gens Declaration I ¶ 36.

74. This means that when International Media disables or deletes videos on the IM Websites, all embedded versions of those deleted videos, regardless of where

they are embedded elsewhere on the Internet, are also disabled. Gens Declaration I ¶ 36.

**RESPECTFULLY SUBMITTED** this 15th day of September, 2014.

**DIOGUARDI FLYNN LLP**


By: /s/ Peter J. Moolenaar
John P. Flynn (# 015065)
Peter J. Moolenaar (# 024487)
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of September, 2014, I transmitted the foregoing document to the Clerk of the United States District Court, District of Arizona, using the ECF System for filing and transmittal of a Notice of Electronic File to the following ECF registrants:

Chad L. Belville
Attorney at Law
4742 N. 24th Street, Suite 315
Phoenix, AZ  85016
cbelville@azbar.org
*Attorney for Plaintiff*

Spencer D. Freeman
Attorney at Law
1107 ½ Tacoma Avenue South
Tacoma, WA  98402
sfreeman@freemanlawfirm.org
*Attorney for Plaintiff*


By: /s/ Megan Barber

D0106706/10410-001