John P. Flynn (# 015065)
Peter J. Moolenaar (# 024487)
**DIOGUARDI FLYNN LLP**
7001 N. Scottsdale Road, Suite 2060
Scottsdale, Arizona 85253
Telephone:    (480) 951-8800
Facsimile:    (480) 951-8824
jflynn@dioguardiflynn.com
pmoolenaar@dioguardiflynn.com

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Cybernet Entertainment LLC, a New York Company<br><br>Plaintiff,<br><br>-v.-<br><br>IG Media Inc. and International Media Ltd. d/b/a YouJizz.com JizzHut.com, and JizzOnline.com and OnlyJizz.com and MoviesGuy.com and JizzBo.com and HotFunHouse.com and Igor Gens<br><br>Defendants. | Case No. 2:12-cv-01101-SPL<br><br>**DEFENDANTS' REPLY TO THEIR MOTION FOR SUMMARY JUDGMENT**<br><br>**(Oral Argument Requested)** |

Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment (Doc. 121) ("Plaintiff's Response") does nothing more than demonstrate Plaintiff's laissez-faire approach to its prosecution of this case, its discovery obligations, and this Court's Scheduling Order. It cannot be disputed that Plaintiff did not respond to Defendants' Requests for Admission until two months after they were due, and almost one month after the Court's discovery deadline. Nor did it even mention the possibility of needing additional time to respond until well after the responses were due. Further, to date, Defendants have not received responses signed by Plaintiff's counsel, despite the signature line on Plaintiff's responses, the express

requirement under Rule 26(g) that "every discovery request, response, or objection must be signed by at least one attorney of record," or Defendants expressly raising this issue in their Motion for Summary Judgment (Doc. 114) ("Defendants' Motion"). To the extent Plaintiff's Response can be interpreted as a motion to withdraw its admissions, it should be denied.

As admitted by Plaintiff, Defendants are protected from monetary liability under the safe harbor provisions of the Digital Millennium Copyright Act ("DMCA"), and injunctive relief would be moot in this instance. Moreover, Plaintiff wholly failed to substantively address Defendants' arguments or provide any support for its claim for false designation of origin under the Lanham Act. As such, Defendants should be awarded summary judgment on all of Plaintiff's claims.

## ARGUMENT

Rule 36(a)(3) of the Fed.R.Civ.P. states that the time to respond to a Request for Admission is 30 days from the date of being served. After this time, the matter is deemed admitted, unless the parties had previously stipulated to a shorter or longer time for responding under Rule 29, or if the court had so ordered. Rule 36(a)(3), Fed.R.Civ.P.

Once admitted, the matter is "conclusively established unless the court on motion permits withdrawal or amendment of the admission." Rule 36(b). The court *may* permit withdrawal or amendment if two elements are met: (1) the withdrawal would promote the presentation of the case on the merits; and (2) the withdrawal would not prejudice the party who obtained the admissions. *Conlon v. U.S.*, 474 F. 3d 616, 621 (9th Cir. 2007). Rule 36(b) is permissive, not mandatory. Even "when a district court finds that the merits of the action will be subserved and the nonmoving party will not be prejudiced, it 'may' allow the withdrawal, but is not required to do so under the text of Rule 36(b)." *Id*. at 625. Further, "in deciding whether to exercise its discretion when the moving party has met the two-pronged test of Rule 36(b), the district court

may consider other factors, including whether the moving party can show good cause for the delay and whether the moving party appears to have a strong case on the merits." *Id*.

A district court's denial of a motion to withdraw or amend an admission is reviewed on appeal for an abuse of discretion. *Id*. Trial courts have been advised to be cautious in exercising their discretion to allow withdrawals of admissions. *999 v. C.I.T Corp.*, 776 F. 2d 866, 869 (9th Cir. 1985). Although denying withdrawal can be a harsh result, it is necessary for parties to follow the proper rules of procedure to promote orderly organization of a case. *In re Carney*, 258 F 3d. 415, 418 (5th Cir. 2001).

### I. WITHDRAWAL WOULD NOT PROMOTE THE PRESENTATION OF THE MERITS OF THIS CASE.

The withdrawal would promote a presentation on the merits if the admissions eliminate the reasons for hearing the case on its merits. This occurs when the admissions go to the heart of what the case turns on, and in using those admissions, the opponent's case is made. Thus, a withdrawal of these admissions would allow the case to be heard on its merits. *Conlon*, 474 F. 3d at 623.

Here, Plaintiff has admitted that Defendants are entitled to the safe harbor protections under 17 U.S.C. § 512(c). Specifically, Plaintiff has admitted the following:

1. International Media qualifies for the safe harbor provisions set out in 17 U.S.C. § 512(c). Defendants Statement of Facts in Support of their Reply to Motion for Summary Judgment ("SOF") ¶ 5.

2. International Media is a service provider as defined by 17 U.S.C. § 512(k)(1)(B). SOF ¶ 4.

3. International Media websites host content uploaded by third parties. SOF ¶ 1.

3

4.  International Media does not compensate any third parties whom upload content on International Media websites. SOF ¶ 2.

5.  International Media did not receive a financial benefit directly attributable to the infringing activity in the Complaint. SOF ¶ 6.

6.  Each of the videos identified in Plaintiff's Complaint as being allegedly infringing were removed or disabled by International Media following notification from Plaintiff of allegedly infringing activity. SOF ¶ 3.

7.  International Media has designated an agent with the United States Copyright Office in accordance with 17 U.S.C. § 512(c)(2). SOF ¶ 7.

8.  International Media has adopted a repeat infringer policy in accordance with 17 U.S.C. § 512(i)(A). SOF ¶ 8.

9.  International Media has reasonably implemented a repeat infringer policy in accordance with 17 U.S.C. § 512(i)(A). SOF ¶ 9.

10. International Media has reasonably notified its users of its repeat infringer policy in accordance with 17 U.S.C. § 512(i)(A). SOF ¶ 10.

As a result of Plaintiff's admissions, Defendants are entitled to DMCA safe harbor protection. 17. U.S.C. § 512(c). The safe harbors under the DMCA "limit liability **but do not affect the question of ultimate liability** under the various doctrines of direct, vicarious, and contributory liability." *Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102 (9th Cir. 2007) (emphasis added). As a result of Plaintiff's admissions, Defendants cannot be held liable for monetary relief. 17 U.S.C. § 512(c). However, Plaintiff is still entitled to pursue limited injunctive or equitable relief. *Id.*

Given that Defendants have removed and quarantined the allegedly infringing material, any injunction would be moot and should not be considered by the Court. SOF ¶¶ 11-13. However, the mootness of any injunction is a result of the facts in this matter and due to Plaintiff's admissions. Put another way, this matter *could* proceed on its merits despite Plaintiff's admissions. However, Plaintiff will not be entitled to

4

monetary relief and would have to demonstrate that it is entitled to injunctive or equitable relief (which it failed to even address in Plaintiff's Response). As such, any failure of this case to proceed on its merits is a result of the facts of this matter and Plaintiff's actions, not its admissions.

## II. DEFENDANTS WILL BE PREJUDICED BY THE WITHDRAWAL OF THE ADMISSIONS.

The prejudice contemplated by Rule 36(b) relates to the difficultly a party may face in proving its case because of the sudden need to obtain evidence with respect to the questions previously deemed admitted. *Colon*, 474 F.3d at 622, 624 (finding prejudice where plaintiff waited two and one half months to move to withdraw his admissions, waited until after the discovery and dispositive motion deadlines to move to withdraw his admissions, the government had filed a motion for summary judgment based on his admissions, and trial was imminent).

Here, Plaintiff's responses to Defendants' requests for admission were due no later than May 20, 2014—*i.e.*, within thirty (30) days after service on April 17, 2014. SOF 13. The Court's discovery deadline was June 20, 2014. *See* Order dated June 18, 2013 (Doc. 64). Plaintiff delivered partial responses to Defendants' written discovery on July 14, 2014 and supplemented those responses on July 17, 2014 (however, to date, Defendants have not received responses signed by Plaintiff's counsel). SOF ¶¶ 14, 15. Defendants filed their Motion for Summary Judgment (Doc. 114) on July 29, 2014. The Court's dispositive motion deadline was August 15, 2014 (Doc. 113). Plaintiff did not move to withdraw or amend its admissions (assuming Plaintiff's Response can be interpreted as a motion to withdraw or amend its admissions) until August 28, 2014—*i.e.*, three months after its admissions were deemed conclusively admitted.

Although trial is not imminent, Defendants have been further prejudiced by having to respond to Plaintiff's Motion for Partial Summary Judgment (Doc. 118). As set forth in Defendants' Response to Plaintiff's Motion for Partial Summary Judgment

5

(Doc. 129) ("Defendants' Response"), Defendants defended against Plaintiff's motion by primarily arguing that they are protected from monetary liability under the DMCA—*i.e.,* by arguing the same issues addressed in the admissions. However, as set forth in Defendants' Controverting and Separate Statement of Facts (Doc. 130), because of Plaintiff's failure to timely deliver its responses to Defendants' discovery requests or even deliver them prior to the discovery cut-off, Defendants were unable to take discovery, including depositions, on twenty one (21) of the twenty six (26) factual issues identified in Plaintiff's Statement of Facts in Support of their Motion for Partial Summary Judgment (Doc. 119). As such, Defendants would be severely prejudiced by the withdrawal of the deemed admissions.

### III. OTHER FACTORS JUSTIFY DENYING THE WITHDRAWAL OF PLAINTIFF'S ADMISSIONS

Should the district court find that the two-pronged test of Rule 36(b) has been met, it 'may' allow the withdrawal, but is not required to do so. *Colon*, 474 F.2d at 625. In deciding whether to exercise its discretion to deny withdrawal of admissions, the district court may consider other factors, including whether Plaintiff can show good cause for the delay and whether Plaintiff appears to have a strong case on the merits. *Colon*, 474 F.2d at 625 (finding that Plaintiff could not show good cause for his dilatory conduct). Here, Plaintiff cannot show either additional factor.

**A. Plaintiff has not shown good cause for its conduct.**

Plaintiff's excuse is nothing more than an attempt at blame shifting—*i.e.*, blaming Defendants' response to Plaintiff's Request for Production for Plaintiffs' failure to answer Defendants' requests for admission by their May 20, 2014 deadline or the June 20, 2014 discovery deadline.

There are several holes in Plaintiff's *post hoc* excuse. First of all, even assuming it were true (which it is not), a party is not excused from answering discovery because another party has failed to answer discovery. *See Mulero-Abreu v. Puerto*

6

*Rico Police Dept.*, 675 F.3d 88, 92 (1st Cir. 2012) ("In law as in life, two wrongs do not make a right."). Indeed, Rule 36(a)(4) sets forth a specific procedure for answering where a party lacks knowledge or information to admit or deny requests for admission. Not only did Plaintiff ignore that procedure, it has failed to provide any substantive analysis of the particular documents needed corresponding to each separate request for admission.

Second, Defendants served their response to Plaintiff's Request for Production on May 14, 2014. *See* Notice of Service of Defendant IG Media Inc.'s Response to Plaintiff Cybernet Entertainment LLC's First Set of Request for Production Propounded to Defendant IG Media, Inc. (Doc. 111). Since that time, Plaintiff has never filed a motion to compel or sought the Court's involvement regarding the documents it now claims are so vital that it could not have responded to Defendants' discovery without them.

Third, Plaintiff did not raise Defendants' response to Plaintiff's request for production as an excuse for its failure to timely respond to the admissions, and other discovery, until June 18, 2014—*i.e.*, one month after they were originally due and two (2) days before the discovery cut-off. SOF ¶ 16. Even worse, in response to Defendants' email regarding Plaintiff's failure to respond to the discovery and the rapidly approaching discovery deadline, Plaintiff's counsel asserted, "[a]lso noteworthy is that your client received all documents relevant to this lawsuit in response to an earlier subpoena." SOF ¶ 17. Mr. Freeman was referring to a subpoena that Defendants sent to Plaintiff's "consultant"—Jason Tucker.

Plaintiff's counsel's statement eviscerates its *post hoc* excuse for failing to respond to the requests for admission. Simply put, if "all documents relevant to this lawsuit" had been previously provided, then why was it that Plaintiff needed documents from Defendants to respond to the requests for admission?

7

1 Finally, Plaintiff's attempted blame shifting ignores the simple, uncontroverted fact that Plaintiff ultimately served responses to Defendants' Requests for Admission (albeit two months after they were due and a month after the discovery deadline). SOF ¶¶ 14, 15. Even though these responses were (and still are) unsigned by Plaintiff's counsel, Plaintiff was clearly able to muster a response to the requests for admission without receiving the supposedly critical documents from Defendants.

The simple truth is that despite filing its Complaint in May 2012, Plaintiff waited for nearly two years before taking *any* discovery from Defendants. Then, once confronted with Defendants' discovery, Plaintiff simply chose not to answer, or provide witnesses for depositions, until after the Court's discovery deadline. Plaintiff's actions, and unsupported *post hoc* excuses, demonstrate its laissez-faire approach to its prosecution of this case, its discovery obligations, and this Court's orders. There is simply no good cause for Plaintiff's actions and its attempt to withdraw its admissions should be denied.

**B. Plaintiff has not shown a strong case on the merits.**

As set forth in Defendants' Response, which is incorporated herein by this reference, Defendants are entitled to DMCA safe harbor protection and therefore cannot be held liable for monetary relief. Given that Defendants have removed and quarantined the allegedly infringing material, any injunction would be moot and should not be considered by the Court. As such, Plaintiff lacks any available remedy for its claims and summary judgment should be entered in favor of Defendants.

Further, Plaintiff's Response fails to substantively address the portion of Defendants Motion for Summary Judgment concerning Plaintiff's claim for False Designation of Origin under the Lanham Act. Indeed, Plaintiff failed to even finish its sentence in (assumed) opposition. *See* Plaintiff's Response p. 16. As such, Plaintiff has wholly failed to meet its burden to demonstrate a triable issue of fact or that summary judgment should not be granted with respect to this claim.

8

## IV.   CONCLUSION

For the reasons set forth herein, Defendants' Motion, and Defendants' Response, Defendants should be granted summary judgment on all counts of Plaintiff's Complaint. Plaintiff's claims should be dismissed with prejudice and Defendants awarded their attorneys' fees and costs incurred in defending this action. *See* 17 U.S.C. § 505 and 15 U.S.C. § 1117(a).

**RESPECTFULLY SUBMITTED** this 16th day of September, 2014.

**DIOGUARDI FLYNN LLP**

By: /s/ Peter Moolenaar
 John P. Flynn (# 015065)
 Peter J. Moolenaar (# 024487)
 *Attorneys for Defendants*

9

D0106820/10410-001

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of September, 2014, I transmitted the foregoing document to the Clerk of the United States District Court, District of Arizona, using the ECF System for filing and transmittal of a Notice of Electronic File to the following ECF registrants:

Chad L. Belville
Attorney at Law
4742 N. 24th Street, Suite 315
Phoenix, AZ 85016
cbelville@azbar.org
*Attorney for Plaintiff*

Spencer D. Freeman
Attorney at Law
1107 ½ Tacoma Avenue South
Tacoma, WA 98402
sfreeman@freemanlawfirm.org
*Attorney for Plaintiff*


By: /s/ Megan Barber

D0106820/10410-001