John P. Flynn (# 015065)
Peter J. Moolenaar (# 024487)
**DIOGUARDI FLYNN LLP**
7001 N. Scottsdale Road, Suite 2060
Scottsdale, Arizona 85253
Telephone:    (480) 951-8800
Facsimile:    (480) 951-8824
jflynn@dioguardiflynn.com
pmoolenaar@dioguardiflynn.com

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Cybernet Entertainment LLC, a New York Company<br><br>Plaintiff,<br><br>-v.-<br><br>IG Media Inc. and International Media Ltd. d/b/a YouJizz.com JizzHut.com, and JizzOnline.com and OnlyJizz.com and MoviesGuy.com and JizzBo.com and HotFunHouse.com and Igor Gens<br><br>Defendants. | Case No. 2:12-cv-01101-SPL<br><br>**DEFENDANTS' STATEMENT OF FACTS IN SUPPORT OF THEIR REPLY TO THEIR MOTION FOR SUMMARY JUDGMENT** |

Defendants IG Media Inc., International Media Ltd. and Igor Gens (collectively "International Media"), by and through undersigned counsel, pursuant to Rule 56, Fed.R.Civ.P. and LRCiv 56.1(a), submits its Statement of Facts in Support of its Reply to its Motion for Summary Judgment.

1.    International Media websites host content uploaded by third parties. *See* Exhibit 1 to Defendants' Statement of Facts in Support of their Motion for Summary Judgment (Doc. 115) ("DSOF") p. 8.

2.    International Media does not compensate any third parties whom upload content on International Media websites.  Exhibit 1 to DSOF p. 8.

3. Each of the videos identified in Your Complaint as being allegedly infringing were removed or disabled by International Media following notification from Plaintiff of allegedly infringing activity. Exhibit 1 to DSOF p. 8.

4. International Media is a service provider as defined by 17 U.S.C. § 512(k)(1)(B). Exhibit 1 to DSOF p. 9.

5. International Media qualifies for the safe harbor provisions set out in 17 U.S.C. § 512(c). Exhibit 1 to DSOF p. 9.

6. International Media did not receive a financial benefit directly attributable to the infringing activity in the Complaint. Exhibit 1 to DSOF p. 9.

7. International Media has designated an agent with the United States Copyright Office in accordance with 17 U.S.C. § 512(c)(2). Exhibit 1 to DSOF p. 9.

8. International Media has adopted a repeat infringer policy in accordance with 17 U.S.C. § 512(i)(A). Exhibit 1 to DSOF p. 9.

9. International Media has reasonably implemented a repeat infringer policy in accordance with 17 U.S.C. § 512(i)(A). Exhibit 1 to DSOF p. 10.

10. International Media has reasonably notified its users of its repeat infringer policy in accordance with 17 U.S.C. § 512(i)(A). Exhibit 1 to DSOF p. 10.

11. Upon notice, each of the videos identified in the Complaint were disabled and quarantined. Declaration of Igor Gens in Support of Defendants' Opposition to Plaintiff's Application for Temporary Restraining Order Pursuant to Fed.R.Civ.P. Rule 65 (Doc 95) ("Gens Declaration I") ¶ 57.

12. Although a small percentage of the previously disabled videos were inadvertently partially re-enabled for a short period of time, they were promptly removed and permanently quarantined upon notice. Gens Declaration I ¶ 52-53.

13. International Media has taken and will continue to take all reasonable steps to ensure that the identified files will not be re-enabled and that the underlying video files will not be reposted. Gens Declaration I ¶ 57.

14. On July 14, 2014, undersigned received partial written discovery responses signed by a purported representative of Plaintiff. *See* Exhibit 9 to DSOF. However, not only were these responses different in several material respects from the unsigned June 27 draft answers, they were missing several pages and were not even signed by counsel for Plaintiff—despite a signature line for his certification that he had read the answers, objections, and that the responses and objections were in compliance with Federal Rule of Civil Procedure 26(g).

15. On July 17, 2014 (almost one month after the Court's discovery deadline and almost two months after Plaintiff's answers were due), undersigned received the missing pages to the July 14 responses. *See* Exhibit 10 to DSOF.

16. Plaintiff did not raise Defendants' response to Plaintiff's request for production as an excuse for its failure to timely respond to the admissions, and other discovery, until June 18, 2014—*i.e.*, one month after they were originally due and two (2) days before the discovery cut-off. See email from Spencer Freeman to Peter Moolenaar dated June 18, 2014, attached hereto as "Exhibit A."

17. In response to Defendants' email regarding Plaintiff's failure to respond to the discovery and the rapidly approaching discovery deadline, Plaintiff's counsel asserted, "[a]lso noteworthy is that your client received all documents relevant to this lawsuit in response to earlier subpoena." Exhibit A.

**RESPECTFULLY SUBMITTED** this 16th day of September, 2014.

**DIOGUARDI FLYNN LLP**

By: /s/ Peter Moolenaar
John P. Flynn (# 015065)
Peter J. Moolenaar (# 024487)
*Attorneys for Defendants*

3

# CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of September, 2014, I transmitted the foregoing document to the Clerk of the United States District Court, District of Arizona, using the ECF System for filing and transmittal of a Notice of Electronic File to the following ECF registrants:

Chad L. Belville
Attorney at Law
4742 N. 24th Street, Suite 315
Phoenix, AZ  85016
cbelville@azbar.org
*Attorney for Plaintiff*

Spencer D. Freeman
Attorney at Law
1107 ½ Tacoma Avenue South
Tacoma, WA  98402
sfreeman@freemanlawfirm.org
*Attorney for Plaintiff*


By: /s/ Megan Barber

D0106868/10410-001