Chad L. Belville, AZ Bar 020771
Attorney for Plaintiff Cybernet Entertainment.
4742 N. 24th Street, Suite 315
Phoenix, AZ 85016
Telephone: (602) 904-5485
Facsimile:  (602) 291-6953
Email: cbelville@azbar.org

Spencer D. Freeman, WSBA#25069
Attorney for Plaintiff Cybernet Entertainment.
1107 ½ Tacoma Avenue South
Tacoma, WA 98402
Telephone: (253) 383-4500
Facsimile:  (253) 383-4501
Email: sfreeman@freemanlawfirm.org
(Pro Hac Vice)

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA
PHOENIX DIVISION

CYBERNET ENTERTAINMENT, LLC, a New York Company,

     Plaintiff,

vs.

IG MEDIA INC., et al.,

     Defendants.

**Case No.:  2:12-cv-01101 SPL**

**PLAINTIFF'S STATEMENT OF FACTS IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT**

     COMES NOW Plaintiff Cybernet Entertainment LLC ("Cybernet") and files this Reply to Defendants' Response to Plaintiff's Motion for Partial Summary Judgment.

- 1

1

## I.    INTRODUCTION

2    Regardless of the instant lawsuit and over 400 DMCA take-down notices, Defendants

3    continued to infringe Cybernet's copyrights and trademarks throughout this litigation while

4    attempting to hide behind the safe harbor provisions of the Digital Millennium Copyright Act.

5    However, regardless of whether an Internet site is deemed an Internet Service Provider, and

6    whether the site adhered to requisites specific to safe harbor protects, a site's owner and its

7    management are not afforded protections for copyrights violated by the owner's and

8    managements own direct actions.  Defendants have admitted that, while this litigation has been

9    pending, they posted of 21 of Cybernet's copyrighted videos on seven (7) of their separate and

10   distinct websites such that Cybernet's videos were displayed without license or authority on 115

11   separate and distinct URLs.  Each of these videos – and the URLS which they were posted -

12   were the subject of take-down notices delivered to Defendants' DMCA agent in December 2012.

13   While Defendants downplay their unlawful postings as "accidental," their stated intent in posting

14   is not relevant to liability.  Moreover, given the popularity of the Defendants sites, the free

15   viewing of Cybernet's videos has significant impact.

16

## II.    ARGUMENT

17

18   The crux of Defendants' Response to Plaintiff's Motion for Partial Summary Judgment

19   is that Defendant did not "post" the infringing videos, but merely "re-enabled" public access to

20   the videos.  Therefore, according to Defendants, they are still afforded DMCA safe harbor

21   protections.  Defendants are wrong.

22   It matters not whether Defendants "posted" the infringing videos or Defendants "re-

23   enabled" public display of the videos.  The difference is one of semantics for purposes of

24   copyright liability and DMCA safe harbor protections.  Defendants were in the sole control of

25   public access to the videos.  Defendants were, without question, aware that the display of

26

Cybernet's videos would infringe Cybernet's copyrights.   Defendants caused the videos to be displayed on seven of Defendants' web sites.

It is important that direct copyright infringement is established when: (1) ownership of the infringed material is established; and (2) demonstrate that the alleged infringers violate at least one exclusive right granted to copyright holders under 17 U.S.C. § 106.  17 U.S.C. § 501(a); *Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1149 (9th Cir. 2007);  *A&M Records, Inc. v. Napster, Inc.,* 239 F.3d 1004, 1014 (9th Cir. 2001); *Baxter v. MCA, Inc.,* 812 F.2d 421, 423 (9th Cir. 1987); *S.O.S., Inc. v. Payday, Inc.,* 886 F.2d 1081, 1085 n. 3 (9th Cir 1989).  Direct infringement does not require intent or any particular state of mind. *Religious Tech. Ctr. V. Netcom On-Line Commc'n Servs.,* 907 F.Supp. 1361, 1367 (N.D. Cal. 1995).

Further, a website, even one claiming to be a service provider, infringes upon a copyright holder's exclusive right to display its works when the website stores copies of the infringing material and communicates copies of the material to users.  *Perfect 10 v. Amazon,* 508 F.3d at 1160.

To enjoy the § 512(c) safe harbor an ISP must show that it (1) does not have actual knowledge that the material or an activity using the material on the system or network is infringing, and (2) is not aware of facts or circumstances from which infringing activity is apparent.  If a service provider does obtain either actual or apparent knowledge, it may still invoke the § 512(c) safe harbor only if it acts expeditiously to remove or disable access to the infringing material.  *Corbin v. Amazon.com, Inc.,* 351 F.Supp. 1090, 1099 (W.D. Wash 2004).

It is without question or dispute that Defendants had actual knowledge that the Cybernet videos were infringements.  It is also without question that Defendants caused the videos to be displayed publically.  Whether this was unintentional is a matter for damages, not liability.

Defendants also point out that only 14 videos are subject to Cybernet's motion.  However, Defendants operate at least seven (7) websites.  The videos were posted on multiple websites.  In total, these videos were displayed over a total of 60 different web pages across the seven web

1    sites.  Each different web page is a separate infringement.

2                              **III.    CONCLUSION**

3
         The undisputed fact is that Defendants caused Cybernet's videos to be publically
4
     displayed.  The enabling of this display with actual knowledge that they constituted an
5
     infringement inherently disqualifies Defendants from DMCA safe harbor protections.
6
7        Dated September 30, 2014.

8                                        Respectfully submitted,

9

10
                                         __/s/ Spencer D. Freeman_____
11                                       Spencer D. Freeman
                                         Freeman Law Firm, Inc.
12                                       Attorney for Plaintiff Cybernet Entertainment LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## CERTIFICATE OF SERVICE

I, Spencer D. Freeman, do hereby certify that on the 30th day of September 2014, I caused true and correct copies of the following:

1.   Plaintiffs' Reply to Defendant's Response to Motion for Partial Summary Judgment; and

2.   this Certificate of Service

to be served on Defendants' counsel of record:

John Flynn jflynn@dioguardiflynn.com,

Peter Moolenaar pmoolenaar@dioguardiflyy.com,

Valentin Gurvits vgurvits@bostonlawgroup.com

Matthew Shayefar matt@bostonlawgroup.com

by filing a copy of the same with the Clerk of the Court using the court's CM-ECF system.  By the terms of their agreement and the rules of the court, they will be served with a copy of the same via the CM-ECF system.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed at Tacoma, Washington,

DATED this 30th day of September 2014.

**FREEMAN LAW FIRM, INC.**

By:_s/ Spencer D. Freeman_____
Spencer Freeman
Attorney for Plaintiffs