IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cybernet Entertainment, LLC,<br><br>　　　　　　　Plaintiff,<br>vs.<br><br>IG Media, Inc., et al.,<br><br>　　　　　　　Defendants. | No. CV-12-01101-PHX-SPL<br><br>**ORDER SETTING**<br>**FINAL PRETRIAL CONFERENCE** |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, the Court enters the following Order.

**IT IS ORDERED**:

**I.　　FINAL PRETRIAL CONFERENCE**

A Final Pretrial Conference is set for **June 23, 2015 at 10:00 a.m.**, before the Honorable Judge Steven P. Logan, United States District Judge, in Courtroom 501, Sandra Day O'Connor United States Courthouse, 401 West Washington Street, Phoenix, Arizona 85003. Counsel who will be responsible for trial of the lawsuit for each party, and any party that is not represented by counsel, shall appear and participate in the Final Pretrial Conference. The parties shall bring their calendars in preparation to discuss trial scheduling.

**II.　　JOINT PROPOSED FINAL PRETRIAL ORDER**

The parties shall develop and exchange drafts of the Joint Proposed Final Pretrial Order no later than **fourteen (14) days** before the submission deadline. The Joint

Proposed Final Pretrial Order shall include, but not be limited to, the content prescribed in **Attachment A**.

The parties shall *jointly* file the Joint Proposed Final Pretrial Order with the Clerk of Court no later than **June 2, 2015**.[1] The parties shall also email the Joint Proposed Final Pretrial Order to Logan_Chambers@azd.uscourts.gov in Microsoft Word® format.

**III.   JURY TRIAL PLEADINGS**

If the case is to be tried by jury, contemporaneously with the filing of the Joint Proposed Final Pretrial Order, the parties shall also *jointly* file with the Clerk of Court, and email to Logan_Chambers@azd.uscourts.gov in Microsoft Word® format, each of the following:

**1.   Joint Stipulated Description of the Case**

The parties shall jointly file as a separate pleading a stipulated description of the case to be read to the jury.  If the parties have any disagreement about the statement, the party objecting shall state the reason for its objection below the statement and offer an alternative statement.

**2.   Joint Proposed Voir Dire Questions and Lists**

The parties shall jointly file as a separate pleading Joint Proposed Voir Dire. The parties shall use the Court's proposed set of voir dire questions in **Attachment B**, and supplement them as appropriate. The parties shall place an asterisk (*) next to the questions added. Supplemental questions shall be drafted in a neutral manner. The parties shall be limited to proposing six (6) supplemental questions each, or twelve (12) questions in total.

In the section entitled "Witnesses and Third Parties" the parties shall *jointly list* the name of every witness who may be called at trial. (*See* Attachment B, Question 5.a.) The parties shall also *jointly list* the name of any third party *materially relevant to this*

---

[1] Preparation and lodging of the Joint Proposed Final Pretrial Order and Trial Pleadings in accordance with the requirements of this Order shall be deemed to satisfy the disclosure requirements of Rule 26(a)(3) of the Federal Rules of Civil Procedure.

*case* (but who will not be called as a witness) whose relationship with a juror could affect their ability to serve fairly and impartially. (*See* Attachment B, Question 5.b.)

To the extent possible, the parties shall stipulate to the proposed voir dire questions. If the parties have any disagreement about a particular question, the party objecting shall state the reason for its objection below the question.

### 3. Joint Proposed Jury Instructions

The parties shall jointly file as a separate pleading Joint Proposed Jury Instructions as follows.

*Form of Proposed Instructions*: The parties shall include the full text of each instruction with source citations, including model and standardized instructions. Each proposed instruction shall begin on a new page. The proposed instructions shall be set forth in two sections:

    (A) *Preliminary Instructions*: The parties shall set forth the preliminary instructions to be read to the jury before opening statements. The parties shall set forth the instructions in the order in which they propose them to be read to the jury.

    (B) *Final Instructions*: The parties shall set forth the final instructions to be read to the jury after closing arguments. The parties shall set forth the instructions in the order in which they propose them to be read to the jury. If either party seeks to have any preliminary instruction repeated as part of the final instructions, that instruction should be restated.

*Stipulated or Disputed*: At the top of each instruction, the parties should indicate whether the instruction is stipulated-to or disputed. If the instruction is disputed, the party proposing the instruction shall state its authority to support the requested instruction. The party opposing the instruction shall state all objections to such instruction immediately following the instruction and the opposing party's authority for such objection. If the opposing party offers an alternative instruction, such alternative instruction shall immediately follow the opposing party's objection. The opposing party may *not* submit a

new instruction on the topic rather than offer an alternative instruction to the proposing party's instruction.[2]

*Noncompliance*: Absent a showing of good cause, the failure to: (1) submit a proposed instruction; (2) follow these directions; or (3) make a timely objection as provided by this Order shall result in the instruction being refused or the objection being deemed waived.

### 4. Joint Proposed Forms of Verdict

The parties shall file as a separate pleading Joint Proposed Forms of Verdict. The proposed form of verdicts to be given to the jury at the end of the trial shall include any proposed special verdict forms or juror interrogatories. If the parties have any disagreement about the form of verdict, the party objecting shall state the reason for its objection below the proposed verdict and offer an alternative verdict.

## IV. BENCH TRIAL PLEADINGS

**Proposed Findings of Fact and Conclusions of Law**. If the case is to be tried by the Court (Bench Trial), contemporaneously with the filing of the Joint Proposed Final Pretrial Order, *each party* shall file with the Clerk of Court Proposed Findings of Fact and Conclusions of Law. The parties shall also email the Proposed Findings of Fact and Conclusions of Law to Logan_Chambers@azd.uscourts.gov in Microsoft Word® format.

## V. MOTIONS IN LIMINE

If the case is to be tried by jury, the parties shall file and serve *all* Motions in Limine no later than **June 2, 2015**. Responses to Motions in Limine are due **June 9, 2015**. The motions and responses must be concise and shall not exceed three (3) pages in length. No replies shall be filed.

Each motion in limine shall include the legal basis supporting it and the proposed language for the order in limine being sought from the Court. The proposed language shall state with precision the evidence that is subject to the proposed order and the

---

[2] If the parties cannot agree who should be the proposing party, the default proposing party is Plaintiff.

4

limitation or exclusion placed on the evidence. The parties shall be prepared to argue the merits of such motions at the Final Pretrial Conference.

**VI. EXHIBITS**

No later than **fourteen (14) days** before the submission deadline for the Joint Proposed Final Pretrial Order, the parties shall meet in person and exchange marked copies of all exhibits to be used at trial. While meeting to exchange exhibits, the parties shall eliminate any duplicate exhibits. The numbering of the exhibits as listed in the Joint Proposed Final Pretrial Order shall correspond to the numbering of the exhibits at trial. Any exhibit not marked and exchanged at this meeting shall be precluded at trial.[3]

Exhibits shall be delivered to the Courtroom Deputy no later than **48 hours** prior to trial. Impeachment exhibits shall be delivered to the Courtroom Deputy on the **first day of trial** (not the day a witness testifies). A courtesy copy of the exhibits shall be provided to the Court at the time of the delivery of the trial exhibits. The parties shall mark, list, and deliver exhibits in the manner prescribed in **Attachment C**.

During trial, the parties shall advise the Courtroom Deputy in advance which exhibits will be needed for each witness. All exhibits shall be shown to opposing counsel before being offered.

**VII. DEPOSITIONS**

Portions of depositions to be used at trial shall be delivered to the Courtroom Deputy no later than **48 hours** prior to trial. Depositions shall be submitted in the manner as prescribed in **Attachment C**.

**VIII. EXHIBIT AND WITNESS LISTS**

Exhibit and Witness Lists shall be emailed to the Courtroom Deputy at Christine_Boucher@azd.uscourts.gov no later than **five (5) days** prior to trial. The parties shall complete and provide such lists in the manner prescribed in **Attachment C.**

---

[3] The parties shall be permitted to use Microsoft Powerpoint® presentations during their openings statements and closing arguments.

**IX.     INFORMATION FOR THE COURT REPORTER**

A "Joint Notice to Court Reporter" shall be emailed to Court Reporter at Candy_Potter@azd.uscourts.gov no later than **seven (7) days** prior to trial. The Notice shall contain the following information:

1.  *Trial Terms and Names*:

    a.  Proper names, including those of witnesses;

    b.  Acronyms;

    c.  Geographic locations;

    d.  Technical (including medical) terms, names or jargon;

    e.  Case names and citations; and

    f.  Pronunciation of unusual or difficult words or names;

2.  *Feed and Transcript*: Whether either party requests a real-time feed and/or daily transcript of trial proceedings; and

3.  *Deposition(s)*: Concordance from key depositions.

**X.     SETTLEMENT**

The parties shall keep the Court informed of the possibility of settlement and, should settlement be reached, the parties shall promptly present a Stipulation and Order of Dismissal for signature by the Court. Mere Notice of Settlement or notification by phone or email of settlement shall not suffice to vacate the trial date, nor excuse the parties from being ready and able to proceed with trial at the time and on the date set for trial. Should the parties untimely request dismissal the day of trial, sanctions may be imposed, such as imposition of jury administrative costs.

## **ADVISAL BY THE COURT**

Pursuant to Rule 37(c) of the Federal Rules of Civil Procedure, the Court will not allow the parties to offer an exhibit, a witness, or other information at trial that was not: (1) disclosed in accordance with the provisions of this Order; (2) disclosed in accordance with the provisions of the Federal Rules of Civil Procedure; and (3) listed in the Joint Proposed Final Pretrial Order, unless the offering party can show good cause as to why

such party failed to comply with these requirements.

Dated this 8th day of April, 2015.

                                                  Honorable Steven P. Logan
                                                  United States District Judge

**ATTACHMENTS**

| | |
|---|---|
| Attachment A | Joint Proposed Final Pretrial Order |
| Attachment B | Voir Dire Questions |
| Attachment C | Exhibit and Trial Material Instructions |
| Attachment C-1 | Exhibit List Form |
| Attachment C-2 | Witness List Form |
| Attachment C-3 | Exhibit Cover Sheet |