**ATTACHMENT A**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| , | ) No.  CV- |
| Plaintiff(s), | ) |
|  | ) **JOINT PROPOSED** |
| vs. | ) **FINAL PRETRIAL ORDER** |
| , | ) |
| Defendant(s). | ) |

The following is the Joint Proposed Final Pretrial Order to be considered at the Final Pretrial Conference set for _____.

**1.    TRIAL COUNSEL FOR THE PARTIES**

**A.**    Plaintiff(s):

**B.**    Defendant(s):

*Note:* The name(s), mailing address, email address(es), office phone number and facsimile number shall be included for each party.

**2.    STATEMENT OF JURISDICTION**

**A.**    Cite the statute(s) which gives this Court jurisdiction.

*Example:* Jurisdiction in this case is based on diversity of citizenship under 28 U.S.C. § 1332.

**B.**    State whether jurisdiction is or is not disputed.

*Note:* If jurisdiction is disputed, the party contesting jurisdiction shall set forth with specificity the bases for the objection.

1

**3.     STIPULATIONS AND UNCONTESTED FACTS AND LAW**

   **A.**     The following material facts are admitted by the parties and require no proof:

   **B.**     The following material facts, although not admitted, will not be contested at trial by evidence to the contrary:

   **C.**     The following issues of law are uncontested and stipulated to by the parties:

   *Note:* Statements shall not be in the form of a question, but shall be a concise narrative statement of each party's contention as to each uncontested and contested issue.

**4.     CONTESTED ISSUES OF FACT AND LAW**

   **A.**     The following are the material issues of fact to be tried and decided:

   *Note:*  Statements shall not be in the form of a question. Each issue of fact must be stated separately and in specific terms. Each party's contention must be set forth with respect to each and every issue of fact.

   *Example:*

   Issue #1: Whether Plaintiff used due care.

   Plaintiff Contends:  Plaintiff looked both ways before crossing street . . . .

   Defendant Contends:  Plaintiff ran out into the street without looking . . . .

   **B.**     The following are the issues of law to be determined:[1]

   *Note:* Statements shall not be in the form of a question. Each issue of law must be stated separately in specific terms.  Each party's contention must be set forth with respect to each and every issue of law.

   *Example:*

   Issue #1:  Whether Plaintiff's suit is barred by the doctrine of laches.

   Plaintiff Contends: . . .

   Defendant Contends: . . .

---

[1]     Contested Issues of Law: As to any issue of law, a party may file a short trial brief (not to exceed five pages) on the issue of law contemporaneously with the filing of the Joint Proposed Final Pretrial Order.

**5.     LIST OF WITNESSES**

    **A.**     Each party shall *separately* list the names of witnesses,[2] their addresses, whether they are fact or expert witnesses, and a brief description of the testimony of each witness.  The witnesses shall be grouped as follows:

           (i)     witnesses who shall be called at trial;

           (ii)    witnesses who may be called at trial; and

           (iii)   witnesses who are unlikely to be called at trial.

    **B.**     The parties shall include the following text in this section of the Joint Proposed Final Pretrial Order:

> Each party hereby acknowledges by signing this Joint Proposed Final Pretrial Order that it is responsible for ensuring that the witnesses it wishes to call to testify are subpoenaed.  Each party further understands that any witness a party wishes to call shall be listed on that party's list of witnesses; the party cannot rely on the witness having been listed or subpoenaed by another party.

**6.     LIST OF EXHIBITS**

    **A.**     The following exhibits are admissible in evidence and may be marked in evidence by the Courtroom Deputy:

        Plaintiff(s) Exhibits:

        Defendant(s) Exhibits:

    **B.**     As to the following exhibits, the parties have reached the following stipulations:

        Plaintiff(s) Exhibits:

        Defendant(s) Exhibits:

    **C.**     As to the following exhibits, the party against whom the exhibit is to be offered objects to the admission of the exhibit and offers the objection stated below:

---

[2]     The parties shall not list witnesses which will be used *only* for impeachment purposes.

Plaintiff(s) Exhibits:

*Example:*

Exhibit No. 6: City Hospital records of Plaintiff from March 6, 1985

Objection: Defendant objects for lack of foundation because (the objection must specify why there is a lack of foundation)

Defendant(s) Exhibits:

*Example:*

Exhibit No. 10: Payroll records of Plaintiff's employer which evidence payment of Plaintiff's salary during hospitalization and recovery.

Objection: Plaintiff objects on grounds of relevance and materiality because… (the objection must specify why the exhibit is not relevant or material)

**D.**     The parties shall include the following text in this section of the Joint Proposed Final Pretrial Order:

> Each party hereby acknowledges by signing this Joint Proposed Final Pretrial Order that any objections not specifically raised herein are waived.

**7.     LIST OF DEPOSITIONS**

**A.**     The parties shall list the depositions that may be used at trial. The portions to be read or submitted at trial shall be identified by page and line number. Counter-designations (if any) to proposed deposition testimony shall also be listed in this section.

**B.**     The parties shall include the following text in this section of the Joint Proposed Final Pretrial Order:

> Each party hereby acknowledges by signing this Joint Proposed Final Pretrial Order that any deposition not listed as provided herein will not be allowed at trial, absent showing of good cause.

**8.     MOTIONS IN LIMINE**

**A.**     *Jury Trial*: The parties shall include this section in the Joint Proposed Final

4

Pretrial Order if this case is to be tried by jury.

      **B.**    Motions in Limine shall be filed as separate pleadings and responded to in accordance with the instructions contained in the Order Setting Final Pretrial Conference.

      **C.**    The parties shall include the following text in this section of the Joint Proposed Final Pretrial Order:

> Each party hereby acknowledges by signing this Joint Proposed Final Pretrial Order that Motions in Limine [have been/will be] filed separately and responded to in accordance with the Order Setting Final Pretrial Conference.

**9.**    **LIST OF PENDING MOTIONS**

      List all pending motions other than separately filed Motions in Limine.

**10.**    **JURY DEMAND**

      State whether a jury trial has or has not been requested.  If a jury trial has been requested, indicate the appropriate selection:

      **A.**    The parties stipulate that the request was timely and properly made;

      **B.**    The parties stipulate that the request was timely and properly made, but *jointly* withdraw any demand for jury trial and *jointly* consent to try this case to the Court (Bench Trial);

      **C.**    The (Plaintiff or Defendant) contends that the request was untimely  made because… (explain why request was untimely); or

      **D.**    The (Plaintiff or Defendant) contends that although the request for trial by jury was timely, the request is otherwise improper as a matter of law because… (indicate the legal basis for why a jury trial is improper)

**11.**    **JURY TRIAL PLEADINGS**

      **A.**    *Jury Trial*: The parties shall include this section in the Joint Proposed Final Pretrial Order if this case is to be tried by jury.

      **B.**    *Joint Proposed Jury Instructions, Joint Proposed Voir Dire Questions and Lists, and Joint Proposed Forms of Verdict*. The parties shall *jointly* file as *separate* pleadings Joint Proposed Jury Instructions, Joint Proposed Voir Dire Questions and Lists,

and Joint Proposed Forms of Verdict in accordance with the instructions contained in the Order Setting Final Pretrial Conference.

    **C.**    The parties shall include the following text in this section of the Joint Proposed Final Pretrial Order:

> Each party hereby acknowledges by signing this Joint Proposed Final Pretrial Order that Joint Proposed Jury Instructions, Joint Proposed Voir Dire Questions and Lists, and Joint Proposed Forms of Verdict have been filed separately in accordance with the Order Setting Final Pretrial Conference and are incorporated herein by reference.

**12.**    **BENCH TRIAL PLEADINGS**

    **A.**    *Bench Trial*: The parties shall include this section in the Joint Proposed Final Pretrial Order if this case is to be tried by the Court.

    **B.**    *Proposed Findings of Fact and Conclusions of Law*. *Each* party shall file as a *separate* pleading Proposed Findings of Fact and Conclusions of Law in accordance with the instructions contained in the Order Setting Final Pretrial Conference.

    **C.**    The parties shall include the following text in this section of the Joint Proposed Final Pretrial Order.

> Each party hereby acknowledges by signing this Joint Proposed Final Pretrial Order that Proposed Findings of Fact and Conclusions of Law have been filed separately by each party in accordance with the Court's Order Setting Final Pretrial Conference and are incorporated herein by reference.

**13.**    **ESTIMATED LENGTH OF TRIAL**

    _3_ hours – Jury Selection (if applicable)

    __ hours – Opening Statements

    __ hours – Plaintiff's Case (including rebuttal, if any)

    __ hours – Defendant's Case

    __ hours – Closing arguments

    __ hours – Total

**14.     PROPOSED TRIAL DATES**

The parties shall propose at least two blocks of trial dates within 120 days of the date of the Final Pretrial Conference. Trial will not be held on Mondays, and therefore no proposed start date should be a Monday.

**15.     PROCEDURES FOR EXPEDITING TRIAL**

The parties shall discuss and report on all available procedures that might be used to expedite trial, including but not limited to: (A) presenting stipulated summaries of deposition testimony rather than reading deposition excerpts; (B) editing videotaped depositions to limit the amount of time required for presentation; (C) using summary exhibits in place of voluminous documentary evidence; (D) stipulations on authenticity and foundation; (E) presenting direct expert testimony through summary or written reports; (F) using the courtroom technology to expedite the presentation of evidence.

**16.     CERTIFICATIONS**

The parties shall include the following text in this section of the Joint Proposed Final Pretrial Order:

> By signing this Joint Proposed Final Pretrial Order, the undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:
>
> **1.**     All discovery has been completed.
>
> **2.**     The identity of each witness has been disclosed to opposing counsel.
>
> **3.**     Each exhibit list herein: (1) is in existence; (2) is numbered; and (3) has been disclosed and shown to opposing counsel.
>
> **4.**     The parties have complied *in all respects* with the mandates of the Court's Rule 16 Case Management Order and the Order Setting Final Pretrial Conference.
>
> **5.**     The parties have made all of the disclosures required by the Federal Rules of Civil Procedure (unless otherwise previously ordered to the contrary).
>
> **6.**     The parties acknowledge that once this Joint Proposed Final Pretrial Order has been signed and lodged by the parties, no amendments to the Order can be made without leave of Court.

7

**17.     MODIFICATION OF FINAL PRETRIAL ORDER**

The parties shall include the following text in this section of the Joint Proposed Final Pretrial Order:

> Each party hereby acknowledges by signing this Joint Proposed Final Pretrial Order that the Court may, in order to prevent manifest injustice or for good cause shown, at the trial of the action or prior thereto upon application of counsel for either party, made in good faith, or upon the motion of the Court, modify the Final Pretrial Order upon such conditions as the Court may deem just and proper.

**APPROVED AS TO FORM AND CONTENT:**

_____                    _____
Attorney for Plaintiff(s)                                         Attorney for Defendant(s)

## **ATTACHMENT B**

### **CIVIL VOIR DIRE QUESTIONS**

1. Statement of the Case

    a. Have any of you read or heard anything about this case from any source whatsoever?

    b. Given this brief description of the facts, is there anything about this case that would cause you to believe that you could not consider the evidence fairly and impartially according to the law?

2. Plaintiff(s)

    a. Plaintiff and Plaintiff's Counsel please stand.

    b. The Plaintiff in this case is Name. Plaintiff is represented by Firm.

    c. Do any of you know these individuals on any basis, social, professional or otherwise?

    d. Do any of you know any of the employees in counsel's office on any basis, social, professional or otherwise?

    e. (If Plaintiff is a business) Have any of you ever had a business or employment relationship of any kind with Plaintiff?

3. Defendant(s)

    a. Defendant and Defendant's Counsel please stand.

    b. The Defendant in this case is Name. Defendant is represented by Firm.

    c. Do any of you know these individuals on any basis, social, professional or otherwise?

    d. Do any of you know any of the employees in counsel's office on any basis, social, professional or otherwise?

    e. (If Defendant is a business) Have any of you ever had a business or employment relationship of any kind with Defendant?

4. Jurors

    a. Did anyone among this jury panel know each other, or work together or serve

on jury panels together before assembling here today?

5. Witnesses and Third Parties

    a. During the trial of this case, witnesses may be called to testify on behalf of the parties. Do any of you know or have you ever heard of any of these people?

    b. Do any of you know or have you ever heard of any of these people?

    c. (If response is yes) Would your knowledge or experience with any of these parties or organizations affect your ability to serve fairly and impartially in this case?

6. Time Qualify & Hardship

    a. I expect to conduct trial on these dates and times:

    b. Would the length of the trial create an undue hardship for any of you?

    c. Does anyone have any problem with vision, hearing, or anything that would cause you to have difficulty from observing and sitting for long periods of time?

    d. Do any of you have any other physical difficulty, health problems, or home problems that might interfere with your ability to serve as a juror in this case?

7. Prior Litigation & Relevant Past

    a. Have any of you or members of your family been a party or witness in any litigation (excluding domestic relations, traffic, or probate)?

8. Legal Knowledge and Application

    a. This is a civil case which is to be decided by the preponderance of the evidence.  This is different from a criminal case where the government has to prove its case beyond a reasonable doubt.  Does anyone have a problem applying a lower burden of proof than used in a criminal case?

    b. Do any of you or any of the members of your family have any legal training?

    c. I will instruct you on the law at the conclusion of the case.  If selected as a juror, you will take an oath to follow the law.  Do any of you think you would have trouble following the law if you disagree with it?

    d.  If selected as a juror, would any of you have trouble rendering a verdict based solely on the evidence presented during the trial, setting aside any personal beliefs, opinions, or biases you might have?

    e.  Do any of you have strong feelings either for or against a party who brings a lawsuit?

9.  <u>Easel Questions</u>

    a.  Starting with Juror Number One, please stand and answer the questions.

        (1)  Juror number

        (2)  The general location of your residence

        (3)  Length of time at current residence

        (4)  Education after high school, if any.  State your major

        (5)  Marital status

        (6)  Number of children.  Ages of children if under 18

        (7)  Employment

             Yourself – current job and types of jobs throughout lifetime

             Spouse – current job and types of jobs throughout lifetime

        (8)  Prior jury service – civil or criminal

10.  <u>Final Questions</u>

    a.  Does anyone have any other reason whatsoever that they believe will preclude him or her from serving as a fair and impartial juror in this case?

    b.  Counsel for Plaintiff, do you have any further questions at this time?[1]

    c.  Counsel for Defendant, do you have any further questions at this time?

11. <u>Private Questions</u>

    a.  If a juror wishes to answer a question privately, he or she will be requested, by number, to remain in the courtroom during recess.

---

[1]     At this stage, the parties may only ask follow-up questions to the responses generated by the jurors. In other words, counsel may not propound new questions to the entire panel (e.g., "do any of you" or "has anyone…"). If there are new questions to be addressed that not were previously submitted to the Court, the parties may request permission by sidebar.

**ATTACHMENT C**

**EXHIBIT AND TRIAL MATERIAL INSTRUCTIONS**

The parties are responsible for the marking, listing, and delivery of exhibits and other trial materials as follows.

**1.     Delivery**

As set forth by the Order Setting Final Pretrial Conference, trial exhibits and deposition transcripts shall be delivered to the Courtroom Deputy no later than **48 hours** prior to trial. The parties shall arrange a time with the Courtroom Deputy for the delivery of the trial materials. The Courtroom Deputy may be contacted as follows:

*Courtroom Deputy*: Christine Boucher

*Phone*: (602) 322-7235

*Email*: Christine_Boucher@azd.uscourts.gov

**2.     Exhibit Lists**

As set forth in the Order Setting Final Pretrial Conference, exhibit lists shall be emailed to the Courtroom Deputy no later than **five (5) days** prior to trial. At the time of delivery of the exhibits, the parties shall provide the Courtroom Deputy with one (1) original and two (2) copies of the exhibit list(s). The parties shall not provide the Courtroom Deputy with a copy of the Final Pretrial Order in lieu of the exhibit list.

Exhibits may be listed on the exhibit list attached or in a Microsoft Word® document that mirrors the same format. Be sure to leave enough space to add additional information, such as subparts and additional exhibits.  Each page shall be completed to the end or finished with blank blocks. Extra blank pages for the exhibit lists should also be provided. The exhibit number and description should start the top of each block. *Use brief descriptions*.

**3.     Witness Lists**

As set forth in the Order Setting Final Pretrial Conference, witness lists shall be emailed to the Courtroom Deputy no later than **five (5) days** prior to trial. At the time of delivery of the exhibits, the parties shall also provide the Courtroom Deputy with one (1)

1

original and two (2) copies of the witness list(s). The parties shall not provide the Courtroom Deputy with a copy of the Final Pretrial Order in lieu of the witness list.

Witnesses may be listed on the witness list attached or in a Microsoft Word® document that mirrors the same format.  Provide the full name of each witness and list them in alphabetical order. Names should be at the top of the block and extra spaces provided at the end of the list.  Extra blank pages for the witness lists should also be provided.

**4.     Numbering of Exhibits**

The parties shall number the exhibits. Court time will not be used for the marking of exhibits and failure to comply with this directive will result in exhibits being remarked by the parties. The parties shall consult with one another prior to marking exhibits to *avoid marking duplicates* as set forth in the Order Setting Final Pretrial Conference. If Plaintiff marks a document, Defendant should not mark the same document. The exhibits are considered court exhibits, not Plaintiff or Defendant exhibits. Either side may move the other's exhibits into evidence.

Blocks of numbers are assigned to each side: Plaintiff begins with number 1 through the estimated number of exhibits.  Defendant begins with numbers following Plaintiff's block of numbers (e.g., Plaintiff 1 - 80; Defendant 100 - 150). The blocks of numbers should allow space for additional exhibits marked during trial. Please contact the Courtroom Deputy to arrange number block assignments.

The parties should only use numbers when identifying subparts of exhibits (e.g., subparts of Exh. No. 3: 3-1, 3-2, 3-3). Blocks of numbers may be used to categorize exhibits (e.g., series 1 - 99 are bank records; series 100 - 199 are tax returns; series 200 - 299 are photographs; etc.). Categorizing exhibits should be kept as simple and clear as possible. In bulky documents, BATES stamp numbers may be placed on each page in the bottom right corner and can be continuously numbered for easy reference.

**5.     Use of Exhibit Cover Sheets and Labels**

The parties shall use the exhibit cover sheet attached to affix to each exhibit. The

2

parties shall print the exhibit cover sheets on colored paper; Plaintiff cover sheets should be **Yellow**, and Defendant cover sheets should be **Blue**. The exhibit cover sheet shall be stapled to the top of the original exhibit, and the exhibit shall be placed in a manila file folder numbered to correspond with the exhibit number. Prepare extra cover sheets to use for exhibits marked during trial.

If the paper exhibit is too large to staple, use a 2-hole fastener to fasten the exhibit together at the top of the page, with an exhibit cover sheet attached to the front of the exhibit. If the exhibit is a photograph or item smaller than 8" x 10", staple it to an exhibit cover sheet or place an exhibit label on the reverse side, lower right-hand corner. Large or bulky items may require the use of tie tags with the exhibit label placed on the tag or may be marked in a logical location on the item or on the plastic bag containing the item. Large diagrams, charts, drawings, and other demonstrative or visual evidence should be identified in the lower right-hand corner with an exhibit label. If the item is an enlargement of another marked exhibit, it should be numbered as a subpart of the smaller exhibit. If exhibit labels are required, the parties shall request them from the Courtroom Deputy no less than *five (5) days* prior to trial. As with exhibit cover sheets, Plaintiff labels should be **Yellow**, and Defendant labels should be **Blue**.

**6.**     **Use of Folders and Boxes**

Place exhibits loosely in manila file folders so that the exhibits may be pulled out of the folder during trial. Do *not* attach the exhibit to the manila file folder. Label the top of the folder to identify the exhibit number. Provide extra folders to the Courtroom Deputy for exhibits marked during trial. Place the exhibit folders in a box in numerical order. Mark the outside of the box to indicate which exhibits are contained within it. Leave room in the box for any extra exhibits that may be submitted during trial. *Do not place trial exhibits in binders.*

**7.**     **Stipulated Exhibits**

The parties may agree to the admission of exhibits before trial. The parties shall prepare a list of stipulated exhibits to be marked as admitted into evidence (e.g.,

stipulated exhibits 1-28, 31, 45-50), and provide the list to the Courtroom Deputy along with the exhibit and witness lists.

**8.** **Impeachment Exhibits**

As set forth in the Order Setting Final Pretrial Conference, impeachment exhibits shall be delivered to the Courtroom Deputy on the **first day of trial** *in a sealed envelope*. Each envelope should be marked with: (1) the caption of the case; (2) case number; and (3) the party presenting the exhibit. If there is more than one impeachment exhibit, each sealed envelope should be marked with a separate alphabetical letter for easy retrieval (e.g., A, B, C) and the Courtroom Deputy will assign it the next available trial exhibit number if used at trial. The offering party shall be prepared to provide the Courtroom Deputy with a brief identifying description of the exhibit when offered at trial.

The parties are cautioned that if an exhibit has value *in addition* to impeachment, it is not an impeachment exhibit and must be marked, listed, and delivered in the manner prescribed for non-impeachment exhibits.

**9.** **Depositions**

The party offering a deposition or a portion of a deposition shall provide a certified copy of the transcript in accordance with the federal rules. As set forth in the Order Setting Final Pretrial Conference, portions of depositions to be used at trial shall be delivered to the Courtroom Deputy no later than **48 hours** prior to trial.  Depositions are *not* to be marked as exhibits. Depositions shall be placed in alphabetical order at the time they are delivered to the Courtroom Deputy.

**10.** **Sensitive Exhibits**

At trial, the Courtroom Deputy will not take custody of any sensitive exhibits. During lengthy breaks and at close of the day, these exhibits are returned to the parties until court resumes.

**11.** **Return of Exhibits**

All exhibits are returned to the respective parties for custody at the conclusion of trial pending all appeals unless otherwise ordered by the Court. If a Notice of Return of

Exhibits is issued and the exhibits are not retrieved within thirty (30) days, the exhibits may be subject to destruction or otherwise disposed of.

**12.** **Courtroom Technology**

The parties are encouraged to use the document camera or any other audio and video equipment available in the courtroom for presentation of evidence during trial. Should the parties have questions or wish to test courtroom equipment, they may contact Brian Lalley, A/V Specialist, at (602) 322-7131, but must do so no later than **two (2) weeks** prior to trial. Information regarding the use of courtroom technology can be found on the District Court's website under "Electronic/Video Courtroom Equipment Information – Phoenix," located at http://www.azd.uscourts.gov/judges/judges-orders.

**13.** **Courtesy Copies for Judge**

**Exhibits**: A courtesy copy of trial exhibits should be provided to the Judge at the time of the delivery of the trial exhibits. Exhibits should be placed in 3-ring binders with numbered tabs to correspond with the exhibit numbers. The Judge's copies should *not* have original exhibit covers sheets on them. The parties should also provide the Judge with a CD-ROM disc or USB flashdrive containing an electronic copy of paper exhibits offered.

**Impeachment Exhibits**: A courtesy copy of impeachment exhibits for the Judge should also be provided to the Courtroom Deputy. The courtesy copy of an impeachment exhibit should be provided in a sealed envelope and marked "courtesy copy" along with an alphabetical letter for easy retrieval (e.g., A, B, C).

**Depositions**: The Judge should be provided with a courtesy copy of any deposition to be used at trial. The offering party shall highlight, in color, the portions of the deposition to be offered. If multiple parties are offering the same deposition, only one (1) copy of such deposition shall be provided. Plaintiff shall highlight in **Yellow** the portions it wishes to offer, and Defendant shall highlight in **Blue** the portions it wishes to offer.

5

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

<u>**EXHIBIT LIST**</u>

Case Number: _____   Judge Code: _____   Date: _____

Case Name: _____   vs.   _____

☐ Plaintiff / Petitioner    ☐ Defendant / Respondent

☐ Non-Jury Trial    ☐ Jury Trial    ☐ Other Hearing: _____

| Exhibit No. | Marked For ID | Admitted In Evidence | Description |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA
### <u>WITNESS LIST</u>

Case Number: _____  Judge Code: _____  Date: _____

Case Name: _____ vs. _____

☐ Plaintiff / Petitioner     ☐ Defendant / Respondent

☐ Non-Jury Trial     ☐ Jury Trial     ☐ Other Hearing: _____

| Name | Sworn | Appeared |
|------|-------|----------|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

CASE NO. _____

_____

VS. _____

PLAINTIFF EXHIBIT NO. _____

DATE: _____ IDEN.

DATE: _____ EVID.

BY: _____
                     Deputy Clerk

CASE NO.  _____

_____

VS.  _____

DEFENDANT EXHIBIT NO. _____

DATE: _____ IDEN.

DATE: _____ EVID.

BY: _____
Deputy Clerk